**\*\* E-filed May 14, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE CO., RRG,<br><br>    Plaintiff,<br>  v.<br>VALLEY CORP.; ET AL.,<br><br>    Defendants.<br>_____/ | No. C10-05533-EJD (HRL)<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT REPORTS 1-5**<br><br>**[Re: Docket No. 87, 89, 92, 93, 94]** |

This action for declaratory relief and restitution arises out of a construction defect action in Santa Clara County Superior Court. Plaintiff Probuilders Specialty Insurance Co. ("Probuilders") issued an insurance policy to defendant Valley Corp., fka R.J. Haas Corp., and its president R.J. Haas ("Haas")[1] for the construction of a single family home for defendants Ty and Karen Levine. According to the Second Amended Complaint ("SAC"), the Levines sued Haas for shoddy and incomplete work. Haas blamed the subcontractors. See Dkt. No. 48. Probuilders contends that Haas made material misrepresentations with respect to verifying that the subcontractors had insurance and that they contractually agreed to indemnify Haas. In this action, Probuilders seeks to rescind the policy and to recover the costs of providing a "courtesy" defense to Haas in the Levine action.

To that end, plaintiff has attempted to obtain discovery from Haas through requests for admissions, requests for production of documents, and interrogatories, and by seeking to depose

---

[1] The discovery requests at issue in these Discovery Dispute Joint Reports were all propounded on Mr. Haas, rather than the corporate entity.

Haas. Haas, acting through counsel until his attorney withdrew in November 2011, submitted responses to plaintiff's requests for admission, which plaintiff contends were deficient. Dkt. No. 87. Haas has not provided any documents in response to plaintiff's three sets of requests for production of documents. Dkt. Nos. 89, 92, 94. Haas has not responded to plaintiff's second set of interrogatories, and plaintiff contends that his responses to the first set of interrogatories are deficient. Dkt. Nos. 87, 94. Finally, plaintiff contends that Haas has refused to make himself available for deposition. Dkt. No. 93.

Plaintiff has filed five Discovery Dispute Joint Reports ("DDJRs"), pursuant to the undersigned's Standing Order re Civil Discovery Disputes, all of which address Haas's alleged failures to respond adequately to discovery requests. Dkt. Nos. 87, 89, 92, 93, 94. It would appear that Haas has failed to participate in any of these five DDJRs: first, he has failed to engage in meaningful, in-person meet and confer sessions, as required by this court's standing order;[2] and second, he has not participated in the preparation of the DDJRs. Plaintiff seeks an order requiring Haas to (1) supplement those responses that plaintiff deems deficient; (2) respond to those requests that he has ignored thus far; and (3) make himself available for deposition without further delay.

Upon consideration of the DDJRs and the documents provided, the court rules as follows.

LEGAL STANDARD

The Federal Rules generally allow for broad discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery on any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).

DISCOVERY DISPUTE JOINT REPORT #1

This DDJR concerns Probuilders' Request for Admissions ("RFAs"), Set 1, and Interrogatories, Set 1. Plaintiff contends it served RFAs, Set 1 and Interrogatories, Set 1 on may 4, 2011. Dkt. No. 87, p. 2. Haas, acting through counsel, did respond to these discovery requests. Id. However, Probuilders contends that the responses to Requests for Admissions Nos. 12, 29, 30, 33,

---

[2] Plaintiff states that Haas has spent a total of two hours meeting and conferring in person with plaintiff's lead counsel. See, e.g., Dkt. No. 87, p. 3; 93, p. 2. Plaintiff contends that its counsel attempted to schedule a further meet and confer session when he realized how little time Haas had allocated for the meet and confer session, but Haas "declined" to meet and confer further. Dkt. No. 87, p. 3.

2

1  34, 37, 38, 41-44, 46, 50, 54, 58, 62, 66, 70, 74, 78, 82, 86, 90, 94, 102, 106, 110, 114, 118, 122,
2  125, 129, 131, 135, 139, 143, and 147 are deficient. Id. In addition, plaintiff contends that Haas's
3  responses to Interrogatories 1-6 are deficient. Id. According to plaintiff, Haas's former counsel
4  agreed to supplement Haas's responses to some of the RFAs and Interrogatory #6 before
5  withdrawing, but Haas has since told plaintiff's counsel that he does not know whether he is willing
6  to supplement his responses. Id. at 3. According to the DDJR #1, Probuilders served its RFAs, Set 1
7  and Interrogatories, Set 1 on May 4, 2011. Id. at 7. Probuilders now requests that Haas supplement
8  his responses to some of the above RFAs[3] and Interrogatories 1-6.

