**\*\* E-filed July 17, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE CO., <br><br> Plaintiff, <br> v. <br> VALLEY CORP.; ET AL., <br><br> Defendants. | No. C10-05533 EJD (HRL) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT R.J. HAAS** <br><br> **[Re: Docket No. 104]** |

Plaintiff Probuilders Specialty Insurance Co. ("Probuilders") moves for sanctions against defendant R. J. Haas ("Haas") for his failure to adequately respond to Interrogatories, failure to produce any documents in response to plaintiff's requests for Production, and failure to appear at his own deposition. Pursuant to the undersigned's Standing Order re: Civil Discovery Disputes, Probuilders and Haas previously filed five Discovery Dispute Joint Reports ("DDJRs") regarding Haas's failure to respond to Probuilders' various discovery requests, including Interrogatories and Requests for Admission and for Production, and Haas's failure to make himself available for deposition. In this court's Order of May 14, the undersigned ordered Haas to (1) provide responses to many discovery requests that had gone unanswered; (2) supplement inadequate responses; and (3) appear for his then-scheduled deposition, set to occur in late May 2012. Dkt. No. 103 ("Order re: DDJRs 1-5"). The Order directed Haas to submit his discovery responses (including production of documents) within 14 days of the Order. The court also admonished Haas for his apparent attempt to

1 stall litigation by refusing to participate in the discovery process, and advised Probuilders that it
2 could notice a motion for sanctions. Probuilders so moves, and seeks monetary sanctions in the
3 amount of $9,267.00, the amount it spent in attorney's fees for the preparation of the five DDJRs,
4 including time spent meeting and conferring with Haas about his failure to respond to discovery
5 requests. Haas has not opposed the motion. This court held hearing on July 17, 2012. Based on the
6 moving papers and argument presented at hearing, the court rules as follows.

7 Fed. R. Civ. P. 37(d) states that when a party fails to appear for his own deposition, serve
8 answers to interrogatories, or respond to a request for inspection, the court may impose
9 nonmonetary sanctions on the delinquent party or his counsel. Instead of or in addition to
10 nonmonetary sanctions, a court "*must* require the party failing to act . . . to pay the reasonable
11 expenses, including attorney's fees, caused by the failure, unless the failure was substantially
12 justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3)
13 (emphasis added).

14 Here, Probuilders persuasively argues that the costs it expended (in the form of attorney's
15 fees) trying to get Haas to respond to discovery requests are the "reasonable expenses . . . caused by
16 the failure." Indeed, had Haas provided discovery responses and appeared for his deposition in the
17 first instance, there would have been no need for the extensive communications and meet and confer
18 sessions between the parties, and Probuilders would not have had to file five separate DDJRs,
19 largely without Haas's participation. At an average of $165 per hour of attorney work, Probuilders'
20 requested attorney's fees are reasonable. As Haas did not oppose the motion or appear for the July
21 17 hearing, this court does not know of any evidence that would support a finding that Haas's
22 failure to respond was "substantially justified," or that "other circumstances make an award of
23 expenses unjust." Accordingly, Probuilder's motion for sanctions is GRANTED. Sanctions in the
24 amount of $9,267.00 are awarded in favor of Probuilders and against R. J. Haas.

25 **IT IS SO ORDERED.**

26 Dated: July 17, 2012

27 HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

28

2

**C10-05533 EJD (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| George Yaron | gyaron@yaronlaw.com |
| Aslan Bananzadeh | shawn.bananzadeh@snrdenton.com |
| James Silverstein | jsilverstein@yaronlaw.com |
| Chip Cox | rsallander@gpsllp.com |
| Kim Dincel | kod@svlg.com |
| Randall Willoughby | rew@wsblaw.net |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**