*E-FILED: November 28, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> VALLEY CORP.; ET AL., <br><br> Defendants. | No. C10-05533 EJD (HRL) <br><br> **ORDER RE: DISCOVERY DISPUTE JOINT REPORTS 6-8, INCLUDING REPORT & RECOMMENDATION** <br><br> **[Dkt Nos. 119, 120, 121]** |

This action for declaratory relief and restitution arises out of a construction defect action in Santa Clara County Superior Court. Plaintiff Probuilders Specialty Insurance Co. ("Probuilders") issued a commercial general liability policy to defendant Valley Corp., f/k/a R.J. Haas Corp. ("Valley"), and its president Ronald J. Haas ("Haas")[1] for the construction of a single family home of defendants Ty and Karen Levine. Subsequently, the Levines sued Haas for shoddy and incomplete work. Haas blamed the subcontractors. Probuilders provided a "courtesy" defense to Valley and Haas in the Levine suit. Ultimately, the state court awarded the Levines a judgment against Valley and Haas for almost 2 million dollars.

In the current suit, Probuilders contends that Haas and his company made material misrepresentations to it with respect to verifying that the subcontractors had insurance and that they

---

[1] The discovery requests at issue in these Discovery Dispute Joint Reports were all propounded on Haas, rather than the corporate entity.

had contractually agreed to indemnify Haas. Probuilders seeks relief against Valley, Haas, and the Levines for rescission of the contract, recovery of the costs of defending the suit, and a finding that the insurance policy does not cover the state court judgment. Haas counterclaimed for breach of contract and a failure to act in good faith. The Levine defendants filed their own counterclaim against Probuilders for relief under a theory of bad faith.

Probuilders and Haas bring to the Court three discovery disputes. In Discovery Dispute Joint Report ("DDJR") #6, Probuilders complains that Haas did not comply with this Court's prior discovery order, which required Haas to correct insufficient discovery responses. In DDJR #7, Probuilders complains that Haas has tendered yet more insufficient responses to a different set of discovery. DDJR #8 arises from Haas's failure to pay the Court's previous award of sanctions. The Court addresses each dispute in turn.

1. DDJR #6

At issue in DDJR #6 are Haas's responses to Probuilder's first two sets of interrogatories, its first two sets of requests for production, and its first set of requests for admission. Probuilders propounded this discovery over a year and a half ago. Haas acted through counsel until his attorney withdrew about a year ago. Haas proceeded *pro se* through the close of Fact Discovery. About a week after the close of discovery, counsel for the Levines also became counsel of record for Haas.

When Probuilders could not extract adequate discovery responses from Haas, or get Haas to sit for his deposition, it submitted DDJRs #1-5 to this Court. In its order on DDJRs #1-5, this Court outlined Haas's responsibilities under the federal rules for discovery, pointed out the insufficiencies of his responses, directed him to provide supplemental responses, and required him to sit for his deposition (Dkt. 103).[2] As for the Requests for Admissions, the Court found that they sought

---

[2] The Court advised Haas that "[a] party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him. A reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process. To aid the

2

admission of "discrete facts," that were "clearly relevant to the plaintiff's claims," and that the terms used in the requests were not vague or ambiguous. The Court subsequently awarded attorney fees against Haas and in favor of Probuilders in the amount of $9,267.00 for the unnecessary work expended trying to obtain routine discovery (Dkt. 109).

In response to the order on DDJRs #1-5, Haas provided supplemental responses ("First Supplement," Ex. F to DDJR #6). Haas did not sign the First Supplement, nor did the First Supplement respond to this Court's admonishment about the type of "quibbling" and evasiveness that "ha[d] frustrated plaintiff's ability to pursue its case and has wasted judicial resources by stalling the case's progress." *See* DDJR #6, Exs. F-I. Probuilders sent a detailed letter to Haas that outlined the deficiencies of the First Supplement. The parties then met and conferred, and Haas submitted a second set of supplemental responses ("Second Supplement," Ex. K to DDJR #6). The Second Supplement only created further confusion. Probuilders sent another letter. The parties met and conferred again. Haas then submitted a third round of supplemental responses ("Third Supplement," Ex. P to DDJR #6).

