UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG,<br><br>    Plaintiff,<br><br>  v.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP., ET AL.,<br><br>    Defendants. | Case No.: 5:10-CV-05533-EJD<br><br>**ORDER GRANTING DEFENDANTS TY AND KAREN LEVINE'S MOTION FOR RECONSIDERATION; DENYING PLAINTIFF'S MOTION OBJECTING TO DEFENDANTS TY AND KAREN LEVINES' EXPERT DISCLOSURE AS MOOT**<br><br>**[Re: Docket Nos. 123, 150]** |

Presently before the court are Plaintiff ProBuilders Specialty Insurance Company, RRG's ("ProBuilders") Motion Objecting to Defendants Ty and Karen Levines' Expert Disclosure, and Defendants Ty and Karen Levine's (collectively, "the Levines") Motion for Reconsideration. For the following reasons, the court GRANTS the Levines' Motion for Reconsideration, and DENIES ProBuilders' Motion Objecting to Defendants' Expert Disclosure as moot.

**I. BACKGROUND**

This case arises out of a construction defect case litigated in Santa Clara County Superior Court—<u>Ty Levine, et al. v. R.J. Haas, et al.</u>, No. 07-CV-081016 (the "<u>Levine</u> action"). The plaintiffs in that action, the Levines, sued their general contractor Ronald J. Haas ("Haas") and his

company Valley Corp., f/k/a R.J. Haas Corp. ("Valley") for substandard and incomplete work. Haas and Valley held a commercial general liability policy issued by ProBuilders, which provided a "courtesy" defense to Valley and Haas in the Levine action. The Levines prevailed and the court awarded them a judgment against Valley and Haas for nearly $2 million.

After the conclusion of the Levine action, ProBuilders filed the instant declaratory relief and restitution action against Valley, Haas, and the Levines. In this action, ProBuilders alleges that Haas and Valley made material misrepresentations on the insurance application and seeks rescission of contract, recovery of the defense costs in the Levine action, and a declaration that the insurance policy does not cover the judgment in the Levine action. Haas counterclaims for breach of contract, and failure to act in good faith. The Levines separately counterclaim for relief under a theory of bad faith.

This case is in the later stages of litigation. Discovery has closed, and ProBuilders has filed a summary judgment motion, which the court has taken under submission. The court continued the preliminary pretrial conference until after it issues its order on the summary judgment motion. Thus, at this point, no trial date has been set.

The defendants in this case have, until recently, proceeded separately. The Levines promptly retained counsel, and have consistently defended the suit. Haas initially obtained counsel, but counsel withdrew in November 2011. From that point in time until September 5, 2012, Haas proceeded pro se. It is unclear whether Haas' counsel also represented Valley. However, the clerk of the court entered default against Valley on September 8, 2011. Dkt. Nos. 66, 68. On September 4, 2012, Haas and Valley assigned their rights against ProBuilders to the Levines, and the Levines' counsel assumed representation of Haas and Valley. See Dkt. No. 117.

**a. The Levines' Expert Disclosure**

The present motions concern the Levines' late production of their rebuttal expert report, which was initially due on August 7, 2012. On that date, the Levines filed a Rebuttal Expert

Witness Disclosure designating David Reilly as their rebuttal expert witness.[1] The Disclosure did not include a report from Mr. Reilly. On August 23, 2012, the parties agreed to extend the rebuttal expert report deadline until September 10, 2012. Instead of serving their rebuttal expert report on that date, the Levines filed a Motion for Extension of Time, seeking to extend the deadline an additional thirty days. See Dkt. No. 118. On September 14, 2012, ProBuilders filed its Motion Objecting to Defendants Ty and Karen Levines' Expert Disclosure, basing its motion on the Levines' failure to produce a report by the deadline. See Dkt. No. 123. The court denied the Levines' Motion for Extension on September 18, 2012 (Dkt. No. 125) and nine days later the Levines filed a Motion for Leave to file a Motion for Reconsideration (Dkt. No. 127), which the court granted on October 23, 2012 (Dkt. No. 148). The Levines ultimately filed and served their expert report on October 19, 2012.

## II. The Levines' Motion for Reconsideration

The Levines bring this motion pursuant to Federal Rule of Civil Procedure Rule 60(b) and Civil Local Rule 7-9. Rule 60(b) provides the general authority for a federal district court to relieve a party from the court's order or judgment. Under Rule 60(b), such reconsideration is permitted upon a showing of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. Samish Indian Tribe v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005). However, relief under this

---

[1] That Disclosure also included Jon Challoner as an expert witness. However, on September 13, 2012, the Levines' counsel notified ProBuilders' counsel that the Levines would only use David Reilly. Declaration of Christopher Lai ¶ 2, October 22, 2012, Dkt. No. 146.

