1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG,

    Plaintiff,

  v.

VALLEY CORP. B., ET AL.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 5:10-CV-05533-EJD

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR PARTIAL SUMMARY JUDGMENT**

**[Re: Docket No. 128]**

Presently before the court is Plaintiff ProBuilders Specialty Insurance Company, RRG's ("ProBuilders") Motion for Partial Summary Judgment as to its Second Amended Complaint ("SAC") and Motion for Summary Judgment as to Defendants Valley Corp. B., formerly known as R.J. Haas Corp ("Haas Corp"), Ronald J. Haas ("Haas"), and Ty and Karen Levine's ("the Levines") (collectively "Defendants") individual counterclaims. Dkt. No. 128. The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. Having reviewed the parties' briefing, the court DENIES ProBuilders' Motion for Partial Summary Judgment and Motion for Summary Judgment.

**I.      Background**

This case arises out of a construction defect case litigated in Santa Clara County Superior Court—Ty Levine, et al. v. R.J. Haas, et al., No. 07-CV-081016 (the "Levine action"). The

1

plaintiffs in that action, the Levines, sued their general contractor Ronald J. Haas ("Haas") and his company Valley Corp., f/k/a R.J. Haas Corp. ("Valley") for substandard and incomplete work. Defects in the construction of the Levines' home included, inter alia: improper installation of foundation footings piers and posts such that the sub-floor is not level; improper roof framing such that the roof sags and bows; improper attempted repair of the damage to the roof, which worsened the damage; improper installation of windows, such that gaps were left between windows and the framing and the windows were damaged; and improper installation of the exterior stucco underlayment resulting in excessive cracking.  See Levine action Compl. ¶ 27, Dkt. No. 128-19.[1] Haas and Valley held a commercial general liability ("CGL") policy issued by ProBuilders, under which ProBuilders provided a "courtesy" defense to Valley and Haas in the Levine action.  The Levines prevailed and the court awarded them a judgment against Valley and Haas for nearly $2 million.

After the conclusion of the Levine action, ProBuilders filed the instant declaratory relief and restitution action against Valley, Haas, and the Levines.  Here, ProBuilders alleges that Haas and Valley made material misrepresentations on the insurance application and failed to abide by the policy's terms in a way sufficient to effect rescission of the contract or preclude coverage of the Levine action judgment.  Most importantly, ProBuilders points to the following:

First, the ProBuilders insurance application contained the following questions, which Haas answered as indicated:

- Are subcontractors allowed to work without providing applicant with a certificate of insurance? – No

- Does applicant allow any subcontractors to maintain coverage with more restrictive coverage than the applicant's? No

- Does or will applicant have a written contract with its subcontractors that includes a hold harmless agreement relative to work performed by the subcontractor? – Yes

---

[1] The court hereby GRANTS ProBuilders' request for Judicial Notice ("RJN") as to exhibit nos. 4 (portions of certified copy of the trial transcript in the Levine action), 10 (the Levine action complaint), 13 (the Levine action amended judgment), and 15 (the Levine action Statement of Decision).

2

United States District Court
For the Northern District of California

- Is applicant named as additional insured on its subcontractors' insurance policies? – <u>Yes</u>

- Does applicant carry workers' compensation for all employees? – <u>Yes</u>

Decl. of Sherrianne Hanavan ("Hanavan Decl.") Ex. 22, Dkt. Nos. 128-9, 128-24.

Second, the ProBuilders policy's CMC Endorsement provides:

> As a condition precedent to this policy applying to any claim in whole or in part based upon the work performed by independent contractors, the insured must have prior to the date of the loss giving rise to the claim:
>
> (1) Receive a written indemnity agreement from the independent contractor holding the insured harmless for all liabilities, including costs of defense, arising from the work of the independent contractors; and
>
> (2) Obtained certificates of insurance from the independent contractor indicating that the insured is named as an additional insured and that coverage is maintained equal to or greater than provided by this policy with limits of at least $1,000,000 per occurrence.
>
> (3) The insured has maintained the records evidencing compliance with subsections 1 and 2.

Hanavan Decl. Ex. 21.

During the <u>Levine</u> litigation, the parties discovered the likelihood that Haas and Valley had not obtained certificates of insurance or additional insured endorsements from their subcontractors. <u>See</u> Def. Opp'n 12-13, Dkt. No. 131. Accordingly, ProBuilders seeks rescission of contract, recovery of the defense costs in the <u>Levine</u> action, and a declaration that the insurance policy does not cover the judgment in the <u>Levine</u> action. Haas counterclaims for breach of contract, and failure to act in good faith. The Levines separately counterclaim for relief under a theory of bad faith. On September 4, 2012, Haas and Valley assigned their rights against ProBuilders to the Levines, and the Levines' counsel assumed representation of Haas and Valley. <u>See</u> Dkt. No. 117.

