*E-FILED: May 13, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE CO., <br><br> Plaintiff, <br> v. <br> VALLEY CORP.; ET AL., <br><br> Defendants. | No. C10-05533 EJD (HRL) <br><br> **ORDER DENYING DEFENDANT RONAL J. HAAS' MOTION FOR LEAVE TO AMEND RESPONSES TO REQUESTS FOR ADMISSIONS** <br><br> **[Dkt No. 178]** |

This action for declaratory relief and restitution arises out of a construction defect action in Santa Clara County Superior Court. Plaintiff Probuilders Specialty Insurance Co. ("Probuilders") issued a commercial general liability policy to defendant Valley Corp. B., f/k/a R.J. Haas Corp. ("Haas Corp."), and its president Ronald J. Haas ("Haas") for the construction of a single family home of defendants Ty and Karen Levine. Subsequently, the Levines sued Haas for shoddy and incomplete work. Haas blamed the subcontractors. Probuilders provided a "courtesy" defense to Haas Corp. and Haas in the Levine suit. Ultimately, the state court awarded the Levines a judgment against Haas Corp. and Haas for almost 2 million dollars.

In the current suit, Probuilders contends that Haas and his company made material misrepresentations to it with respect to verifying that the subcontractors had insurance and that they had contractually agreed to indemnify Haas. Probuilders seeks relief against Haas Corp., Haas, and the Levines for rescission of the contract, recovery of the costs of defending the suit, and a finding

that the insurance policy does not cover the state court judgment. Haas counterclaimed for breach of contract and a failure to act in good faith. The Levine defendants filed their own counterclaim against Probuilders for relief under a theory of bad faith.

So far, the Court has issued rulings on eight different discovery disputes in this matter. The most recent discovery disputes concerned, *inter alia*, Haas's insufficient responses to requests for admission ("RFAs"), his withdrawal of admissions without leave of Court, and his failure to pay court-ordered sanctions that resulted from previous discovery violations. This Court recommended striking Haas's answer and dismissing his counterclaim, or, in the alternative, deeming the following RFAs admitted: 46, 50, 54, 58, 62, 66, 70, 74, 78, 90, 98, 110, 114, 118, 122, 125, 129, 131, 135, 139, and 143 (the "Subject RFAs"). The Honorable Edward J. Davila, U.S.D.J., subsequently deemed the Subject RFAs admitted, but granted Haas leave to file a motion to withdraw or amend his answers pursuant to Federal Rule of Civil Procedure 36(b).

Currently before the Court is Haas's motion for leave to amend his responses to the Subject RFAs. The 21 Subject RFAs ask Haas to admit that 21 different entities were independent contractors retained by Haas Corp. to work on the Levine Project. (Dkt. 119-2, pp. 7-16). When represented by counsel, Haas offered the following response:

> Haas objects to this request as vague and ambiguous in its use of the phrases "independent contractor" and "work" on the grounds that it fails to distinguish between independent contractors who provided construction services under their own discretion, vendors that supplied material, and entities that contracted to provide services directed by a general contractor. Haas also objects to this request as unduly burdensome and unreasonably oppressive on the grounds that it addresses matters that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving his objections, Haas admits that [entity] was listed on the Levine Sub-Contractor List in an exhibits marked at trial in *Levine*.

After a meet and confer over objections to this and other responses, Haas, then proceeding *pro se*, amended his initial response to the Subject RFAs by simply referring ProBuilders to a 19,000 page file. (Dkt. 119-4, p. 27). His First Supplemental Response stated "Yes, Licensed Contractor."

(Dkt. 119-4, pp. 27-30). His Second Supplemental Response stated "Deny, Licensed contractor? Original document verification is incomplete." (Dkt. 119-4, pp. 66-75). His Third Supplemental Response stated "Deny." (Dkt. 119-7, pp. 36-45). His Fourth Supplemental Response, which came when Haas was once again represented by counsel, stated:

> Unable to Admit or Deny. These responding parties have made a reasonable inquiry and the information that is known and can readily obtain is insufficient to admit or deny this request. Specifically, these answering parties object to this request because it calls for a legal conclusion which these responding parties are unable to determine. We are not familiar with the strict legal definitions used to determine independent contractor status. We have been unable to make accurate determinations regarding independent contractor status of various entities in the past and in the underlying action (please refer to my supplemental response to RFA No. 44). As such, we do not know what the employment status of [entity] was.

