Kim O. Dincel (SBN 131563)
Julie Bonnel-Rogers (SBN 176200)
**SILICON VALLEY LAW GROUP**
25 Metro Drive, Suite 600
San Jose, CA 95110
Phone: (408) 573-5700
Fax: (408) 573-5701
Email: kdincel@svlg.com, jrogers@svlg.com,

Robert L. Sallander, Jr., (SBN 118352)
Robert Glenn Seeds (SBN 112026)
**GREENAN, PEFFER, SALLANDER & LALLY LLP**
6111 Bollinger Canyon Road, Suite 500
San Ramon, CA 94583
Telephone: 925-866-1000
Facsimile: 925-830-8787
Email: rsallander@gpsllp.com; rseeds@gpsllp.com
Attorneys for Defendants
TY LEVINE, KAREN LEVINE,
VALLEY CORP. B. and RONALD J. HAAS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,

Plaintiffs

vs.

VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,

Defendants

**Case No. 5:10-CV-05533-EJD**

**DEFENDANTS' MOTION IN LIMINE REGARDING EVIDENCE RELEVANT SOLELY TO WHETHER PROBUILDERS IS OBLIGATED TO PAY SOME OR ALL OF THE LEVINES' JUDGMENT; DECLARATION OF ROBERT SEEDS**

Date: September 17, 2013
Time: 9:00 a.m.
Judge: Edward J. Davila
Courtroom: 1

## I. INTRODUCTION AND STATEMENT OF FACTS

Defendants make this motion in limine to exclude, from the upcoming two day bench trial on rescission, evidence plaintiff plans to offer for the sole purpose of demonstrating that if the policy were not rescinded, it would provide no coverage (the "insurance coverage evidence"). Defendants contend that this evidence should be admitted only in the 6.5 day jury trial set to begin November 12. This evidence should be excluded under rule 402, and under rule 403 on the ground that its admission in the bench trial will result in undue delay, waste time, and needlessly presenting cumulative evidence (as this evidence would need to be presented once again, to the jury, in the November jury trial).

In the two day court trial scheduled for September 17 and 18, the Court will try plaintiff's third cause of action, seeking to rescind a policy it issued to defendant Haas Corp, on the ground that the application for this policy contains material misrepresentations. In this trial, plaintiff will have the burden of proving that the application contained misrepresentations of material fact. Defendants will contest this effort. Defendants will also argue three defenses to rescission:

- Plaintiff affirmed the contract by exercising its rights under the policy after it knew or should have known of the basis for rescinding;
- Plaintiff did not rescind promptly after learning of the basis for rescinding, and its delay prejudiced the parties;
- Rescinding would prejudice the rights of the Levines, who are innocent of the alleged misrepresentations.

The insurance coverage evidence should not be admitted in the bench trial because the insurance coverage issues should not be tried in that trial. It seems pretty likely that when the Court ordered a two phase trial, the Court planned to try the coverage issues in the November jury trial phase. This makes sense for two reasons. First, two days is not enough time to try the rescission issues listed above, and also fully try the coverage issues. In the parties' efforts to meet and confer regarding the final joint pretrial conference statement, counsel conceded two days are not sufficient to try these issues, and proposed instead that all of the issues be tried in one trial. Declaration of Robert Seeds. Second, both sides have a right to have factual disputes about the insurance coverage issues decided by a jury, so unless both sides waive their right to a jury trial, the coverage issues cannot be resolved in the court trial. The evidence

should not be heard twice, so it should wait for the jury trial phase where the issue can be decided.

Defendants believe that they can prevail on rescission even if, ultimately, there would not have been insurance coverage for any of the Levines' judgment. If, after the two day bench trial, this Court concludes that rescission turns on whether ProBuilders' policy otherwise covered some or all of the Levines' claims, then the Court can delay full resolution of rescission until after the coverage issues are tried in the jury trial phase. The insurance coverage evidence should be excluded from the bench trial.

Respectfully submitted,

Dated: August 23, 2013

Greenan, Peffer, Sallander & Lally LLP

Robert Seeds

Digitally signed by Robert Seeds
DN: cn=Robert Seeds, o=Greenan, Peffer, Sallander & Lally LLP, ou, email=rseeds@gpsllp.com, c=US
Date: 2013.08.23 10:36:24 -07'00'

By:
Robert L. Sallander, Jr., attorneys for Defendants and Counter-Claimants TY LEVINE, KAREN LEVINE, VALLEY CORP. B and RONALD J. HAAS

I, Robert Seeds, declare:

I am an attorney admitted to practice law in this Court. I am employed by Greenan, Peffer, Sallander & Lally LLP, counsel for defendants in this matter. Based on my personal participation in the following event, I can truthfully testify as follows.

In the court of preparing the Joint Final Pretrial Conference Statement, I have conferred with George Yaron, counsel for plaintiff, regarding plaintiff's position that evidence relevant solely to policy coverage is admissible in the upcoming bench trial. In the course of those discussions, I asserted that there is not time in a two day bench trial to put on that evidence, and Mr. Yaron agreed. His position, repeatedly stated to me, is that there should be no two day trial at all

I declare under penalty of perjury that the foregoing is true and correct. Executed in San Ramon, Contra Costa County, California on August 23, 2013.

Robert Seeds

Digitally signed by Robert Seeds
DN: cn=Robert Seeds, o=Greenan, Peffer, Sallander & Lally LLP, ou, email=rseeds@gpsllp.com, c=US
Date: 2013.08.23 10:36:54 -07'00'

Robert Seeds, declarant