GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants. | CASE NO.:5:10-cv-05533-EJD<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE ANY EVIDENCE INCLUDING TESTIMONY CONCERNING DELAY AND PREJUDICE AS TO R.J. HAAS CORP. IN SUPPORT OF DEFENDANTS' LACHES DEFENSE TO PLAINTIFF'S RESCISSION CAUSE OF ACTION**<br><br>**Bench Trial: September 17, 2013**<br>**Jury Trial: November 12, 2013**<br>**Judge: Edward J. Davilla**<br>**Courtroom: 1** |

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby moves for an Order in Limine to exclude all evidence of delay and substantial prejudice concerning Defendant R.J. Haas Corp. with regard to Defendants' laches defense.

This Motion is based on the ground that such evidence is irrelevant, lacks probative value, unduly prejudicial, and a waste of time because a default was entered against R.J. Haas Corp. on September 8, 2011 [See Request for Judicial Notice ("RJN, No.1").]

## I. INTRODUCTION

By this Motion, in anticipation for trial, ProBuilders seeks a Court Order excluding evidence and testimony of:

(1) Any alleged delay on the part of ProBuilders in providing notice to R.J. Haas Corp. of its rescission action;

(2) Any alleged prejudice that the R.J. Haas Corp. may have suffered because of ProBuilders' alleged delay in providing notice of the rescission action.

## II. STATEMENT OF FACTS

This lawsuit arises out of the case captioned *Ty Levine, et al. v. R.J. Haas, et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("*Levine* action"), which concerned R.J. Haas Corp., allegedly defectively constructing Karen and Ty Levines' residence in Los Altos. The Levines hired R.J. Haas Corp., to demolish their prior residence and construct a new residence. Defendant and Counter-Claimant Ronald J. Haas ("Mr. Haas") was the President of R.J. Haas Corp.

ProBuilders issued R.J. Haas Corp., policy no. COM 5010992, which was to be effective from August 29, 2006 to August 29, 2007 ("Policy"). R.J. Haas Corp., and Mr. Haas tendered their defense against the *Levine* action to ProBuilders. Despite ProBuilders' contention that certain policy provisions precluded its duty to defend, ProBuilders provided Mr. Haas and R.J. Haas Corp., with a defense, pursuant to a "reservation of rights" through trial.

The Levines obtained a judgment against Mr. Haas and R.J. Haas Corp., for the faulty construction of their home, in the amount of $1,989,649.07. ProBuilders declined to pay the judgment, contending that the judgment was not covered by the policy. Moreover, ProBuilders

contends that ProBuilders is also not responsible for paying any portion of the judgment, because the ProBuilders policy should be rescinded for material misrepresentations R.J. Haas Corp., made on the application for the policy, and that were later discovered by ProBuilders. ProBuilders contends that, in response to questions in the application for the policy, R.J. Haas Corp., made representations including, but not limited to, the following: that R.J. Haas Corp., (1) did not allow any of its subcontractors to work without providing R.J. Haas Corp., with a certificate of insurance; (2) did, and would, have a written contract with its subcontractors that included a hold harmless agreement for work performed by its subcontractors; (3) was named as an additional insured on its subcontractors' insurance policies; and (4) carried workers' compensation insurance for all of its employees. ProBuilders contends each of these representations were false and material.

Therefore, ProBuilders seeks to rescind the policy by way of its rescission cause of action.

## III. <u>EVIDENCE INCLUDING TESTIMONY CONCERNING DELAY AND PREJUDICE TO R.J. HAAS CORP. IN SUPPORT OF DEFENDANTS LACHES DEFENSE IS IRRELEVANT UNDER F.R.E. 402</u>

ProBuilders' rescission causes of action is made on the grounds that material misrepresentations or concealments were made in the application for insurance. (Ins. Code §§ 331, 334, and 359.)

