GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants. | CASE NO.:5:10-cv-05533-EJD<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY EVIDENCE INCLUDING TESTIMONY CONCERNING DELAY AND PREJUDICE TO THE LEVINES IN SUPPORT OF THE DEFENDANTS LACHES DEFENSE AS TO PLAINTIFF'S RESCISSION CAUSE OF ACTION**<br><br>**Bench Trial: September 17, 2013**<br>**Jury Trial: November 12, 2013**<br>**Judge: Edward J. Davilla**<br>**Courtroom: 1** |

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby moves for an Order in Limine to exclude evidence of delay and prejudice concerning Defendant and Counter-Claimant Ty Levine, and Defendant and Counter-Claimant Karen Levine (the "Levines") with regard to Defendants' laches defense. This Motion is based on the ground that such evidence is irrelevant, lacks probative value, and is unduly prejudicial.

## I. INTRODUCTION

By this Motion, in anticipation for trial, ProBuilders seeks a Court Order excluding evidence and testimony of:

(1) Any alleged delay on the part of ProBuilders in providing notice to the Levines of its rescission action; and

(2) Any alleged prejudice that the Levines may have suffered because of ProBuilders' alleged delay in providing notice of the rescission action as to them as claimants.

## II. STATEMENT OF FACTS

This lawsuit arises out of the case captioned *Ty Levine, et al. v. R.J. Haas, et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("*Levine* action"), which concerned R.J. Haas Corp., allegedly defectively constructing Karen and Ty Levines' residence in Los Altos. The Levines hired R.J. Haas Corp., to demolish their prior residence and construct a new residence. Defendant and Counter-Claimant Ronald J. Haas ("Mr. Haas") was the President of R.J. Haas Corp.

ProBuilders issued R.J. Haas Corp., policy no. COM 5010992, which was to be effective from August 29, 2006 to August 29, 2007 ("Policy"). R.J. Haas Corp., and Mr. Haas tendered their defense against the *Levine* action to ProBuilders. Despite ProBuilders' contention that certain policy provisions precluded its duty to defend, ProBuilders provided Mr. Haas and R.J. Haas Corp., with a defense, pursuant to a "reservation of rights" through trial.

The Levines obtained a judgment against Mr. Haas and R.J. Haas Corp., for the faulty construction of their home, in the amount of $1,989,649.07. ProBuilders declined to pay the judgment, contending that the judgment was not covered by the policy. Moreover, ProBuilders contends that ProBuilders is also not responsible for paying any portion of the judgment, because the ProBuilders policy should be rescinded for material misrepresentations R.J. Haas Corp., made on the

application for the policy, and that were later discovered by ProBuilders. ProBuilders contends that, in response to questions in the application for the policy, R.J. Haas Corp., made representations including, but not limited to, the following: that R.J. Haas Corp., (1) did not allow any of its subcontractors to work without providing R.J. Haas Corp., with a certificate of insurance; (2) did, and would, have a written contract with its subcontractors that included a hold harmless agreement for work performed by its subcontractors; (3) was named as an additional insured on its subcontractors' insurance policies; and (4) carried workers' compensation insurance for all of its employees. ProBuilders contends each of these representations were false and material. Therefore, ProBuilders seeks to rescind the policy by way of its rescission cause of action.

## III. EVIDENCE INCLUDING TESTIMONY CONCERNING DELAY AND PREJUDICE TO THE LEVINES IN SUPPORT OF DEFENDANTS' LACHES DEFENSE IS IRRELEVANT UNDER F.R.E. 402

The Federal Rules of Evidence provide that only relevant evidence is admissible. (F.R.E. 402 [Emphasis added].)

ProBuilders' rescission cause of action is made on the grounds that material misrepresentations or concealments were made in the application for insurance. (Ins. Code §§ 331, 334, and 359.)

Defendants argue that ProBuilders' rescission action is barred by laches. The equitable doctrine of laches requires that: (1) there must be unreasonable delay on the part of Plaintiff in asserting its claim; and (2) the Defendant must have been substantially prejudiced as a result of the delay. (Civil Code § 1691, 1693.)

Civil Code Section 1691 states:

> Subject to Section 1693, to effect a rescission a party to the contract must, promptly upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence or disability and is aware of his right to rescind:
>
> (a) Give notice of rescission to the party as to whom he rescinds; and
>
> (b) Restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so.
>
> When notice of rescission has not otherwise been given or an offer

> to restore the benefits received under the contract has not otherwise been made, the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice or offer or both. [Emphasis added.]

Civil Code Section 1693 states:

> When relief based upon rescission is claimed in an action or proceeding, such relief shall not be denied because of delay in giving notice of rescission unless such delay has been substantially prejudicial to the other party.
>
> A party who has received benefits by reason of a contract that is subject to rescission and who in an action or proceeding seeks relief based upon rescission shall not be denied relief because of a delay in restoring or in tendering restoration of such benefits before judgment unless such delay has been substantially prejudicial to the other party; but the court may make a tender of restoration a condition of its judgment. [Emphasis added.]

The right of ProBuilders to rescind is codified in California Insurance Code Section 650, which states:

> Whenever a right to rescind a contract of insurance is given to the insurer by any provision of this part such right may be exercised at any time previous to the commencement of an action on the contract. The rescission shall apply to all insureds under the contract, including additional insureds, unless the contract provides otherwise. [Emphasis added.]

Courts have read California Civil Code Section 1691 and Insurance Code, Section 650 together. "We read these sections [Civil Code Section 1691 and Insurance Code Section 650] together so that the latter should be interpreted as meaning that the insurer may rescind at any time within the statutory period providing no action has been commenced upon the policy." (*Federal Life Ins. Co. v. Cary* (1937) 20 Cal.App.2d 257, 261.) Similarly, the Court stated in *Cole v. Calaway* that there was not "any inconsistency between Section 1691 of the Civil Code and Section 650 of the Insurance Code." (*Cole v. Calaway* (1956) 140 Cal.App.2d 340, 347-48.)

> The law seems clear that where the insured has secured a policy of automobile liability insurance through fraud, breach of warranty, or material misrepresentation, the insurer can rescind the policy as of its inception, notwithstanding the existence of any rights in third parties who were injured by the acts of the insured which occurred before the rescission. (*Allstate Insurance Company v. Alline McCurry* (1964) 224 Cal.App.2d 271, 274. )

In addition, "for the right of the insurer to rescind a contract of insurance to be restricted under this Section [650] it is necessary that an action on the contract be brought by a party to the contract. An action by a third party against an insured for injuries received by an accident with the car of the insured is not an action upon the contract of insurance." (*Id.* ) Moreover, under California Insurance Code § 650, if a policy has been rescinded, the rescission is effective as to all insureds unless the policy provides otherwise. (*James River Ins. Co. v. Diana's Care Home*, (N.D. Cal. 2010) U.S. Dist. LEXIS 70367 at p. 6.) [Emphasis added.]

It is clear that rescission applies to the insureds of the policy. Here, the Levines are not an insured, additional insured, or otherwise a party to the ProBuilders policy, which is the focus of the rescission action. As such, any laches defense that the Levines try to establish against the rescission cause of action is irrelevant under (F.R.E. 402.)

A third-party beneficiary's rights under a policy does not vest until there has been final judgment against the insured, obtained after an actual trial. ProBuilders Policy states:

> 7. LEGAL ACTION AGAINST US
>
> No person or organization has a right under this insurance:
>
> a. To join us as a party or otherwise bring us into a suit asking for damages from an insured; or
>
> b. To sue us on this insurance unless all of the terms have been fully complied with.
>
> Subject to paragraph 6, above, a person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial...

*Philips v. Noetic Specialty Ins. Co.* (S.D. CA 2013) U.S. Dist. LEXIS 9179 discussed a similar policy provision and explained:

> As a general rule, absent an assignment of rights or a final judgment, a third-party claimant may not bring a direct action against an insurance company on the contract because the insurer's duties flow only to the insured. Nonetheless, there are several exceptions to this general rule. One such exception arises from Section 11580. Once a party has a final judgment against the insured, the claimant becomes a third-party beneficiary of the insurance policy and may enforce the terms which flow to its benefit pursuant to Section 11580. [Citations omitted.] Another recognized exception allows a claimant to sue the insurer as a third-party beneficiary

> utilizing traditional contract principles. [Citation omitted.] Under California law, third-party beneficiaries of contracts have the right to enforce the terms of a contract under Civil Code Section 1559, which provides: 'A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.' Cal. Civ. Code § 1559. Further, a third party may qualify as a beneficiary under a contract where the contracting parties intended to benefit that individual and such intent appears on the terms of the agreement. [Emphasis added.] *(Id.* at p. 13.)

Thus, a third-party beneficiary, such as the Levines, cannot enforce a contract until they become third-party beneficiaries, nor before the policy is rescinded unless the contract is made expressly for the third-party. Here, the insurance policy makes no mention of a third-party such as the Levines, and therefore is not expressly made for the benefit of the Levines. Instead, the policy is made for the benefit of R.J. Haas Corp. and other named insureds under the policy.

Lastly, requiring an insurer to disclose to a claimant that the insured made misrepresentations in its application makes no sense whatsoever. In doing so, the insurer could be providing the insured's adversary with not only potential impeachment evidence against the insured, but, as could have happened here, substantive admissions that could have been used against the insured at trial.

Because the Levines are not a party to the policy or an insured under the policy, the Levines' testimony and/or other evidence regarding (1) ProBuilders' alleged pre-judgment delay in providing notice of the rescission action to the Levines, and (2) any alleged pre-judgment prejudice that the Levines may have suffered because of ProBuilders' alleged delay are irrelevant to show that the policy should not be rescinded.

## IV. EVIDENCE INCLUDING TESTIMONY CONCERNING DELAY AND PREJUDICE TO THE LEVINES IN SUPPORT OF DEFENDANTS' LACHES DEFENSE SHOULD BE EXCLUDED UNDER F.R.E. 403

Even assuming, *arguendo*, that the Court determines that the Levines' evidence or testimony is relevant, it should be excluded under Federal Rules of Evidence 403, which provides that evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." (F.R.E. 403.).

Testimony or evidence of any alleged delay on the part of ProBuilders providing notice of the rescission action to the Levines or any alleged prejudice that may have resulted from delay in

providing notice to the Levines has no probative value because, as discussed, the Levines were not parties to the policy or an insured under the policy between ProBuilders and R.J. Haas Corp.

Furthermore, any evidence of how the Levines were allegedly substantially prejudiced should be excluded because it is unduly prejudicial, and confuses the issue, as to whether Mr. Haas, an insured under the policy, made misrepresentations on the application for insurance that warrants rescission of the policy.

## V. CONCLUSION

Substantively, California law is clear: any evidence or testimony regarding any alleged pre-judgment delay on the part of ProBuilders in providing notice to the Levines of its rescission action and any alleged pre-judgment substantial prejudice that the Levines may have theoretically suffered because of ProBuilders' alleged pre-judgment delay in providing notice of the rescission action, cannot be used since the Levines were not parties or insureds under the ProBuilders policy.

YARON & ASSOCIATES

Dated: August 23, 2013

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG