GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants. | CASE NO.:5:10-CV-05533-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE REGARDING EVIDENCE RELEVANT SOLELY TO WHETHER PROBUILDERS IS OBLIGATED TO PAY SOME OR ALL OF THE LEVINES' JUDGMENT**<br><br>**Bench Trial:** September 17, 2013<br>**Time:** 9:00 am<br><br>**Jury Trial:** November 12, 2013<br>**Judge:** Edward J. Davilla<br>**Courtroom:** 1 |

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby submits this Opposition to Defendants R.J. Haas ("Mr. Haas") and Ty Levine and Karen Levine (the "Levines") Motion in Limine ("Motion") regarding evidence relevant to whether ProBuilders is obligated to pay some or all of the Levines' judgment obtained in the case captioned *Ty Levine, et al. v. R.J. Haas, et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("*Levine* action").

At the outset, such evidence bears directly on whether any delay in rescinding could have caused "substantial prejudice" if there was no coverage in any event, and Defendants were repeatedly so informed.

Moreover, on August 23, 2013, ProBuilders filed a Motion in Limine No. 1 to Consolidate the Rescission Cause of Action with the Jury Trial in order to protect ProBuilders' Seventh Amendment Right to Jury Trial ("Motion in Limine No.1"). In Motion in Limine No. 1, ProBuilders requested that the Court stay the bench trial, and proceed with the jury trial first, or, in the alternative, consolidate the rescission cause of action with the jury trial because of several reasons, including, but not limited to: (1) ProBuilders is entitled to a jury trial on its affirmative defense of rescission in defense of Defendants' legal Counterclaims for breach of contract and bad faith; and (2) there are common factual issues that exist between the equitable (rescission) and the legal claims (breach of contract and bad faith), in which case the legal claims must be tried to a jury first. Many, if not all, of ProBuilders' arguments in support of its Motion in Limine No. 1 support the instant Opposition. However, ProBuilders would like to highlight certain issues in Defendants' Motion.

## I. DEFENDANTS' MOTION IN LIMINE IS AN INEFFECTIVE ATTEMPT TO CIRCUMVENT PROBUILDERS' SEVENTH AMENDMENT RIGHT TO JURY TRIAL

Under the Seventh Amendment, the right to jury trial is "preserved" in "suits at common law". (See *Tull v. United States* (1987) 481 U.S. 412, 417). When a case involves mainly equitable issues, the right to jury trial still attaches to the legal issues. "It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case as a whole is equitable. As long as any legal cause is involved, the jury rights it creates control." (*Dairy Queen, Inc. v. Wood* (1962) 369 U.S. 469, 473, fn.8 [internal quotes and citation omitted.]

Any essential factual issues that are central to both the equitable and the legal claims must first be tried to the jury. This procedure ensures that Seventh Amendment jury trial rights are not foreclosed on common factual issues. (*Granite State Ins. Co. v. Smart Modular Technologies, Inc.* (9th Cir. 1996) 76 F.3d 1023, 1027.) The right to a jury trial must not be impaired by the trial judge's prior adjudication of facts in connection with equitable issues. (*Beacon Theaters, Inc. v. Westover* (1959) 359 U.S. 500, 510.)

F.R.C.P. 42 provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> > (2) consolidate the actions; or
> > (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial. [Emphasis added.]

"Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the the Constitution, courts should indulge every reasonable presumption against waiver." (*Pradier v. Elespuru* (9th Cir. 1981) 641 F.2d 808, 811.)

Federal Rule of Civil Procedure 38(b) provides that a party seeking to have a disputed issue tried before a jury must serve "upon the other parties a demand therefor in writing at any time after the commencement of the action and not latter than 10 days after the service of the last pleading." The word "issue" as used in Rule 38(b), "means an issue of fact, and such an issue is not fully developed until all parties have denied, admitted or claimed a lack of knowledge as to allegations relating thereto ... An issue of fact does not exist unless there is an allegation and a responsive denial [Citation omitted.]." (*Bentler v. Bank of America National Trust* (9th Cir. 1992) 959 F.2d 138, 141.)

> [I]f one of the defendants files a counterclaim with its answer, and the counterclaim involves factual issues common to the plaintiff's original claim, then a jury demand is timely if served within 10 days after the plaintiff's reply or the last defendant's answer, whichever is later. (*Id.*, at fn. 4.)

In addition, there are a number of appellate decisions, "holding that where a defendant files

with its answer a counterclaim that involves the same factual issues as the plaintiff's complaint, a plaintiff's jury demand served within 10 days of its reply is timely as to both the *counterclaim and the original claim*." [Emphasis in original.] (*Id.* at 141.) ProBuilders' Answers asserted rescission as an affirmative defense to Defendants' Counterclaims, and demanded a jury in the same pleadings.

The U.S. District Court for Northern District of California has affirmed this right.

> There is no dispute that St. Paul is permitted to raise rescission as an affirmative defense, and Atmel agrees that if St. Paul prevails on its affirmative defense, the policies are rendered void *ab initio*. Because a valid rescission voids a policy *ab initio*, and because both plaintiff's attempted enforcement of and defendant's attempted rescission of the policy are being decided in this one action, any preliminary declaration that the policies "are currently in effect" or that St. Paul is currently "in breach of its duties" would be inappropriate. "[R]escission is from the time the time the representation becomes false," (Ins. Code, § 359), and, of necessity, will avoid liability even on pending claims. . . . Thus, a rescission effectively renders the policy totally unenforceable from the outset so that there never was any coverage and no benefits are payable. [Citations omitted.] (*Atmel Corp. v. St. Paul Fire & Marine Ins. Co.* (N.D. Cal. 2006) 416 F. Supp. 2d 802 at 807.)[1]

Further, it is appropriate for ProBuilders to argue its rescission defense in front of a jury.

> St. Paul is free to argue to the jury that, because Atmel concealed and misrepresented material information when it applied for insurance, St. Paul is entitled to rescission, the policies are void *ab initio*, and that thus St. Paul had no duty to defend and did not act in bad faith. Appropriately crafted jury instructions will allow the jury to decide the necessary facts. (*Id.*)

Here, Mr. Haas' Answer contained a Counterclaim, which included three causes of action: (1) breach of contract / duty to defend; (2) breach of contract / duty to indemnify; and (3) bad faith. [Request for Judicial Notice ("RJN"), No. 1.] The Levines also filed a Counterclaim for bad faith at the same time they filed their Answer. [RJN, No. 2.] ProBuilders' Answers to these Counterclaims included several affirmative defenses including rescission and that the duty to defend and indemnify are precluded by the terms, exclusions, and conditions of the ProBuilders policy at issue. [RJN, No. 3 and 4.] ProBuilders' Answers also demanded a jury trial, which was in

---

[1]Rescission is not the exclusive remedy of one who has become entitled to avoid a contract by reason of actions or omissions of the other party to it which are fraudulent in their nature. He may cancel the contract by its rescission; or he may seek affirmative relief in a court of equity for an injury sustained by the wrongful action or omission of the other; <u>or he may set up the fraud by way of defense to an action brought to enforce the apparent liability</u>. [Emphasis added.] (*California Reclamation Co. v. New Zealand Ins. Co.* (1913) 23 Cal.App. 611, 615; see also *Campos v. State Compensation Insurance Fund* (1954) 122 Cal.App.2d 519, 527.)

compliance with F.R.C.P. 38(b). Thus, ProBuilders is entitled to a jury trial on its Answers and affirmative defense of rescission in defense of Defendants' legal counterclaims.

Moreover, trying the case in front of the jury first, will ensure ProBuilders' Seventh Amendment jury rights are not prejudiced, as many, if not all, of the factual issues pertinent to the rescission cause of action (equitable claim) are common to the factual issues in the breach of contract and bad faith causes of action (legal claims).

For example, ProBuilders' rescission cause of action is made on the grounds that material misrepresentations or concealments were made in the application for insurance. (Ins. Code §§ 331, 334, and 359.) Thus, ProBuilders will show that: (1) Mr. Haas made misrepresentations in the application for insurance; (2) the misrepresentations were material; and (3) ProBuilders relied on the material misrepresentations to its detriment. (Those misrepresentations, in part, pertain to whether R. J. Haas Corp. maintained practices that would have comported with the requirements of the Contractors Special Conditions Endorsement ["CSC Endorsement"] of the ProBuilders policy.) In Defendants' Motion in Limine, at page 2, lines 11-13, Defendants contest that any misrepresentations were made. The common facts determining whether Mr. Haas made material misrepresentations in the application for insurance overlap with ProBuilders' other affirmative defenses to Mr. Haas' breach of contract claims. Specifically, ProBuilders contends that Mr. Haas' failure to accurately answer the application's questions constitute a failure to satisfy Condition Precedent No. 11 (warranting the accuracy of the information in the application) and prove Haas' failure to satisfy the CSC Endorsement. Mr. Haas' failure to comply with these policy provisions is a material breach of contract, which discharges any obligations to perform by ProBuilders under the ProBuilders policy. Thus, if the Court were to first rule on whether Mr. Haas made material misrepresentations in the application for insurance (equitable action), then the Court would necessarily be adjudicating factual issues that impact the legal claims such as: (1) whether Mr. Haas breached Condition No. 11; (2) whether Mr. Haas complied with condition precedent in the CSC Endorsement; and (3) ProBuilders' rescission affirmative defense to the legal Counterclaims.

## II. THE COURT CANNOT EXCLUDE INSURANCE COVERAGE EVIDENCE AT THE BENCH TRIAL WITHOUT INFRINGING ON PROBUILDERS' SEVENTH AMENDMENT RIGHT TO A JURY TRIAL

Defendants argue that the Court can adjudicate the rescission cause of action at the bench trial without trying the insurance coverage issues. Defendants state that they will argue, in part, that: "Plaintiff did not rescind promptly after learning of the basis for rescinding, and its delay prejudiced the parties; and rescinding would prejudice the rights of the Levines, who are innocent of the alleged misrepresentations."[2] [Emphasis added.]

This is not possible without infringing on ProBuilders' Seventh Amendment right to a jury trial. The facts that support and negate whether Defendants were prejudiced by any alleged delay on the part of ProBuilders is directly related to the insurance coverage evidence. There is no way around it. ProBuilders will argue that Defendants were not prejudiced by any alleged delay, because ProBuilders repeatedly informed Mr. Haas that the ProBuilders policy did not provide indemnity coverage for the *Levine* action based on several exclusions and conditions in the policy, and, in fact, the policy excluded coverage for the *Levine* judgment – the same arguments ProBuilders is making in defense of the breach of contract and bad faith legal claims. Defendants allege that there was indemnity coverage for the *Levine* judgment. Thus, how can the trier of fact decide whether Defendants were prejudiced without first deciding whether the policy provided indemnity coverage in the first place? If a jury were to determine that there was no indemnity coverage, then it is logical to conclude that Defendants could not be prejudiced for ProBuilders' failure to bring a rescission earlier that would have sooner taken away coverage as well as a defense.

## III. STAYING THE BENCH TRIAL, OR, IN THE ALTERNATIVE CONSOLIDATING THE RESCISSION ACTION WITH THE JURY TRIAL WOULD PRESERVE PROBUILDERS' SEVENTH AMENDMENT RIGHTS AND SAVE THE COURT VALUABLE TIME AND RESOURCES

ProBuilders would like to point out that Defendants make arguments that support ProBuilders' request to stay the bench trial, and proceed with the jury trial first, or, in the alternative, consolidate the rescission cause of action with the jury trial. Such arguments suggest that

---

[2] ProBuilders contends that any evidence regarding alleged pre-judgment delay on the part of ProBuilders in providing notice to the Levines of its rescission action and any alleged pre-judgment substantial prejudice that the Levines may have theoretically suffered because of ProBuilders' alleged pre-judgment delay in providing notice of the rescission action, cannot be used since the Levines were not parties or insureds under the ProBuilders policy. Please see ProBuilders' Motion in Limine No. 2 to Exclude Any Evidence Including Testimony Concerning Delay and Prejudice to the Levines in support of the Defendants' Laches Defense as to Plaintiff's Rescission Cause of Action filed on August 23, 2013. (Docket No. 195.)

Defendants acknowledge that there are overlapping legal and equitable claims, and, therefore, require a jury trial first.

First, Defendants' Motion states that "both sides have a right to have factual disputes about the insurance coverage issues decided by a jury, so unless both sides waive their right to a jury trial, the coverage issues cannot be resolved in the court trial." ProBuilders agrees. As more fully explained above and in its Motion in Limine No. 1, ProBuilders does not waive its jury right because ProBuilders has a right to have factual disputes about the insurance coverage issues, as well facts that support its rescission affirmative defense, decided by a jury.

Second, Defendants' Motion states that a two-day bench trial is not enough time to try the rescission issues and the insurance coverage issues. ProBuilders agrees. There are numerous factual issues with regard to the rescission cause of action that overlap and are in common with the breach of contract and bad faith causes of action that should be tried in front of a jury first. At issue, in the rescission cause of action, are factual issues concerning: (1) whether subcontractors provided certificates of insurance? (2) whether subcontractors provided additional insured endorsements? (3) whether subcontractors provided "hold harmless" agreements? (4) which entities were subcontractors of Haas Corp.? (5) when was work performed by each subcontractor on the Levine residence? (6) what was the nature of the work performed by Haas Corp.'s subcontractors/employees on the Levine residence? These same issues are at-issue in the breach of contract and bad faith claims.

Moreover, given that Defendants are asserting laches as a defense to the rescission claim, there are numerous overlapping issues of fact with the breach of contract/bad faith claims. These overlapping issues of facts include: (1) how was Haas damaged (substantially prejudiced) by anything ProBuilders did in the handling of the defense? (2) how does such damage (substantial prejudice) flow or arise from a delay in bringing a rescission action sooner? (3) would the end trial result been any different? (4) if so, how and in what way?

Trying the same insurance coverage issues at the bench trial and at the jury trial would needlessly present cumulative evidence. Therefore, it makes more sense to stay the bench trial, pending outcome of the jury trial first, or, in the alternative, consolidate the rescission cause of

action with the jury trial. Such a ruling would: (1) preserve ProBuilders' Seventh Amendment right to jury trial; and (2) save the Court valuable time and resources.

Further, Defendants' Motion states: "If, after the two-day bench trial, this Court concludes that rescission turns on whether ProBuilders' policy otherwise covered some or all of the Levines' claims, then the Court can delay full resolution of the rescission action until after the coverage issues are tried in the jury trial phase." There is no benefit to either party, or the Court, to begin the bench trial, argue the rescission cause of action, and then suspend the trial until November 12, 2013 on common factual issues that should have gone in front of the jury in the first place. Scheduling this action in such a way would only waste valuable time and resources.

## IV. CONCLUSION

ProBuilders requests the Court to deny the Motion in Limine, and proceed with the jury trial first, set for November 12, 2013, or, in the alternative, consolidate the rescission cause of action with the jury trial in order to ensure ProBuilders Seventh Amendment jury rights are not prejudiced.

YARON & ASSOCIATES

Dated: August 27, 2013

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG