Kim O. Dincel (SBN 131563)
Julie Bonnel-Rogers (SBN 176200)
**SILICON VALLEY LAW GROUP**
25 Metro Drive, Suite 600
San Jose, CA 95110
Phone: (408) 573-5700
Fax: (408) 573-5701
Email: kdincel@svlg.com, jrogers@svlg.com,

Robert L. Sallander, Jr., (SBN 118352)
Robert Glenn Seeds (SBN 112026)
**GREENAN, PEFFER, SALLANDER & LALLY LLP**
6111 Bollinger Canyon Road, Suite 500
San Ramon, CA 94583
Telephone: 925-866-1000
Facsimile: 925-830-8787
Email: rsallander@gpsllp.com; rseeds@gpsllp.com
Attorneys for Defendants
TY LEVINE, KAREN LEVINE,
VALLEY CORP. B. and RONALD J. HAAS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiffs<br><br>vs.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants | **Case No. 5:10-CV-05533-EJD**<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING PLAINTIFF'S MOTIONS IN LIMINE**<br><br>Date: September 6, 2013<br>Time: 9:00 a.m.<br>Judge: Edward J. Davila<br>Courtroom: 1 |

**OPPOSITION TO MOTION IN LIMINE NO. 1**

ProBuilders continues to oppose bifurcation. There are two separate theories behind this motion, and they require separate treatment. However, neither of them supports the relief that ProBuilders seeks: no Court trial on its equitable claim for rescission, and instead a consolidated trial on all case issues.

**A.. PROBUILDERS IS NOT ENTITLED TO A JURY TRIAL ON RESCISSION, EVEN IF IT IS AN AFFIRMATIVE DEFENSE**

One premise of this motion is that rescission is pled as an affirmative defense, giving plaintiff a right to a jury trial on rescission. ProBuilders cites no case supporting this premise. It is certainly true that rescission can be an affirmative defense. It is also true that ProBuilders has pled rescission as an affirmative defense. However, ProBuilders cites not one case holding that when an insurer pleads rescission as an affirmative defense, ProBuilders has a right to a jury trial on that affirmative.[1]

ProBuilders has no right to a jury trial on rescission, no matter how pled. "[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (U.S. 1963). "The federal rule has historically been that rescission is equitable in nature and no right to a jury attaches to such actions." *Kline Hotel Partners v. Aircoa Equity Interests, Inc.*, 729 F. Supp. 740, 744 (D. Colo. 1990).

Because rescission is equitable, and there is no right to a jury trial the Court has discretion to bifurcate the case and try rescission first in a bench trial. This is supported by *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 419 (9th Cir. 1998). After an insured vessel sank and its owners made a claim against the insurer, the insurer concluded that the application misrepresented and concealed facts, so instead of paying the claim, the insurer filed an action to rescind. The insureds counter-claimed seeking

1. ProBuilders does include a quote from *Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*, 416 F.Supp 2d 802 (N.D. Cal. 2006) concerning a jury deciding rescission. That opinion does not hold that there is a right to a jury trial for rescission.

damages. The Court bifurcated and first had a bench trial on rescission. After the Court rescinded, it granted judgment to the insurer and the insureds appealed, contending in part that the Court should have tried all of the issues at once with a jury. The Ninth Circuit rejected this argument, holding the "district court had the discretion to first conduct a bench trial on the equitable rescission claim." *Id.* at 419. The same result is appropriate here.

Pleading rescission as an affirmative defense changes nothing: rescission is still an equitable defense, and ProBuilders has no right to a jury trial on this defense. As this Court has recently recognized, a "litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature." *Freescale Semiconductor, Inc. v. ChipMOS Techs.*, 2013 U.S. Dist. LEXIS 10517, 13-14 (N.D. Cal. Jan. 24, 2013). This is true even though ProBuilders has a right to a jury trial on the Haas and Levine contract claims. In *Cal-Agrex v. Van Tassell*, 258 F.R.D. 340 (N. D. Cal. 2009) the Court held that when unclean hands was pled as a defense to breach of contract, the Court could decide unclean hands, an equitable defense, and "unclean hands was not an 'an issue properly before the jury'". *Id.* at 348, *aff'd* 408 Fed. Appx. 58, 61 (9th Cir. 2011) ("the district judge did not err in making a determination himself as to the viability of that defense.") *Accord*: *Jain v. Wipro, Inc.*, 2011 U.S. Dist. LEXIS 148030 * 11 (N. D. Cal. 2011) ("the merits of the equitable defense [unclean hands] are for the Court, rather than the jury".) Therefore, even though rescission can be, and is, pled as a defense to the counter-claims, ProBuilders has no right to a jury trial on rescission, however pled.

**B. TO THE EXTENT THAT SPECIFIC FACTUAL ISSUES OVERLAP, THEY CAN BE TRIED BEFORE THE JURY, AND IF MATERIAL, THE COURT'S FULL DECISION ON RESCISSION COULD BE DELAYED UNTIL AFTER THE JURY TRIAL**

ProBuilders also contends that there should be one trial only because there are factual issues that overlap between rescission and the issues to which it is entitled to a jury trial. To the extent that there are overlaps, there is a solution: all evidence on overlapping issues would be presented in the November jury trial. Defendants believe we can defeat

the rescission claim without reaching any of those issues. For instance, the Court could conclude that the alleged misrepresentations were not material, or it could hold – based solely on the contract between the Levines and Haas – that the Levines would be harmed by rescission, so there should be no rescission. *Gill v Rich*, 128 Cal. App. 4th 1254, 1265 (2005) ("there can be no rescission where the rights of third parties would be prejudiced.")

However, if the Court disagrees, and believes it needs to hear the overlapping evidence before deciding rescission, the Court could withhold decision on rescission until after the jury trial.

ProBuilders has contended that because of policy condition 11, there is a complete overlap between rescission and its coverage defense, requiring that the jury try the entire case. This argument does not justify eliminating the bench trial, for at least two reasons. First, ProBuilders is not entitled to a jury trial on this condition. Condition 11 subpart (c) gives ProBuilders two remedies for breach of that condition: it "may, at our discretion, void coverage or result in additional premium due." From these two remedies, ProBuilders has chosen the first remedy, "void coverage", which means the same thing as rescission. *Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*, 416 F. Supp. 2d 802, 807 (N. D. Cal. 2006) ("a valid rescission voids a policy"). ProBuilders is not entitled to a jury trial on its effort to void coverage by rescinding, so this provision does not give it a right to a jury trial on rescission issues.

Second, condition 11 is itself irrelevant to this case because *plaintiff has not pled condition 11.* Facts argued to justify relief that "do not appear in the plaintiff's pleadings . . . are not properly before the court". *Culpepper v. Vilsack*, 664 F.3d 252, 259 (8th Cir.2011). Defendants object to this section being raised before the jury at all. Condition 11 gives ProBuilders two remedies for breach of its terms. It chose one of them, rescission. It is not entitled to a jury trial on rescission. It should not receive two bites at this apple, especially when it has not pled one of them.

**OPPOSITION TO MOTION IN LIMINE NO. 2**

Plaintiff moves in limine to exclude any evidence of prejudice to the Levines, on the

ground that they are not parties to the policy so any prejudice to them is not relevant to rescission. This is not true for at least two reasons.

First, prejudice to innocent third parties is itself sufficient block rescission. The evidence will show that the contract between the Levines and Haas Corp. required that Haas Corp. have liability insurance. Furthermore, by operation of Insurance Code Section 11580, the Levines, who hold a judgment against Haas Corp. and Haas, are third party beneficiaries of the ProBuilders policy: Section 11580 "makes the judgment creditor a third party beneficiary of the insurance contract between the insurer and the insured." *Hand v. Farmers' Ins. Exch.*, 23 Cal.App.4th 1847, 1856 (1994).

ProBuilders wants to rescind its policy to avoid paying the Levines' judgment. This violates the rule that "there can be no rescission where the rights of third parties would be prejudiced." *Gill v Rich,* 128 Cal. App. 4th 1254, 1265 (2005). In *Gill*, physicians grouped together expecting that their pooled funds placed in PIT would be sufficient to pay the malpractice claims made against all members. When the fund was insufficient to cover all claims and attendant costs, PIT was forced into receivership. The receiver made an assessment on all members, in order to pay malpractice judgments and settlements. Some members refused to pay the assessment, and when the receiver sued them, those members sought to rescind the contract. The trial court rejected rescission, and the Court of Appeal affirmed. One ground for affirming was the rule cited above; the Court found, among other things, that

> if appellants were permitted to rescind, patients who had medical malpractice claims would be prejudiced. Patients who obtained a malpractice judgment or settlement have a statutory right to a lien on the trust corpus, limited to the physician's rights to indemnification. [Citations omitted.] If appellants and others rescind, those claimants who had timely asserted claims against PIT members and timely had obtained enforceable judgments or settlements [Citation omitted] would be unable to obtain indemnity from PIT. For example, third party claimants, like the one who obtained an enforceable judgment against Dr. Stoops, would be denied protection. Their claimant's lien would be meaningless and it would be less likely they would recover for their injuries. Also, hospitals, medical groups and clinics, all of which relied upon the representation that appellants had medical malpractice coverage, could be harmed. *Id.* at 1268.

ProBuilders' attempt to rescind implicates both of these considerations: as in *Gill*, if

the Court rescinds, "it would be less likely that they [the Levines] would recover for their injuries." Also, the Levines, who relied on Haas Corp. being insured, would be harmed if that coverage was rescinded. Therefore, this case exemplifies why "rescission may not be allowed if a third party beneficiary has acted in reliance on the promises made for his benefit." *Principal Mut. Life Ins. Co. v. Vars, Pave, McCord & Freedman*, 65 Cal. App. 4th 1469, 1487 n. 9 (1998).

The rule protecting third parties against rescission was also applied in the insurance context in *Angle v. United States Fid. & Guar. Co.*, 201 Cal. App. 2d 758 (1962) which addressed "whether there can be a rescission of an insurance policy after the event giving rise to the liability occurred, when the effect of such rescission would be to increase the pro rata liability of another insurance company." *Id.* at 761. Holding the trial court erred in allowing rescission, the Court stated "there can be no rescission where the rights of third parties would be prejudiced." *Id.* at 763. It invoked this rule because

> In the instant case, the right of Safeguard to have its liability prorated on the basis of the "whole" insurance, as it existed at the time of the fire, intervened. A rescission of the United binder, if given retroactive effect, would cause substantial injury to Safeguard by increasing its proportionate share of the total coverage. *Id.*

Here, the injuries to the Levines' house, and the resulting judgment, have intervened, so that rescission could impact their ability to recover for them. Rescission should not be allowed.

There is a second reason why any prejudice to the Levines is now relevant: the Levines are third party beneficiaries of the policy, so prejudice to them should now count, whether that prejudice occurred before or after the judgment was entered. This is consistent with *Barrera v. State Farm Mut. Automobile Ins. Co.* 71 Cal.2d 659 (1969) which had held that the public policy created by section 11580 imposed a duty, running in favor of a claimant against its insured, to investigate promptly the insured's insurability. In this light, ProBuilders should also have owe the Levines, as claimants against its insureds, a duty to give prompt notice of rescission. This is especially true where, as we will show, ProBuilders' delay in rescinding was combined with a refusal to settle the

Levines clear liability claim. That conduct would inevitably result in a judgment against ProBuilders' insured, and in favor of the Levines, and this would give the Levines a direct right to recover from ProBuilders. The seeming inevitability that the Levines would end up holding a judgment against Haas and Haas Corp. means that ProBuilders could expect that its silence on this issue would impact the Levines, knowing that they would have rights under their policy after the inevitable judgment was entered in the Levines' favor.

## OPPOSITION TO MOTION IN LIMINE NO. 3

ProBuilders moves in limine to exclude all evidence of prejudice to Haas Corp. because it has defaulted. However, the request for judicial notice accompanying this motion documents only the default of R. J. Haas Construction Corp., not Haas Corp.

Even if this motion were properly supported, ProBuilders provides no authority making prejudice to Haas Corp. irrelevant to a rescission that would impact the rights of Mr. Haas himself and also the Levines, co-defendants who are not in default.

ProBuilders also does not explain why that default makes prejudice irrelevant in this circumstance, except to argue that some of its allegations are deemed admitted. The complaint's allegations are deemed admitted only by the party in default, not by Haas or the Levines. This default should not become a sword ProBuilders can use to harm them.

ProBuilders contends that "any alleged delay on the part of Pro Builders as to providing notice to R.J. Haas Corp." cannot be relevant. This contention underlines the absurdity of this motion: such a notice would have provided notice to Mr. Haas himself – indeed, it would have been communicated directly to Mr. Haas, the president of Haas Corp. ProBuilders' Request for Judicial Notice exh. B. to Request to Enter Default (second amended complaint) para. 11. The notion that one can separate Haas and Haas Corp is quite dubious, especially since the Court in the underlying action found that Haas Corp. was the alter ego of Haas, resulting in Haas being personally liable for Haas Corp's actions. Plaintiff's exhibit 26, attached.

Furthermore, Haas Corp. has assigned to the Levines "all rights to litigate and assert any and all claims and defenses afforded to Valley Corp. B under ProBuilders Specialty

Insurance Company, RRG Policy No. COM 5010992 . . . or otherwise afforded Valley Corp. B [the current name of Haas Corp] under California law or in equity". ProBuilders' trial exhibit 56, attached. Therefore, the Levines now have the right to present Haas Corp.'s rescission defenses including laches.

Respectfully submitted,

Dated: August 27, 2013

Greenan, Peffer, Sallander & Lally, LLP

Robert Seeds

Digitally signed by Robert Seeds
DN: cn=Robert Seeds, o=Greenan, Peffer, Sallander & Lally LLP, ou, email=rseeds@gpsllp.com, c=US
Date: 2013.08.27 15:22:45 -07'00'

Robert L. Sallander, Jr., attorneys for Defendants/Counterclaimants