GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants. | CASE NO.:5:10-CV-05533-EJD<br><br>**MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OF DAVID REILLY [F.R.E. 702, 403; FRCP 26]**<br><br>**Jury Trial:** November 12, 2013<br>**Time:** 9:00 a.m.<br>**Judge:** Edward J. Davila<br>**Courtroom:** 4 |

## I. INTRODUCTION

Plaintiff ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby moves for an Order pursuant to Federal Rules of Evidence ("Fed. R. Evid.") 403 and 702 and the Federal Rules of Civil Procedure Rule 26(a)(2)(D)(ii) ("Fed R. Civ. P.) excluding the expert testimony of David Reilly ("Reilly"). Reilly is an Assistant Vice-President of Property & Casualty Claims for the Insurance Company of the West ("ICW"). (See the concurrently filed Declaration of George D. Yaron ["Yaron Decl."[ ¶ 2, Ex. A [Reilly Report], p. 1; Ex. B [Reilly Tr.] at 5:13 - 14.) Defendants offer Reilly solely as a rebuttal expert on claims handling. However, experts may not offer legal opinions or argument. Yet, Reilly improperly opines on various principles of insurance law, advances legal arguments, and applies insurance coverage law (as he sees it) to "facts" in order to draw a number of legal conclusions about Plaintiff's alleged conduct. However, Reilly testified that he is not an attorney, (Yaron Decl. ¶ 3, Ex. B [Reilly Tr.] at 14:25-15:2.), and that he has never issued an expert opinion regarding the adequacy of performance of counsel. (*Id.* at 15:3-15:5.)

Thus, this Court should exclude Reilly's testimony in its entirety, not only under Fed. R. Evid. 702 as improper legal opinion testimony, but also under Fed. R. Evid. 403, because the probative value is substantially outweighed by the danger of unfair prejudice and wasting time, or, alternatively, the Court should exclude that portion of his testimony the Court finds inadmissible. Additionally, this Court should exclude Reilly's testimony to the extent it goes beyond the scope of contradicting or rebutting the report of Ed McKinnon ("McKinnon"), Plaintiff's claims handling expert.

## II. PROCEDURAL HISTORY

On July 25, 2012, ProBuilders disclosed McKinnon, President of Claims Resource Management, Inc., as a retained expert witness concerning claims handling. McKinnon prepared and issued a report containing his opinions. (See Yaron Decl. ¶ 4, Ex. C ["McKinnon Report"].) McKinnon offered the following opinions: (1) the claims handling by Plaintiff met the standard of care for similarly situated insurers; (2) ProBuilders' decisions not to pay money to settle Levine's claim and not to pay any portion of the judgment were reasonable and consistent with the standard of care one would expect similarly situated insurers to make; and (3) the decision to defend, despite a

conclusion that there was no coverage, is not the decision that many reasonable insurers would make in similar circumstances. (See Yaron Decl. ¶ 4, Ex. C, [McKinnon Report] at p. 8.]

On October 19, 2012, Defendants served Reilly's rebuttal report. (See Yaron Decl. ¶ 2, Ex. A. [Reilly Report].) Reilly offered the following opinions: (1) ProBuilders had a duty to not only defend the underlying action, but also a duty to indemnify its insured for at least part of the judgment; (2) covered damages clearly formed the basis of at least part of the Levine's claim; (3) ProBuilders' actions in not immediately rescinding the premium and filing a rescission action at the time it discovered the alleged basis for the rescission are contradictory and belie its own lack of belief in the merits of such a legal recourse; (4) ProBuilders' claim handling and conduct was unreasonable and ProBuilders remains liable for at least part of the judgment in addition to extra-contractual damages; (5) ProBuilders' initial reservation of rights triggered a duty to appoint *Cumis* counsel; (6) the rescission theory lacks validity; (7) at least part of the judgment against Haas related to covered, consequential property damage; and (8) ProBuilders' missed opportunities to settle within limits and failed to make any offers. (See Yaron Decl. ¶ 2, Ex. A. [Reilly Report] at p. 4-8.)

## III. LEGAL STANDARD

Fed. R. Evid. 702 "permits experts qualified by 'knowledge, experience, skill, expertise, training, or education' to testify 'in the form of an opinion or otherwise' based on 'scientific, technical, or other specialized knowledge' if that knowledge will 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" (*Salinas v. Amteck of Ky. Inc.*, 682 F.Supp. 2d 1022, 1029 (N.D. Cal. 2010) [quoting Fed. R. Evid. 702.].) The proponent of expert testimony bears the burden to establish "by a preponderance of the evidence that the admissibility requirements are met." (*Id.* at 1029). Under Rule 702, the Trial Court is obliged to act as a "gatekeeper" to ensure that expert testimony is both reliable and relevant to the issues being tried. (*Id.* at 1029-1030 [quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)].)

Fed. R. Evid. 702 permits admission of relevant, reliable, and qualified expert testimony to assist the trier of fact to understand the evidence or determine a fact in issue; however, "[r]esolving doubtful questions of law is the distinct and exclusive province of the trial judge." (*United States v. Brodie*, 858 F.2d 492, 497 (9th Cir. 1988) [affirming Court's exclusion of expert testimony regarding

the law of trusts], overruled on other grounds, *United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997).) "Accordingly, federal courts typically prohibit experts from interpreting the law for the court or from advising the court about how the law should apply to the facts of a particular case." (*Mannick v. Kaiser Found. Health Plan, Inc.*, 2006 U.S. Dist. LEXIS 38430, at *49 (N.D. Cal. 2006) [sustaining objections to expert testimony regarding whether public facilities were subject to and complied with regulations under the Americans with Disabilities Act].) In insurance coverage cases, an expert's testimony can be used to show an insurer's deviation from insurance industry standards. (See *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004).) However, an expert "cannot be used to provide legal meaning or interpret policies as written." (*McHugh v. United Services Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999). The Federal Rules define a rebuttal expert as one who presents "evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (c)." (Fed. R. Civ. P. 26(a)(2)(D)(ii).)

## IV. ARGUMENT

### A. Reilly's Testimony Impermissibly Provides Legal Opinions that Invade the Province of the Court

Reilly's report recites legal standards, advances legal arguments, and applies legal conclusions.

#### 1. Legal Conclusions and Opinions Regarding Cumis Counsel

On page 4 of Reilly's report, there is a heading titled, "The Initial Reservation of Rights Triggered a Duty to Appoint Cumis Counsel." This heading is an improper legal conclusion, as well as his analysis of how he reached his conclusion. On page 4 of his report, he reaches the legal conclusion that ProBuilders' letter, dated March 7, 2008, "is exactly the type of reservation of rights that triggers the requirement for an insurer to appoint independent or 'Cumis' counsel under California Civil Code Section 2860." (Yaron Decl. ¶ 2, Ex. A [Reilly Report] at p. 4.) Reilly then opines on the types of cases that require *Cumis* counsel. (See *Id.*) Reilly states the following:

> The fact that ProBuilders not only failed to appoint Cumis counsel but also actively managed the activities of its appointed counsel <u>is inappropriate and deprived its insured of benefits of independent defense its insured was entitled to under the law</u>. [Emphasis added.] (*Id.* at p. 5.)

Reilly's testimony confirms that he plans to offer these legal opinions regarding *Cumis* counsel at trial. (Yaron Decl. ¶ 3, Ex. A [Reilly Tr.] at 15:6 - 15; 41:16 - 42:2; 45:1 - 7; 53:20 - 55:13.) He

testified concerning *Schaefer vs. Elder*, 217 Cal. App. 4th 1 (2013)[1], which discusses independent counsel and a Contractor's Special Condition ("CSC") Endorsement. (*Id.* at 8:4 - 11.) Reilly stated, "I disagree with Lloyd's or whoever was involved at that time because I think that was really [sic] conflict between two defendants issue [sic], not a Cumis issue. There's a difference between two defendants that can't be represented by the same lawyer. That has nothing to do with insurance. And an insured on the one hand and Cumis conflict on the other, which is a conflict between the insurance company and the insured based on a reservation of rights issued by the insurance company." (*Id.* at 41:18 - 42:2). When asked if a Court decides whether *Cumis* counsel should be appointed, he stated, "I think ultimately a judge would probably make that decision if there – it was contested." (*Id.* at 53:25 - 54:5.) Reilly's analysis of whether *Cumis* counsel should be afforded is exactly the type of testimony that should be excluded as improper legal opinion. (See *Brodie*, supra, 858 F.2d at 497.)

**2. Legal Conclusions and Opinions Regarding Rescission**

On page 5 of Reilly's report there is a heading that states: "The Rescission Theory Lacks Validity As The Application Question & Endorsement It's Based On Is Similar To A Loss Control Condition Which Could Have Been Verified At Policy Issuance." Again, the heading alone is a legal conclusion. Additionally, portions of Reilly's report offers legal opinions regarding the reasonableness of the interpretation of the Contractors Special Conditions ("CSC") Endorsement contained in the ProBuilders policy. For example, Reilly states the following:

> In fact this endorsement seems to be designed as a trap for an unsuspecting insured to fall into. This is not a typical endorsement ordinarily found on a general liability policy issued to any type of entity, and for good reason. It reads more like a loss control recommendation than a policy exclusion or warranty. It appears to be designed to thwart coverage for an innocent oversight in either record keeping or loss control and risk management procedures. (Yaron Decl. ¶ 2, Ex. A [Reilly Report] at p. 6.)

Here, Reilly is providing an interpretation of the CSC Endorsement, which is improper expert testimony. (See *McHugh,* supra, 164 F.3d 451, 454.). Reilly testified that ProBuilders has waived the CSC Endorsement or is estopped from asserting it, yet he also recognizes that this remedy should be left up to a judge. (Yaron Decl. ¶ 3, Ex. B [Reilly Tr.] at 48:18- 50:6.) He also provides opinions

---

[1] The California Supreme Court ordered *Schaefer v. Elder* depublished under Cal. Rules of Court 8.1125(c)(1). (*Schaefer v. Elder*, 2013 Cal. LEXIS 7916.)

about cases that interpret Contractor's Warranty Endorsements, yet also recognizes that interpretations of insurance policy terms are legal questions for a judge to decide. (*Id.* at 59:17 - 63:25.)

Reilly's also discusses facts concerning ProBuilders' rescission claim and then applies these facts to conclude that it did not timely file the rescission action. Reilly testified that whether a rescission action was timely brought is an equitable remedy for a Court to decide. (Yaron Decl. ¶ 3, Ex. B [Reilly Tr.] at 27:10 - 19.) Nevertheless, Reilly discusses the legal merits of a rescission as applied to the facts of this case. (*Id.* at 29:25 - 30:7; 34:20 - 36:16.). Reilly states, "[U]sually rescission action, if it's valid, it's cut-and-dried; it's not dependent on facts that are dispute because then you don't have a rescission action." (*Id.* at 68:6 -10.) He testified regarding when declaratory relief actions are stayed, and states, "And sometimes there are factors that the court claims will prejudice your insured if they're determined in the coverage action, they would prejudice the underlying action." (*Id.* at 35:22 - 25). Reilly also applies the alleged facts to this case to come to the legal opinion that ProBuilders has waived or is estopped from bringing its rescission cause of action. Reilly states: "It's my opinion that it was – I don't know if waiver is the right word. I think they should be estopped from asserting it because of how much time went by before they even made mention of it and then before they started talking about a courtesy defense." (*Id.* at 48:21-25.) Reilly's conclusions regarding waiver and estoppel is strictly a legal opinion that the Court should decide – not an expert. (See *Mitchell v. United Nat'l Ins. Co.*, 127 Cal.App.4th 457, 478 (2005).)

### 3. <u>Legal Conclusion Regarding The Trial Court's Findings</u>

Reilly gives his opinion regarding the trial court's "Statement of Decision" and what portion of the Decision was covered under the ProBuilders policy. For example, Reilly's report states:

> The judgment here cites in part exactly that class of damages that are not excluded – "damage to other Work caused by the Defective Work." And this judgment is delivered by the trier of fact and law after considering all the evidence – ProBuilders cannot now argue that there were no such damages based on the evidence, because they cannot re-try the underlying case now. (Yaron Decl. ¶ 2, Ex. A [Reilly Report] at p. 7.)

Reilly also testified to this legal conclusion: "In my opinion, some of the damages in the statement of decision were covered damages." (*Id.* at 27:8-9.) In addition, "I think that statement alone says there's covered damages, and you can't re-litigate the case now that the case is over." (*Id.* at 50:16-19.) Further, "The judge is saying damage to work caused by the defective work. I mean,

that's a judge's decision. That hasn't been appealed. That's final. I don't know how they – that ProBuilders can go back and unwind that and say that really wasn't – that really wasn't a good category. The judge was wrong about that. If they thought he was wrong, they had to appeal." (*Id.* at 50:24 - 51:5.) Not only are these statements improper legal conclusions, but they are also contrary to California law. "Generally speaking, in an action by an injured party against the party who allegedly caused the injury, the court does not adjudicate the issue of insurance coverage. The only questions litigated are the defendant's liability and the amount of damage .... In determining what issues were 'actually litigated' in the underlying action the court in the subsequent action cannot rely exclusively on the findings in the underlying action but must 'carefully scrutinize' the pleadings and proof." (*Schaefer/Karpf Productions v. CNA Ins. Companies*, 64 Cal.App. 4th 1306, 1313-1314 (1998).) Therefore, for Reilly to conclude this Court must accept the findings of the trial court without any scrutiny of the trial court's findings is legally wrong.

**4. Legal Opinion Regarding Settlement Offers**

On page 8 of Reilly's report, he states:

> Even if some of the damages put forth were not covered under Probuilders' policy, a certain amount of the damages clearly had the potential to be covered, and were in fact covered in the judge's Statement of Decision. Therefore, Probuilders had an obligation to make a good faith effort to settle. It could not simply turn to its insured and say: "This is for you." The fact that ProBuilders was maneuvering to deprive Haas of the independent counsel Haas was entitled to at this very same juncture is telling. Such independent counsel not [sic] would have raised the argument that some of the damages were potentially covered and that Probuilders had a duty to make a good faith offer. [Yaron Decl. ¶ 2, Ex. A (Reilly Report) at p.8.]

Relying on the Statement of Decision is an inaccurate legal conclusion. Further, whether independent counsel would have raised the argument that some of the damages were potentially covered and that ProBuilders had a duty to make a good faith offer is a legal argument and speculative.

**B. Reilly's Testimony is More Than Rebuttal Testimony and will Prejudice Plaintiff**

The Federal Rules define a rebuttal expert as one who presents "evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." (Fed. R. Civ. P. 26(a)(2)(D)(ii).) Reilly was designated by Defendants to rebut

the expert testimony of McKinnon. Thus, Reilly may only offer opinions that contradict or rebut evidence on the same subject matter identified by McKinnon. McKinnon provided opinions regarding the claims handling by ProBuilders and NBIS, ProBuilders' decisions not to pay money to settle Levine's claim or to pay a portion of Levine's judgment, and, the decision to continue to defend, despite a determination that there was no coverage. (See Yaron Decl. ¶ 4, Ex. C, [McKinnon Report] at p. 8.) However, Reilly offered the following opinions that went beyond the subject matter identified by McKinnon: (1) ProBuilders' actions in not immediately rescinding the premium and filing a rescission action at the time it discovered the alleged basis for the rescission are contradictory and belie its own lack of belief in the merits of such a legal recourse; (2) ProBuilders' initial reservation of rights triggered a duty to appoint Cumis Counsel; (3) the rescission theory lacks validity as the application question and endorsement it's based on is similar to a loss control condition which could have been verified at policy issuance; and (4) ProBuilders' missed opportunities to settle within limits and failed to make any offers. (See Yaron Decl. ¶ 2, Ex. A. [Reilly Report] at p. 4-8.)

Not only is Reilly's testimony not legally permissible, but it is also prejudicial to ProBuilders. Reilly's opinions and arguments on *Cumis* counsel, the rescission claim, and the underlying action's Statement of Decision do not rebut an opinion of McKinnon. Thus, the Court should exclude Reilly's testimony pursuant to Federal R. Evid. Rule 403, as allowing Reilly to testify regarding his legal conclusions would impermissibly usurp the "distinct and exclusive province of the trial judge" and will unfairly prejudice ProBuilders. (*Mannick v. Kaiser Found. Health Plan, Inc.*, 2006 U.S. Dist. LEXIS 38430, at *49 (N.D. Cal. 2006).)

## V. CONCLUSION

For these reasons, the Court should grant ProBuilders' Motion in Limine No. 1 and exclude the expert testimony of David Reilly, or, in the alternative, preclude those portions of Reilly's testimony it finds inadmissible.

YARON & ASSOCIATES

Dated: October 4, 2013

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 4, 2013**, I served the within:

**MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OF DAVID REILLY**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 4, 2013**, at San Francisco, California.

[signature]
**Michelle Sangalang**
msangalang@yaronlaw.com