GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,

Plaintiff,

v.

VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,

Defendants.

CASE NO.:5:10-CV-05533-EJD

**MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND TESTIMONY OF DEFENDANTS AND COUNTER-CLAIMANTS' *BRANDT* FEES [F.R.C.P 37(c); F.R.E. 403]**

**Jury Trial:** November 12, 2013
**Time:** 9:00 a.m.
**Judge:** Edward J. Davila
**Courtroom:** 4

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby moves for an Order precluding Defendants/Counter-Claimants Ronald J. Haas ("Haas"), Ty Levine, and Karen Levine from offering at trial any evidence or testimony regarding *Brandt* fees, which are attorney fees that were incurred to recover policy benefits against ProBuilders. (*Brandt v. Superior Court*, 37 Cal.3d 813, 817-818 (1985).) ProBuilders understands that Defendants are seeking roughly $1 million in *Brandt* fees apparently for (1) Haas' coverage attorney's work, which was performed to recover policy benefits from ProBuilders with respect to the case captioned *Ty Levine, et al. v. R.J. Haas, et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("*Levine* action"), and (2) Defendants' counsels' work, in the instant action, to obtain policy benefits. However, Defendants have failed to identify a description by category and location of all documents in their possession, custody, or control that they may use to support their *Brandt* fees as required by Federal Rule of Civil Procedure ("Fed. R. Civ. P. 26" or "Rule 26"). Similarly, Defendants have not identified any documents in their document production to support their *Brandt* fee claim, and the Levines did not disclose any claim for *Brandt* fees in their Initial Disclosure and in response to ProBuilders' interrogatories. In addition, the Defendants have failed to identify any legal bills or invoices that he would use at trial to support his *Brandt* fee claim. This Motion is made on the grounds that such evidence should be excluded under Fed. R. Civ. P. 37(c) (or "Rule 37"), and is inadmissable under Federal Rule of Evidence ("Fed. R. Evid.") 403.

## II. LEGAL ARGUMENT

### A. Fed. R. Civ. P. 26(a)

Fed. R. Civ. P. 26(a)(1)(A) requires a party to make certain initial disclosures to another party "without awaiting a discovery request." Pursuant to subsection 26(a)(1)(A)(ii), a party must provide "a copy – or a description by category and location – of all documents ... that the disclosing party has in its possession, custody, or control and may use to support its claims." Pursuant to subsection 26(a)(1)(A)(iii), a party must provide "a computation of each category of damages claimed" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." The

Advisory Committee note to Fed. R. Civ. P. 26 describes this last requirement as "the functional equivalent of a standing Request for Production under Rule 34." (Fed. R. Civ. P. 26 Advisory Committee's Note to 1993 Amendments [explaining that, "a party claiming damages or other monetary relief must ... make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34."].) Pursuant to subsection Fed. R. Civ. P. 26(a)(1)(A)(I), a party must provide "name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses."

**B. <u>Fed. R. Civ. P. 26(e)</u>**

Pursuant to Fed. R. Civ. P. 26(e)(1)(A), the disclosing party must "supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." (Fed. R. Civ. P. 26(e)(1)(A). ) "A major purpose" of the initial disclosure requirements "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." (Fed. R. Civ. P. 26 Advisory Committee's Note to 1993 Amendments.)

**C. <u>Fed. R. Civ. P. 37(c)</u>**

Pursuant to Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." (Fed. R. Civ. P. 37(c)(1).) The Advisory Committee Notes describe Fed. R. Civ. P. 37(c)(1) as a "self-executing," and "automatic" sanction to "provide strong inducement for disclosure of material . . . ." (Fed. R. Civ. P. 37 Advisory Committee's Note (1993); See also *Yeti by Molly, Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1006 (9th Cir. 2001) [citing Fed. R. Civ. P. 37 Advisory Committee's Notes (1993)].) The burden is on the party facing sanctions to prove harmlessness. (*Id.* at 1106.) Further, the Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." (*Id.*)

## III. DEFENDANTS' INITIAL DISCLOSURES DID NOT COMPLY WITH FED. R. CIV. P. 26(a) AND 26(e)

Haas' Initial Disclosures were served on April 7, 2011. (See concurrently filed Declaration of James Silverstein ["Silverstein Dec."], ¶ 2, Exh. A.) Also on April 7, 2011, Haas served Amended Initial Disclosures. (*Id.*,¶ 3, Exh. B.) On April 15, 2011, Haas served his Second Amended Initial Disclosures. (*Id.*,¶ 4, Exh. C.). In these Disclosures, Haas stated that he was seeking $10,000 in estimated expenses incurred in to obtain coverage from ProBuilders and an "unknown amount of fees and expenses to obtain coverage from ProBuilders in this action." (*Id.* at p. 6:26 - 7:2.) These attorney fee damages are likely considered *Brandt* fees and may be awarded only if those fees were incurred to recover policy benefits against the insurer. (*Brandt v. Superior Court*, 37 Cal.3d 813, 817-818 (1985).) "Fees attributable to obtaining any portion of the plaintiff's award which exceeds the amount due under the policy are not recoverable." (*Id.* at 819; See also *Cassim v. Allstate Ins. Co.*, 33 Cal.4th 780, 807 (2005) [Attorney fees to obtain emotional distress damages and punitive damages are not recoverable under *Brandt*].)

The Levines' Initial Disclosures were served on April 7, 2011 and did not indicate that the Levines were pursuing a claim for *Brandt* fees. (See the concurrently filed Declaration of James Silverstein filed in Support of Plaintiff's Motion in Limine No. 5 at para. 4, Exhibit C. ["Silverstein Dec. MIL#5"].) Haas' Initial Disclosure, his Amended Disclosures, and the Levines' Initial Disclosure do not provide a description of any attorney billing records as documents in Defendants' possession, custody, or control that may be used to support their *Brandt* fees. While the Defendants had no duty to produce these documents absent a discovery request, they were nonetheless obligated to provide a description of the documents by category and location pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii). (*R&R Sails, Inc. v. Ins. Co. Of the Pa.*, 673 F.3d 1240, 1246-1247 (2012).)

In *R & R*, R&R's Fed. R. Civ. P. 26(a) Disclosures stated that it sought approximately $35,000 in *Brandt* fees, but it did not state in the Disclosures that it planned to use invoices in support of its claim for *Brandt* fees. Further, R&R failed to supplement its Disclosures as required by Fed. R. Civ. P. 26(e) after it became evident that the Initial Disclosures were incomplete. The Court of Appeal held that the District Court did not abuse its discretion in finding that R&R had failed to meet its disclosure obligations under Fed. R. Civ. P. 26(a)(1) and 26(e)(1). (*Id.* at 1247.)

Similar to *R&R*, Haas' Disclosures only stated that he was seeking $10,000 from the *Levine* action and an unknown amount from the instant action, but failed to describe by category and location any documents he has in his possession, custody, or control, upon which his claim for *Brandt* fee damages is based pursuant to Fed. R. Civ. P. 26(a) and 26(e). As discussed above, the Levines' Disclosure did not identify any claim for *Brandt* fees.

In addition, ProBuilders requested *Brandt* fee documents from Defendants. On May 4, 2011, ProBuilders served a Request for Production of Documents (Set One) on Haas. (Silverstein, Dec. ¶ 5, Exh. D.) Request for Production No. 11, requested all documents identified in his Second Amended Initial Disclosures, and Request for Production No. 14, requested all documents supporting Haas' claim for damages. (*Id.*) On May 4, 2011, ProBuilders served Request for Interrogatories (Set One) on Haas. (*Id.* ¶ 6, Exh. E.). Interrogatory Request No. 6, ProBuilders requested Haas to state all facts supporting his claim for damages against ProBuilders. (*Id.*) Haas responses to both of these requests were inadequate. On May 14, 2012, this Court ordered Haas to provide supplemental responses to ProBuilders requests. (See concurrently filed Request for Judicial Notice ("RJN") ¶ 1, (Docket No. 103).) On November 9, 2012, Haas served a supplemental response to ProBuilders Interrogatory No. 6. (Silverstein, Dec. ¶ 7, Exh. F.). This response does not mention *Brandt* fees, legal fees, or legal bills. (*Id.*) On November 9, 2012, Haas served a supplemental response to ProBuilders' Request for Documents No. 11 and 14. (Silverstein, Dec. ¶ 8, Exhibit G.). In the supplemental responses, Haas states that the only documents which have not been produced were privileged documents relating to the legal representation of John Podesta for legal work he did prior to ProBuilders retaining him and Chip Cox for the instant coverage action. (*Id.*). ProBuilders' counsel has reviewed all documents produced by Mr. Haas in this action, and have determined that Mr. Haas has not identified any documents that support his claims for *Brandt* fees. (*Id.* ¶ 9).

In the Levines' responses to ProBuilders' Interrogatory No. 9 regarding damages, they did not disclose any claim for *Brandt* fees. (Silverstein Dec. MIL#5, at para. 5 & 6, Exhs. D & E.) Plaintiff served Document Demands on the Levines seeking all documents supporting their claim for damages and they did not identify any documents supporting a claim for *Brandt* fees. (Silverstein, Dec., at paragraphs 10-12, Exhs. H &I.) Moreover, the Levines were asked to produce all documents supporting their claim for damages at their deposition. They did not produce any documents

concerning *Brandt* fees. (Silverstein, Dec., at paragraph 13 &15, and Exhs. J and L.) The Levines did testify, after the discovery cut-ff, that they were seeking attorneys fees. (See Silverstein, Dec., at paragraph 13, 14 &16, and Exhs. K and M.)

Furthermore, although Haas' Disclosures identified his defense counsel in the *Levine* action, the Disclosures did not identify any attorneys that would have discoverable information regarding *Brandt* fees pursuant to Fed. R. Civ. P 26(a)(1)(A)(I) or 26(e)(1). Therefore, Haas has not identified an attorney who could authenticate billing records, which Haas incurred to recover policy benefits against the ProBuilders in the instant action. As to the Levines in their Initial Disclosure, they did not identify any attorney that allegedly incurred *Brandt* fees on their behalf. Therefore, the Levines have not identified an attorney who could authenticate billing records, which the Levines have allegedly incurred to recover policy benefits against Plaintiff.

## IV. DEFENDANTS' FAILURE TO DISCLOSE IS NOT HARMLESS OR SUBSTANTIALLY JUSTIFIED

Fed. R. Civ. P. 37(c) allows for information to be introduced at trial even if a party fails to provide information or identify a witness required by Fed. R. Civ. P. 26(a) or 26(e), if the failure was substantially justified or is harmless. Haas' failure to comply with Fed. R. Civ. P. 26(a) and 26(e) is not substantially justified nor is it harmless.

In *Fresno Rock Taco, LLC v. National Surety Corporation*, 2013 U.S. Dist. LEXIS 101428 (E.D. Cal. 2013), the Court analyzed attorney billing records in support of Plaintiff's *Brandt* fees pursuant to Fed. R. Civ. P. 37(c), because the billing records were not disclosed pursuant to Fed. R. Civ. P. 26(a). In *Fresno Rock*, the Court stated the following:

> The first time Plaintiffs' attorney's records were ever identified as documentary evidence Plaintiffs expected to use at trial occurred on October 19, 2012, when Plaintiffs filed their final exhibit list. (*Id.* at * 22).
>
> * * *
>
> Plaintiffs have not explained why the billing records were not disclosed pursuant to Rule 26(a) or 26(e), nor have they produced up-to-date and unallocated copy of the billing records to Defendant. Plaintiffs identified the billing records as a potential trial exhibit on October 19, 2012, past the deadline for Defendant to file a motion in limine regarding evidence preclusion as a discovery sanction. (*Id.* at *26.)
>
> * * *

> Defendant lacked fair notice of Plaintiffs' intent to use this evidence to prove their claims, and the identification of the records in October 2012 did not render the lack of disclosure harmless. Plaintiffs' disclosure on the eve of trial left Defendant without adequate time to cure the prejudice. (*Id.* at * 26-27.)

The Court concluded that the failure to disclose the billing records was not harmless or substantially justified. (*Id.*) "Pursuant to Rule 37(c), the sanction for such failure is preclusion of the evidence. As such, billing records of Plaintiffs new counsel must be excluded because no attorney records were ever identified as documents Plaintiffs intended to offer to support their claim." (*Id.*)

The Defendants have no excuse for why their attorney invoices were not identified pursuant to Fed. R. Civ. P. 26(a) or 26(e). In the event that they identify their attorney invoices that support their *Brandt* fee claim before the upcoming trial, it is too late. The lack of disclosure during the entire course of discovery or in advance of trial is not harmless or substantially justified. Pursuant to Fed. R. Civ. P. 37(c), the sanction for such failure is preclusion of the evidence. As such, ProBuilders requests this Court to exclude the billing records of the Defendants' counsel because no such records were ever identified as documents the Defendants intended to offer to support a *Brandt* fee claim.

The *Fresno Rock* Court also granted a sanction, because Plaintiffs failed to timely identify any attorney witnesses to properly authenticate the billing records. (*Id.* at 28).

> In sum, Plaintiffs knew they would need evidence to support a damage award for Brandt fees, yet failed to identify their counsel as potential witnesses with discoverable information. Not only was Plaintiffs' counsel never identified as potential witnesses pursuant to Rule 26(a) or (e), they were never identified as potential witnesses at the pretrial conference or in the pretrial order. In light of the need for allocation between work performed to obtain policy benefits and work performed that is non-compensable under Brandt. Defendant was deprived of the opportunity to depose counsel to analyze how the attorney work was billed. Thus, Plaintiffs' counsel is precluded pursuant to Rule 37(c) from testifying at trial as to attorneys' fees for purposes of claimed *Brandt* fee damages. (*Id.* at * 29.)

Here too, the Defendants knew that they would need evidence to support a damage award for *Brandt* fees, yet failed to identify his counsel as potential witnesses with discoverable information pursuant to Fed. R. Civ. P. 26(a) or (e). In light of the need for allocation of attorney work performed to obtain policy benefits vs. attorney work performed that is not recoverable under *Brandt*, ProBuilders has been deprived of the opportunity to depose counsel to analyze how the attorney work was billed.

Thus, the Defendants' counsel should be precluded pursuant to Fed. R. Civ. P. 37(c) from testifying at trial as to attorneys' fees for purposes of the claimed *Brandt* fee damages.

## V. THIS COURT DOES NOT NEED TO MAKE A FINDING OF WILLFULNESS OR BAD FAITH ON THE PART OF DEFENDANTS

This Court does not need to make a finding of willfulness or bad faith in order to grant a Fed. R. Civ. P. 37(c) sanction, because granting the sanction would not cause a dismissal of Defendants' entire claim. (*R&R Sails, Inc. v. Ins. Co. Of the Pa.*, supra, 673 F.3d 1240, 1247.) In *R&R*, the Court determined that the District Court should have analyzed whether Plaintiff's noncompliance of Fed. R. Civ. P. 26(a) or (e) involved willfulness, fault, or bad faith because the sanction amounted to a dismissal of Plaintiff's entire bad faith tort claim for punitive damages. (*Id.*) Here, no such analysis is needed because there are other compensatory damages, such as failure to indemnify the *Levine* action judgment, upon which the punitive damages may be awarded. (See *Fesno Rock Taco, LLC v. National Surety Corporation, supra*, 2013 U.S. Dist. LEXIS 101428 * 27, fn 4 (E.D. Cal. 2013); *Yeti by Molly Ltd v. Deckers Outdoor Corp.*, supra, 259 F.3d 1101, 1106; *Hoffman v. Constr. Protective Servs. Inc.*, 541 F.3d 1175, 1178 (9th Cir. 2008).)

## VI. BRANDT FEE EVIDENCE IS INADMISSABLE UNDER FED. R. EVID. 403

*Brandt* fee evidence is unduly prejudicial to ProBuilders because Defendants' *Brandt* fee evidence would likely confuse and negatively prejudice the jurors in this case. (See Fed. R. Evid. 403.) ProBuilders' concerns are also heightened by the fact that its ability to rebut the attorney bills was hampered by Defendants' failure to disclose these exhibits, as well as an attorney to authenticate the bills as required by Fed. Civ. P. 26(a) and (e).

## VII. CONCLUSION

For these reasons, the Court should grant ProBuilders' Motion in Limine No. 2 and exclude any evidence and testimony regarding Defendants' *Brandt* fee claims.

YARON & ASSOCIATES

Dated: October 4, 2013

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

**CERTIFICATE OF SERVICE**

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 4, 2013**, I served the within:

**MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND TESTIMONY OF DEFENDANTS AND COUNTER-CLAIMANTS' *BRANDT* FEES**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 4, 2013**, at San Francisco, California.

[signature]
**Michelle Sangalang**
msangalang@yaronlaw.com