GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,

Plaintiff,

v.

VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,

Defendants.

CASE NO.:5:10-CV-05533-EJD

**MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF DEFENDANT AND COUNTER-CLAIMANT, RONALD J. HAAS' DEFENSE FEES IN THE LEVINE ACTION [F.R.C.P 37(c); F.R.E. 403]**

**Jury Trial:** November 12, 2013
**Time:** 9:00 a.m.
**Judge:** Edward J. Davila
**Courtroom:** 4

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby moves for an Order precluding Defendant/Counter-Claimant Ronald J. Haas ("Haas") from offering at trial any evidence or testimony regarding any defense fees he incurred in the case captioned *Ty Levine, et al. v. R.J. Haas, et al.* , Santa Clara County Superior Court, Case No. 07-CV081016 ("*Levine* action").

ProBuilders contends that Haas should be precluded from introducing any evidence or testimony concerning any defense fees he incurred in the *Levine* action because (1) Haas failed to identify a description, by category or location of all documents in his possession, custody, or control that he may use to support his claim that he paid defense fees in the *Levine* action, as required by Federal Rule of Civil Procedure ("Fed. R. Civ. P. 26" or "Rule 26"); (2) Haas failed to identify these documents in his discovery responses; (3) Haas failed to identify these documents at his deposition; and (4) such evidence would be severely prejudicial to ProBuilders. Therefore, ProBuilders seeks to exclude any evidence or testimony regarding any defense fees that Haas may have incurred in the *Levine* action.

This Motion is made on the grounds that such evidence should be excluded under Fed. R. Civ. P. 37(c) (or "Rule 37"), and is inadmissable under Federal Rule of Evidence ("Fed R. Evid.") 403.

## II. LEGAL ARGUMENT

### A. Fed. R. Civ. P. 26(a)

Fed. R. Civ. P. 26(a)(1)(A) requires a party to make certain initial disclosures to another party "without awaiting a discovery request." Pursuant to subsection 26(a)(1)(A)(ii), a party must provide "a copy – or a description by category and location – of all documents ... that the disclosing party has in its possession, custody, or control and may use to support its claims." Pursuant to subsection 26(a)(1)(A)(iii), a party must provide "a computation of each category of damages claimed" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." The Advisory Committee Note to Fed. R. Civ. P. 26 describes this last requirement as "the functional equivalent of a standing Request for Production under Rule 34." (Fed. R. Civ. P. 26 Advisory

Committee's Note to 1993 Amendments (explaining that, "a party claiming damages or other monetary relief must ... make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34.").)

**B. Fed. R. Civ. P. 26(e)**

Pursuant to Fed. R. Civ. P. 26(e)(1)(A), the disclosing party must "supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." (Fed. R. Civ. P. 26(e)(1)(A). ) "A major purpose" of the initial disclosure requirements "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." (Fed. R. Civ. P. 26 Advisory Committee's Note to 1993 Amendments.)

**C. Fed. R. Civ. P. 37(c)**

Pursuant to Fed. R. Civ. P. 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." (Fed. R. Civ. P. 37(c)(1).) The Advisory Committee Notes describe Fed. R. Civ. P. 37(c)(1) as a "self-executing," and "automatic" sanction to "provide strong inducement for disclosure of material . . . ." (Fed. R. Civ. P. 37 Advisory Committee's Note (1993); See also *Yeti by Molly, Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1006 (9th Cir. 2001) [citing rule 37 Advisory Committee's Notes (1993)]. The burden is on the party facing sanctions to prove harmlessness. (*Id.* at 1106.) Further, the Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." (*Id.*)

## III. HAAS' INITIAL DISCLOSURES DID NOT COMPLY WITH FED. R. CIV. P. 26(a) AND 26(e)

Haas' Initial Disclosures were served on April 7, 2011. (See Declaration of James I. Silverstein ["Silverstein Dec."] in support of ProBuilders' Motion in Limine No. 2, ¶ 2, Exh. A.) Also on April 7, 2011, Haas served Amended Initial Disclosures. (*Id.*,¶ 3, Exh. B.) On April 15, 2011, Haas served his Second Amended Initial Disclosures. (*Id.*,¶ 4, Exh. C.) In these Disclosures, Haas stated that he was seeking "$30,000 estimated defense costs paid in *Levine*." (*Id.* at p. 6:25.)

Neither Haas' Initial Disclosure nor his Amended Disclosures provide a description of documents, such as attorney invoices, in his possession, custody, or control that may be used to support his claim that he incurred defense fees in the *Levine* action. (Silverstein, Dec. ¶ 2 - 4, Exhs. A-C.) While Haas had no duty to produce these documents absent a discovery request, they were nonetheless obligated to provide a description of the documents by category and location pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii). (*R&R Sails, Inc. v. Ins. Co. Of the Pa.*, 673 F.3d 1240, 1246-1247 (2012).)

In addition, ProBuilders requested these documents. On May 4, 2011, ProBuilders served a Request for Production of Documents (Set One) on Haas. (Silverstein, Dec. ¶ 5, Exh. D.) Request for Production No. 11, requested all documents identified in his Second Amended Initial Disclosures, and Request for Production No. 14, requested all documents supporting Haas' claim for damages. (*Id.*) On May 4, 2011, ProBuilders served Request for Interrogatories (Set One) on Haas. (*Id.* ¶ 6, Exh. E.). In Interrogatory Request No. 6, ProBuilders requested Haas to state all facts supporting his claim for damages against ProBuilders. (*Id.*) Haas' responses to both of these requests were inadequate.

On May 14, 2012, this Court ordered Haas to provide supplemental responses to ProBuilders' requests. (See concurrently filed Request for Judicial Notice ["RJN"], ¶ 1, [Docket No. 103].) On November 9, 2012, Haas served a supplemental response to ProBuilders Specialty Interrogatory No. 6. (Silverstein, Dec. ¶ 7, Exh. F.). This response does not mention any legal fees or legal bills. (*Id.*) On November 9, 2012, Haas served a supplemental response to ProBuilders' Request for Documents No. 11 and 14. (Silverstein, Dec. ¶ 8, Exhibit G.). In the supplemental responses, Haas states that the only documents which have not been produced were privileged documents relating to the legal representation of John Podesta for legal work he did prior to ProBuilders retaining him and Chip Cox for the instant coverage action. (*Id.*). Therefore, to date, Haas has not identified any documents that support his claim for defense fees. (*Id.* ¶ 9.)

In addition, in ProBuilders' Fourth Amended Deposition Notice of Haas, ProBuilders requested all documents identified in Haas' Second Amended Initial Disclosures, and all documents supporting Haas' claim for damages. (See concurrently filed Declaration of George D. Yaron ["Yaron,

Dec."], ¶ 2, Exh. A.) Yet, Haas did not provide any documents supporting his claim for defense fees at his deposition held on May 22, 2012 and June 19, 2012. (*Id.*)

Moreover, in Haas' deposition held on June 19, 2012, he was unable to state the amount of attorney fees he incurred in the *Levine* action or locate any documents that may support this claim. (Yaron, Dec., ¶ 3, Exh. B, Haas Deposition Transcript ["Haas Tr."], p. 256:3 - 257:16.) For example, Haas stated that he believed his defense costs in the *Levine* action were in the range of $5,000 to $10,000. (*Id.* at p. 256:23.) Further, when asked if he had any documents to support this amount Haas stated that, he did not know if he had this documentation. (*Id.*, at p. 256:23.)

In addition, in his Declaration in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment, filed on October 12, 2012, after the September 4, 2012 discovery cut-off date, Haas stated that "Once ProBuilders retained the Branson firm, David Strong assumed the lead in defending me. Mr. Strong's hourly fee was more than what ProBuilders would agree to pay and I was asked to pay $40.00 per hour for each hour of work provided by Mr. Strong in addition to the amount paid by ProBuilders for each hour of Mr. Strong's work." (RJN ¶ 2, at ¶ 8 [Docket No. 134].). Yet again, Haas does not state the total amount of attorney fees he paid in the *Levine* action nor does Haas identify any documents that support this claim.

The identification of documents related to Haas' defense fees he may have incurred in the *Levine* action are relevant because Haas has been vague as to what costs, if any, he may have actually paid. ProBuilders does not know if he seeks $30,000 as stated in his Second Amended Disclosures, $10,000 as stated in his deposition, or some other amount as stated in his Declaration in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment, or whether there is any corroborating evidence of the same.

Therefore, ProBuilders requests that this Court prevent Haas from providing any evidence or testimony regarding any alleged defense fees he incurred in the *Levine* action.

## IV. <u>HAAS' FAILURE TO DISCLOSE IS NOT HARMLESS OR SUBSTANTIALLY JUSTIFIED</u>

Fed. R. Civ. P. 37(c) allows for information to be introduced at trial even if a party fails to provide information or identify a witness required by Fed. R. Civ. P. 26(a) or 26(e), if the failure was

substantially justified or is harmless. Haas' failure to comply with Fed. R. Civ. P. 26(a) and 26(e) is not substantially justified nor is it harmless.

Haas has no excuse for why he has not identified any defense fees he incurred in the *Levine* action pursuant to Fed. R. Civ. P. 26(a) or 26(e). In the event that Haas identifies evidence that shows he paid some defense fees in the *Levine* action, before the upcoming trial, it is far too late. The lack of disclosure during the entire course of discovery, including at his deposition, or in advance of trial, is not harmless or substantially justified. Pursuant to Fed. R. Civ. P. 37(c), the sanction for such failure is preclusion of the evidence. As such, ProBuilders requests this Court to exclude any evidence or testimony that supports Haas' claim that he paid defense fees in the *Levine* action.

## V. EVIDENCE OF HAAS' DEFENSE FEES AND COSTS IS INADMISSABLE UNDER FED. R. EVID. 403

Fed. R. Evid. 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Any evidence of defense fees Haas incurred in the *Levine* action is unduly prejudicial to ProBuilders because this evidence would likely confuse and negatively prejudice the jurors in this case. ProBuilders' concerns are also heightened by the fact that its ability to rebut the his defense fees was hampered by Haas' failure to disclose these as exhibits as required by Fed. Civ. P. 26(a) and (e).

## VI. CONCLUSION

For these reasons, the Court should grant ProBuilders' Motion in Limine No. 3 and exclude evidence and testimony regarding any defense fees Haas' incurred in the *Levine* action.

Dated: October 4, 2013

YARON & ASSOCIATES

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

**CERTIFICATE OF SERVICE**

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 4, 2013**, I served the within:

**MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF DEFENDANT AND COUNTER-CLAIMANT, RONALD J. HAAS' DEFENSE FEES IN THE LEVINE ACTION**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 4, 2013**, at San Francisco, California.

**Michelle Sangalang**
msangalang@yaronlaw.com