GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,

Plaintiff,

v.

VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,

Defendants.

CASE NO.:5:10-CV-05533-EJD

**MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND TESTIMONY OF DEFENDANT AND COUNTER-CLAIMANT, R.J. HAAS' GENERAL DAMAGES [F.R.C.P 37(c) and F.R.E. 403]**

**Jury Trial:** November 12, 2013
**Time:** 9:00 a.m.
**Judge:** Edward J. Davila
**Courtroom:** 4

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders") understands that Defendants/Counter-Claimants R.J. Haas ("Haas"), and Ty and Karen Levine ("the Levines") seek $2.6 million in general damages. However, Haas has not disclosed in his Initial Disclosures, or any other discovery responses what these general damages consist of during the entire course of this action.

Therefore, ProBuilders seeks an Order precluding Haas from introducing any evidence or testimony concerning any general damages. This Order is being sought for the following reasons: (1) Haas failed to disclose a computation of general damages in his Initial Disclosures as required by Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Rule") 26; (2) Haas failed to identify a description by category and location of all documents in his possession, custody, or control that he may use to support his claim regarding general damages in the *Levine* action, as required by Rule 26; (3) Haas failed to identify these documents in his discovery responses; (4) Haas failed to identify these documents at his deposition; and (5) such evidence would be severely prejudicial to ProBuilders. Therefore, ProBuilders seeks to exclude any evidence or testimony regarding any alleged general damages.

This Motion is made on the grounds that such evidence should be excluded under Fed. R. Civ. P. 37(c), and inadmissible under Federal Rule of Evidence ("Fed. R. Evid.") 403.

## II. LEGAL ARGUMENT

### A. Fed. R. Civ. P. 26(a)

Fed. R. Civ. P. 26(a)(1)(A) requires a party to make certain initial disclosures to another party "without awaiting a discovery request." Pursuant to subsection 26(a)(1)(A)(ii), a party must provide "a copy – or a description by category and location – of all documents ... that the disclosing party has in its possession, custody, or control and may use to support its claims." Pursuant to subsection 26(a)(1)(A)(iii), a party must provide "a computation of each category of damages claimed" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." The Advisory Committee Note to Fed. R. Civ. P. 26 describes this last requirement as "the functional equivalent of a standing Request for Production under Rule 34." (Fed. R. Civ. P. 26 Advisory

Committee's Note to 1993 Amendments [explaining that, "a party claiming damages or other monetary relief must ... make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34."].)

**B. Fed. R. Civ. P. 26(e)**

Pursuant to Fed. R. Civ. P. 26(e)(1)(A), the disclosing party must "supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." (Fed. R. Civ. P. 26(e)(1)(A). ) "A major purpose" of the initial disclosure requirements "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." (Fed. R. Civ. P. 26 Advisory Committee's Note to 1993 Amendments.)

**C. Fed. R. Civ. P. 37(c)**

Pursuant to Fed. R. Civ. P. 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." (Fed. R. Civ. P. 37(c)(1).) The Advisory Committee Notes describe Fed. R. Civ. P. 37(c)(1) as a "self-executing," and "automatic" sanction to "provide strong inducement for disclosure of material . . . ." (Fed. R. Civ. P. 37 Advisory Committee's Note (1993); See also *Yeti by Molly, Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1006 (9th Cir. 2001) [citing Rule 37 Advisory Committee's Notes (1993)]. The burden is on the party facing sanctions to prove harmlessness. (*Id.* at 1106.) Further, the Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." (*Id.*)

**III. HAAS' INITIAL DISCLOSURES DID NOT COMPLY WITH FED. R. CIV. P. 26(a) AND 26(e)**

Haas' Initial Disclosures were served on April 7, 2011. (See Declaration of James I. Silverstein ["Silverstein Dec."] in support of ProBuilders' Motion in Limine No. 2, ¶ 2, Exh. A.) Also on April 7, 2011, Haas served Amended Initial Disclosures. (*Id.*,¶ 3, Exh. B.) On April 15, 2011, Haas served his Second Amended Initial Disclosures. (*Id.*,¶ 4, Exh. C.). Haas' Second Amended Initial Disclosures stated that he was seeking the following damages:

## III. DAMAGES

> Haas has or anticipates he will incur the following damages that he seeks from counterclaim defendants:
>
> $1,989, 649.97 Judgment in *Levine*
>
> $30,000.00 estimated defense costs paid in *Levine*[1]
>
> $10,000.00 estimated expenses incurred to obtain coverage from ProBuilders[2]
>
> Haas will incur an unknown additional amount of defense costs incurred to appeal the judgment in *Levine*.
>
> Haas will also incur an unknown additional amount of fees and expenses to obtain coverage from ProBuilders in this action.[3] (*Id.* at p. 6-7.)

Haas Second Amended Initial Disclosures does not list a computation of general damages, which would amount to $2.6 million, as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). In fact, none of Haas' Initial Disclosures mention any general damages. While Haas had no duty to produce documents in support of these damages absent a discovery request, they were nonetheless obligated to provide a description of the documents by category and location pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii). (*R&R Sails, Inc. v. Ins. Co. Of the Pa.*, 673 F.3d 1240, 1246-1247 (2012).)

In addition, ProBuilders requested relevant documents. On May 4, 2011, ProBuilders served a Request for Production of Documents (Set One) on Haas. (Silverstein, Dec. ¶ 5, Exh. D.) Request for Production No. 11, requested all documents identified in his Second Amended Initial Disclosures, and Request for Production No. 14, requested all documents supporting Haas' claim for damages. (*Id.*) On May 4, 2011, ProBuilders served Request for Interrogatories (Set One) on Haas. (*Id.* ¶ 6, Exh. E.). Interrogatory Request No. 6, ProBuilders requested Haas to state all facts supporting his claim for damages against ProBuilders. (*Id.*) Haas' responses to both of these requests were inadequate.

---

1/ See ProBuilders' Motion in Limine No. 3 to Exclude Evidence of Haas' Defense Fees in the *Levine* Action.

2/ See ProBuilders' Motion in Limine No. 2 to Exclude Evidence of Haas' *Brandt* Fees.

3/ *Id.*

On May 14, 2012, this Court ordered Haas to provide supplemental responses to ProBuilders' requests. (See Request for Judicial Notice ["RJN"] in support of ProBuilders' Motion in Limine No. 2 ¶ 1, (Docket No. 103).) On November 9, 2012, Haas served a supplemental response to ProBuilders Speciality Interrogatory No. 6. (Silverstein, Dec. ¶ 7, Exh. F.). This response does not mention any general damages. (*Id.*) On November 9, 2012, Haas served a supplemental response to ProBuilders' Request for Documents No. 11 and 14. (Silverstein, Dec. ¶ 8, Exhibit G.). In the supplemental responses, Haas states that the only documents which have not been produced were privileged documents relating to the legal representation of John Podesta for legal work he did prior to ProBuilders retaining him and Chip Cox for the instant coverage action. (*Id.*). Therefore, to date, Haas has not identified any documents that support his claim for general damages. (*Id.* ¶ 9.)

In addition, ProBuilders' Fourth Amended Deposition Notice of Haas, ProBuilders requested all documents identified in Haas' Second Amended Initial Disclosures, and all documents supporting Haas' claim for damages. (See concurrently filed Declaration of George D. Yaron ["Yaron, Dec."] in Support of ProBuilders' Motion in Limine No. 3, ¶ 2, Exh. A.) Yet, Haas did not provide any documents supporting his claim for general damages at his deposition held on May 22, 2012 and June 19, 2012. (*Id.*)

In light of the above, and the fact that Haas never provided ProBuilders with a computation of his general damages, ProBuilders requests that this Court prevent Haas from providing any evidence or testimony regarding any alleged general damages pursuant to Fed. R. Civ. P. 37(c).

## IV. HAAS' FAILURE TO DISCLOSE IS NOT HARMLESS OR SUBSTANTIALLY JUSTIFIED

Fed. R. Civ. P. 37(c) allows for information to be introduced at trial even if a party fails to provide information or identify a witness required by Fed. R. Civ. P. 26(a) or 26(e), if the failure was substantially justified or is harmless. Haas' failure to comply with Fed. R. Civ. P. 26(a) and 26(e) is not substantially justified nor is it harmless.

Haas has no excuse for why he has not identified any general damages pursuant to Fed. R. Civ. P. 26(a) or 26(e). In the event that Haas identifies evidence that shows has suffered general damages, before the upcoming trial, it is far too late. The lack of disclosure during the entire course of discovery, including at his deposition, or in advance of trial is not harmless or substantially justified.

Pursuant to Fed. R. Civ. P. 37(c), the sanction for such failure is preclusion of the evidence. As such, ProBuilders requests this Court to exclude any evidence or testimony that supports Haas' claim that he suffered $2.6 million in general damages.

## V. EVIDENCE OF HAAS' DEFENSE FEES AND COSTS IS INADMISSABLE UNDER FED. R. EVID. 403

Fed. R. Evid. 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Any evidence of general damages Haas may be entitled to recover is unduly prejudicial to ProBuilders because this evidence would likely confuse and negatively prejudice the jurors in this case. ProBuilders' concerns are also heightened by the fact that its ability to rebut $2.6 million in general damages was hampered by Haas' failure to disclose general damages as required by Fed. Civ. P. 26(a) and (e).

## VI. CONCLUSION

For these reasons, the Court should grant ProBuilders' Motion in Limine No. 4 and exclude evidence and testimony regarding any of Haas' alleged general damages.

Dated: October 4, 2013

YARON & ASSOCIATES

[signature]

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 4, 2013**, I served the within:

**MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND TESTIMONY OF DEFENDANT AND COUNTER-CLAIMANT, R.J. HAAS' GENERAL DAMAGES**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 4, 2013**, at San Francisco, California.

**Michelle Sangalang**
msangalang@yaronlaw.com