GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants. | CASE NO.:5:10-CV-05533-EJD<br><br>**MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF DEFENDANTS AND COUNTER-CLAIMANTS, TY AND KAREN LEVINES' TESTIMONY OR EVIDENCE REGARDING GENERAL DAMAGES AND LOSS OF EARNINGS [F.R.C.P 37(c) and F.R.E. 403]**<br><br>**Jury Trial:** November 12, 2013<br>**Time:** 9:00 a.m.<br>**Judge:** Edward J. Davila<br>**Courtroom:** 4 |

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders") understands that Defendants/Counter-Claimants R.J. Haas ("Haas"), and Ty and Karen Levine ("the Levines") seek $2.6 million in general damages.

After the close of discovery in this action[1], Ty and Karen Levine were deposed on September 24, 2012. In Ty Levine's deposition, Mr. Levine believed that ProBuilders actions in the case captioned *Ty Levine v. R.J. Haas et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("the *Levine* action"), and the instant action attributed to his emotional distress. (See concurrently filed Declaration of James Silverstein ["Silverstein Dec."], ¶ 2, Exh. A, Ty Levine Deposition Transcript ["T. Levine Tr."] at 22:12 - 21, 26:6 - 12, 39:20 - 23, 62:7 - 9, and 65:6 - 13.) In addition, Mr. Levine also mentioned ,in his deposition, that the *Levine* action and the instant action caused him to lose business opportunities, as well as lose earnings. (*Id.* at 58:5 - 59:12, and 65:6 - 13.)

In addition, in Karen Levine's deposition, Ms. Levine stated that the actions of ProBuilders, in the *Levine* action, caused her emotional distress. (*Id.*, ¶ 3, Exh. B, Karen Levine Deposition Transcript ["K. Levine Tr."] at 25:7 -13.) Ms. Levine also alleged that ProBuilders caused a reduction in her income as well. (*Id.* at 15:20 - 22; 18:13 -18, and 22:2 - 19.) This deposition testimony was the first time the Levines ever mentioned emotional distress and lost earnings damages.

Therefore, ProBuilders seeks an Order precluding the Levines from introducing any evidence or testimony concerning any (1) general damages, including, but not limited to emotional distress damages, and (2) lost earnings. This Order is being sought for the following reasons: (1) the Levines did not seek these damages in their Counterclaim; (2) the Levines failed to disclose these damages in their Initial Disclosures; (3) the Levines failed to disclose these damages in their discovery responses; and (4) such evidence would be severely prejudicial to ProBuilders.

This Motion is made on the grounds that such evidence should be excluded under Fed. R. Civ. P. 37(c), and inadmissible under Fed. R. Evid. 403.

---

[1]/Discovery was closed on September 4, 2012. (See concurrently filed Request for Judicial Notice ("RJN"), ¶ 1 (Docket No. 100).)

## II. LEGAL ARGUMENT

### A. Fed. R. Civ. P. 8(a)(3)

Pursuant to Fed. R. Civ. P. 8(a)(3), "a pleading that states a claim for relief must contain a demand for the relief sought, which may include relief in the alternative or different types of relief." Rule 8(a)(3) requires a claimant to identify the type of relief they seek. (See *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1098 (9th Cir. 2001).)

Here, there is no mention of general damages, including emotional distress, and lost earning damages in the Levines' Counterclaim. (RJN, ¶ 2 (Docket No. 53). This fact alone should preclude the Levines from testifying regarding any general damages, including emotional distress, and lost earnings that may have resulted from the *Levine* action or the instant action. However, as further explained below, the Levines also did not disclose these damages in their Initial Disclosures or discovery responses.

### B. Fed. R. Civ. P. 26(a)

Fed. R. Civ. P. 26(a)(1)(A) requires a party to make certain Initial Disclosures to another party "without awaiting a discovery request." Pursuant to subsection 26(a)(1)(A)(ii), a party must provide "a copy – or a description by category and location – of all documents ... that the disclosing party has in its possession, custody, or control and may use to support its claims." Pursuant to subsection 26(a)(1)(A)(iii), a party must provide "a computation of each category of damages claimed" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." The advisory committee note to Fed. R. Civ. P. 26 describes this last requirement as "the functional equivalent of a standing Request for Production under Rule 34." (Fed. R. Civ. P. 26 Advisory Committee's Note to 1993 Amendments [explaining that, "a party claiming damages or other monetary relief must ... make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34."].)

### C. Fed. R. Civ. P. 26(e)

Pursuant to Fed. R. Civ. P. 26(e)(1)(A), the disclosing party must "supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the

disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." (Fed. R. Civ. P. 26(e)(1)(A). ) "A major purpose" of the Initial Disclosure requirements "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." (Fed. R. Civ. P. 26 Advisory Committee's Note to 1993 Amendments.)

**D. Fed. R. Civ. P. 37(c)**

Pursuant to Fed. R. Civ. P. 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." (Fed. R. Civ. P. 37(c)(1).) The Advisory Committee Notes describe Fed. R. Civ. P. 37(c)(1) as a "self-executing," and "automatic" sanction to "provide strong inducement for disclosure of material . . . ." (Fed. R. Civ. P. 37 Advisory Committee's Note (1993); See also *Yeti by Molly, Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1006 (9th Cir. 2001) [citing Rule 37 Advisory Committee's Notes (1993)].) The burden is on the party facing sanctions to prove harmlessness. (*Id.* at 1106.) Further, the Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." (*Id.*)

**III. THE LEVINES INITIAL DISCLOSURES DID NOT COMPLY WITH FED. R. CIV. P. 26(a) and 26(e)**

The Levines' Initial Disclosures were served on April 7, 2011. (Silverstein Dec. ¶ 4, Exh. C.) The Levines did not serve any Supplemental Disclosures pursuant to Fed. R. Civ. P. 26(e). In the Levines' Initial Disclosures, they supplied a computation of damages, costs and fees, which stated the following:

> **III. DAMAGES**
>
> DEFENDANTS contend that the judgment obtained by them against R.J. Haas Corp. and Ronald J. Haas Sr. should be covered in full or in part by ProBuilders Speciality Insurance. That judgment includes damages, costs and fees as follows:

| | |
|---|---|
| Underlying Judgment | $1,470, 858.78 |
| Attorney Fees | $465,766.58 |
| Costs 2/25/2011 | $14,174.10 |

| | |
|---|---|
| Costs 12/3/2010 | $38,850.51 |
| | $1,989,649.97 |

> DEFENDANTS further contend that additional fees and costs will be accrued in their efforts to defend against the appeals from the underlying case Levine v. R.J. Haas Corp., Santa Clara Superior Court Case No. 107CV081016 filed by Ronald J. Haas, Sr.
>
> DEFENDANTS contend that additional fees and costs will be accrued in their efforts to defend against this action filed by ProBuilders. (*Id.* at p. 3)

The Levines' Initial Disclosures do not list any general damages, which would amount to $2.6 million. In addition, the above computation did not allege any damages regarding emotional distress or lost earnings. Nor did the Levines provide a description of documents in support of an emotional distress claim, lost earnings, or general damages pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii). In addition, in ProBuilders' Interrogatory No. 9 propounded on the Levines, it requested, in part, that the Levines describe in detail, "all damages YOU seek to recover in the instant action." (Silverstein Dec. ¶ 5 & 6, Exhs. D & E.) In response, the Levines only sought the amount of the judgment in the *Levine* action, and did not disclose any emotional distress damages, lost earnings, or any other general damages. (*Id.*)

Moreover, the first time the Levines mentioned any alleged emotional distress or lost earnings was during their depositions, which were taken after discovery closed. Therefore, ProBuilders requests that this Court preclude the Levines from providing any evidence or testimony regarding any alleged (1) general damages, including, but not limited to, emotional distress damages, and (2) lost earnings the Levines contend that they may have suffered as a result of ProBuilders' actions, in the *Levine* action, or in the instant action.

## IV. THE LEVINES' FAILURE TO DISCLOSE IS NOT HARMLESS OR SUBSTANTIALLY JUSTIFIED

Fed. R. Civ. P. 37(c) allows for information to be introduced at trial even if a party fails to provide information or identify a witness required by Fed. R. Civ. P. 26(a) or 26(e), if the failure was substantially justified or is harmless. Levines' failure to comply with Fed. R. Civ. P. 26(a) and 26(e) is not substantially justified nor is it harmless.

The Levines have no excuse for why they did not disclose any general damages or loss of earning damages that they were seeking pursuant to Fed. R. Civ. P. 26(a) or 26(e). In the event that

the Levines identify evidence that shows how they calculated $2.6 million in general damages, such as medical bills for their emotional distress, or evidence of lost earnings, it is far too late. The lack of disclosure during the entire course of discovery or in advance of trial is not harmless or substantially justified. Pursuant to Fed. R. Civ. P. 37(c), the sanction for such failure is preclusion of the evidence. As such, ProBuilders requests this Court to exclude any evidence or testimony regarding (1) general damages, including, but not limited to, emotional distress damages, and (2) lost earnings, that the Levines contend they have suffered as a result of ProBuilders' actions in the *Levine* action or the instant action.

## V. GENERAL DAMAGES AND LOSS OF EARNINGS EVIDENCE AND TESTIMONY IS INADMISSABLE UNDER FED. R. EVID. 403

Fed. R. Evid. 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Any evidence or testimony regarding any alleged emotional distress that the Levines contend that they may have suffered is unduly prejudicial to ProBuilders because any emotional distress evidence or testimony would likely confuse and negatively prejudice the jurors in this case. The same is true for any evidence or testimony describing any lost earnings the Levines contend they may have suffered due to the *Levine* action or the instant action. ProBuilders' concerns are also heightened by the fact that the Levines never sought emotional distress damages or lost earnings in their Counterclaim, Initial Disclosures, or discovery responses.

//

//

//

//

//

//

//

## VI. CONCLUSION

For these reasons, the Court should grant ProBuilders' Motion in Limine No. 5 and exclude the evidence and testimony regarding any alleged (1) general damages, including, but not limited to, emotional distress damages, and (2) lost earnings, that the Levines contend they may have suffered as a result of ProBuilders' actions.

Dated: October 4, 2013

YARON & ASSOCIATES

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 4, 2013**, I served the within:

**MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF DEFENDANTS AND COUNTER-CLAIMANTS, TY AND KAREN LEVINES' TESTIMONY OR EVIDENCE REGARDING GENERAL DAMAGES AND LOSS OF EARNINGS**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 4, 2013**, at San Francisco, California.

**Michelle Sangalang**
msangalang@yaronlaw.com