GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants. | CASE NO.:5:10-CV-05533-EJD<br><br>**MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY REGARDING WHETHER THE OUTCOME OF THE LEVINE ACTION WOULD HAVE BEEN DIFFERENT HAD THE RESCISSION ACTION BEEN FILED EARLIER [F.R.E. 701]**<br><br>**Jury Trial:** November 12, 2013<br>**Time:** 9:00 a.m.<br>**Judge:** Edward J. Davila<br>**Courtroom:** 4 |

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby moves for an Order precluding Defendants/Counter-Claimants R.J. Haas ("Haas"), and Ty and Karen Levine ("the Levines") from offering at trial any evidence or testimony concerning if Haas and/or the Levines had known about ProBuilders' intent to rescind the ProBuilders policy earlier or had filed its rescission action earlier, than the outcome in the case captioned *Ty Levine v. R.J. Haas et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("the *Levine* action") would have been more beneficial to Defendants, including a more favorable judgment.

ProBuilders understands that the Defendants may argue that had they known about the rescission earlier then, they would have handled the litigation of the *Levine* action, settlement negotiations, and offers to compromise in a different manner, such that the result would have been more beneficial to the Defendants. Moreover, ProBuilders understands that the Defendants may also argue that the judgment would have been more favorable to them if they had known about the rescission claim.

However, such testimony either by Haas, the Levines, or their attorneys in the *Levine* action is speculative lay opinion testimony under Federal Rule of Evidence ("Fed. R. Evid.") 701. Moreover, Defendants have not disclosed an expert regarding this issue pursuant to Fed. R. Evid. 702.

## II. LEGAL ARGUMENT

### A. Fed. R. Evid. 701(b)

Fed. R. Evid. 701 states:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

"Lay opinions are not helpful when the jury can readily draw the necessary inferences and conclusions without the aid of the opinion." (*Lynch v. City of Boston*, 180 F.3d 1, 17 (1st Cir. 1999).

In addition, "[i]t is necessary that a lay witness's 'opinions are based upon . . . direct perception of the event, are not speculative, and are helpful to the determination' of factual issues before the jury." (*United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007) [citing to *United States v. De Peri*, 778 F.2d 963, 977 (3rd Cir. 2007).]; *Hester v. BIC Corp.*, 225 F.3d 178, 182 (2nd Cir. 2000) [lay opinion related to employer's motivation for adverse employment decision barred as "naked speculation."].

Thus, any testimony by Defendants regarding whether they would have settled or litigated the *Levine* action differently or obtained a more favorable trial judgment is speculation and not based on facts. There are no facts that Defendants can testify to with regard to whether or not they would have settled the *Levine* action, had a different litigation strategy, or obtained a different judgment had ProBuilders notified Defendants about their intent to file a rescission action before the *Levine* action concluded.

**B. <u>Fed. R. Evid. 701(c)</u>**

In addition, a lay person cannot testify regarding hypothetical questions. "Unlike a lay witness under Rule 701, an expert can answer hypothetical questions and offer opinions not based on first-hand knowledge because his opinions presumably 'will have a reliable basis in the knowledge and experience of his discipline.'" (*Certain Underwriters at Lloyd's, London v. Sinkovich, 232 F.3d 200, 204-205* (4th Cir. 2000) [citing to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993).]

Fed. R. Evid. 701's Advisory Committee Note states:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. [Citation omitted.] By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 and Fed.R.Crim.P. 16 by simply calling an expert witness in the guise of a layperson. (Fed. R. Evid. 701, Advisory Committee Note (2000).)

Here, Defendants did not offer any experts in their Fed. R. Civ. P. 26 Disclosures regarding (1) whether Defendants would have acted differently in the *Levine* action had they known about ProBuilders' intention of filing a rescission action, and (2) whether the Defendants would have obtained a more favorable judgment in the *Levine* action had they know about ProBuilders' claim for rescission. Moreover, ProBuilders understands that Defendants' attorneys, in the *Levine* action, may testify regarding their litigation strategy, whether the *Levine* action should have been settled, and whether the judgment would have been different. However, Defendants' attorneys, in the *Levine* action, are not listed as experts in their Fed. R. Civ. P. 26 Disclosures, so they cannot testify regarding these hypotheticals. Moreover, even if Defendants had disclosed an expert, the expert's opinion could not be based on "subjective belief or unsupported speculation." (*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993).) Thus, even if Defendants' attorneys could testify regarding these hypotheticals as an expert under Fed. R. Evid. 703, the testimony would still be based on unsupported speculation and not facts.

## III. CONCLUSION

For these reasons, the Court should grant ProBuilders' Motion in Limine No. 6 and exclude any evidence and testimony regarding whether there would have been a more beneficial outcome in the *Levine* action, including a more favorable judgment, had ProBuilders filed its rescission action before the *Levine* action had concluded or if ProBuilders had notified Defendants about its rescission claim.

Dated: October 4, 2013

YARON & ASSOCIATES

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 4, 2013**, I served the within:

**MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY REGARDING WHETHER THE OUTCOME OF THE LEVINE ACTION WOULD HAVE BEEN DIFFERENT HAD THE RESCISSION ACTION BEEN FILED EARLIER**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

☒ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 4, 2013**, at San Francisco, California.

[signature]

**Michelle Sangalang**
msangalang@yaronlaw.com