GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,

Plaintiff,

v.

VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,

Defendants.

CASE NO.:5:10-CV-05533-EJD

**MOTION IN LIMINE NO. 7 TO EXCLUDE TESTIMONY AND EVIDENCE REGARDING THE ADEQUACY OF THE DEFENSE PROVIDED BY PLAINTIFF**

**Jury Trial:** November 12, 2013
**Time:** 9:00 a.m.
**Judge:** Edward J. Davila
**Courtroom:** 4

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby moves for an Order, pursuant to Federal Rules of Civil Procedure ("FRCP") 26(A)(2), FRCP 37, and Federal Rules of Evidence Rule 701, excluding any testimony and evidence that ProBuilders provided an inadequate defense. ProBuilders understands that, in part, Defendants contend that ProBuilders acted in bad faith by failing to provide R.J. Haas and R.J. Haas Corporation with an adequate defense against the case captioned *Ty Levine v. R.J. Haas et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("the *Levine* action"). ProBuilders contends that Defendants should be precluded from introducing any testimony and evidence concerning the adequacy of the defense provided by ProBuilders, because Defendants have failed to disclose any expert to testify concerning this issue, and any testimony from Defendants is speculative lay opinion and is therefore irrelevant.

R.J. Haas did not disclose any experts. (See the concurrently filed Declaration of George D. Yaron ["Yaron Dec." at paragraph 2.]) Ty and Karen Levine disclosed two rebuttal experts, David A. Reilly and Jon W. Challoner concerning insurance claims handling. (Yaron Dec. at paragraph 3, and Exhibit A attached thereto.) The Levines have since withdrawn Mr. Challoner as their rebuttal claims handling expert. (Yaron Dec. at paragraph 4.) ProBuilders did not disclose any attorneys as experts in the instant action, and has not disclosed any expert to testify concerning the adequacy of the defense ProBuilders provided R.J. Haas and R.J. Haas Corporation in the *Levine* action. (Yaron Dec. at paragraph 5 and Exhibit B attached thereto.)

FRCP 26(a)(2)(A) required that Defendants disclose to ProBuilders the identity of any witness they may use to provide expert testimony. At a minium, even if the witness that is providing expert testimony is not required to provide a written report, the party utilizing that witness must disclose (a) the subject matter on which the witness is expected to testify, and (b) a summary of the facts and opinions to which the witness is expected to testify. (FRCP 26(a)(2)(C).) Additionally, such testimony by Defendants in the *Levine* action is speculative lay opinion testimony under Federal Rule of Evidence ("Fed. R. Evid.") 701. Given that Defendants failed to disclose an attorney as an expert, they cannot introduce any expert testimony, including the testimony of their counsel, concerning the

alleged inadequate defense ProBuilders provided R.J. Haas and R.J. Haas Corp. against the *Levine* action. Moreover, such testimony is irrelevant, because they cannot demonstrate that a different defense would have resulted in a better trial result for Mr. Haas.

## II. LEGAL ARGUMENT

### A. FRCP 26 and FRCP 37 Preclude the Introduction of Expert Testimony Concerning Any Assertion that ProBuilders Provided an Inadequate Defense

California law holds that "[e]xpert testimony is admissible to establish the standard of care applicable to a lawyer in the performance of the work for which he was engaged by the client, and to establish whether he has performed to the standard. Where the failure of attorney performance is so clear that a trier of fact may find professional negligence unassisted by expert testimony, then expert testimony is not required." (*Wilkinson v. Rives,* 116 Cal.App.3d 641, 647-648 (1981).)

FRCP 26(a)(2)(A) provides:

> *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. [Emphasis added.]

Fed. R. Evid. 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Moreover, FRCP 26(a)(2)(C) provides:

> *Witnesses Who Do Not Provide a Written Report.*[1] Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

---

[1] Under FRCP26(a)(2)(B), a written report is required from a witness ". . . if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony".

> (i) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703[2], or 705[3]; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify. [Emphasis added.]

In addition, FRCP 37(c)(1),in part, provides:

> ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.

Since Defendants failed to disclose any expert regarding the adequacy of the defense provided by ProBuilders, no expert testimony should be permitted on this issue. (See also *White v. Howmedica, Inc.*, 490 F.3d 1014, 1016 (8th Cir. 2007), where the Court excluded expert testimony, because the expert was not timely disclosed.) Moreover, Defendants' failure to disclose an expert regarding the adequacy of the defense is not harmless. If the Court permitted such testimony, ProBuilders would be harmed, because, given Defendants' failure to disclose such an expert, ProBuilders has not disclosed a rebuttal expert. Therefore, Defendants cannot have their counsel testify about the adequacy of ProBuilders' defense

**B. <u>Testimony by Defendants Concerning any Assertion that ProBuilders Provided an Inadequate Defense is Speculative Lay Opinion and Precluded by Fed. R. Evid. 701</u>**

Fed. R. Evid. 701 states:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

"Lay opinions are not helpful when the jury can readily draw the necessary inferences and conclusions without the aid of the opinion." (*Lynch v. City of Boston*, 180 F.3d 1, 17 (1st Cir. 1999).

In addition, "[i]t is necessary that a lay witness's 'opinions are based upon . . . direct

---

[2]Rule 703 concerns the bases of an expert's opinion testimony.

[3]Rule 705 concerns the disclosing of the facts or date underlying an expert's opinion.

perception of the event, are not speculative, and are helpful to the determination' of factual issues before the jury." (*United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007) [citing to *United States v. De Peri*, 778 F.2d 963, 977 (3rd Cir. 2007).]; *Hester v. BIC Corp.*, 225 F.3d 178, 182 (2nd Cir. 2000) [lay opinion related to employer's motivation for adverse employment decision barred as "naked speculation."].

Thus, any testimony by Defendants regarding whether ProBuilders provided an inadequate defense in the *Levine* action is speculation and not based on facts. Moreover, such testimony is irrelevant, because Defendants cannot demonstrate that a different defense would have resulted in a better trial result for Mr. Haas. Such testimony would be pure speculation.

## III. CONCLUSION

For these reasons, the Court should grant Defendants' Motion in Limine No. 7 and preclude the introduction of any expert testimony or testimony from Defendants regarding the adequacy of the defense ProBuilders provided R.J. Haas Corp. and R.J. Haas against the *Levine* action.

YARON & ASSOCIATES

Dated: October 4, 2013

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 4, 2013**, I served the within:

**MOTION IN LIMINE NO. 7 TO EXCLUDE TESTIMONY AND EVIDENCE REGARDING THE ADEQUACY OF THE DEFENSE PROVIDED BY PLAINTIFF**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 4, 2013**, at San Francisco, California.

**Michelle Sangalang**
msangalang@yaronlaw.com