GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants. | CASE NO.:5:10-CV-05533-EJD<br><br>**MOTION IN LIMINE NO. 8 TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING *SCHAEFER V. ELDER*, 217 CAL.APP.4TH 1 (2013) [FRE 403]**<br><br>**Jury Trial:** November 12, 2013<br>**Time:** 9:00 a.m.<br>**Judge:** Edward J. Davila<br>**Courtroom:** 4 |

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby moves for an Order precluding Defendants/Counter-Claimants R.J. Haas ("Haas"), and Ty and Karen Levine ("the Levines") from offering at trial any evidence and testimony regarding whether ProBuilders was required to provide *Cumis* counsel to Haas in the case captioned *Ty Levine v. R.J. Haas et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("the *Levine* action"), pursuant to *Schaefer v. Elder*, 217 Cal. App. 4th 1 (2013). Under California Code of Civil Procedure Section 2860, an insured may be permitted to retain independent counsel or "*Cumis* counsel" at the insurer's expense, if defense counsel's ability to represent the interests of both the insured and the insurer is ethically impaired by a conflict of interest between the interest of the insured and the insurer, created by an insurer's reservation of rights to disclaim coverage on a particular ground, and the outcome of such a coverage defense can be controlled by defense counsel retained by the insured.

ProBuilders understands that Haas will argue, in support of their Breach of Contract / Duty to Defend claim, that ProBuilders' reservation of rights letters triggered a duty on the part of ProBuilders to appoint *Cumis* counsel. ProBuilders seeks an Order limiting any *Cumis* counsel evidence and testimony on the grounds that such testimony is not relevant and unfairly prejudicial under Federal Rules of Evidence ("Fed. R. Evid.") 402 and 403 because the case Defendants have relied on in support of their *Cumis* argument, *Schaefer v. Elder*, 217 Cal. App. 4th 1 (2013), was depublished by the California Supreme Court on September 25, 2013, and therefore is not applicable precedent.

## II. LEGAL ARGUMENT

### A. Defendants Cannot Rely on *Schaefer v. Elder*

In *Schaefer v. Elder*, 217 Cal. App. 4th 1 (2013), the Court held that contractor's special condition endorsement, similar to the one contained in the ProBuilders policy at issue, created a conflict of interest which potentially triggered a *Cumis* counsel obligation.[1] (*Id.* at 12-13.)

---

[1]/The Contractors Special Condition Endorsement states the following:

> As a condition precedent to this policy applying to any claim in whole or in part based upon the work performed by independent contractors, the insured must have prior to the date of the loss giving rise to the claim:

However, on September 25, 2013, the California Supreme Court ordered *Schaefer v. Elder* depublished under Cal. Rules of Court 8.1125(c)(1). (*Schaefer v. Elder*, 2013 Cal. LEXIS 7916.) Under California law, a case that is not certified for publication cannot be cited or relied on by a court or a party in any other action unless the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel; or when the opinion is relevant to a criminal or disciplinary action because it states reasons for a decision affecting the same defendant or respondent in another such action. (Cal. Rules of Court 8.1115(a) and (b).) "The California Supreme Court may "depublish" a court of appeal opinion--i.e., strip a published decision of its precedential effect." (*Hart v. Massanari*, 266 F.3d 1155, 1174, fn. 30 [analyzing California's prior statute Cal. R. Ct. 976(c)(2)].) In addition, the U.S. District Court for the Northern District of California declared that the California Rules of Court "prohibit attorneys and litigants from citing to unpublished opinions as legal authority or as precedent." (*Lifschitz v. George*, 2011 U.S. Dist. LEXIS 8505* 21 (N.D. Cal. 2011) [holding that California's citability and publication rules do not violate the First Amendment right to free speech.].)

## III. EVIDENCE AND TESTIMONY REGARDING *SCHAEFER V. ELDER* IS INADMISSABLE UNDER FED. R. EVID. 403

Fed. R. Evid. 403 provides that relevant evidence may be excluded "it its probative value is substantially outweighed by a danger of one or more the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

---

(1) Received a written indemnity agreement from the independent contractor holding the insured harmless for all liabilities, including costs of defense, arising from the work of the independent contractors; and

(2) Obtained certificates of insurance from the independent contractor indicating that the insured is named as an additional insured and that coverage is maintained equal to or greater than provided by this policy with limits of at least $1,000,000 per occurrence.

(3) The insured has maintained the records evidencing compliance with subsections 1 and 2. (See the concurrently filed Request for Judicial Notice, ¶ 1 (Docket No. 48), which is Plaintiff's Second Amended Complaint, and includes, as an exhibit, the ProBuilders policy.)

Any evidence or testimony regarding whether ProBuilders was required to appoint *Cumis* counsel in the *Levine* action, pursuant to *Schaefer v. Elder*, would likely confuse the jury, prejudice ProBuilders, and be a waste of time because of the California Supreme Court's decision to depublish this case.

## IV. CONCLUSION

For these reasons, the Court should grant Defendants' Motion in Limine No. 8 and exclude any evidence or testimony concerning *Schaefer v. Elder*, 217 Cal. App. 4th 1 (2013), on the grounds that such testimony is not relevant under Fed. R. Evid. 402 and its probative value is substantially outweighed by potential prejudice under Fed. R. Evid. 403.

Dated: October 4, 2013

YARON & ASSOCIATES

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 4, 2013**, I served the within:

**MOTION IN LIMINE NO. 8 TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING *SCHAEFER V. ELDER*, 217 CAL.APP.4TH 1 (2013)**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 4, 2013**, at San Francisco, California.

**Michelle Sangalang**
msangalang@yaronlaw.com