GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,

Plaintiff,

v.

VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,

Defendants.

CASE NO.:5:10-CV-05533-EJD

**MOTION IN LIMINE NO. 9 TO CONSOLIDATE THE RESCISSION CAUSE OF ACTION WITH THE JURY TRIAL IN ORDER TO PROTECT PROBUILDERS' 7TH AMENDMENT RIGHT TO JURY TRIAL [F.R.C.P 42(a)]**

**Jury Trial:** November 12, 2013
**Time:** 9:00 a.m.
**Judge:** Edward J. Davila
**Courtroom:** 4

**Bench Trial:** December 17, 2013

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby moves for an Order to consolidate ProBuilders' rescission cause of action and/or its rescission affirmative defense with the jury trial.[1] This Motion is based on F.R.C.P. 42(a).

ProBuilders contends that trying the rescission claim, set for a bench trial on December 17, 2013, after the jury trial, which is set for November 12, 2013, will prejudice ProBuilders' Seventh Amendment right to a jury trial. ProBuilders requests the Court consolidate the bench trial with the jury trial on November 12, 2013. Trying all causes of action, including the rescission cause of action and the rescission affirmative defense, in front of the jury will ensure that ProBuilders' Seventh Amendment jury rights are not prejudiced, as many, if not all, of the factual issues pertinent to the rescission claim (equitable claim) are common to the factual issues in the breach of contract and bad faith causes of action (legal claims).

## I. STATEMENT OF FACTS

On December 21, 2010, ProBuilders filed a Complaint in the instant action. On July 12, 2011, ProBuilders' filed a Second Amended Complaint with the following causes of action: (1) declaratory relief - duty to defend/indemnity; (2) restitution / reimbursement of defense fees/ costs; (3) declaratory relief - rescission; and (4) restitution / reimbursement of defense fees and costs. [See concurrently filed Request for Judicial Notice, "RJN", No. 1.]

On March 8, 2011, Mr. Haas filed an Answer along with a Counterclaim, which included three causes of action: (1) breach of contract / duty to defend; (2) breach of contract / duty to indemnify; and (3) bad faith. [RJN, No. 2.] On August 1, 2011, the Levines also filed a Counterclaim for bad faith at the same time they filed their Answer. [RJN, No. 3.] On March 31 and August 22, 2011, ProBuilders filed its Answers to the Counterclaims, and demanded a jury trial at the same time. [RJN, No. 4 and 5.] ProBuilders' Answers contained several affirmative defenses, including rescission and that the duty to defend and indemnify are precluded by the terms and conditions of the ProBuilders policy at-issue. [*Id.*]

---

[1/] A claim for rescission can be tried in front of a jury. (See Judicial Council of California Civil Jury Instructions No. 2308 (2013).

## II. APPLICABLE LEGAL STANDARDS FOR RIGHT TO JURY TRIAL

Under the Seventh Amendment, the right to jury trial is "preserved" in "suits at common law". (See *Tull v. United States,* 481 U.S. 412, 417 (1987).) When a case involves mainly equitable issues, the right to jury trial still attaches to the legal issues. "It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case as a whole is equitable. As long as any legal cause is involved, the jury rights it creates control." (*Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 473, fn.8 (1962) [internal quotes and citation omitted.].)

Any essential factual issues that are central to both the equitable and the legal claims must first be tried to the jury. This procedure ensures that Seventh Amendment jury trial rights are not foreclosed on common factual issues. (*Granite State Ins. Co. v. Smart Modular Technologies, Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996). The right to a jury trial must not be impaired by the trial judge's prior adjudication of facts in connection with equitable issues. (*Beaumont Theaters, Inc. v. Westover,* 359 U.S. 500, 510 (1959.)

F.R.C.P. 42 provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> > (2) consolidate the actions; or
> > (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

"Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the the Constitution, courts should indulge every reasonable presumption against waiver." (*Pradier v. Elespuru,* 641 F.2d 808, 811 (9th Cir. 1981.) Federal Rule of Civil Procedure 38(b) provides that a party seeking to have a disputed issue tried before a jury must serve the other parties a written demand "which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served." The word "issue" as used in Rule 38(b), "means an issue of fact, and such an issue is not fully developed until all parties have denied, admitted or claimed a lack of knowledge as to

allegations relating thereto ... An issue of fact does not exist unless there is an allegation and a responsive denial [Citation omitted.]" (*Bentler v. Bank of America National Trust,* 959 F.2d 138, 141 (9th Cir. 1992).)

> [I]f one of the defendants files a counterclaim with its answer, and the counterclaim involves factual issues common to the plaintiff's original claim, then a jury demand is timely if served within 10 days after the plaintiff's reply or the last defendant's answer, whichever is later. (*Id.*, at 141, fn. 4.) [citing to Rule 38(b) before the 2009 Amended expanded the deadline to 14 days.]

In addition, there are a number of appellate decisions, "holding that where a defendant files with its answer a counterclaim that involves the same factual issues as the plaintiff's complaint, a plaintitff's jury demand served within 10 days of its reply is timely as to both the *counterclaim and the original claim.*" [Emphasis in original.] (*Id.* at 141.)

Here, ProBuilders' Answers asserted rescission as an affirmative defense to Defendants' Counterclaim, and demanded a jury in the same pleading. [RJN, No. 4 and 5.] The U.S. District Court for Northern District of California has affirmed this right.

> There is no dispute that St. Paul is permitted to raise rescission as an affirmative defense, and Atmel agrees that if St. Paul prevails on its affirmative defense, the policies are rendered void *ab initio*. Because a valid rescission voids a policy *ab initio*, and because both plaintiff's attempted enforcement of and defendant's attempted rescission of the policy are being decided in this one action, any preliminary declaration that the policies "are currently in effect" or that St. Paul is currently "in breach of its duties" would be inappropriate. "[R]escission is from the time the time the representation becomes false," (Ins. Code, § 359), and, of necessity, will avoid liability even on pending claims. . . . Thus, a rescission effectively renders the policy totally unenforceable from the outset so that there never was any coverage and no benefits are payable. [Citations omitted.] (*Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*, 416 F. Supp. 2d 802 at 807 (N.D. Cal. 2006).)[2]

Further, it is appropriate for ProBuilders to argue its rescission defense in front of a jury.

> St. Paul is free to argue to the jury that, because Atmel concealed and misrepresented material information when it applied for insurance, St. Paul is entitled to rescission, the policies are void *ab initio*, and that thus St. Paul had no duty to defend and did not act in bad faith.

---

[2/]Rescission is not the exclusive remedy of one who has become entitled to avoid a contract by reason of actions or omissions of the other party to it which are fraudulent in their nature. He may cancel the contract by its rescission; or he may seek affirmative relief in a court of equity for an injury sustained by the wrongful action or omission of the other; <u>or he may set up the fraud by way of defense to an action brought to enforce the apparent liability</u>. [Emphasis added.] (*California Reclamation Co. v. New Zealand Ins. Co.*, 23 Cal.App. 611, 615 (1913); see also *Campos v. State Compensation Insurance Fund,* 122 Cal.App.2d 519, 527 (1954).)

> Appropriately crafted jury instructions will allow the jury to decide the necessary facts. (*Id.*)

Here, Mr. Haas' Answer contained a Counterclaim, which included three causes of action: (1) breach of contract / duty to defend; (2) breach of contract / duty to indemnify; and (3) bad faith. [RJN, No. 2.] The Levines also filed a Counterclaim for bad faith liability at the same time they filed their Answer. [RJN, No. 3.] ProBuilders' Answers to these Counterclaims included several affirmative defenses including rescission and that the duty to defend and indemnify are precluded by the terms and conditions of the ProBuilders policy at issue. [RJN, No. 4 and 5.] ProBuilders' Answers also demanded a jury trial, which was in compliance with F.R.C.P. 38(b). [*Id.*] Thus, ProBuilders is entitled to a jury trial on its affirmative defense of rescission in defense of Defendants' legal counterclaims.

## III. COMMON FACTUAL ISSUES

### A. Common Factual Issues Exist With Regard to Whether the Policy Provides Indemnity Coverage for the *Levine* action

ProBuilders' rescission cause of action and affirmative defense are made on the grounds that material misrepresentations or concealments were made in the application for insurance. (Ins. Code §§ 331, 334, and 359.) Defendants argue that ProBuilders' rescission claim is barred by laches. The equitable doctrine of laches requires that: (1) there must be unreasonable delay on the part of Plaintiff asserting the claim; and (2) the Defendant must have been substantially prejudiced as a result of the delay. (Civil Code §§ 1691, 1693.) Defendants contend that they were prejudiced by ProBuilders' alleged delay in providing notice of its rescission action because if they had known of the possibility that coverage would be rescinded, their litigation and settlement strategy would have somehow been different.

To refute this contention, ProBuilders will prove that Mr. Haas did not suffer any prejudice as to his litigation or settlement strategy because the policy provides no indemnity coverage for the *Levine* action judgment. No indemnity coverage was ever owed, because the policy does not provide indemnity coverage for defective or incomplete work. In response, Defendants will contend the policy did provide indemnity coverage for the *Levine* action.

Therefore, in order to decide the indemnity issue, which bears on the "substantial prejudice"

issue, the trier of fact will need to decide numerous common issues of facts including[3]:

(1) The scope of R.J. Haas Corp.'s work on the Levines residence;
(2) The nature of the damage caused by R.J. Haas Corp.;
(3) Whether R.J. Haas Corp. had any employees, including whether Fonseca Construction (the framer) was a subcontractor or employee;
(4) Whether R.J. Haas Corp. obtained certificates of insurance and hold harmless agreements from its subcontractors that worked on the Levines residence; and
(5) The nature of damages caused by R.J. Haas Corp.'s subcontractors and/or employees.

These factual issues also overlap with ProBuilders' defenses to the counterclaims where it is alleged that ProBuilders refused reasonable settlement demands. ProBuilders contends that it properly declined to settle the *Levine* action and pay the judgment because the policy provided no indemnity coverage based on the exclusions in the policy – the identical argument ProBuilders is making to refute Defendants' laches defense, as noted above. Thus, the above factual issues with regard to whether any indemnity was owed for the *Levine* action are central to both the equitable (rescission) and the legal claims (breach of contract and bad faith), in which case the jury should decide these common issues in one consolidated action.

### B. <u>Common Factual Issues Exist With Regard to Mr. Haas' Responses on the Application for Insurance</u>

To support its rescission cause of action and affirmative defense, ProBuilders will show that R.J. Haas Corp. made false representations in the application for insurance as to the following questions:

17. Are subcontractors allowed to work without providing application with a certificate of insurance? – No

* * *

20. Does applicant allow any subcontractor to maintain coverage with more restrictive coverage than the applicant's? – No

21. Does or will applicant have a written contract with its subcontractors that include a hold harmless agreement relative to work performed by the subcontractors? – Yes

* * *

23. Is applicant named as an additional insured on its subcontractors insurance policies? – Yes

24. Does applicant carry workers' compensation for all employees? – Yes

---

[3] The Court's April 9, 2012, Order denying Plaintiff's Motion for Partial Summary Judgment stated: "As to the argument the policy does not cover any portion of the Levine judgment, questions of fact remain as to what portion of the underlying judgment, if any, is subject to an exclusion ... whether the framers were employees of Haas and whether any of Haas' defective work caused damage to the work of others." [RJN, No. 6, p. 5-6.]

Whether these representations were false also overlaps with ProBuilders' other defenses to the breach of contract claim, which is that Mr. Haas did not satisfy the conditions precedent contained in the policy. Specifically, ProBuilders contends that Mr. Haas' failure to accurately answer the application's questions constitutes a failure to satisfy Condition Precedent No. 11 of the ProBuilders policy, which states the following: "False, misleading, inaccurate, or incomplete statements may, at our discretion, void coverage or result in additional premium due." [RJN, No. 1, p. 19 of form RBG 0001]. Failure to satisfy Condition Precedent No. 11 of the policy is a material breach of contract by R.J. Haas Corp., which discharges any obligations to perform by ProBuilders under the ProBuilders policy.

In addition, ProBuilders also contends that the facts proving Mr. Haas' misrepresentations also constitute proof of the failure to satisfy the condition precedent in the ProBuilders' CSC Endorsement, which, in part, provides:

(1) failure to obtain written indemnity agreements and obtain certificates of insurance from independent contractors that worked on the Levines residence; and
(2) failure to maintain records evidencing compliance with the above.

Lastly, and most importantly, California law explicitly allows ProBuilders to assert rescission as an affirmative defense to an insured's legal claim for wrongful insurance practices. [See RJN, No. 4 and 5.]; *Resure v. Superior Court,* 42 Cal.App.4th 156, 162 (1996); See also Judicial Council of California Civil Jury Instructions No. 2308 (2013).)

Thus, consolidating the actions will enable the jury to determine the factual issues as to whether Mr. Haas made material misrepresentations on the application for insurance that impacts (1) whether Mr. Haas breached Condition No. 11; (2) whether Haas complied with the conditions precedent in the CSC Endorsement; and (3) ProBuilders' rescission affirmative defense to the legal Counterclaims.

### C. **Common Factual Issues Exist With Regard to Whether ProBuilders Provided a Proper Defense in the *Levine* action**

Defendants also contend that they were prejudiced by ProBuilders' alleged delay in providing notice of its filing of the rescission action, because ProBuilders did not adequately investigate the *Levine* action, and did not provide an adequate defense during the *Levine* action. Thus, the trier of fact would need to rule on numerous facts including:

(1) Whether ProBuilders failed to timely investigate the representations in the insurance application;
(2) Whether ProBuilders failed to pay for legal fees that it was obligated to pay; and
(3) Whether ProBuilders refused to allow counsel to properly prepare for trial.

These factual issues are common to the facts pertaining to Mr. Haas' Counterclaims for breach of contract and bad faith. For example, Defendants contend that the nature of the defense afforded by ProBuilders constituted a breach of duty to defend for several reasons including:

(1) Unlawfully and unreasonably exercising control over the defense;
(2) Failing to pay defense counsel; and
(3) Refusing to allow the defense counsel to engage in recommended activities.

In support of Defendants' bad faith cause of action, the Defendants contend that ProBuilders acted in bad faith because of many factors including, but not limited to:

(1) Failing to timely and thoroughly investigate and process Mr. Haas' claim;
(2) Failing to provide policy benefits between tender and its decision to defend;
(3) Committing practices to avoid payment of the claim through its unreasonable nonpayment of legal fees; and
(4) Unreasonably interfering with the legal defense of Mr. Haas and R.J. Haas Corp. by denying requests for authority to act and refusing recommendations made by legal counsel.

The above factual issues, with regard to whether ProBuilders acted in bad faith and breached its duty to defend, overlap with the factual issues pertaining to whether Defendants were prejudiced in support of Defendants' laches defense and ProBuilders' affirmative defense of rescission.

## IV. CONCLUSION

ProBuilders requests the Court to consolidate the rescission cause of action with the jury trial in order to ensure ProBuilders' 7th Amendment jury rights are not prejudiced.

YARON & ASSOCIATES

Dated: October 4, 2013

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 4, 2013**, I served the within:

**MOTION IN LIMINE NO. 9 TO CONSOLIDATE THE RESCISSION CAUSE OF ACTION WITH THE JURY TRIAL IN ORDER TO PROTECT PROBUILDERS' 7th AMENDMENT RIGHT TO JURY TRIAL**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 4, 2013**, at San Francisco, California.

**Michelle Sangalang**
msangalang@yaronlaw.com