GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,

Plaintiff,

v.

VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,

Defendants.

CASE NO.:5:10-CV-05533-EJD

**MOTION IN LIMINE NO. 10 TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING THE LEVINES' "BAD FAITH" DAMAGES THAT INCEPTED BEFORE THE LEVINES BECAME JUDGMENT CREDITORS**

**Jury Trial:** November 12, 2013
**Time:** 9:00 a.m.
**Judge:** Edward J. Davila
**Courtroom:** 4

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby moves for an Order, pursuant to *Parvaneh Moradi-Shalal v. Fireman's Fund Insurance Companies* (1988) 46 Cal.3d 287, excluding any testimony and evidence that the Levines suffered "bad faith" damages that incepted before the Levines became judgment creditors.

ProBuilders understands that, in part, Defendants contend that ProBuilders acted in bad faith with respect to the handling of the case captioned *Ty Levine v. R.J. Haas et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("the *Levine* action"). The judgment in the *Levine* action was not entered until November 19, 2010. (See the concurrently filed Declaration of George D. Yaron ["Yaron Dec." at paragraph 2.] and Exhibit A attached thereto.) If the Levines were permitted to introduce evidence of their alleged "bad faith" damages that preceded that judgment, this would be in direct contradiction to the California Supreme Court's decision in *Parvaneh Moradi-Shalal v. Fireman's Fund Insurance Companies*, 46 Cal.3d 287 (1988), which eliminated third-party bad faith actions by overturning *Royal Globe Ins. Co. v. Superior Court,* 23 Cal.3d 880 (1979).

## II. LEGAL ARGUMENT

### A. California Law Does not Permit Third-Party Bad Faith Actions Unless a Final Judicial Determination of the Insured's Liability has been First Obtained.

In *Royal Globe Ins. Co. V. Superior Court* 23 Cal.3d 880, (1979), the Court held that *Insurance Code section* 790.3, *subdivision (h)*, created a private cause of action against insurers who allegedly commit the unfair practices enumerated in that provision. However, in *Parvaneh Moradi-Shalal*, the California Supreme Court held that no private cause of action may be brought under *Section 790, subdivision (h)*, unless a final judicial determination of the insured's liability has been first obtained. (*Moradi-Shalal* at 314.)

In *Parvaneh Moradi-Shalal*, the plaintiff, who was injured in an automobile accident when an insured driver struck her vehicle, brought suit against the driver's insurer after settling her personal injury action against the driver and dismissing that suit with prejudice. (*Id.* at 292.) Plaintiff sued for violations of *Ins. Code Section* 790.3 (unfair insurer practices), based on the insurer's alleged refusal to promptly and fairly settle her claim against the insured. (*Id.* at 293.) The Trial Court sustained the

insurer's demurrer to the First Amended Complaint without leave to amend, finding that the absence of a final judgment, in the underlying action precluded the action against the insurer. *(Id.)* The California Supreme Court held that the Trial Court's order sustaining Defendant's demurrer was correct, ruling that the Plaintiff, having failed to obtain a judicial determination of the insured's liability, was not entitled to sue the Defendant under *Royal Globe*. (*Id.* at 314.)

Upon obtaining a final judgment "after actual trial," the injured party has a direct action against the insurer to enforce the insurer's obligations to pay the judgment against the insured up to the policy limits. (*Hand v. Farmers Ins. Exch.* (1994) 23 Cal.App.4th 1847, 1859.) Thus, the *Hand* Court ruled the insurer owes a duty to exercise good faith in not withholding adjudicated damages owing to the judgment creditor. (*Id.*)

The Court in *Phillips v. Noetic Specialty Ins. Co.,* U.S. Dist. LEXIS 9179 (S.D. CA 2013) explained:

> As a general rule, absent an assignment of rights or a final judgment, a third-party claimant may not bring a direct action against an insurance company on the contract because the insurer's duties flow only to the insured. Nonetheless, there are several exceptions to this general rule. One such exception arises from Section 11580. Once a party has a final judgment against the insured, the claimant becomes a third-party beneficiary of the insurance policy and may enforce the terms which flow to its benefit pursuant to Section 11580. [Citations omitted.] (*Id.* at p. 13.)

In the absence of an assignment, a third-party claimant cannot bring an action upon a duty owed to the insured by the insurer. (*J.C. Penney Casualty Insurance Company v. M.K., et al.*, 52 Cal. 3d 1009, 1017 (1991). [quoting *Gray v. Zurich Insurance Co., 65 Cal.2d 263, 279* (1966).])

A third party should not be permitted to enforce a covenant made not for his benefit, but rather for others. *(Murphy v. Allstate Insurance Company*, 17 Cal. 3d 937 (1976). [quoting *Lucas v. Hamm*, 56 Cal.2d 583, 590-591 (1961).]) Because he is not the contracting party, his right to performance is predicated on the contracting parties' intent to benefit him. (*Id.*) Because the duty to settle is intended to benefit the insured and not the injured claimant, the third party beneficiary doctrine does not furnish a basis for the latter to recover. (*Id.*)

The Levines are pursuing an *Insurance Code Section* 11580 action against ProBuilders to collect their judgment. However, the judgment in the *Levine* action was not entered until November 19, 2010. Accordingly, the Levines could not accrue a third-party bad faith claim until after they

became a judgment creditor on November 19, 2010, and only then could any duty have been extended to them at that time, not before. ["Yaron Dec." at paragraph 2 and Exhibit A.] Therefore, if the Levines were permitted to introduce evidence of "bad faith" damages that preceded that November 19, 2010 judgment, this would be in direct contradiction to the California Supreme Court's decision in *Parvaneh Moradi-Shalal v. Fireman's Fund Insurance Companies.* Thus, ProBuilder hereby requests this Court exclude all testimony or evidence concerning "bad faith" damages that predated the November 19, 2010 judgment.

## III. CONCLUSION

For these reasons, the Court should grant Defendants' Motion in Limine No. 10 and preclude the introduction of any evidence or testimony regarding bad faith damages that predated the November 19, 2010 judgment that was entered in the *Levine* action.

YARON & ASSOCIATES

Dated: October 4, 2013

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

**CERTIFICATE OF SERVICE**

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 4, 2013**, I served the within:

**MOTION IN LIMINE NO. 10 TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING THE LEVINES' "BAD FAITH" DAMAGES THAT INCEPTED BEFORE THE LEVINES BECAME JUDGMENT CREDITORS**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

☒ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 4, 2013**, at San Francisco, California.

**Michelle Sangalang**
msangalang@yaronlaw.com