GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants. | CASE NO.:5:10-CV-05533-EJD<br><br>**MOTION IN LIMINE NO. 11 TO PREVENT DEFENDANTS FROM CALLING GEORGE D. YARON AS A WITNESS**<br><br>**Jury Trial:** November 12, 2013<br>**Time:** 9:00 a.m.<br>**Judge:** Edward J. Davila<br>**Courtroom:** 4 |

# I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby moves for an Order preventing Defendants/Counter-Claimants R.J. Haas and Ty and Karen Levine ("Defendants") from calling George D. Yaron ("Yaron") as a witness. ProBuilders understands that Defendants intend to call Yaron to testify about his role in the case captioned *Ty Levine v. R.J. Haas et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("the *Levine* action").

Yaron is currently retained as counsel for ProBuilders in this current action before the Court. Accordingly, his effectiveness both as counsel and as a witness may be impaired in the eyes of the fact finder if Defendants are permitted to call him as a witness, directly prejudicing ProBuilders. Moreover, Yaron was not the only attorney involved in the *Levine* action. Accordingly, his testimony is not genuinely needed by Defendants. Therefore, the Court should issue an order preventing Defendants from calling Yaron as a witness in this case.

# II. LEGAL ARGUMENT

## A. ProBuilders' Interest of not Having Yaron Testify Outweights Defendant's Need for his Testimony Because Yaron's Testimony is not Genuinely

Where an attorney representing a party in trial is also a witness during the trial, his or her effectiveness, both as an attorney and as a witness, may be impaired in the eyes of the fact finder. (*Smith, Smith & Kring v. Superior Court*, 60 Cal. App. 4th 573, 578 (1997).) "Such disadvantage inures to the detriment of the party being represented by the lawyer serving such a dual function." (*Id.*)

The Court must weigh the competing interests of the parties against potential adverse effects on the integrity of the proceeding before it and "should resolve the case in favor of the parties against potential adverse effects on the proceeding before it and "should resolve the close case in favor of the client's right to representation by an attorney of his or her choice. (*Id.* at 580, quoting *Lyle v. Superior Court, supra*, 122 Cal. App. 3d at p. 482.)

First, the Court must consider the combined effects of the strong interest parties have in representation by counsel of their choice, and in avoiding the duplicate expense and time-consuming effort involved in replacing counsel already familiar with the case. (*Id.* at 580.)

Second, the Court must consider the possibility that counsel is using the motion to disqualify for purely tactical reasons. (*Id.* at 581, quoting [*Comden v. Superior Court*, 20 Cal. 3d 906, 915 (1978)].) Should counsel freely be able to disqualify opposing counsel simply by calling them as witnesses, it would "pose the very threat to the integrity of the judicial process that [motions to disqualify] purport to prevent." (*Id.*, quoting *Gregori v. Bank of America, supra* 207 Cal. App. 3d 291, 300-301 (1989).)

Finally, "whenever an adversary declares his intention to call opposing counsel as a witness, prior to ordering the disqualification of counsel, the Court should determine whether counsel's testimony is, in fact, genuinely needed." (*Id.*, quoting *Reynolds v. Superior Court*, 177 Cal. App. 3d, 1021, 1027 (1986).)

In determining the necessity of counsel's testimony, the Court should consider "the significance of the matters to which he might testify, the weight his testimony might have in resolving such matters, and the availability of other witnesses or documentary evidence by which these matters may be independently established. (*Id.*, quoting *Comden v. Superior Court*, *supra*, 20 Cal. 3d 906, 913 (1978).)

The Ninth Circuit Court of Appeals has determined that "the drafters of the ABA Code have cautioned that the ethical rules [were] not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel." (*Optyl Eyewear Fashion International v. Style Companies*, 760 F.2d 1045, 1050 (9th Cir. 1985), quoting Model Code of Professional Responsibility, Canon 5 n.31.)

Here, Defendants identify their intention to call Yaron as a witness on page 21 in the Joint Final Pre-Trial Conference Statement. Defendants state that "George Yaron will testify about his role in the lawsuit [the *Levine* action], including his participation in settlement, and communications with parties to that suit and their counsel."

Yaron is currently retained as counsel for ProBuilders in this current action before the Court. Accordingly, his effectiveness both as counsel and as a witness may be impaired in the eyes of the fact finder if Defendants are permitted to call him as a witness, directly prejudicing ProBuilders. Moreover, Yaron was not the only attorney involved in the *Levine* action. Other witnesses and

documentary evidence are available to Defendants upon which they may establish ProBuilders' role in the *Levine* action. Accordingly, Yaron's testimony is not genuinely needed by Defendants. Therefore, the Court should issue an order preventing Defendants from calling Yaron as a witness in this case.

## III. CONCLUSION

For these reasons, the Court should grant Defendants' Motion in Limine No. 11 and prevent Defendants from calling Yaron as a witness in this case.

YARON & ASSOCIATES

Dated: October 4, 2013

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 4, 2013**, I served the within:

**MOTION IN LIMINE NO. 11 TO PREVENT DEFENDANTS FROM CALLING GEORGE D. YARON AS A WITNESS**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 4, 2013**, at San Francisco, California.

**Michelle Sangalang**
msangalang@yaronlaw.com