Kim O. Dincel (SBN 131563)
Julie Bonnel-Rogers (SBN 176200)
DINCEL LAW GROUP
25 Metro Drive, Suite 600
San Jose, CA 95110
Phone: (408) 573-5700
Fax: (408) 573-5701
Email: kdincel@dincellaw.com, jrogers@dincellaw.com

Robert L. Sallander, Jr., (SBN 118352)
Robert Glenn Seeds (SBN 112026)
GREENAN, PEFFER, SALLANDER & LALLY LLP
6111 Bollinger Canyon Road, Suite 500
San Ramon, CA 94583
Telephone: 925-866-1000
Facsimile: 925-830-8787
Email: rsallander@gpsllp.com; rseeds@gpsllp.com

Attorneys for Ty Levine, Karen Levine, Valley Corp. B. And Ronald J. Haas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiffs<br><br>vs.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants | Case No. 5:10-CV-05533-EJD<br><br>MOTIONS IN LIMINE OF LEVINES AND HAAS; DECLARATION OF ROBERT SEEDS<br><br>Date: October 18, 2013<br>Time: 9:00 a.m.<br>Judge: Edward J. Davila<br>Courtroom: 1 |

## MOTION IN LIMINE NO. 1

Defendants' motion in limine no. 1 asks the Court to bar ProBuilders from participating in trial without either obtaining a certificate of authority to transact insurance in California, or posting a bond for $2,564,195 (the amount of the Levines' judgment against Haas and Haas Corp plus accrued post-judgment interest.) This is required by Insurance Code §1616, which provides:

> Before any nonadmitted foreign or alien insurer shall file or cause to be filed any pleading in any action, suit or proceeding instituted against it, the insurer shall either (1) procure a certificate of authority to transact insurance in this state; or (2) give a bond in the action, suit or proceeding in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered in the action, suit, or proceeding.

ProBuilders is not admitted as an insurer in California. Instead, ProBuilders is allowed to sell insurance in California only because it is a risk retention group, see docket 1, p. 2 para. 3, and Federal law exempts risk retention groups from some of the requirements an insurer must satisfy to be an admitted insurer. 15 USC §3902 (a). This law exempts ProBuilders from complying with California's rule requiring admitted insurers to participate in the California Insurance Guaranty Association ("CIGA"), which steps in to protect policyholders of admitted insurers that become insolvent. California Insurance Code §1063(a) (an insurer "as a condition of its authority to transact insurance in this State" must participate in CIGA); 15 USC §3902 (a)(2) (exempting risk retention groups from this requirement).[1] Because ProBuilders is not admitted, and does not participate in CIGA, the front page of the ProBuilders' policy states "State insurance insolvency guaranty funds are not available for your risk retention group."

That is where Insurance Code §1616 steps in. Section 1616 was enacted to protect from insolvency California insureds who bought policies from insurers that did not participate in CIGA because they are not admitted. *Trihedron Internat. Assurance v. Superior Court*, 218 Cal. App. 3d 934, 942 (1990). That is why §1616 applies to "nonadmitted" insurers, because their policyholders need protection that is already afforded to admitted carriers.

The first alternative available to nonadmitted insurers such as ProBuilders under §1616 is to obtain a certificate of authority and become an admitted insurer. This option is

1. The Federal act does not preempt §1616 . 15 USCS § 3905(d) provides the act does not preempt "the authority of a State to specify acceptable means of demonstrating financial responsibility".

"designed to secure an examination by the Insurance Commissioner to determine, among other things, the solvency of such organizations", *People v. United Nat'l Life Ins. Co.*, 66 Cal. 2d 577, 595 (1967), so this option protects Californians from insolvent insurers. *Trihedron Internat. Assurance v. Superior Court*, 218 Cal. App. 3d 934, 942 (1990).[2]

Section 1616 offers only one other alternative: ProBuilders must post a bond. This provides "an alternate method for providing protection to the insured or beneficiary." *Trihedron Internat., supra*, 218 Cal. App. 3d at 944.

The Levines and Haas need to be protected from insolvency, because ProBuilders is not admitted and does not participate in CIGA. Therefore, the purpose of §1616 would be advanced if ProBuilders were ordered to comply as a condition of participating in the upcoming trial. If it does not become an admitted insurer, it should be required to post a bond to protect the Levines and Haas from insolvency.

ProBuilders contends it is not required to comply with §1616 because it is not a "nonadmitted insurer". Insurance Code §25 provides:

> "Nonadmitted" in relation to a person, means not entitled to transact insurance business in this State, whether by reason of failure to comply with conditions precedent thereto, or by reason of inability so to comply.

This should be contrasted with Insurance Code §24, which provides

> "Admitted," in relation to a person, means entitled to transact insurance business in this state, having complied with the laws imposing conditions precedent to transaction of such business. The State Compensation Insurance Fund shall be deemed to be admitted pursuant to authority to transact workers' compensation insurance granted by the Legislature. The commissioner shall not revoke or suspend the State Compensation Insurance Fund's authority to transact workers' compensation insurance.

ProBuilders should be considered to be a non-admitted insurer. First, ProBuilders is not an admitted insurer under §24 because it has not complied with California's "laws imposing conditions precedent to" transacting insurance business in California.

---

2. "To qualify for admission an insurer must comply with certain financial requirements, regarding paid-in capital and surplus, and file financial statements. (See, e.g., §§ 700.01-700.05, 706, 10510, 12359, 12440.)" *Trihedron Internat. Assurance v. Superior Court*, 218 Cal. App. 3d 934, 942 (1990). One condition of becoming admitted is the insurer must participate in CIGA. Insurance Code §1063(a).

It seems logical, then, that ProBuilders is nonadmitted. After all, it has "fail[ed] to comply with the conditions precedent" under California law to become entitled to transact insurance business in California.

ProBuilders contends it is "admitted" under §24 because it is "entitled to transact insurance business in this State". However, the definition of "admitted" does not stop at "State". Instead, it goes on to define what it means for an insurer to be "entitled to transact insurance business in this State": an insurer becomes admitted by "having complied with the laws imposing conditions precedent to transaction of such business". Those are the California statutes that describe the prerequisites for becoming admitted. ProBuilders is entitled to sell insurance in California, not because it has complied with those conditions precedent to become an admitted insurer, but only because *Federal* law preempts those conditions precedent for risk retention groups like ProBuilders. 15 USC §3902 (a). While that exemption may entitle ProBuilders to transact insurance business in California, that exemption does not make it an admitted insurer.

Similarly, §25, which defines what is a "nonadmitted" insurer, does not end with "not entitled to transact insurance business in this state". Instead, it goes on to describe what nonadmitted means: not admitted "by reason of failure to comply with conditions precedent thereto, or by reason of inability so to comply". ProBuilders did not comply with those conditions, so it is nonadmitted.

Other parts of the Insurance Code show that risk retention groups are "nonadmitted". Insurance Code §1760.1 (n) defines "nonadmitted" for purposes of §§1760 *et seq.*, which regulate sale of nonadmitted insurance in California. It states:

> "Nonadmitted insurer" means an insurer not licensed or admitted to engage in the business of insurance in this state in conformity with Section 700; but does not include a risk retention group, as that term is defined in Sections 130(k) and 2(a)(4) of the federal Liability Risk Retention Act of 1986 (15 U.S.C. Sec. 3901(a)

Similarly, the definition of "insurer" in §1760.1 (h) also carves out risk retention groups from its reference to "nonadmitted" insurers:

> "Insurer" means, unless the context indicates otherwise, "nonadmitted" insurers that are either "foreign" or "alien" insurers, as those terms are defined

> in Sections 25, 27, and 1580, and syndicates whose members consist of individual incorporated insurers who are not engaged in any business other than underwriting as a member of the group and individual unincorporated insurers, provided all the members are subject to the same level of solvency regulation and control by the group's domiciliary regulator. The term "insurer" includes *all nonadmitted insurers* selling insurance to or through purchasing groups as defined in the federal Liability Risk Retention Act of 1986 (15 U.S.C. Sec. 3901 et seq.) and the California Risk Retention Act of 1991 (Chapter 1.5 (commencing with Section 125) of Part 1), *except insurers that are risk retention groups* as defined by those acts (emphasis added).

The fact that §1760.1 *twice* carves risk retention groups out from its definition of nonadmitted insurer shows that, but for the carve-out, the Legislature believed that such groups would be "nonadmitted".

Section 1616 should be construed to effect its purpose. *People v. Disibio*, 7 Cal.App.4th Supp. 1, 5 (1992). The Court should construe §1616 to advance its purpose, to protect policyholders if their insurer is not covered by CIGA. Unless ProBuilders is required to comply with §1616, the Levines and Haas will not be protected from ProBuilders becoming insolvent. Section 1616 should be construed so that ProBuilders is required to comply.

**MOTION IN LIMINE NO. 2**

This motion asks the Court to realign the parties so that the Levines and Haas are treated as plaintiffs, and ProBuilders as defendant. This action began as a suit by ProBuilders, but its complaint focuses on ProBuilders' defenses to the Levines' and Haas's coverage claims. The Levines and Haas then counter-claimed, asserting the insurance claims to which ProBuilders' complaint is largely a defense. Even though ProBuilders also does seek monetary relief, that relief is predicated on its defenses to coverage, so the Court should realign the parties so that Haas and the Levines are considered the plaintiffs and ProBuilders the defendant.

It "is the duty of federal courts to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" *City of Indianapolis v. Chase Nat'l Bank of City of New York,* 314 U.S. 63, 69, 62 S. Ct. 15, 86 L. Ed. 47 (1941). A district court "has the discretion to realign the parties in accordance with the primary purpose of the litigation."

*Plumtree Software, Inc. v. Datamize, LLC*, 2003 U.S. Dist. LEXIS 26948, 7-8 (N. D. Cal. 2003). In *Plumtree*, the Court realigned the plaintiff and the defendant because defendant

> Datamize is the party asserting the affirmative claim of infringement. [Citation omitted]. Essentially, Plumtree's declaratory action for noninfringement and invalidity is a defense to Datamize's infringement counterclaim. [Citation omitted.] As such, Datamize's affirmative position makes the position of plaintiff more appropriate for it, while Plumtree's defensive position makes the position of defendant more appropriate for it. *Id.* at *10.

In *Allegro Ventures, Inc. v. Almquist*, 2013 U.S. Dist. LEXIS 103851 (S.D. Cal. July 24, 2013) the Court realigned the parties where plaintiff "seeks declaratory relief that it is not liable . . ., and Defendant counterclaims that Plaintiff is liable". *Id.* at *5.

This is also supported by *Safetyweb, Inc. v. Intercede Lt*d., 2012 U.S. Dist. LEXIS 65800 (C.D. Cal. May 10, 2012). Plaintiff SafetyWeb filed suit seeking declaratory relief on four issues (non-infringement, non-dilution, non-cybersquatting, and unenforceability) and also seeking rectification and cancellation. The defendant, Intercede, then filed counterclaims for trademark infringement, false designation of origin, unfair competition, and contributory and vicarious liability. The Court indicated *sua sponte* that it was considering realigning the parties, citing *Plumtree*, and stating it made sense

> to label the parties consistently with their positions in this litigation. Intercede's claims of trademark infringement and the like are more appropriately classified as those of a plaintiff, while SafetyWeb's requests for declaratory relief and cancellation are typically asserted by the defendant to a trademark infringement action. *2.[3]

It is true that ProBuilders does seek affirmative relief in this case: it seeks to prove that it had no duty to defend, and therefore should recover from Haas the attorneys' fees and costs it funded. This does not justify maintaining the same alignment: whether ProBuilders had a duty to defend is an issue of law for the Court to resolve, *Wausau Underwriters Ins. Co. v. Unigard Sec. Ins. Co.* 68 Cal.App.4th 1030, 1038 (1998), so that claim does not justify treating ProBuilders as the plaintiff for trial purposes.

---

3. The Court invited briefing from any party opposing realignment. It is unclear what ultimately happened.

## MOTION IN LIMINE NO. 3

This motion asks the Court to exclude any evidence of a Department of Insurance investigation of Ronald Haas, the resulting criminal complaint charging him with making false statements regarding workers compensation insurance that was filed in the Santa Clara County Superior Court, and Ronald Haas' *nolo contentre* plea to those charges. The plea is not admissible under Federal Rules of Evidence Rule 410 (a), which provides in part

> (a) Prohibited Uses. In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
>
> * * *
>
> (2) a nolo contendere plea . . .

ProBuilders' exhibits include Ron Haas' *nolo contendre* plea to a charge related to alleged insurance fraud.[4] Under Rule 410 (a), this plea is not admissible.

Similarly, even if the plea were evidence of guilt, his guilt would not be admissible to prove misrepresentation in this case. Rule 404(b) provides

> (b) Crimes, Wrongs, or Other Acts.
>
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

ProBuilders wants to use evidence that Haas was convicted of insurance fraud as evidence that he lied on his policy application, and as evidence that he is lying in his trial testimony. Rule 404 (b) bars such use. This provision also makes inadmissible other exhibits that are included on ProBuilders' exhibit list: the DOI investigation and other documents from the resulting criminal case, former trial exhibits 32, 33, 36, 37, and 38, which are separately marked by plaintiffs as exhibits 53, 54 and 55, and also trial exhibit 67 (documents purporting to show representations Haas made to the Contractor's State License Board).

---

4. ProBuilders has grouped all of the trial exhibits into exhibit 32. The minute order showing the plea was exhibit 33 in that trial. It is also separately listed as plaintiff's exhibit 52.

All of the evidence other than the plea itself – the criminal charge, and evidence of the investigation – is hearsay because it will be offered to prove the truth of the matters asserted.

All of this evidence is also inadmissible under FRE 402 and 403 because it is not relevant and because of its tendency to prejudice the jury against the Levines and Haas. Indeed, prejudicing the case against them appears to be the point of using this evidence.

**MOTION IN LIMINE NO. 4**

This motion asks the Court to exclude evidence that is relevant only to prove material misrepresentations or concealments in Haas Corp's policy application. This evidence includes the questions and answers in the application for coverage, evidence designed solely to prove the answers were false, and evidence of materiality that is not otherwise relevant to the issues the jury would decide. [5] ProBuilders is not entitled to a jury trial on those issues, and some of the evidence is prejudicial to the claims that the jury will try. This evidence can be heard in the later Court trial that the Court anticipates.

This evidence is relevant to rescission. However, ProBuilders has no right to a jury trial on rescission. "[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (U.S. 1963). "The federal rule has historically been that rescission is equitable in nature and no right to a jury attaches to such actions." *Kline Hotel Partners v. Aircoa Equity Interests, Inc.*, 729 F. Supp. 740, 744 (D. Colo. 1990).

ProBuilders has pled rescission as an affirmative defense, but that changes nothing: rescission is still an equitable defense, and ProBuilders has no right to a jury trial on this defense. As this Court has recently recognized, a "litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature." *Freescale*

. This motion is directed at exhibits including exhibits 3 (underwriting file), 4 (application), 5 (underwriting information), 20, (request for exemption from workers compensation), 57 (Commodore file).

*Semiconductor, Inc. v. ChipMOS Techs.*, 2013 U.S. Dist. LEXIS 10517, 13-14 (N.D. Cal. Jan. 24, 2013). This is true even though ProBuilders has a right to a jury trial on the Haas and Levine contract claims. *Cal-Agrex v. Van Tassell*, 258 F.R.D. 340 (N. D. Cal. 2009) holds that when unclean hands is pled as a defense to breach of contract, "unclean hands was not an 'an issue properly before the jury'". *Id.* at 348, *aff'd* 408 Fed. Appx. 58, 61 (9th Cir. 2011) ("the district judge did not err in making a determination himself as to the viability of that defense.") *Accord*: *Jain v. Wipro, Inc.*, 2011 U.S. Dist. LEXIS 148030 * 11 (N. D. Cal. 2011) ("the merits of the equitable defense [unclean hands] are for the Court, rather than the jury".) Therefore, even though rescission can be, and is, pled as an affirmative defense, ProBuilders has no right to a jury trial on rescission.

Because rescission is equitable, and there is no right to a jury trial, the Court has discretion to bifurcate the case and try rescission later, in a bench trial. Indeed, the Court has set a second Court-trial phase for this exact purpose. This is supported by *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 419 (9th Cir. 1998). After an insured vessel sank and its owners made a claim against the insurer, the insurer concluded that the application misrepresented and concealed facts, so instead of paying the claim, the insurer filed an action to rescind. The insureds counter-claimed seeking damages. The Court bifurcated and first had a bench trial on rescission. After the Court rescinded, it granted judgment to the insurer and the insureds appealed, contending in part that the Court should have tried all of the issues at once with a jury. The Ninth Circuit rejected this argument, holding the "district court had the discretion to first conduct a bench trial on the equitable rescission claim." *Id.* at 419. Certainly it is reasonable to have a second, separate, trial on rescission.

Many of the rescission issues – whether there are actionable misrepresentations or concealments, and their alleged materiality – are raised by ProBuilders' belated effort to inject its condition 11 into this case. Condition 11 is addressed in these parties' opposition to ProBuilders motion for leave to amend its answer. If ProBuilders is not allowed to amend to inject condition 11, then evidence of material misrepresentations and

concealments becomes irrelevant to the jury issues.

The jury also should not hear this evidence because it is unduly prejudicial. ProBuilders would like to make Ronald Haas out to be a liar so as to avoid paying any money to him, or to the Levines. As noted in motion in limine no. 3, ProBuilders hopes to paint Haas with the brush of criminality. The misrepresentation evidence also seeks to paint him as dishonest, which will prejudice not only his claims but those of the Levines. The Court should exclude this evidence, and hear it later in a Court trial.

**MOTION IN LIMINE NO. 5**

This motion asks the Court to exclude any evidence regarding Haas' alleged failure to obtain certificates of insurance showing that Haas Corp was an additional insured on subcontractors' insurance policies. While the Contractor's Special Condition endorsement requires such certificates, ProBuilders cannot prove it was prejudiced by failure to obtain them because such certificates are legally meaningless: additional insured status cannot be conferred on the certificate holder solely by a certificate so stating. Absent proof of substantial prejudice, failure to perform that the obligations in that endorsement is irrelevant. As a result, any evidence about failure to obtain such certificates should be barred under FRE 402 and 403.

**A. Such Certificates are Meaningless**

The standard form of certificate of insurance contains these two warnings:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.
>
> * * *
>
> THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. . . .THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

Exh. 33 at PRO03311.

California Insurance Code §384 (a) requires that *all* certificates of insurance contain such a warning. Under California law, "A certificate of insurance is merely evidence that a policy has been issued. . . . It is not a contract between the insurer and the certificate holder." *Empire Fire & Marine Ins. Co. v. Bell*, 55 Cal. App. 4th 1410, 1423 n.25 (1997). Citing *Empire*, *Prime Ins. Syndicate, Inc. v. Concepcion*, 2008 U.S.Dist. Lexis 17982 (D. Nev. 2008) held that when a "certificate contains a disclaimer, the insured may not rely on the certificate, but must look to the policy to determine the scope of coverage." Therefore, a certificate with additional insured language would provide no insurance to Haas Corp. It would be meaningless. The New Hampshire Supreme Court agrees, stating that "the certificate is a worthless document; it does no more than certify that insurance existed on the day the certificate was issued." *Bradley Real Estate Trust v. Plummer & Rowe Ins. Agency*, 609 A.2d 1233, 1235 (N.H. 1992). In conclusion, any representation that Haas Corp received certificates stating that Haas Corp was an additional insured would be just as meaningless

### B. Because Such Certificates are Meaningless, Whether Haas Corp Obtained Them or Not is Irrelevant to this Case

ProBuilders contends that the lack of certificates of insurance, showing that Haas Corp was insured by subcontractors' liability policies, is relevant because failure to obtain them breaches the Contractor's Special Condition Endorsement, excusing coverage. That endorsement provides:

> AS A CONDITION PRECEDENT TO THIS POLICY APPLYING TO ANY CLAIM IN WHOLE OR IN PART BASED UPON WORK PERFORMED BY INDEPENDENT CONTRACTORS, THE INSURED MUST HAVE PRIOR TO THE DATE OF THE LOSS GIVING RISE TO THE CLAIM:
>
> (1) RECEIVED A WRITTEN INDEMNITY AGREEMENT FROM THE INDEPENDENT CONTRACTOR HOLDING THE INSURED HARMLESS FOR ALL LIABILITIES INCLUDING COSTS OF' DEFENSE, ARISING FROM THE WORK OF THE INDEPENDENT CONTRACTOR; AND
>
> (2) OBTAINED CERTIFICATES OF INSURANCE FROM THE INDEPENDENT CONTRACTOR INDICATING THAT THE INSURED IS NAMED AS AN ADDITIONAL INSURED AND THAT COVERAGE IS MAINTA1NED EQUAL TO OR GREATER THAN PROVIDED BY THIS

POL1CY WITH LIMITS OF AT LEAST $1,000,000 PER OCCURRENCE.

(3) THE INSURED HAS MAINTAINED THE RECORDS EVIDENCING COMPLIANCE WITH SUB SECTIONS 1 AND 2.

THE INSURANCE PROVIDED BY THIS POLICY SHALL BE EXCESS OVER AND ABOVE ANY OTHER VALID AND COLLECTIBLE INSURANCE AVAILABLE TO THE INSURED UNDER SUBSECTION (2).

Breach of this provision does not bar coverage unless ProBuilders proves that the breach substantially prejudiced ProBuilders. "An insurer may assert defenses based upon a *breach by the insured of a condition of the policy* such as a cooperation clause, but the *breach cannot be a valid defense unless the insurer was substantially prejudiced thereby* [italics added]." *Campbell v. Allstate Ins. Co.*, 60 Cal. 2d 303, 305 (1963). ProBuilders will contend that this condition is not governed by this rule, citing *Scottsdale Ins. Co. v. Essex Ins. Co.*, 98 Cal. App. 4th 86 (2002). That opinion addresses application of Scottsdale's own version of the Contractors Special Condition Endorsement. Essex, which had sued Scottsdale for contribution, contended that breach of the condition should not bar coverage unless the insurer proved it was prejudiced by failure to follow the condition. The Court responded:

> As Essex notes, however, the rule Scottsdale asserts is the "notice-prejudice" rule applicable to the notice and cooperation conditions of insurance policies. [Citations omitted. [6]] Scottsdale cites no case and we find none requiring a showing of prejudice outside the notice-cooperation clause context.
>
> In any event we agree with Essex that it was prejudiced by Conrad's failure to comply with the condition that he require his subcontractors to be

---

6. The omitted citations are to authorities holding that prejudice is not required when an insurer asserts the "no voluntary payments" provision as a defense to *an insured's* suit to recover amounts the insured had paid without the insurer's permission. (See *Truck Ins. Exchange v. Unigard Ins. Co.* 79 Cal. App. 4th 966, 977 (2000); *Jamestown Builders, Inc. v. General Star Indemnity Co.* 77 Cal. App. 4th 341, 349 (1999)). That provision bars an *insured* from recovering payments that the *insured* voluntarily made. As we shall see, the "no voluntary payments" provision is distinguishable because enforcing that provision does not harm the *injured victim's* rights under the policy, so the rationale for requiring prejudice does not apply. *Faust v. Travelers*, 55 F.3d 471, 473 (9th Cir. 1995) recognizes that the voluntary payments provision is different because it is not used as a defense to coverage.

> insured and that he be named an additional insured in their polices. Had he done so Conrad's vicarious liability for negligence by the subcontractors would be covered both by the Essex policy and the subcontractors' policies. As noted above the Scottsdale policy does not fill the same role as the subcontractors' policies. *Id.* at 97 – 98.

*Scottsdale* does not hold that an insurer need not prove prejudice to rely on this condition. Instead, the Court said only that the plaintiff had not convinced the Court that prejudice was required, and that there was prejudice anyway.

The Court should apply a prejudice requirement to this endorsement because the *rationale* of the rule requiring prejudice to the notice and cooperation conditions applies just as well to this condition. As a result, ProBuilders should be required to prove it was prejudiced by a breach of the endorsement before breach bars coverage.

Liability insurance policies typically include a condition requiring the insured to give prompt notice of the loss and of any claim. They also typically contain a condition requiring the insured to cooperate with the insurer's handling of any claim or suit. These conditions have generated a lot of litigation. Over the years California Courts have imposed a prejudice requirement so that innocent third parties will not lose insurance coverage for their injuries, holding that breach bars coverage only if the insurer sustains its burden to prove that the breach substantially prejudiced the insurer. The rationale of that rule – to protect innocent victims such as the Levines – applies just as well to this endorsement.

The California Supreme Court announced the "substantial prejudice" requirement in 1932, in *Hynding v. Home Acc't Ins. Co.*, 214 Cal.743 (1932). The insured breached the cooperation clause. Auto accident victims obtained a judgment against the insured and sued its liability insurer to collect the judgment. The insurer contended there was no coverage because the insured had breached the cooperation clause. The Court held that the insurer's ability to withhold coverage for breach of this provision was limited by the "right of an injured person to sue an insurance company after judgment has been obtained against the assured". *Id.* at 746. That right was created by a statute requiring that all auto liability policies contain a provision stating that

> in case judgment shall be secured against the insured in an action brought by the injured person or his heirs or personal representatives, in case death resulted from the accident, then an action may be brought against the company on the policy and subject to its terms and limitations, by such injured person, his heirs or personal representatives, as the case may be, to recover on said judgment. *Id.*

The policy at issue followed this requirement, so the question for the Court was whether the insured's failure to cooperate with the insurer in defending the suit was a defense to coverage. The Court noted:

> The statute is founded upon principles of public policy and an anomalous situation would be created if the rights of third parties, for whose protection the law was adopted, could be hindered, delayed, or defeated by the private agreements of two of the parties. . . . The clause in the statute which provides that 'an action may be brought against the company, on the policy and subject to its terms and limitations, by such injured person' was not intended to defeat its purpose upon the theory that an action brought 'on the policy' binds the injured person to a repudiation or waiver of the benefits of the statute expressly adopted for his protection, but *it clearly has reference to those matters concerning which the insurer and assured could legally contract*. [Emphasis by Court.] *Id.* at 747.

The Court recognized that

> neither the insurer nor the insured can, by any voluntary act, defeat the statutory right given to the injured person to bring an action on the policy after judgment recovered against the insured without some act or omission on the part of the injured (party) which will relieve the insurer from liability. *Id.* at 748.

Based on these factors, the Court construed how that statute applied to policy conditions:

> The proviso that the action is subject to the terms and limitations of the policy, if it means anything, means that the right of action is not absolute, but that there are some defenses available to the company. . . . We are also of the opinion, and we think most of the authorities are agreed, that the provision must be one reasonably necessary for the protection of the insurance company, and one which can readily be complied with by the assured; and that the *violation of the condition by the assured cannot be a valid defense against the injured party unless in the particular case it appears that the insurance company was substantially prejudiced thereby*. *Id.* at 752 [emphasis added].

The cooperation clause satisfied this test, so breach of the cooperation clause could be a defense, and "the question of such prejudice should have been considered below." *Id.*

While this principle was announced in a case on the cooperation clause, the principle stated by the Court is much broader than that, applying just as well to other policy

conditions, including the endorsement at issue here:.

> We believe it is now the settled rule that before an insurance company may be absolved from liability on a showing of a breach of condition it must appear that the condition was a material one and that the violation was prejudicial. *Dalzell v. Northwestern Mut. Ins. Co.*, 218 Cal. App. 2d 96, 105 (1963).

The very same public policy that requires a finding of prejudice for breach of the notice or cooperation conditions also applies to the ProBuilders policy, so the principles announced in *Hynding* apply to the ProBuilders policy. Insurance Code §11580 imposes on the ProBuilders policy the same requirement addressed in *Hynding*,[7] so the public policy announced in *Hynding* applies to the conditions in the ProBuilders policy. *Campbell, supra*, 60 Cal.2d at 305 (holding that §11580 imposed the substantial prejudice requirement on the policies it governed). As a result, just like the injured party in *Hynding*, the Levines have a statutory right to sue ProBuilders directly to recover their judgment. ProBuilders contends that it has no obligation to pay the judgment to the Levines because Haas breached his obligation under the endorsement. Based on the rationale of the cases imposing a prejudice requirement for breach of the notice or cooperation clauses, ProBuilders must prove substantial prejudice before breach of this provision is a defense to coverage.

ProBuilders has the burden of proving breach of the policy condition, *Norton v. Central Surety & Ins. Co.*, 9 Cal. App. 2d 598, 601 (1935), and of proving substantial prejudice. *Campbell, supra*, 60 Cal.2d at 306 ("The burden of proving that a breach of a cooperation clause resulted in prejudice is on the insurer.") Prejudice is not presumed. *Id.* at 306 – 307.

---

7. It provides in relevant part that a "policy insuring against losses set forth in subdivision (a) [including, policies insuring against "loss or damage resulting from liability for injury suffered by another person", section 11580(a)(1)] shall not be issued or delivered to any person in this state unless it contains the provisions set forth in subdivision (b)", including "A provision that whenever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment." Section 11580 (b)(2).

A certificate of insurance stating that Haas Corp is an additional insured would be meaningless. ProBuilders cannot prove it was substantially prejudiced by Haas Corp's failure to obtain a meaningless document, so breach of the certificate of insurance requirement is irrelevant. Spending any of our limited time on this issue would be wasteful and prejudicial, so this evidence should be excluded under rules 402 and 403.

## MOTION IN LIMINE NO. 6

This motion asks the Court to bar any evidence contradicting the judgment entered by the Santa Clara County Superior Court in the Levines' suit against Haas, because the judgment is binding on ProBuilders.[8]

> One who has undertaken to indemnify another against loss arising out of a certain claim and has notice and opportunity to defend an action brought upon such a claim is bound by the judgment entered in such action, and is not entitled, in an action against him for breach of his agreement to indemnify, to secure a retrial of the material facts which have been established by the judgment against the person indemnified. *Executive Risk Indemnity, Inc. v. Jones*, 171 Cal. App. 4th 319, 329 (2009).

That Court applied that rule to an insurer whose policy did not require it to defend, only to indemnify, because the contractual relation and social policy "supply the necessary privity of party between insured and insurer to bind the latter". *Id.* at 334. Because of this privity, the Superior Court's findings are binding on ProBuilders. Indeed, even where an insurer defends its insured, California has long followed the rule that "whatever judgment is rendered and entered therein against the assured is binding and conclusive against the insurer." *Parra v. Trae*ger, 214 Cal. 535, 538 (1931). This means that the Santa Clara Superior Court's findings and judgment bind ProBuilders, and ProBuilders may not introduce any evidence to question or contradict it.

One example of this is the Superior Court's finding that the framing employees, purportedly employed by an entity called Fonseca Construction, were the actual employees of Haas and Haas Corp. That Court's amended judgment awarded to the Levines

---

8. This motion implicates exhibits 22 (Fonseca "subcontract"); 35 (draft statement of decision); 36, 38, 66 (communications re draft statement of decision); 22, 45, 46, 47 (Haas deposition testimony in the underlying case).

"$554,635.00 disgorgement of payments made to RJ. Haas Corp. by Plaintiffs." Seeds declaration exh. A. The Court's statement of decision explains why the Court made this award:

> RJ. Haas Corp had a legal obligation to obtain and maintain workers compensation insurance for its workers. There was evidence showing that the framers of the subject project were not statutory employees. There was evidence showing that the framers on the subject project were not independent contractors. There was sufficient evidence to show that the framers were the employees of R.J. Haas Corp. R.J. Haas Corp failed to obtain and maintain workers compensation insurance for its employees.
>
> Plaintiffs presented adequate evidence to establish that Defendants' Contractor's license should be retroactively revoked from October 28,2005 under the provisions of §7125.2 of the Business and Professions Code which provides that "[T]he failure of a licensee to obtain or maintain workers' compensation insurance coverage . . . shall result in the automatic suspension of the license by operation of law." Further, as a direct result of Defendants' failure to obtain workers compensation insurance, Plaintiffs are entitled to disgorgement of all funds paid to Defendants in the amount of $554,635 as a matter of law pursuant to California Business and Professions Code § 7031 (b). Seeds dec. exh. B.

This finding was necessarily made in order to adjudge Haas and Haas Corp. liable for disgorgement. Therefore it is binding on ProBuilders, and no evidence should be offered to support the proposition that the framer was an independent contractor.

**MOTION IN LIMINE NO. 7**

This motion asks the Court to bar any evidence supporting ProBuilders' claims to recover some or all of the amounts it purportedly paid for the defense of Haas or Haas Corp. The California Supreme Court has held that for an insurer to recover defense costs it has incurred, the insurer must reserve its right to do so. *Buss v. Sup. Ct.*, 16 Cal. 4th 35, 61 n. 27 (1997). ProBuilders' initial reservation of rights letter, Seeds dec. exh. C, letter of March 2008, does not do so. Therefore, ProBuilders is not allowed to recover any of the defense costs, and evidence of those costs should be barred.[9]

---

9. ProBuilders' October 2009 supplemental reservation of rights letter, contained in exh. C, does reserve "the right to seek reimbursement of all defense fees and costs, should it determine that there was no defense obligation owed here." This belated reservation, coming more than a year after it had retained counsel for Haas, should not be sufficient to recover any defense costs, whenever accrued. Moreover, this reservation of rights applies

**MOTION IN LIMINE NO. 8**

This motion asks the Court to order that none of the pleadings filed in this case may be admitted into evidence. Pleadings are not themselves evidence. They are merely allegations. To the extent that they contain relevant admissions, the jury can be instructed concerning them

Respectfully submitted,

Dated: October 5, 2013

Greenan, Peffer, Sallander & Lally, LLP

Robert Seeds
Digitally signed by Robert Seeds
DN: cn=Robert Seeds, o=Greenan, Peffer, Sallander & Lally LLP, ou, email=rseeds@gpsllp.com, c=US
Date: 2013.10.04 16:09:21 -07'00'

Robert L. Sallander, Jr., attorneys for Defendants/Counterclaimants

DECLARATION OF ROBERT SEEDS

I, Robert Seeds, declare:

1. I am an attorney admitted to practice law in this Court, and am employed by Greenan, Peffer, Sallander & Lally LLP, attorneys for the Levines and Haas in this matter. Based on my personal participation in the events described in this declaration I can truthfully testify, from my own knowledge, as follows.

2. Attached hereto as exhibit A is a true and correct copy of the Amended Judgment entered in the underlying action. It is on ProBuilders' exhibit list as exhibit 25.

3. Attached hereto as exhibit B is a true and correct copy of the Statement of Decision entered in the underlying action. It is on ProBuilders' exhibit list as exhibit 26.

4. I am the attorney who is primarily responsible for identifying potential trial exhibits. As a result I have become familiar with all of the documents produced in this case. One of my focuses has been on collecting all correspondence in which ProBuilders explained its

solely to the alleged right to recover *all* of the defense costs *should there be no duty to defend* under the policy. Neither this nor any subsequent letter reserves the separate right to recover fees associated solely attributable to non-covered claims, recognized in *Buss, supra*. Having failed to reserve *Buss* rights

coverage position. Attached as exhibit C is a collection of true and correct copies of all of such documents I have identified. They are presented in chronological order; I believe that the last one is misdated, it was not sent in 2009, it was sent in 2010.

I declare under penalty of perjury under California and Federal law that the foregoing is true and correct. Executed in San Ramon, Contra Costa County, California, on October 4, 2013.

Robert Seeds Digitally signed by Robert Seeds DN: cn=Robert Seeds, o=Greenan, Peffer, Sallander & Lally LLP, ou, email=rseeds@gpslip.com, c=US Date: 2013.10.04 16:09:50 -07'00'

Robert Seeds, declarant