GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants. | CASE NO.:5:10-CV-05533-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 REGARDING REALIGNMENT OF THE PARTIES**<br><br>**Date:** October 18, 2013<br>**Time:** 11:00 a.m.<br>**Judge:** Hon. Edward J. Davila<br>**Courtroom:** 4 |

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby submits this Opposition to Defendant R.J. Haas' ("Haas"), and Defendants Ty and Karen Levines' Motion in Limine No. 2 ("Motion") regarding realigning the parties so that the Levines and Haas are treated as Plaintiffs and ProBuilders is treated as a Defendant. The Defendants summarily argue that they are entitled to be treated as Plaintiffs. However, when one conducts a detailed analysis of the issues, it is clear that the parties should not be realigned.

First, ProBuilders chose to file the instant action to obtain a ruling that it had no duty to defend or indemnify Haas and R.J. Haas Corporation ("Haas Corp.") against the Levines' judgment obtained in the case captioned *Ty Levine, et al. v. R.J. Haas, et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("*Levine* action"). ProBuilders also filed the instant action (1) to obtain reimbursement of defense fees/costs, pursuant to *Buss v. Superior Court*, 16 Cal.4th 35 (1997), (2) to rescind the policy ProBuilders issued to Haas Corp., because of material misrepresentations Haas Corp. made in the application for the policy, and (3) so that in the event that the Court rescinds the policy, ProBuilders can recover reimbursement of defense fees/costs ProBuilders incurred defending Haas and Haas Corp. against the *Levine* action. (See ProBuilders' Second Amended Complaint, in the instant action, which is Docket No. 48 and referenced in ProBuilders' concurrently filed Request for Judicial Notice ("RJN").) Defendants have filed Counterclaims against ProBuilders alleging breach of contract-duty to defend, breach of contract-duty to indemnify, and breach of the implied covenant of good faith and fair dealing. (See the Defendants' Counterclaims, which are Docket Nos. 39 and 53 referenced in ProBuilders' RJN.) Thus, since all parties are seeking affirmative relief and bear the burden of proof on various claims, the Court should permit ProBuilders, the party that commenced the action, to remain as Plaintiff. (See *Anheuser-Busch v. Labatt Importers, Inc.*, 89 F.3d 1339, 1344 (8th Cir. 1996).) "Courts will not realign the parties from their original designations unless the plaintiff no longer retains the burden to provide at least one of its claims or if subsequent events in the case significantly shift the ultimate burden of proof from the plaintiff to

defendant." (*Harris Corporation v. Ericsson, Inc.*, 1999 U.S. Dist. Lexis 12549, *9-*10 (N.D. Tex. 2005).

Second, realigning the parties would not make the issues in the case clearer for the jury. (See *Plumtree Software, Inc. v. Datamize LLC,* 2003 U.S. Dist. Lexis 26948, *12-*14, (N.D. Cal. 2003), wherein the Court considered jury confusion in deciding whether to realign the parties.) Defendants have not advanced any argument regarding juror confusion, and there is no evidence that realignment would assist the jury.

Third, Defendants contend that ". . . whether Probuilders had a duty to defend is a question of law for the Court to resolve . . ., so that claim does not justify ProBuilders as the plaintiff for trial purposes". (Defendants' moving papers at page 6, lines 22-25.) However, Defendants overlook the fact that there are many factual disputes that must be resolved by the jury.

For example, the ProBuilders policy contains the Contractors Special Conditions Endorsement ("CSC Endorsement") which provides:

> As a condition precedent to this policy applying to any **claim** in whole or in part based upon the work performed by independent contractors, the **insured** must have prior to the date of the loss giving rise to the **claim**:
>
> (1) Received a written indemnity agreement from the independent contractor holding the **insured** harmless for all liabilities, including costs of defense, arising from the work of the independent contractors; and
>
> (2) Obtained certificates of insurance from the independent contractor indicating that the **insured** is named as an additional insured and that coverage is maintained equal to or greater than provided by this policy with limits of at least $1,000,000 per **occurrence**.
>
> (3) The **insured** has maintained the records evidencing compliance with subsections 1 and 2. [Emphasis added.] [ProBuilders RJN references Docket No. 129, which contains as Exhibit A a copy of the policy.]

The jury must decide factual issues concerning the duty to defend and/or duty to indemnify, such as whether all the workers on the Levine residence were independent contractors or employees of Haas Corp., whether all of Haas Corp.'s subcontractors that worked on the Levine residence obtained certificates of insurance, and what was the nature of the work performed by the subcontractors. ProBuilders contends that if its duty to defend was ever triggered, at some point, during the pendency

of the *Levine* action the duty to defend ceased because ProBuilders conclusively determined that CSC Endorsement along with other "work product" exclusions precluded all coverage. Thus, Defendants have presented no compelling reasons to realign the parties.

## II. THIS COURT SHOULD DENY DEFENDANTS' MOTION IN LIMINE

ProBuilders does not dispute that the Court has the power to realign the parties. However, Defendants have not provided the Court with any persuasive reason which would justify realigning the parties. Both ProBuilders and Defendants are pursuing affirmative claims. ProBuilders is seeking (1) a declaration that it has no duty to defend or indemnify Haas Corporation and Haas against the *Levine* action, (2) reimbursement of defense fees/costs, pursuant to *Buss*, and (3) rescission of the policy, including recovery of all defense fees/cost in excess of the policy premium. In contrast, the Defendants are pursuing claims for breach of contract - duty to defend, breach of contract - duty to indemnify, and bad faith. Thus, all parties re seeking affirmative relief, such that ProBuilders as the initial party to commence the action should remain designated as the Plaintiff.

Defendants cite *Allegro Ventures, Inc. v. Almquist*, 2013 U.S. Dist. LEXIS 103851 (S.D. Cal. July 14, 2013), for the proposition that the parties should be realigned. However, this case is inapplicable, because Plaintiff's sole relief sought was declaratory relief. The *Allegro Ventures* Court found that the parties' positions regarding declaratory relief supported realignment. In contrast, ProBuilders, as discussed above, is also pursuing claims for damages.

Defendants also cite a number of patent infringement cases to support their position that the parties should be realigned. However, these cases are inapplicable, because they are distinguishable from the instant matter. For example, Defendants cite *Plumtree,* 2003 U.S. Dist. Lexis 26948 (N.D. Cal. 2003), to support their claim for realignment. However, *Plumtree,* which permitted realignment, dealt with a situation where the party seeking realignment as Plaintiff originally commenced the litigation, and the Court held that realignment was appropriate to mitigate the forum shopping conducted by the party opposing realignment. (*Plumtree* at *9, *15.)

Defendants also cite to *Safetyweb, Inc. v. Intercede Ltd,* 2012 U.S. Dist. LEXIS 65800, 3 (C.D. Cal. 2012), a patent case. In that case, the Court reviewing the various patent claims held that the parties should be realigned, because the parties should be labeled consistent with their positions in the

litigation. However, the instant factual situation, is a far cry from the factual situation in *Safetyweb*. In the instant action, all the parties are pursuing affirmative claims. As to ProBuilders, with respect to its reimbursement claim under *Buss,* ProBuilders has the burden of establishing that it had no duty to defend. Moreover, ProBuilders must establish the amount of defense fees/cost that it incurred defending uncovered claims.

ProBuilders' position that there should be no realignment of the parties is supported by *Anheuser-Busch v. Labatt Importers, Inc.*, 89 F.3d 1339 (8th Cir. 1996), wherein the Court stated:

> In the circumstances of this case, we do not believe that the District Court abused its discretion by denying Labatt's motion to set aside the order of proof and realign the parties. Both Labatt and A-B bore the burden of proof on distinct causes of action. The District Court understandably chose to allow the actual Plaintiff, the party that filed the lawsuit, to proceed first. (*Id.* at 1344.)

In the instant action, since the parties each bear the burden of proof on a number of issues in support of their claims, the Court should not realign the parties. Defendants have not provided any legitimate reason justifying such an action. This Court should permit ProBuilders, the party that filed the lawsuit, to proceed first.

## III. CONCLUSION

For the reasons, stated above, ProBuilders requests the Court deny the Motion in Limine, and not realign the parties.

Dated: October 11, 2013

YARON & ASSOCIATES

[signature]

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 11, 2013**, I served the within:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 REGARDING REALIGNMENT OF THE PARTIES**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 11, 2013**, at San Francisco, California.

**Michelle Sangalang**
msangalang@yaronlaw.com