GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,

Plaintiff,

v.

VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,

Defendants.

CASE NO.:5:10-CV-05533-EJD

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF R.J. HAAS CORP.'S ALLEGED FAILURE TO OBTAIN CERTIFICATES OF INSURANCE SHOWING THAT R.J. HAAS CORP. WAS AN ADDITIONAL INSURED ON SUBCONTRACTORS' INSURANCE POLICIES**

**Date:** October 18, 2013
**Time:** 11:00 a.m.
**Judge:** Hon. Edward J. Davila
**Courtroom:** 4

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby submits this Opposition to Defendants/Counter-Claimants R.J. Haas and Ty and Karen Levine's ("Defendants") Motion in Limine #5 asking the Court to exclude evidence regarding R.J. Haas Corp.'s alleged failure to obtain certificates of insurance showing that R.J. Haas Corp. was an additional insured on subcontractors' insurance policies.

Given that the certificates of insurance concern whether R.J. Haas Corp. ("Haas Corp.") satisfied a condition precedent to the ProBuilders policy, the Contractors Speciality Conditions ("CSC") Endorsement, Defendants bring the instant Motion to attempt to evade the insureds' contractual obligation to establish satisfaction of the condition. The CSC endorsement provides:

> As a condition precedent to this policy applying to any **claim** in whole or in part based upon the work performed by independent contractors, the **insured** must have prior to the date of the loss giving rise to the **claim**:
>
> (1) Received a written indemnity agreement from the independent contractor holding the **insured** harmless for all liabilities, including costs of defense, arising from the work of the independent contractors; and
>
> (2) Obtained certificates of insurance from the independent contractor indicating that the **insured** is named as an additional insured and that coverage is maintained equal to or greater than provided by this policy with limits of at least
>
> $1,000,000 per **occurrence**.
>
> (3) The **insured** has maintained the records evidencing compliance with subsections 1 and 2. [Emphasis added.] [See Request for Judicial Notice in support of Plaintiff's Opposition to Defendants' Motion in Limine #3, paragraph 3, which references Docket No. 129, which attaches the policy as exhibit A.]

Defendants argue that satisfaction of the requirement that Haas Corp.'s independent contractors obtain certificate of insurance in favor of Haas Corp. is irrelevant, because Defendants have conveniently decided that certificates of insurance are immaterial, since Haas Corp. failed to satisfy this condition. Defendants, through this Motion, are attempting to rewrite the ProBuilders policy. As a fallback position, Defendants contend that even if certificates of insurance are material, then ProBuilders bears the burden of demonstrating substantial prejudice as a result of the insured's

failure to obtain them. The instant motion is not a Motion in Limine. Defendants are seeking a legal ruling as to the standard applicable to demonstrating breach of the CSC Endorsement. Defendants had an opportunity to bring a Motion for Partial Summary Judgment on this issue but failed to do so, and attempt to utilize the instant motion as the proverbial "second bite of the apple," to ProBuilders' prejudice.

As a condition precedent to coverage, in part, Defendants must establish that Haas Corp. obtained certificates of insurance from its independent contractors that worked on the Levine residence. (See *Scottsdale ins. Co. v. Essex Ins. Co.*, 98 Cal. App. 4th 86, 95 (2002), and *North American Capacity Ins. Co. v. Claremont Liab. Ins. Co.,* 177 Cal.App.4th 272, 289 (2009), wherein the Courts held endorsements, similar to the CSC endorsement, were conditions precedent to coverage.) These certificates of insurance are not irrelevant. They provide evidence to ProBuilders that Haas Corp. has taken steps to insure that its subcontractors name it as an additional insured. Such additional insurance should limit ProBuilders' exposure on any Haas Corp. project. As discussed below, California law does not require that ProBuilders demonstrate substantial prejudice in order to enforce the terms of the CSC Endorsement. Nevertheless, given that ProBuilders was the only insurer that defended Haas Corp. and Haas in the case captioned *Ty Levine v. R.J. Haas et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("the *Levine* action"), this, by itself, is sufficient evidence of substantial prejudice. If Haas Corp. had honored its contractual obligation, then additional insurers would have likely participated in its defense.

## II. <u>LEGAL ARGUMENT</u>

### A. <u>Defendants' Request Is Not The Proper Subject of a Motion in Limine</u>

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." (*Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).) "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *(Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).)

In *Meyer Intellectual Props. Ltd. V. Bodum, Inc.*, 690 F.3d 1354, 1378 (Fed. Cir. 2012), the Federal Circuit reversed the District Court after it had "essentially converted [a] motion *in limine* into a motion for summary judgment." The Federal Circuit explained that "[i]n doing so, the court did not allow for full development of the evidence and deprived [the defendant] of an opportunity to present all pertinent material to defend against the dismissal of its inequitable conduct defense." (*Id.*)

District Courts have consistently disallowed litigants to raise non-evidentiary matters in limine. See *Hinkle v. Ford Motor co.*, No. 3:11–24–DCR, 2012 WL 5868899, at p. 8 (E.D. Ky. Nov. 20, 2012.) ("[T]he Court will not rule on this substantive issue in a motion in limine."); *Bell v.Prefix, Inc.*, No. 05–74311, 2009 WL 3614353, at *1 (E.D. Mich. Nov. 2, 2009.) ("Normally, motions in limine are not proper procedural devices for the wholesale disposition of theories or defenses.") (internal quotation marks omitted.)

Haas Corp.'s failure to satisfy the CSC Endorsement, which includes a requirement that Haas Corp. obtain additional insured certificates was asserted as an affirmative defense in ProBuilders' answers to Defendants' Counterclaims. (See concurrently filed Request for Judicial Notice ("RJN") ¶¶ 1,2 (Docket Nos. 42 and 58).) Motions in limine are normally not proper procedural devices for the wholesale disposition of theories or defenses." (*Bell* at 1.) Accordingly, Defendants' request that the Court require ProBuilders to prove it was substantially prejudiced by Haas Corp.'s failure to obtain certificates showing that Haas was an additional insured is not the proper subject of a Motion in Limine. (See Defendants' Motion in Limine #5 at p. 13:7-10.) Therefore, the Court should deny Defendants' Motion in Limine.

### B. The Requirement to Obtain Certificates of Insurance Is Material

Defendants cite *Empire Fire & Marine Ins. Co. v. Bell*, 55 Cal. App. 4th 1410 (Cal. App. 1st Dist. 1997), and *Bradley Real Estate Trust v. Plummer & Rowe Ins. Agency*, 609 A.2d 1233 (N.H. 1992), in support of their proposition that the certificates of insurance ProBuilders requested Haas Corp. obtain are meaningless. However, both of these cases hold that certificates of insurance are evidence that a policy has been issued.

In *Empire*, the insurer sought to avoid liability under the policy based upon a disclaimer contained in the certificate of insurance. (*Id.* at p. 1423, n.25.) The *Empire* Court held that the

certificate of insurance was merely evidence of a policy that had been issued, and that the insurer could not, simply by inserting a provision in the certificate of insurance, eliminate its obligation under state law to give notice of insurance cancellation to the Department of Motor Vehicles. (*Id.*)

In *Bradley*, the Court examined the duties a certificate imposed on the insurer. Certificates of insurance were issued that showed workers' compensation coverage was effective from June 21, 1989 to June 21, 1990. (*Id.* at 1234.) However, on December 6, 1989, the insurance policy was cancelled due to failure to pay the premiums and on December 15, 1989, an injury was sustained and an attempt was made to collect on the cancelled insurance policy under the theory that the insurer had a duty to inform the party who had relied on the certificate that the insurance policy had been cancelled. (*Id.*) The *Bradley* Court held that the certificates were "worthless" in that they imposed no duty on the insurer to provide notification. (*Id.* at 1235.) <u>However, the Court held the certificates served as evidence that a policy had been issued on a particular date.</u> (*Id.*) Therefore, both Bradley and Empire provide no support for Defendants' argument that certificates of insurance are "meaningless" in the context of this current matter before the Court.

Additional insured endorsements generally provide coverage for claims against the upstream contractor (Haas Corp.) relating to the work performed by the subcontractor/named insured. Accordingly, ProBuilders had a substantial interest in requiring Haas Corp. to obtain certificates of insurance from any subcontractors it hired, because it would minimize the total risk faced by ProBuilders by increasing the total amount of coverage available for each claim against Haas Corp.'s subcontractors. ProBuilders required evidence that Haas Corp. was an additional insured on a policy issued to each subcontractor. Haas Corp. therefore had a duty to satisfy this requirement by obtaining certificates of insurance from each independent contractor naming Haas Corp. as an additional insured. Accordingly, such certificates of insurance were certainly not meaningless because they would provide evidence that a policy was issued naming Haas Corp. as an additional insured.

### C. <u>ProBuilders Does Not Have to Demonstrate Substantial Prejudice to Enforce the CSC Endorsement</u>

Under California substantive law, the burden to show that all of the conditions precedent in the policy have been satisfied would fall upon the Defendants, who seek the effectuate the contract. (See *Kennedy v. Underwriters at Lloyd's, London*, 219 Cal. App. 2d 11, 13 (1963); *Kadner v.*

*Shields*, 20 Cal.App.3d 251, 268 (1971).) Defendants argue that breach of the CSC Endorsement provision "does not bar coverage unless ProBuilders proves that the breach substantially prejudiced ProBuilders." (See Defendant's *Motion in Limine* #5 at p.12:6-7.) Defendants cite to three cases in their Motion: *Hynding v. Home Acci. Ins. Co.*, 214 Cal. 743, 751 (Cal. 1932); *Campbell v. Allstate Ins. Co.*, 60 Cal. 2d 303, 307 (Cal. 1963); and *Dalzell v. Northwestern Mut. Ins. Co.*, 218 Cal. App. 2d. 96, 102 (Cal. App. 3d Dist. 1963). However, all three of these cases involve the notice-cooperation clause, which does not apply to this matter before the Court.

Here, however, a notice-cooperation clause is not the subject of Defendants' Motion in Limine. Instead, ProBuilders has alleged as an affirmative defense in both of its Answers to Defendants' Counterclaim that Haas Corp.'s failure to satisfy the CSC endorsement, including obtaining additional insured certificates, excluded coverage. (See the concurrently filed Request for Judicial Notice ("RJN") ¶¶ 1, 2 (Docket Nos. 42 and 58).) ProBuilders makes this claim because the requirement of Haas Corp. to obtain additional insured certificates was a condition precedent to the application of the policy pursuant to the CSC Endorsement.

In *Scottsdale ins. Co. v. Essex Ins. Co.*, 98 Cal. App. 4th 86 (2002), the Court considered endorsement, similar to the CSC Endorsement, contained within the applicable insurance policy which stated:

> It is hereby understood and agreed that conditions for coverage under this policy are:
>
> (1) Certificates of insurance with limits of liability equal to or greater than those provided by this policy will be obtained from all subcontractors prior to commencement of any work performed for the insured.
>
> (2) Insured will obtain hold harmless agreements from subcontractors indemnifying against all losses from the work performed for the insureds by any and all subcontractors.
>
> (3) Insured will be named as additional insured on all subcontractors general liability policies. (*Id.* at 93-94.)

The Trial Court in *Scottsdale* held that the insurer was not prejudiced by the lack of compliance with the condition and that enforcement of the condition would violate the spirit of the condition since the insured obtained other insurance to help cover any loss. The Court of Appeals reversed the opinion

of the Trial Court, however, and noted that it could find no cases requiring a showing of prejudice outside the notice-cooperation clause context. (*Id.* at 97.)

ProBuilders acknowledges that there is case law holding that in order for an insurer to deny coverage for breach of the cooperation clause, the insurer must show substantial prejudice. However, the CSC Endorsement is far different than a cooperation clause. Typically, a cooperation clause is not a condition precedent to coverage. Thus, imposing a substantial prejudice requirement on the enforcement of the CSC Endorsement makes no sense. The policy, as written, required Haas Corp., as a condition to coverage, to accomplish certain things, such as obtaining written "hold harmless" agreements and certificates of insurance from independent contractors. By imposing a substantial prejudice requirement for enforcement of these policy terms, an argument can be made that a court would only be rewarding an insured that failed to live up to its contractual obligations and limits an insurer's ability to apportion risk. Nevertheless, as discussed below, even if this Court holds that ProBuilders must demonstrate substantial prejudice, then, <u>at trial</u>, ProBuilders will satisfy that burden.

This Court should follow the reasoning of *Brizuela v. CalFarm Ins. Co.*, 116 Cal. App. 4th 578 (Cal. App. 2d Dist. 2004), wherein the Court refused to apply a substantial prejudice standard to a policy requirement that the insured submit to an examination under oath (*Id.*) The Court held that while an insurer must show it was "substantially prejudiced" by an insured's breach of the cooperation clause, there was no California authority that required an insurer to show prejudice before denying policy benefits to an insured who violated a policy provision requiring submission to an examination under oath. (*Id.*)

### D. <u>If The Court Determines That A Showing of Substantial Prejudice Is Required, ProBuilders Can Show It Was Substantially Prejudiced by Haas Corp.'s Failure to Obtain the Certificate</u>

Even if ProBuilders is required to prove it was substantially prejudiced by a breach of the CSC endorsement, which ProBuilders expressly denies, substantial prejudice exists.[1] As discussed above,

---

[1]Defendants' argument that ProBuilders has the burden of proving breach of the policy condition and proving substantial prejudice are false. Defendants cite to *Norton v. Central Surety & Ins. Co.*, 9 Cal. App. 2d 598, 601 (1935), and *Campbell*, *supra*, 60 Cal. 2d at 306 to support their position. However, both of these cases involve breaches of the cooperation clause, which is not at issue here. To the contrary, the CSC is a condition precedent.

the facts of this case are similar to those in *Scottsdale*. The Court in *Scottsdale* held that the insurer was prejudiced by the insured's failure to obtain additional insured endorsements, finding:

> In any event we agree with Essex that it was prejudiced by Conrad's failure to comply with the condition that he require his subcontractors to be insured and that he be named an additional insured in their policies. Had he done so Conrad's vicarious liability for negligence by the subcontractors would be covered both by the Essex policy and the subcontractor's policies. As noted above the Scottsdale policy does not fill the same role as the subcontractors' policies. (*Id.* at 97-98.)

The relevant portion of the endorsement the insured failed to comply with in *Scottsdale,* quoted above, was very similar to the CSC endorsement. (*Scottsdale* at 93.) Accordingly, there is no reason why ProBuilders should not be found to have been substantially prejudiced by Haas Corp.'s failure to obtain additional insured certificates. Moreover, ProBuilders's CSC Endorsement required a condition precedent that Haas Corp. obtain certificates of insurance indicating that Haas Corp. was an additional insured. ProBuilders required this to minimize its own risk, and to ensure that Haas Corp.'s vicarious liability for its subcontractors' work would be shared with each subcontractor's own policy. ProBuilders was the only insurer to defend Haas Corp. and Haas against the *Levine* action. (See the previously filed Declaration of Sherrianne Hanavan filed in Support of Probuilders' Motion for Summary Judgment, or, in the alternative, Motion for Summary Judgment [Docket No. 128, attachment #9, at paragraphs 1-10].) Thus, if Haas Corp. had satisfied the CSC endorsement then one or more additional insurers would have defended this entity and ProBuilders would have incurred less defense fees and costs.

## III. CONCLUSION

For these reasons, the Court should deny Defendants' Motion in Limine No. 5.

Dated: October 11, 2013

YARON & ASSOCIATES

[signature]

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 11, 2013**, I served the within:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF R.J. HAAS CORP.'S ALLEGED FAILURE TO OBTAIN CERTIFICATES OF INSURANCE SHOWING THAT R.J. HAAS CORP. WAS AN ADDITIONAL INSURED ON SUBCONTRACTORS' INSURANCE POLICIES**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 11, 2013**, at San Francisco, California.

[signature]

**Michelle Sangalang**
msangalang@yaronlaw.com