9  "[A] party may not refuse to admit or deny a request for admission based upon a lack of
10 personal knowledge if the information relevant to the request is reasonably available to him. Asea,
11 Inc. v. Southern Pacific Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981) (citing 8 C. Wright & A.
12 Miller, Federal Practice and Procedure § 2261, at 731 (1970)). "'[A] reasonable burden may be
13 imposed on the parties when its discharge will facilitate preparation for trial and ease the trial
14 process.'" Id. (citing Advisory Committee's Note to Fed. R. Civ. P. 36(a)). "[T]o aid the quest for
15 relevant information parties should not seek to evade disclosure by quibbling and objection. They
16 should admit to the fullest extent possible, and explain in detail why other portions of a request may
17 not be admitted." Marchand v. Mercy Medical Ctr., 22 F.3d 933, 938 (9th Cir. 1994) (citing
18 Holmgren v. State Farm Mutual Automobile Ins. Co., 976 F.2d 573, 579-81 (9th Cir. 1992)).

19 Haas objected to the above-listed RFAs on the grounds that terms like "named,"
20 "independent contractor" and "work" are vague and ambiguous. He also objects that the RFAs
21 which seek to determine whether the subcontractors provided proof of insurance are "premature."
22 These objections are precisely the sort of "quibbling" that the federal courts disfavor. The relevant
23 RFAs seek admission of discrete facts, such as: (1) the specific subcontractors who worked on the
24 Levine project; (2) when the various subcontractors began working with R.J. Haas Corp.; and (3)
25 whether those subcontractors provided proof of insurance and executed hold harmless agreements
26 with the Haas defendants. These issues are clearly relevant to the plaintiff's claims. The terms used

---

[3] Probuilders requests that Haas supplement responses to RFAs 12, 41-44, 46, 50, 54, 58, 62, 66, 70, 74, 78, 82, 86, 90, 94, 98, 102, 106, 110, 114, 118, 122, 125, 129, 131, 135, 139, 143, and 147. Dkt. No. 87, p. 3.

3

in the RFAs are not vague or ambiguous. Moreover, to the extent that Haas contends the requests are premature because discovery "has only recently begun," almost a year has gone by since plaintiff propounded these discovery requests. See Dkt. No, 87, Exh C. Since Haas did not participate in the production of DDJR #1, the court cannot conclude that he is currently arguing that the RFAs are still "premature." Haas's refusal to provide supplemental responses has frustrated plaintiff's ability to pursue its case and has wasted judicial resources by stalling the case's progress.

Accordingly, because the RFAs appear to be relevant, timely, and neither vague nor ambiguous, the court ORDERS Haas to provide supplemental responses to RFAs 12, 41-44, 46, 50, 54, 58, 62, 66, 70, 74, 78, 82, 86, 90, 94, 98, 102, 106, 110, 114, 118, 122, 125, 129, 131, 135, 139, 143, and 147, per Probuilders's request. Haas shall submit his supplemental responses within 14 days from the date of this order.

Next, Haas objects to Interrogatories 1-6 on the grounds that they are compound, vague and ambiguous, and refers Probuilders to his "records for the Levine Project." See Dkt. No. 87, Exh. D. When responding to an interrogatory, the respondent must answer each one "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "[W]hen a response to an interrogatory may be derived from business records and when the burden of deriving the answer from the records is substantially the same for both sides, the production of these records sufficiently answers the interrogatory." Govas v. Chalmers, 965 F.2d 298, 302 (7th Cir. 1992). However, the respondent must also label and organize the responsive documents so as to make them identifiable and useful to the requesting party. Id. A "shotgun 'default to the documents' approach to answering a factual contention interrogatory does not satisfy [a party's] obligation to articulate the facts . . . in an explicit, responsive, complete, and candid manner." Anderson v. Fresno County, 2007 U.S. Dist. LEXIS 49879, *9 (E.D. Cal. June 28, 2007).

Not only are Haas's boilerplate objections and reference to documents inappropriate under the above standard, Hass still has not provided any records to Probuilders. He told Probuilders in November 2011 that he needed more time to review his files before he could respond. Dkt. No. 87, p. 6. As noted above, almost a year has gone by since Haas received the first set of Interrogatories. Certainly adequate time has now elapsed that he can provide adequate supplemental responses,

including those documents necessary to support those responses. Accordingly, the court ORDERS Haas to provide supplemental responses to Interrogatories 1-6, including the necessary supporting documents, within 14 days from the date of this order.

DISCOVERY DISPUTE JOINT REPORT #2

DDJR #2 concerns plaintiff's requests for production of documents ("RFPs"), Set 1. Probuilders contends that it served the RFPs, Set 1 on Haas on May 4, 2011. Plaintiff's counsel conferred with Haas's former counsel in October 2011, at which time Haas's counsel indicated that "logistical issues" had prevented Haas from providing the responsive documents within the original deadline. Dkt. No. 89, p. 2. After Haas's counsel withdrew, Haas notified plaintiff's counsel that he would produce all non-privileged documents from his defense counsel's file in the underlying action by November 30, 2011. Id. p. 3. The parties appeared to have agreed that this set of documents "would include all of Mr. Haas's documents responsive" to the RFPs, Set 1. Id. Haas has not provided any documents in response to the RFPs, Set 1, nor did he participate in the production of the DDJR #2.

Fed. R. Civ. P. 34(a)(1) permits a party to request to produce documents that are "in the responding party's possession, custody, or control." The responding party must respond within 30 days of the request. Fed. R. Civ. P. 34(b)(2)(A). Haas has failed to provide any response to the RFPs, Set 1 other than a set of boilerplate responses that state Hass will "produce any documents responsive to this request in his possession, custody or control." Dkt. No. 89, Exh. A. It has been a year since the request was issued, and nearly six months since the date by which Haas told plaintiffs he would produce the responsive documents. Haas has not offered any explanation for his lengthy delay.

Accordingly, Haas is ORDERED to produce all responsive documents to the RFPs, Set 1. As the parties have agreed that the non-privileged portion of Haas's defense counsel's file in the underlying action constitute a complete response to the RFPs, Set 1, Haas shall produce this set of documents as well as a privilege log for any documents he contends are privileged within 14 days of the date of this order.

DISCOVERY DISPUTE JOINT REPORT #3

DDJR #3 concerns plaintiff's RFPs, Set 2. As stated above, Fed. R. Civ. P. 34(a)(1) permits a party to request to produce documents that are "in the responding party's possession, custody, or control." The responding party must respond within 30 days of the request. Fed. R. Civ. P. 34(b)(2)(A).

Probuilders contends that Haas has failed to respond to its RFPs, Set 2, which it propounded on October 28, 2011. Dkt. No. 92, p. 2. Haas's responses were due on November 30, 2011, nearly six months ago. Id. Haas has ignored plaintiff's repeated attempts to meet and confer to resolve this issue, and he has not offered this court any explanation for his undue delay and failure to respond.

Accordingly, Haas is now ORDERED to produce all documents responsive to plaintiff's RFPs, Set 2 within 14 days of the date of this order. In addition, Haas shall produce a privilege log for all documents he withholds on the basis of privilege, also within 14 days from the date of this order.

DISCOVERY DISPUTE JOINT REPORT #4

DDJR #4 concerns Haas's alleged failure to make himself available for deposition. Probuilders states that it first noticed Haas's deposition for September 27, 2011. Dkt. No. 93, p. 2. Plaintiff then agreed to continue the deposition to allow Haas to name Certain Underwriters of Lloyd's of London in a Third Party Complaint. Id.; see also Dkt. No. 73 ("Third Party Complaint"). Probuilders then rescheduled Haas's deposition for January 4, 2012. Dkt. No. 93, p. 2. Probuilders contends that it has always asserted that Haas should be deposed prior to conducting mediation, and that the mediation deadline has been continued twice to allow Haas's deposition to occur before mediation. Id. Two weeks before the January 4 deposition, Haas again advised Probuilders he need to reschedule, due to medical treatment for pneumonia. Id. Probuilders agreed to defer the deposition until late January, but no deposition was scheduled. In early February, Probuilders met and conferred with Haas for one hour, at which point Haas agreed to propose new dates for his deposition by February 13, and agreed that his deposition would occur before the then-scheduled March 15 mediation session. Id. Haas failed to provide any proposed dates, and when Probuilders contacted Haas, Haas indicated that he would "be unavailable to be deposed before April." Id. at 2-

3. Mediation did occur on March 15, at which point the case partially settled, but Haas has yet to be deposed. Probuilders has notified this court that it has noticed Haas's deposition for late May, 2012.

A party may depose an opposing party without leave of court. Fed. R. Civ. P. 30(a)(1). Fed. R. Civ. P. 37 permits a party to move to compel a deponent to answer questions. Fed. R. Civ. P. 37(a)(3)(B)(i). Repeated last-minute cancellations of scheduled depositions have been held to constitute a "failure to appear." Henry v. Gill Industries, Inc., 983 F.2d 943, 947 (9th Cir. 1993).

Over seven months have passed since Haas's original deposition date. Probuilders has repeatedly rescheduled Haas's deposition at Haas's request. Despite its express wish to depose Haas before conducting mediation, Probuilders participated in mediation on March 15, 2012 even though it had not yet had an opportunity to depose Haas. Although Haas may have had legitimate reasons for wishing to continue his deposition, such as illness and his attempt to retain new counsel (which he has apparently still not done), he cannot be permitted to stall litigation and waste the parties' finite time to conduct discovery by continuing to refuse to make himself available for deposition. Haas has had ample time to retain new counsel and prepare for deposition. He still has several weeks before the currently-scheduled deposition is set to occur. As he has refused to participate in the production of this DDJR, the court cannot conclude that he has a valid reason not to appear at the upcoming deposition.

Accordingly, Haas is ORDERED to appear for the currently-scheduled deposition.

DISCOVERY DISPUTE JOINT REPORT #5

DDJR #5 concerns Haas's alleged failure to respond to plaintiff's RFPs, Set 3, and Interrogatories, Set 2. Probuilders contends it propounded its RFPs, Set 3 on November 23, 2011, and its Interrogatories, Set 2 on December 13, 2011. Dkt. No. 94, p. 2. Haas's responses were due on December 26, 2011 and January 13, 2012, respectively, but he has yet to respond to either discovery request. Id. at 2-3. The parties met and conferred for one hour on February 9, 2012 to discuss Haas's failure to respond, at which time Haas indicated that he had yet to decide whether he would respond. Id. at 3. Haas has participated in the generation of DDJR #5, and argues that it "would be unfair and overly burdensome to provide third party responses without counsel." Id. at 4. He also makes reference to boilerplate objections he may have to the discovery requests. Id. at 4-5.

As stated above, Fed. R. Civ. P. 34(a)(1) permits a party to request to produce documents that are "in the responding party's possession, custody, or control." The responding party must respond within 30 days of the request. Fed. R. Civ. P. 34(b)(2)(A). When responding to an interrogatory, the respondent must answer each one "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "[W]hen a response to an interrogatory may be derived from business records and when the burden of deriving the answer from the records is substantially the same for both sides, the production of these records sufficiently answers the interrogatory." Govas v. Chalmers, 965 F.2d 298, 302 (7th Cir. 1992).

Haas apparently fails to understand that he is obligated under the Federal Rules of Civil Procedure to respond to discovery requests. If he has objections, he must state them in his responses, and he must provide those responses in a timely manner. The fact that he has apparently been seeking to retain new counsel for over five months does not give him license to ignore plaintiff's discovery requests entirely.

Accordingly, Haas is ORDERED to provide documents in response to plaintiff's RFPs, Set 3 within 14 days from the date of this order. He shall also produce a privilege log for any documents he withholds on the basis of privilege. He shall also provide separate and complete answers to plaintiff's Interrogatories, Set 2 within 14 days from the date of this order.

CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Within 14 days from the date of this order, Haas must: (a) provide supplemental responses to plaintiff's RFAs 12, 41-44, 46, 50, 54, 58, 62, 66, 70, 74, 78, 82, 86, 90, 94, 98, 102, 106, 110, 114, 118, 122, 125, 129, 131, 135, 139, 143, and 147; (b) provide supplemental responses to Interrogatories, Set 1, Nos. 1-6; (c) provide responses to plaintiff's RFPS, Sets 1, 2, and 3; (d) provide responses to Interrogatories, Set 2; and

2. Haas must appear for the currently-scheduled deposition without further excuse or delay.

Haas's stonewalling is not to be condoned, and lack of legal representation is no excuse. Probuilders may notice a motion for sanctions under Civil L. R. 7-8.

8

1   Dated: May 14, 2012
2   _____
    HOWARD R. LLOYD
3   UNITED STATES MAGISTRATE JUDGE

**C10-05533 EJD (HRL) N**otice **will be electronically mailed to:**

| | |
|---|---|
| George Yaron | gyaron@yaronlaw.com |
| Aslan Bananzadeh | shawn.bananzadeh@snrdenton.com |
| James Silverstein | jsilverstein@yaronlaw.com |
| Chip Cox | rsallander@gpsllp.com |
| Kim Dincel | kod@svlg.com |
| Randall Willoughby | rew@wsblaw.net |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**