The Court has again reviewed the underlying discovery requests, the rounds of responses, and the detailed letters from Probuilders that outline the insufficiencies of the various responses. Focusing on the latest round of responses, the Court finds them to be inadequate. A survey of the series of supplements shows a pattern of elusive behavior. Instead of using the supplemental responses to correct his initial responses, Haas used them as a vehicle for continued evasion. His changing response to Request For Admission ("RFA") #12 provides a good example:

RFA #12:

---

quest for relevant information parties should not seek to evade disclosure by quibbling and objection. They should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." (Dkt. 103 at 3) (internal quotation marks and citations omitted).

> "In the Contractors Application, attached hereto as Exhibit B, R.J. Haas Corp. represented that R.J. Haas Corp. is named as additional insured on its subcontractors' insurance policies." (Ex. A to DDJR #6)

Initial Response:

> "Response to Admissions No 1:-14: is objectionable as Exhibits A, B, C, D, & E are not attached to the Set One request." (Ex. F to DDJR #6)

First Supplemental Response:

> "**RFA #12 Response:** Records have been reviewed the results are deemed inconclusive regarding the subject admission assertions, therefore it is inappropriate to confirm or deny the request. Further document review and search may reveal additional relevant information that could be conclusive and permit a precise answer to the admission. **Do Not Find The Representation in the Application.**" (Ex. F to DDJR #6) (emphasis in original)

Second Supplemental Response:

> "**RFA #12 Response:** Records have been reviewed the results are deemed inconclusive regarding the subject admission assertions, therefore it is inappropriate to confirm or deny the request. Further document review and search may reveal additional relevant information that could be conclusive and permit a precise answer to the admission. **Deny, original document verification is incomplete.**" (Ex. K to DDJR #6) (emphasis in original)

Third Supplemental Response:

> "**RFA #12 Response: Deny, original document has not been reviewed thus verification is incomplete.**" (Ex. P to DDJR #6) (emphasis in original)

The responses to RFA #12 vacillated between not having the insurance application, to having the insurance application but not finding the subject representation, to not really having the insurance application, to not reviewing the insurance application. The supplemental responses did not bring clarity to the initial response.

As another example, without explanation or leave of court, Haas changed a substantial number of admissions to denials. The following RFAs were identical except that each referred to the name of a different potential independent contractor. Haas seemed to admit, and then deny, that each is an independent contractor:

4

RFAs # 50, 54, 58, 62, 66, 70, 74, 78, 90, 98, 110, 114, 118, 122, 125, 129, 131, 135, 139, 143, and 147:

> "[Entity] was an independent contractor retained by R.J. Haas Corp. to work on the Levine Project." (Ex. A to DDJR #6)

Initial Response:

> **Request for Admissions No 15: - 147:** Attorney Chip Cox provided preliminary responses to No 1: - 147 July, 2011. The **"Minoletti file"** is now provided in response to Set No. One (1), Requests For Admissions. (Ex. F to DDJR #6) (emphasis in original)

First Supplemental Response to these RFAs:

> Records have been reviewed the results are deemed inconclusive regarding the subject admissions assertions, therefore it is inappropriate to confirm or deny the request. Further document review and search may reveal additional relevant information that could be conclusive and permit a precise answer to the admission. **Yes, Licensed Contractor.** (Ex. F to DDJR #6) (emphasis in original)

Second Supplemental Response:

> Records have been reviewed the results are deemed inconclusive regarding the subject admissions assertions, therefore it is inappropriate to confirm or deny the request. Further document review and search may reveal additional relevant information that could be conclusive and permit a precise answer to the admission. **Deny, Licensed contractor? Original document verification is incomplete.** (Ex. K to DDJR #6) (emphasis in original)

Third Supplemental Response:

> Records have been reviewed the results are deemed inconclusive regarding the subject admissions assertions, therefore it is inappropriate to confirm or deny the request. Further document review and search may reveal additional relevant information that could be conclusive and permit a precise answer to the admission. **Deny.** (Ex. P to DDJR #6) (emphasis in original)

Haas even withdrew admissions to RFAs that Probuilders did not ask him to supplement -- RFAs that were not the subject of this Court's prior order. This, in itself, is another discovery violation. A party may not amend or withdraw an admission without leave of court after noticed motion. Fed. R. Civ. P. 36(b); *see also 999 v. C.I.T. Corp.*, 776 F. 2d 866, 869 (9th Cir. 1985).

5

Haas's successive responses to the interrogatories and requests to produce were no better. The final response to the subject interrogatories is unverified. It does not respond at all to some interrogatories and responds to others by referring sweepingly and indiscriminately to the 19,000 page "Minoletti file." (Ex. Q to DDJR #6).[3] The final responses to Probuilder's two sets of requests for production were unsigned and also inadequate. (Exs. M, N to DDJR #6). Haas provided the same response, verbatim, to the requests numbered 1-15 and 25-33: "The '**MINOLETTI FILES**' have been provided to plaintiff for inspection and related activities. But with objections as the file contains certain attorney-client privileged information." (*Id.*) Haas provided no response to the requests numbered 16-24. In sum, Haas did not comply with this Court's previous discovery order.

Probuilders asks the Court to strike Haas's answer to the complaint and to strike Haas's Counterclaim against Probuilders. In the alternative, Probuilders asks the Court to order Haas to respond in full to the outstanding discovery and that it be given leave to file a motion for monetary sanctions.

Under Rule 37(b)(2) of the Federal Rules of Civil Procedure, the court may sanction a party who fails to obey a discovery order by striking pleadings or terminating the action by default or dismissal. Fed. R. Civ. P. 37(b)(2)(A)(iii)-(v). Although case-dispositive sanctions are usually reserved for repeated violations of court orders, even a single willful violation may suffice, depending on the circumstances. *Valley Engineers Inc. v. Electric Eng. Co.*, 158 F. 3d 1051, 1056 (9th Cir. 1998). An explicit finding of willfulness or bad faith is a prerequisite to ordering

---

[3] In its Order on DDJRs 1-5, the Court instructed: "When responding to an interrogatory, the respondent must answer each one 'separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). '[W]hen a response to an interrogatory may be derived from business records and when the burden of deriving the answer from the records is substantially the same for both sides, the production of these records sufficiently answers the interrogatory.' *Govas v. Chalmers*, 965 F.2d 298, 302 (7th Cir. 1992). However, the respondent must also label and organize the responsive documents so as to make them identifiable and useful to the requesting party. *Id.* A 'shotgun 'default to the documents' approach to answering a factual contention interrogatory does not satisfy [a party's] obligation to articulate the facts . . . in an explicit, responsive, complete, and candid manner." (Dkt. 103)

6

dismissal. All that is required to demonstrate willfulness or bad faith is "disobedient conduct not shown to be outside the control of the litigant." *Henry v. Gill Industries, Inc.*, 983 F. 2d 943, 948 (9th Cir. 1993). Once the Court finds that discovery violations are "due to willfulness, bad faith, or fault of the party," it weighs the following five factors in determining whether to impose a terminating sanction:

1) Public interest in expeditious resolution of litigation;
2) The court's need to manage its docket;
3) Prejudice to other parties from the discovery violation;
4) Public policy favoring disposition of cases on their merits; and
5) Whether less drastic sanctions are available and would provide effective deterrence for the particular violation.

*Computer Task Group, Inc. v. Brotby*, 364 F. 3d 1112, 1115 (9th Cir. 2004).

The Court finds that Haas acted willfully and in bad faith. Haas was in control of his discovery responses and he repeatedly refused to comply with this Court's prior discovery order. As to the five factors, the Court finds that the first, second and fourth factors are a wash as the first and second factors favor dismissal, while the fourth factor cuts against such a sanction. *See Computer Task Group, Inc.*, 364 F. 3d at 1115 ("Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them. Therefore, whether terminating sanctions were appropriate . . . turns on the third and fifth factors.") (internal citation omitted). For the third factor, the Court finds that Probuilders was prejudiced by Haas's failure to adequately respond to most of its discovery requests. Haas dodged discovery aimed at finding out basic, material evidence such as (1) the specific subcontractors who worked on the Levine project; (2) when the various subcontractors began working with R.J. Haas Corp.; and (3) whether those subcontractors provided proof of insurance and executed hold harmless agreements with the Haas defendants. Further, there is a nexus between the information withheld and the substance of the complaint and Haas's counterclaim. The Court does note, however, that Probuilders was able to

7

obtain the identities of the subcontractors through its deposition of Haas. The Court also notes that Probuilders has recently moved for summary judgment on Haas's counterclaim and for partial summary judgment on its complaint. The filing of this motion indicates that Probuilders must have been able to gather some, if not all, of the evidence it wants in this case. For the fifth factor, the Court already imposed the lesser sanctions of 1) a Court order directing compliance, and 2) an award of monetary sanctions. These less drastic sanctions have proved ineffective.

Counsel for Haas objects to striking the counterclaim and answer on the grounds that Haas was proceeding *pro se* for the majority of the time covered by the discovery disputes. Counsel also argues that Haas provided multiple sets of supplemental responses to the discovery requests throughout the discovery period. To the first point, courts may be more lenient with *pro se* litigants, but intentional disregard of discovery rules may nevertheless result in default or dismissal.[4] "A *pro se* litigant is bound by the litigation rules as is a lawyer, particularly [] with the fulfilling of simple requirements of discovery." *Lindstedt v. City of Granby*, 238 F. 3d 933, 937 (8th Cir. 2000) (finding that District Court did not abuse its discretion in dismissing suit as sanction for *pro se* plaintiff's willful and intentional refusal to answer defendants' interrogatories). To the second point, the Court notes that each successive response was yet a further attempt to evade discovery obligations, and yet another violation of this Court's prior discovery order. Haas's successive submissions are evidence of further discovery violations, rather than attempts at compliance.

**2. DDJR #7**

In DDJR #7, Probuilders asks the Court to require Haas to satisfy his discovery obligations with regard to its third set of RFAs. Although these particular requests have not yet been before the

---

[4] Also, the Court already warned Haas that his lack of counsel did not allow him to ignore his discovery obligations: "The fact that [Haas] has apparently been seeking to retain new counsel for over five months does not give him license to ignore plaintiff's discovery requests entirely. . . Haas's stonewalling is not to be condoned, and lack of legal representation is no excuse." (Dkt. 103, p. 8).

Court, Probuilders' objections, and the quality of Haas's responses, are familiar. According to Probuilders, Haas's first response to the third set of RFAs was unsigned and consisted entirely of objections. Probuilders sent a letter that outlined the insufficiencies of the responses. Haas submitted supplemental responses. Haas sent a second letter, outlining the insufficiencies of the supplemental response. Haas then sent a second supplemental response, which Probuilders contends is still unsatisfactory.

In its third set of RFAs, Probuilders seeks to pin down whether R.J. Haas Corp. had employees, subcontractors, or contractors work on the Levine Residence. RFA 154 states: "R.J. Haas Corp. did not have any R.J. Haas Corp. employee work on the Levine Residence." In his final response, Haas stated:

> Records have been reviewed the result are deemed inconclusive regarding the subject admission assertions, therefore it is inappropriate to confirm this request. Further document review and search may reveal additional relevant information that could be conclusive and permit a precise answer to the admission. R J Haas Corp had no direct employees. **Deny**. (Ex. C to DDJR #7)

It is unclear whether this response is a denial or whether Haas contends that he can neither admit or deny the statement. The substance of this response also appears to be internally inconsistent. Haas says that R J Haas Corp had no direct employees. Such a statement supports an admission to RFA 15, which states that no employees worked on the Levine Residence. The final word of the response, however, is "**Deny.**" The final response consists of the above response, verbatim, to RFAs 154-158, and another stock response to RFAs 159-161. Both sets of stock answers are ambiguous and evasive.

In its prior order, this Court already instructed Haas that his responses to requests to admit should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." (Dkt. 103 at 3) (citing *Marchand v. Mercy Medical Center*, 22 F. 3d 933,

9

938 (9th Cir. 1994)). Haas disregarded this instruction when he supplemented his responses to the first two sets of discovery and when he responded to the third set of RFAs.

### 3. DDJR #8

This Court previously ordered Haas to pay Probuilders $9,267 by August 16, 2012 as a sanction for refusing to participate in discovery (Dkt. 109, 111). DDJR #8 derives from Haas's failure to pay this amount. Probuilders asks the Court to strike Haas's answer and his counterclaim, or to hold Haas in contempt of Court.

The Court views Haas's failure to pay the sanctions award as yet another example of Haas's disregard for this Court's orders and the rules that govern federal litigation. Because this particular failure did not prejudice Probuilder's ability to advance its case, the Court does not consider this act of noncompliance as an independent basis for case-dispositive sanctions. Viewed in combination with Haas's overall refusal to participate in the discovery process, however, the Court sees Haas's noncompliance as further support for the recommendation that follows.

### RECOMMENDATION AND ALTERNATIVE ORDER

The Court recommends striking Haas's answer and dismissing his counterclaim. Haas has ignored the Court's previous discovery order, repeated actions previously sanctioned by this court, withdrawn admissions without leave of court, ignored detailed letters from Probuilders that further clarified and simplified his discovery obligations, and he has yet to pay the monetary sanctions already imposed against him. *See Computer Task Group, Inc.*, 364 F. 3d at 1117 (affirming sanction of dismissal of counterclaim and entry of default in favor of plaintiff in plaintiff's action where defendant violated court orders by failing to provide clear answers to interrogatories, giving contradictory responses, making frivolous objections, filing frivolous motions, failing to provide information plaintiff sought, and failing to pay one of the court's monetary sanctions for discovery violations). The counterclaim filed by the Levines would be unaffected.

If the District Court declines to accept the recommendation to dismiss Haas's counterclaim and strike his answer, and unless it orders otherwise, this Court orders Haas to comply with the following within 20 days of the District Court's declination:

(1) Haas shall provide supplemental responses to RFAs 12, 41-44, 147, and 154-161per Probuilder's request. Haas is again reminded that his supplemental response should admit to the fullest extent possible, and explain in detail why any portions of a request may not be admitted;

(2) Haas shall provide supplemental responses to Interrogatories 1-9 per Probuilder's request. Haas is again reminded that he must respond to each interrogatory separately, fully, in writing, and under oath. If a response may be derived from business records, he must label and organize the responsive documents to make them identifiable and useful to Probuilders. Blanket references to the "Minoletti file" are insufficient.

(3) Haas shall provide supplemental responses to Requests For Production 1-33 per Probuilder's request. He shall produce a privilege log for any documents he withholds on the basis of privilege.

(4) The following RFAs, which were admitted before Haas "supplemented" his responses by changing them to denials, shall be deemed admitted: 46, 50, 54, 58, 62, 66, 70, 74, 78, 90, 98, 110, 114, 118, 122, 125, 129, 131, 135, 139, and 143;

(5) Haas is sanctioned in the amount of $10,000 payable forthwith to the Clerk of the Court;

(6) Probuilders may move to recover its attorney fees attributable to preparation of DDJRs 6 and 7.

Dated: November 28, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-05533 EJD (HRL)** N**otice will be electronically mailed to:**

Aslan Bananzadeh: shawn.bananzadeh@snrdenton.com, adrienne.hankins@snrdenton.com

Chip Cox: rsallander@gpsllp.com, dhoughton@gpsllp.com, rseeds@gpsllp.com

George D. Yaron: gyaron@yaronlaw.com

James Ira Silverstein: jsilverstein@yaronlaw.com

Kim Dincel: kod@svlg.com, cgl@svlg.com, jbr@svlg.com, jhr@svlg.com, kkn@svlg.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**