3
Case No.: 5:10-CV-05533-EJD
ORDER GRANTING DEFENDANTS TY AND KAREN LEVINE'S MOTION FOR
RECONSIDERATION; DENYING PLAINTIFF'S MOTION OBJECTING TO DEFENDANTS
TY AND KAREN LEVINES' EXPERT DISCLOSURE AS MOOT

category "requires a finding of 'extraordinary circumstances.'" Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

Civil Local Rule 7-9 provides the mechanism by which a party can seek the relief specified in Rule 60(b). Under Rule 7-9, the moving party must first make a specific showing supporting one of the following bases:

(1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Second, the party must accomplish the appropriate showing without repeating any oral or written argument previously made with respect to the interlocutory order it now seeks to have reconsidered. Civ. L.R. 7-9(c).

The court finds that the Levines have satisfied Rule 7-9's requirements. The Levines contend that this court should grant reconsideration of their motion for extension of time based on Rule 60(b)(1), (2), and (6). The court did not consider material facts in its initial order and therefore GRANTS the Levines' motion for reconsideration.

### III. The Levines' Motion for Extension of Time

Having granted the Levines' Motion for Reconsideration, the court now turns to the underlying Motion for Extension of Time. A court may grant an extension of time under its scheduling order "for good cause." Fed. R. Civ. P. 16(b)(4). Under Rule 16(b)'s "good cause"

4

Case No.: 5:10-CV-05533-EJD
ORDER GRANTING DEFENDANTS TY AND KAREN LEVINE'S MOTION FOR RECONSIDERATION; DENYING PLAINTIFF'S MOTION OBJECTING TO DEFENDANTS TY AND KAREN LEVINES' EXPERT DISCLOSURE AS MOOT

standard, courts primarily consider the diligence of the party seeking the modification. See Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

The Levines contend that a review of ProBuilders' claim file for Haas was essential to the preparation of their rebuttal expert report, and that they diligently pursued production of that file. The only reason that report was late, according to the Levines, is because ProBuilders refused to produce the claim file. ProBuilders argues that the Levines failed to diligently pursue the file, and that in any event, the file was not relevant to the Levines rebuttal report until they received Haas' assignment of rights a mere six days before the report deadline.

The following sequence of events, taken from the parties' briefing, reflects the parties' efforts with respect to the claim file. In March 2011, the Levines first became aware of ProBuilders' claim file for Haas. Pl. Opp'n 2, Dkt. No. 156. At that time, they also became aware of Haas' contention that, because of privilege concerns, his counsel must review the claim file first to determine which documents could be produced to the Levines. Id. Six months later, in September 2011, ProBuilders produced "the vast majority of the claim file" to Haas, and provided the Levines with a privilege log. Id. at 3. The Levines did not begin to actively pursue the claim file until June 2012. Thereafter, the Levines made three written requests for the documents on June 22, July 2, and July 9, 2012. Decl. of Julie Bonnel-Rogers, Exs. E, F, and G, Dkt. No. 154-1. The Levines also requested that Haas and Valley produce the file, but had concerns that that copy was incomplete. Id. at Ex. I. On September 4, 2012, Haas and Valley assigned their counterclaim rights to the Levines and agreed to a privilege waiver. The following day, the Levines informed ProBuilders of the development, and again requested, inter alia, that the claim file be produced promptly. Id. On September 6, 2012, the Levines forwarded the privilege waiver to ProBuilders. Id. at Ex. J. In response, ProBuilders did not produce the claim file, but instead admonished the Levines for aligning interests with Haas, stating:

5
Case No.: 5:10-CV-05533-EJD
ORDER GRANTING DEFENDANTS TY AND KAREN LEVINE'S MOTION FOR RECONSIDERATION; DENYING PLAINTIFF'S MOTION OBJECTING TO DEFENDANTS TY AND KAREN LEVINES' EXPERT DISCLOSURE AS MOOT

> Ron Haas has not paid the sanction award nor provided the responses he was supposed to. He has reneged on agreements. There is nothing to meet and confer over. We have been met with nothing but gamesmanship from Mr. Haas. Your election to align with this man is your problem. You reap what you sow. … [Y]ou can get the materials from your new client, to whom the file was produced long ago. His copy is as complete as we would give to you.

Id. at Ex. K.

ProBuilders produced the claim file to the Levines on September 14, 2012, four days after the Levines' rebuttal expert report was due. Decl. of Christopher Lai ¶ 6, Ex. L., October 30, 2012, Dkt. No. 153, 153-2.

The Levines explain that they did not aggressively pursue the claim file earlier because they believed Haas had a valid privilege claim. To overcome this hurdle, the Levines continually sought a privilege waiver from Haas. ProBuilders contends that this action alone is insufficient to constitute diligence. In addition to seeking the waiver, ProBuilders argues, the Levines should have done one or more of the following: (1) filed a joint report with the magistrate judge; (2) deposed ProBuilders' expert witness, who relied on a copy of the file, and/or (3) served a Request for Production of Documents on ProBuilders requesting the complete file, with the intention of filing a joint report with the magistrate judge should ProBuilders refuse to produce.

Though ProBuilders has successfully listed several common litigation tactics, its argument fails because none of these strategies would have borne a reasonable probability of defeating Haas' privilege claims. The Levines did not scorch earth in their attempt to obtain the claim file. Instead, they directed their energy into the only option with any likelihood of success: obtaining a privilege waiver from Haas. This strategy, especially when considered together with the multiple requests the Levines did make of ProBuilders as the report deadline approached, constitutes diligence sufficient to satisfy the "good cause" inquiry under Rule 16(b)(4).

6
Case No.: 5:10-CV-05533-EJD
ORDER GRANTING DEFENDANTS TY AND KAREN LEVINE'S MOTION FOR RECONSIDERATION; DENYING PLAINTIFF'S MOTION OBJECTING TO DEFENDANTS TY AND KAREN LEVINES' EXPERT DISCLOSURE AS MOOT

ProBuilders next contends that, even if the Levines diligently pursued the claim file, it is of no significance to their motion for extension because the claim file was irrelevant to their rebuttal expert report until Haas assigned them his counterclaim. Prior to the assignment, ProBuilders seems to argue, the only issues that concerned the Levines were whether the ProBuilders policy covered the <u>Levine</u> judgment, and whether the instant action was timely filed.[2] Because conclusions on these issues rely only on the ProBuilders' policy, the <u>Levine</u> action judgment, and ProBuilders' reservation of rights letters, all of which were produced to the Levines by April 2012, ProBuilders contends that the <u>Levines</u> have not demonstrated good cause for an extension to their original report.

The court finds this argument unconvincing. While the issues cited by ProBuilders may or may not have depended on information in the claim file, the file was nevertheless crucial to the preparation of the report as a whole. According to Mr. Reilly:

> It was essential for me to review these documents in order to prepare my complete and detailed analysis in my report and my analysis would not have been complete prior to my review of these documents.

Decl. of David A. Reilly, ¶ 5, Dkt. No. 151.

The court will not engage in conjecture as to whether the claim file was essential to each and every element of the report, or whether the Levines could have produced a partial report by the deadline. The Levines have sufficiently demonstrated that the file was important to the report as a whole. Furthermore, after the assignment, the claim file became essential. As ProBuilders acknowledges, the majority of the Levines' report focuses on ProBuilders' defense of Haas in the <u>Levine</u> action— an analysis that depends on the claim file. As discussed above, the Levines diligently pursued the claim file, and have satisfied the "good cause" requirement of Rule 16(b)(4).

Finally, ProBuilders objects to the extension of time because the Levines served their report on October 19, 2012, nine days past the extension they sought. The court notes that the Levines'

---

[2] The court notes ProBuilders' contention that these conclusions are outside the scope of the expert report. However that argument is not relevant to the present motion.

7
Case No.: 5:10-CV-05533-EJD
ORDER GRANTING DEFENDANTS TY AND KAREN LEVINE'S MOTION FOR RECONSIDERATION; DENYING PLAINTIFF'S MOTION OBJECTING TO DEFENDANTS TY AND KAREN LEVINES' EXPERT DISCLOSURE AS MOOT

report was late, even under the Levines' own requested deadline. However, the additional nine days did not prejudice ProBuilders. Its summary judgment briefing was submitted on September 28, 2012—before the thirty day extension would have passed—and no significant deadlines have passed since that time. The court will address any scheduling changes that should be made as a result of this Order at the upcoming status conference.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Levines' Motion for Reconsideration and, upon reconsideration, GRANTS the Levines' Motion for Extension of Time to October 19, 2012. The court DENIES ProBuilders' Motion Objecting to Defendants' Expert Disclosure as moot.

**IT IS SO ORDERED**

Dated: December 11, 2012

_____
EDWARD J. DAVILA
United States District Judge