Case No.: 5:10-CV-05533-EJD
ORDER DENYING PROBUILDERS' MOTION FOR SUMMARY JUDGMENT

## II.      Legal Standard

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>Addisu v. Fred Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir. 2000).  The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

If the moving party does not satisfy its initial burden, the nonmoving party has no obligation to produce anything and summary judgment must be denied.  <u>Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.</u>, 210 F.3d 1099, 1102–03 (9th Cir. 2000).  On the other hand**,** if the moving party does meet this initial burden, the burden then shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); <u>Celotex</u>, 477 U.S. at 324. The court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. <u>Celotex</u>, 477 U.S. at 324. However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. <u>See Thornhill Publ'g Co. v. GTE Corp.</u>, 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden.  Fed. R. Civ. P. 56(c); <u>see also</u> <u>Hal Roach Studios, Inc. v. Feiner & Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir. 1990).

Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007).  However, where the nonmoving party will have the burden of proof at trial on a particular issue, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." <u>Celotex</u>, 477 U.S. at 325.  Provided there has been adequate time for discovery, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

1    trial. Id. at 322–23. "[A] complete failure of proof concerning an essential element of the

2    nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

3    **III.    Discussion**

4         Plaintiff asks this court to issue an order finding that (1) Plaintiff has no duty to indemnify

5    Haas Corp. and Haas against the judgment in the Levine action; (2) Plaintiff is entitled to rescind

6    Policy No. COM 5010992 ("the policy"); (3) the Levines cannot prevail on their counterclaim, or

7    alternatively an order as to what portion of the Levine action judgment is not covered under the

8    policy, (4) Haas cannot prevail on his counterclaim, or alternatively (a) an order that Haas cannot

9    prevail on his claim for breach of contract/duty to indemnify, or (b) an order as to what portion of

10   the Levine action judgment is not covered under the policy.  To support this request, ProBuilders

11   argues that the policy it issued to Haas should be rescinded because Haas made material

12   misrepresentations on the insurance application.  In the event the policy is not rescinded,

13   ProBuilders argues that no part of the Levine action judgment is covered by the policy because that

14   judgment only concerned damages to Haas's own work, because Haas' subcontractors did not

15   comply with the policy's CSC Endorsement, and because certain exclusions in the contract would

16   independently preclude coverage.  After reviewing the parties' briefing, the court finds that several

17   material questions of fact pervade the parties' arguments, rendering summary judgment

18   inappropriate.

19        As to the claim for rescission, significant questions of fact remain at least as to when

20   ProBuilders had notice of Haas' misrepresentations sufficient to trigger its duty to investigate and

21   whether ProBuilders acted to rescind the policy within a reasonable time from discovering any

22   such material misrepresentations. See Couveau v. Am. Airlines, Inc., 218 F.3d 1078, 1083 (9th Cir.

23   2000) ("Because the application of laches depends on a close evaluation of all the particular facts

24   in a case, it is seldom susceptible of resolution by summary judgment"); Williams v. Marshall, 37

25   Cal. 2d 445 (1951) (holding that whether a party's delay in asserting rescission is reasonable is a

26   question of fact); Cal. Civ. Code § 1691 (requiring insurer to give notice of rescission "promptly

27   upon discovering facts which entitle [it] to rescind.").  As to the argument that the policy does not

28   cover any portion of the Levine judgment, questions of fact remain as to what portion of the

5

United States District Court
For the Northern District of California

1  underlying judgment, if any, is subject to an exclusion, whether ProBuilders adequately reserved its

2  rights in a manner sufficient to avoid collateral estoppel on issues decided by the court in the

3  underlying action, and if it did, whether the framers were employees of Haas and whether any of

4  Haas' defective work caused damage to the work of others.

5        ProBuilders simply does not cite evidence sufficient to answer these crucial questions.

6  Though its opening brief does point to declarations and deposition testimony, ProBuilders fails to

7  connect that evidence to its argument in any convincing way or use it to rebut the evidence cited by

8  Defendants in their Opposition.  Because ProBuilders has not satisfied its burden, summary

9  judgment is not warranted.  See Nissan Fire & Marine Ins. Co., 210 F.3d at 1102 ("In order to

10  carry its burden of production, the moving party must either produce evidence negating an essential

11  element of the nonmoving party's claim or defense or show that the nonmoving party does not have

12  enough evidence of an essential element to carry its ultimate burden of persuasion at trial…the

13  moving party must persuade the court that there is no genuine issue of material fact.").

14  **IV.**  **Conclusion**

15        For the foregoing reasons, the court DENIES ProBuilders' Motion for Summary Judgment.

16  The status conference set for May 10, 2013 at 10:00 am is hereby converted to a Preliminary

17  Pretrial Conference.  The parties shall submit their Joint Preliminary Pretrial Conference Statement

18  no later than April 30, 2013.

19  **IT IS SO ORDERED.**

20  Dated: April 9, 2013

21

22  EDWARD J. DAVILA
   United States District Judge

23

24

25

26

27

28

6