(Dkt. 179-9, pp. 5-15).

As it now stands, the Subject RFAs are admitted. Haas, represented by the same counsel who authored his Fourth Supplemental Response, seeks leave to change responses to 20 of the Subject RFA as follows:

> Responding Party admits that it believed that [entity] was an independent contractor or independent company that worked on the Levine project. Responding party further admits that this entity had no liability for any damage to the Levine property or if it had any liability, this entity or its insurer fairly contributed or addressed their portion and responsibility for the portion of the damage. Responding Party further admits that this entity has nothing to do with the damage caused by Haas Corp's employees on the Levine job.

As counsel for ProBuilders argued at the hearing, the proposed responses to 20 of the Subject RFAs injects three new issues of uncertainty into the responses. First, changing the admissions about the status of the subject entities to a "belief" about the status of the subject entities, no longer establishes the status of these entities. Second, the response now suggests that Haas believed the entities were *either* independent contractors *or* "independent companies." Third, the response

3

creates an issue as to who hired the entities – opening up the possibility that Haas, the Levines, or someone else entirely, hired these entities[1].

In his motion seeking leave, Haas mischaracterizes RFA 58 as asking Haas to admit that Haas Corp. received a written indemnity agreement from an entity name Atom Electric. Haas asks the Court for leave to amend his answer to RFA 58 to the following:

> Responding Party admits that it did not receive a written indemnity agreement from Atom Electric as to its work on the Levine project. Responding party further admits that this entity had no liability for any damage to the Levine property or if it had any liability, this entity or its insurer fairly contributed or addressed their portion and responsibility for the portion of the damage. Responding Party further admits that this entity has nothing to do with the damage caused by Haas Corp's employees on the Levine job.

RFA 58, however, is worded just like the other Subject RFAs. It asks Haas to admit that Atom Electric was an independent contractor retained by Haas Corp. to work on the Levine Project. (Dkt. 119-2, pp. 7). Allowing Haas to substitute his proposed response to RFP 58 does not make any sense.

Fed. R. Civ. P. 36(b) provides that:

> [T]he court may permit withdrawal or amendment [of responses to RFAs] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. C. P. 36(b). Two requirements, therefore, must be met before an admission may be withdrawn: (1) withdrawal will aid in presenting the merits of the case; and (2) no substantial prejudice to the party who requested the admission will result from allowing the admission to be withdrawn or amended. *Hadley v. US*, 45 F.3d 1345, 1348 (9th Cir. 1995). The first requirement is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case. *Id.* For the second requirement, "[w]hen undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial."

---

[1] At the hearing, counsel for Haas offered to change the language of the proposed amended response to eliminate the uncertainty of who hired the subject entities.

4

*Conlon v. U.S.*, 474 F.3d 616, 623 (9th Cir. 2007). The party who obtained the admission has the burden of proving that withdrawal of the admission would prejudice the party's case. *Hadley v. US*, 45 F.3d at 1348.

The text of Rule 36(b) is permissive, however, so even when the moving party can satisfy the two-pronged test, the court is not required to grant a request for leave to withdraw or amend an admission. *Conlon*, 474 F.3d at 624-5 (holding that when a court finds that the merits of the action will be subserved and the nonmoving party will not be prejudiced, it "may" allow withdrawal, but is not required to do so under the text of Rule 36(b)). "There is force to the argument that the courts should be cautious in permitting the withdrawal or amendment of admissions. Nevertheless there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to decide an action without allowing a party to be heard on the merits, and the courts should explore the possibility that prejudice can be avoided by imposing other conditions rather than holding a party to an untrue or unintended admission on a vital issue in a case." Wright & A. Miller, 8B Fed. Prac. & Proc. Civ. § 2264 (3d ed.).

Here, although invited to by the Court, Haas does not argue that the admissions are untrue or unintended. At the hearing, counsel for Haas pointed out that Haas had been wrong about the status of certain employees at the state court trial. Haas had taken the position that certain employees were employees of an entity called Fonseca Construction, but the State Court ultimately found that these workers were employed by Haas Corp.. Fonseca Construction is not one of the entities at issue in the Subject RFAs, however, nor do the Subject RFAs seek to establish which entity hired certain employees. Significantly, counsel did not argue that any of the 21 entities discussed in the Subject RFAs were *not* independent contractors, as the admitted Subject RFAs would establish. When asked by the Court at the hearing whether the admissions were factually or legally inaccurate, counsel only responded that he stood by his client's current position, which was that Haas "believed" these entities to be independent contractors, but that they "may in fact, may not be." Haas does not argue that the Subject RFAs, as admitted, are factually or legally inaccurate.

Instead, Haas argues that amendment would promote the presentation of the merits of the action. Without the accompanying argument that the admitted RFAs are factually or legally inaccurate, Haas's position amounts to an argument that ProBuilders should be put to the task of establishing the status of each entity, even though the status of these entities is not contested. One of the primary purposes of requests to admit, however, is to narrow the scope of the case by removing issues from the case. *See* Adv. Comm. Note to 1970 Amendment to Fed. R. C. P. 36. ProBuilders attempted to use requests to admit for this intended purpose, when it initially propounded them two years ago. ProBuilders has since then also propounded rounds of interrogatories and document requests seeking information to establish the same conclusions. In the two years since the discovery was first propounded, Haas has either ignored ProBuilder's discovery, or, when prompted by the Court to respond, responded with successive rounds of evasive answers. In light of the discovery history of this case, Haas's sudden advocacy for presenting the case on the merits rings hollow.

Although discovery in this matter has been closed for over 8 months, Haas also argues that ProBuilders will not suffer substantial prejudice if the Court allows the amendments. At the hearing, counsel described ample evidence that could be used to show that the entities were indeed independent contractors.[2] Finally, as to Haas's argument that the Subject RFAs inappropriately called for legal conclusions, Rule 36 allows the type of requests made in the Subject RFAs. Requests for admission may relate to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A); *see also* Adv. Comm. Note to 1970 Amendment to Fed. R. C. P. 36, Sub. (a) (approving, as an appropriate request involving the application of law to fact, a request to admit that an employee acted in the scope of his employment).

---

[2] Although Haas has access to the same supposed mountain of evidence, Haas did not cite any of it to show that any of the Subject RFAs, as admitted, were factually or legally incorrect.

Although deeming the Subject RFAs admitted appears to go far in proving ProBuilder's case, and although ProBuilders could conceivably cobble together evidence to prove the conclusions established by the Subject RFAs before trial, the Court declines to grant Haas's motion to amend. The proposed amendments needlessly inject new ambiguity into this case, eight months after the close of discovery, for what appears to be the purpose of imposing unnecessary litigation burdens on ProBuilders. The papers submitted by Haas, and the arguments made at the hearing, have convinced this Court that the proposed amendments are not tied to having this case decided on the merits. Accordingly, Haas's motion for leave to amend responses to requests for admissions is denied.

**IT IS SO ORDERED.**

Dated: May 13, 2013



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-05533 EJD (HRL)** Notice will be electronically mailed to:

Aslan Bananzadeh    shawn.bananzadeh@snrdenton.com, adrienne.hankins@snrdenton.com

Chip Cox    rsallander@gpsllp.com, dhoughton@gpsllp.com, knawabi@gpsllp.com, rseeds@gpsllp.com

George D. Yaron    gyaron@yaronlaw.com

James Ira Silverstein    jsilverstein@yaronlaw.com

Julie Elaine Bonnel-Rogers    jer@millermorton.com, jmh@millermorton.com

Kim Dincel    kdincel@dincellaw.com, jrogers@dincellaw.com, jrose@dincellaw.com, knimori@dincellaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**