Defendants argue that ProBuilders' rescission action is barred by laches. The equitable doctrine of laches requires that: (1) there must be unreasonable delay on the part of Plaintiff asserting the claim; and (2) the Defendant must have been substantially prejudiced as a result of the delay. (Civil Code §§ 1691, 1693.)

Civil Code Section 1691 states:

> Subject to Section 1693, to effect a rescission a party to the contract must, promptly upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence or disability and is aware of his right to rescind:
>
> (a) <u>Give notice of rescission to the party as to whom he rescinds</u>; and
>
> (b) Restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so.

> When notice of rescission has not otherwise been given or an offer to restore the benefits received under the contract has not otherwise been made, the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice or offer or both. [Emphasis added.]

Civil Code Section 1693 states:

> When relief based upon rescission is claimed in an action or proceeding, such relief shall not be denied because of delay in giving notice of rescission unless such delay has been substantially prejudicial to the other party.
>
> A party who has received benefits by reason of a contract that is subject to rescission and who in an action or proceeding seeks relief based upon rescission shall not be denied relief because of a delay in restoring or in tendering restoration of such benefits before judgment unless such delay has been substantially prejudicial to the other party; but the court may make a tender of restoration a condition of its judgment. [Emphasis added.]

The Federal Rules of Evidence provide that only relevant evidence is admissible. (F.R.E. 402 [Emphasis added].) Because a default was entered against R.J. Haas Corp. on September 8, 2011, any evidence or testimony regarding: (1) ProBuilders' alleged delay in providing notice of the rescission action to R.J. Haas Corp., and (2) any alleged prejudice that the R.J. Haas Corp. may have suffered because of ProBuilders' alleged delay are irrelevant to show that the policy should not be rescinded, because R.J. Haas Corp. defaulted in the instant action. (RJN, No.1.)

## IV. EVIDENCE INCLUDING TESTIMONY CONCERNING DELAY AND PREJUDICE TO R.J. HAAS CORP. IN SUPPORT OF DEFENDANTS LACHES DEFENSE SHOULD BE EXCLUDED UNDER F.R.E. 403

Even assuming, *arguendo*, that the Court determines that the R.J. Haas Corp. evidence concerning delay or prejudice is relevant regarding the laches defense, it should be excluded under Federal Rules of Evidence 403, which provides that evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." (F.R.E. 403.).

Upon entry of default, the Complaint's factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. (*Geddes v. United Fin. Group* (9th Cir. 1977) 559 F.2d 557, 560.) Thus, ProBuilders factual allegations in its rescission cause of action

against R.J. Haas Corp. are true. Specifically, ProBuilders' Second Amended Complaint made the following factual allegations:

> 12. In the Application, R.J. HAAS CORP. made representations including, but not limited to the following: (1) that R.J. HAAS CORP. did allow its subcontractors to maintain limits of liability less than that maintained by R.J. HAAS CORP.; (2) that R.J. HAAS CORP did allow its subcontractors to work without proving R.J. HAAS CORP. with certificate of insurance; (3) that R.J. HAAS CORP. did, and would, have written contracts with its subcontractors that included a hold harmless agreement relative to work performed by its subcontractors; (4) that R.J. HAAS CORP. was not named as an additional insured on its subcontractors' insurance policies; and (5) that R.J. HAAS CORP. carried workers compensation insurance for all employees.
>
> * * *
>
> 14. PROBUILDERS is informed and believes, and thereon alleges, that the representations in the Application were materially false in the following respects: (1) that R.J. HAAS CORP. did allow its subcontractors to maintain limits of liability less than that maintained by R.J. HAAS CORP.; (2) that R.J. HAAS CORP did allow its subcontractors to work without proving R.J. HAAS CORP. with certificate(s) of insurance; (3) that R.J. HAAS CORP. did not have written contracts with its subcontractors that included a hold harmless agreement relative to work performed by its subcontractors; (4) that R.J. HAAS CORP. was not named as an additional insured on its subcontractors' insurance policies; and (5) that R.J. HAAS CORP. did not carry workers compensation insurance for all employees. Through the defense ProBuilders provided R.J. HAAS CORP. and RONALD J. HAAS against the Levine action, ProBuilders determined that there were misrepresentations in the Application.
>
> 15. Had the Application disclosed these material misrepresentations, PROBUILDERS would not have issued the ProBuilders Policy to R.J. HAAS CORP....
>
> * * *
>
> 30. An actual controversy has arisen and now exists between PROBUILDERS and Defendants in that PROBUILDERS contends that:
>
> a. As the ProBuilders Policy was issued based upon representations in an application for

> insurance that were materially false, PROBUILDERS is entitled to rescind the ProBuilders Policy...
>
> b. PROBUILDERS contends that the ProBuilders Policy is void *ab initio* and provides no insurance coverage whatsoever to any person or entity...
>
> 31. Pursuant to Civil Code Section 1691, service of the operative complaint(s), in this action is intended as notice to the insureds of the rescission... (RJN, No. 2.)

Therefore, because R.J. Haas Corp. is a defaulted party, the above allegations are true and R.J. Haas has not and cannot dispute these allegations or assert a laches defense. Moreover, these factual allegations also prove that the ProBuilders policy does not provide coverage to R.J. Haas Corp. for the *Levine* action because of the Contractors Special Conditions ("CSC") Endorsement of the policy, which, in part, required R.J. Haas Corp. to obtain from independent contractors, that worked on the Levine residence, written indemnity agreements and certificates of insurance indicating that R.J. Haas Corp. was an additional insured under their CGL policy. In addition, these allegations also prove that R.J. Haas breached Condition Precedent No. 11 of the Policy, which states the following: "False, misleading, inaccurate, or incomplete statements may, at our discretion, void coverage or result in additional premium due."

Further, California Insurance Code Section 650 provides that any such rescission "shall apply to all insureds under the contract, including additional insureds, unless the contract provides otherwise." Therefore, any evidence as to whether R.J. Haas Corp. may not have known about Mr. Haas' misrepresentations is irrelevant because a rescission of a contract applies to all insureds.

"This distinct right to rescind as to nonsigning individuals with actual knowledge of the application's false representations of fact, however, does not, under any reasonable interpretation of the policy language, restrict TIG's broader right (consistent with Ins. Code, § 650) to rescind the contract as to all insureds in the case of an application actually signed by an officer who had knowledge of the false statements. The clause simply does not provide that the policy will be void only as to the particular signer who had knowledge of the misrepresented facts." (*TIG Ins. Co. of Michigan v. Homestore, Inc.* (2006) 137 Cal. App.4th 749, 756).

Thus, any evidence including testimony of any alleged delay on the part of ProBuilders as to providing notice to R.J. Haas Corp. or any alleged prejudice by R.J. Haas Corp. that may have resulted from that delay, has no probative value because, as discussed, R.J. Haas Corp. has defaulted in this action.

Furthermore, any evidence of how R.J. Haas Corp. was substantially prejudiced should be excluded, because it is unduly prejudicial, and confuses the issue, as to whether the ProBuilders policy may be rescinded as to Mr. Haas. Moreover, evidence of how R.J. Haas Corp. was prejudiced is a waste of time in this action because this entity is no longer a contesting party to this action.

## V. CONCLUSION

Substantively, California law is clear: any evidence or testimony regarding any alleged delay on the part of ProBuilders in providing notice to R.J. Haas Corp. of its rescission action; and any alleged substantial prejudice that R.J. Haas Corp. may have suffered because of ProBuilders alleged delay in providing notice of the rescission action cannot be used, because R.J. Haas Corp. defaulted in this action on September 8, 2011, and, therefore, is barred from disputing the factual allegations made in ProBuilders' Complaint.

YARON & ASSOCIATES

Dated: August 23, 2013

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG