GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,

Plaintiff,

v.

VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,

Defendants.

CASE NO.:5:10-CV-05533-EJD

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE CONTRADICTING THE JUDGMENT ENTERED BY THE SANTA CLARA COUNTY SUPERIOR COURT**

**Date:** October 18, 2013
**Time:** 11:00 a.m.
**Judge:** Hon. Edward J. Davila
**Courtroom:** 4

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby submits this Opposition to Defendants/Counter-Claimants R.J. Haas' ("Haas") and Ty and Karen Levine's ("Levines") ("Defendants") Motion in Limine No. 6 ("Motion") asking ". . . the Court to bar any evidence contradicting the judgment entered by the Santa Clara County Superior Court in the Levines' suit against Haas". (Defendants' Opposition at page 16, lines 7-8.) However, Defendants' Motion completely overlooks the fact that ProBuilders agreed to defend Haas and R.J. Haas Corporation against the case captioned *Ty Levine, et al. v. R.J. Haas, et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("*Levine* action"), under a "reservation of rights". Defendants' Motion attempts to undermine the purpose behind "reservation of rights" letters. In *Truck Insurance Exchange v. Superior Court*, 51 Cal.App.4th 985 (1996), the Court stated:

> The purpose of a reservation of rights is to afford the insured a defense while protecting the rights of the carrier when the duties to defend and indemnify cannot clearly be determined. It allows both parties to the insurance contract the protection bargained for in connection with the third party suit and reserves coverage issues to a more appropriate forum and time. (*Id.* at 997-998.)

Moreover, the *Truck Insurance Exchange* Court stated "the specific purpose of a reservation of rights is to preclude the application of estoppel and waiver".

ProBuilders acknowledges that the Statement of Decision provides that the framer was an employee of R.J. Haas Corporation. However, as discussed below, ProBuilders reserved all of its rights under the policy it issued to R.J. Haas Corporation. Consequently, in the instant action, ProBuilders should be permitted to litigate issues that impact coverage, such as whether Fonseca Construction, the framer, was an independent contractor or employee of R.J. Haas Corporation for work on the Levine residence, because it impacts the application of the Contractors Speciality Conditions Endorsement ("CSC Endorsement") contained in the ProBuilders policy. The CSC Endorsement provides:

> As a condition precedent to this policy applying to any **claim** in whole or in part based upon the work performed by independent contractors, the **insured** must have prior to the date of the loss giving rise to the **claim**:
>
> (1) Received a written indemnity agreement from the independent contractor holding the **insured** harmless for all liabilities, including costs of defense, arising from the work of the independent contractors; and

> (2) Obtained certificates of insurance from the independent contractor indicating that the **insured** is named as an additional insured and that coverage is maintained equal to or greater than provided by this policy with limits of at least $1,000,000 per **occurrence**.
>
> (3) The **insured** has maintained the records evidencing compliance with subsections 1 and 2. [Emphasis added.] [ProBuilders concurrently filed Request for Judicial Notice references Document No. 129, which contains as Exhibit A a copy of the policy.]

The CSC Endorsement is important, because if an independent contractor did not satisfy the requirements of this Endorsement, then there is no coverage for any claim in whole or in part based upon the work performed by that independent contractor. Given that ProBuilders reserved its rights as to the application of the CSC Endorsement, it should be permitted to litigate whether the framer was an employee or independent contractor. Thus, evidence impacting coverage issues such as whether Fonseca Construction was an independent contractor should not be barred and Defendants' Motion should be denied.

## II. SINCE PROBUILDERS DEFENDED HAAS AND R.J. HAAS CORPORATION UNDER A RESERVATION OF RIGHTS, DEFENDANTS' MOTION SHOULD BE DENIED

### A. ProBuilders' Reservation of Rights Letters

ProBuilders provided R.J. Haas Corporation with a "reservation of rights" letter, dated March 7, 2008, concerning the case captioned *Ty Levine, et al. v. R.J. Haas, et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("*Levine* action"). (The subject letter is attached as Exhibit C to Robert Seeds' Declaration filed in Support of Defendants' Motions in Limine (Docket No. 229).) In this letter, ProBuilders advised, in part, at page 22, that:

> Based on the above, PBSIC [ProBuilders] will continue to conduct an investigation of this matter subject to a reservation of rights under policy #COM 5010992. <u>In doing so, PBSIC is not waiving, but is preserving, all of its rights to contend it is not obligated to defend RJ Haas, to contend that it is not obligated to indemnify R.J. Haas,</u> to recover monies spent in settlement or satisfaction of judgments, and to file a declaratory relief action to secure a resolution concerning any coverage issues. [Emphasis added.]

ProBuilders' letter, dated March 7, 2008, cited to the pertinent policy provisions including the CSC Endorsement.

ProBuilders sent R.J. Haas Corporation a "reservation of rights" letter, dated October 5, 2009. (The subject letter is attached as Exhibit C to Robert Seeds' Declaration filed in Support of Defendants' Motions in Limine.) In this letter, ProBuilders advised, at page 4, that:

> Therefore, based on the terms of the CSC Endorsement, it appears clear that R.J. Haas did not satisfy the "condition precedent" to the ProBuilders policy being applicable to this claim, and so the ProBuilders policy is inapplicable to the instant action against R.J. Haas.

Moreover, this letter advised, at page 2, that:

> <u>ProBuilders expressly reserves the right to seek reimbursement of all defense fees and costs, should it determine that there was no defense obligation owed here</u>. [Emphasis added.]

ProBuilders sent R.J. Haas Corporation a "reservation of rights" letter, dated February 19, 2010. (The subject letter is attached as Exhibit C to Robert Seeds Declaration filed in Support of Defendants' Motions in Limine.) In this letter, ProBuilders advised, at page 2, that:

> <u>However, as previously agreed, ProBuilders will agree to continue to provide R.J. Haas with a courtesy defense, under a full and express "reservation of rights," including, expressly, the right to pursue reimbursement of all or some of the defense fees and costs ProBuilders has incurred to date, and will incur in the future</u>. [Emphasis added.]

ProBuilders sent R.J. Haas Corporation a "reservation of rights" letter, dated November 2, 2010. (The subject letter is attached as Exhibit C to Robert Seeds' Declaration filed in Support of Defendants' Motions in Limine.) In this letter, ProBuilders advised, at page 3, that:

> As to your request that ProBuilders provide you and R.J. Haas with a full defense, ProBuilders will continue to provide you and R.J. Haas with a "courtesy defense". However, ProBuilders will not provide you and R.J. Haas with indemnity coverage. As explained in prior correspondence, given the conclusive application of the Endorsement Number 5, entitled "Contractors Special Conditions" Endorsement (hereinafter, "CSC Endorsement"), in the ProBuilders policy, ProBuilders has no indemnity obligation.

Moreover, this letter advised, at page 4, that:

> ProBuilders reiterates that it fully and expressly reserve all of its rights in this matter, and does not intend to waive any of its rights under its policies or any terms, conditions, exclusions, or endorsements contained herein, even if not expressly discussed in this supplemental "reservation of rights" letter, or in its prior March 7, 2008 "reservation of rights" letter.

### B. <u>Case Law Supports the Conclusion that the Instant Motion Should be Denied</u>

Defendants cite two cases to support the instant Motion. However, these cases are

inapplicable, because neither case concerns the impact of an insurer's "reservation of rights" letter on a later coverage action against an insurer. Moreover, these cases seem to rely on decisions wherein either the insurer failed to defend the insured or, in the alternative, the policy at-issue soley provided indemnity coverage.

ProBuilders' position is supported by *Schaefer/Karpf Productions v. CNA Ins. Co.*, 64 Cal.App.4th 1306, 1313 (1998), where the judgment in the underlying action contained a finding that insured's loss "resulted from physical injury to or the loss of use of tangible property." According to the insured, the effect of the judgment in the underlying action is the same as if the court had found that the loss "resulted from 'property damage' as defined in Section V, paragraph 12 of CNA's Commercial General Liability Coverage Form CG 1185." The Court rejected this argument and stated the following:

> Generally speaking, in an action by an injured party against the party who allegedly caused the injury the court does not adjudicate the issue of insurance coverage. The only questions litigated are the defendant's liability and the amount of damages. The plaintiff is not concerned with the theory of liability which produces victory; only with procuring the largest possible judgment. Similarly, the defendant is concerned only with avoiding, or at least minimizing, a judgment for the plaintiff. [Citation omitted.] Whether the plaintiff's loss is covered by the defendant's insurance is not germane to the action, and evidence on that issue would be excluded as irrelevant. [Citation omitted.]
>
> * * *
>
> <u>In determining what issues were "actually litigated" in the underlying action the court in the subsequent action cannot rely exclusively on the findings in the underlying action but must "carefully scrutinize" the pleadings and proof</u>. [Citation omitted]. This scrutiny includes looking behind the findings at the evidence presented to determine what was actually decided. [Citation omitted.] <u>The party asserting collateral estoppel must prove the issue was raised, actually submitted for determination and determined and that contrary evidence on the issue was not restricted</u>. [Citation omitted.] (*Id.* at 1314, emphasis added.)

The Court determined that it was clear that coverage under the CNA policies was not adjudicated in the underlying action. In addition, the Court stated the insured "may have suffered property damage for purposes of establishing liability but whether that property damage is covered by CNA's policies was not decided in the underlying action." (*Id.*)

Here, Defendants have not met their burden to contend that certain evidence (Trial Exhibits 22, 35, 36, 38, 45, 46, 47, and 66) is inadmissible, because as discussed above, Defendants must

prove that the issue to be excluded was (1) raised, (2) actually submitted for determination, (3) determined, and (4) contrary evidence on the issue was not restricted. The *Schaefer/Karpf Productions* Court explained that the Court in the coverage action must carefully scrutinize pleadings and proof to determine if an issue was actually litigated.

At trial, ProBuilders will not challenge the amount of the *Levine* action judgment, or that Haas was found liable. However, ProBuilders plans to establish that no evidence was presented during the trial of the *Levine* action concerning the award in the Statement of Decision for "Damage to other Work caused by the Defective Work: $295,115.45" in order to establish that there is no evidence that this portion of the award is covered by the ProBuilders policy. ProBuilders also plans to introduce evidence regarding the drafting of the Statement of Decision to demonstrate the source of the $295,115.45 figure. Such an analysis is permitted by *Schaefer/Karpf Productions*. (The Statement of Decision is attached as Exhibit B to Robert Seeds' Declaration filed in Support of Defendants' Motions in Limine.)

Defendants contend that ProBuilders is bound by the Trial Court's finding that the framer was an employee of R.J. Haas Corporation. However, if ProBuilders is collaterally estopped from litigating this issue, then it would be unable to fully litigate the coverage issues, which is contrary to California law. *J.C. Penney Cas. Ins. Comp. v. M.K.*, 52 Cal.3d 1009 (1991), dealt with a coverage action wherein the trial court held that the insurer was collaterally estopped from denying coverage, because in the underlying molestation lawsuit the court ruled that the insured acted negligently, not intentionally, with respect to the claims alleged by the mother of a molestation victim. The California Supreme Court held that the insurer was not collaterally estopped by the underlying judgment from asserting that the conduct at-issue was intentional rather than negligent, because the insurer adequately reserved its rights. (See *J.C. Penney* at 1016-1017.) The Court stated:

> "In any event, if the insurer adequately reserves its right to assert the noncoverage defense later, it will not be bound by the judgment. If the injured party prevails, that party or the insured will assert his claim against the insurer. [footnote omitted.] At this time the insurer can raise the noncoverage defense previously reserved." (Citation omitted, *Id.* at 1017.)

The California Supreme Court went on to note: "[t]o overcome the rule that an insurer does not waive its right to deny coverage, an insured must show that, after the insurer reserved its rights,

'. . . the insurer either intentionally relinquished a known right, or acted in such a manner as to cause the insured reasonably to believe the insurer had relinquished such right, and the insured relied upon such conduct to his detriment.'" (*J.C. Penney*, supra, 52 Cal.3d 1009, 1017-1018, quoting *Val's Painting & Drywall, Inc. v. Allstate Ins. Co.* (1975) 53 Cal.App.3d 576, 587.) Here, Defendants have not asserted that ProBuilders ever wavered in its coverage position.

Further, even if the insurer provided a defense, as is the case here, 'if the insurer adequately reserves its right to assert the noncoverage defense later, it will not be bound by the judgment.'" (*J.C. Penney Cas. Ins. Co. v. M.K.*, 52 Cal. 3d 1009, 1017 (1991)). Also, *Allstate Ins. Comp. v. Harris*, 445 F. Supp.847, 852-853 (N.D. Cal. 1978) stated:

> On the other hand, it is unlikely that a jury verdict awarding damages in state court would include a determination of mere negligence rather than intentional tort. And even if it did, the applicable California principles of collateral estoppel are clear that Allstate would not be bound thereby in this action. Pursuant to its reservation of rights, Allstate may assert and seek to prove that Sterling Joseph's actions were intentional for purposes of coverage, notwithstanding a clear finding to the contrary in the tort action.

Similarly, the Court should not apply collateral estoppel to preclude ProBuilders from litigating whether the framer was an employee or subcontractor. ProBuilders reserved all of its rights under the policy. In particular, ProBuilders reserved its rights as to the application of the CSC Endorsement. The application of the CSC Endorsement, in part, depends upon whether a worker on the Levine residence was a R.J. Haas Corporation employee or independent contractor, because the CSC Endorsement applies to independent contractors. ProBuilders plans to introduce evidence that Fonseca Construction was an independent contractor.

ProBuilders reminds the Court that in denying ProBuilders' Motion for Summary Judgment, this Court's Order, dated April 9, 2013, determined that "As to the argument that the policy does not cover any portion of the Levine judgment, questions of fact remain as to what portion of the underlying judgment, if any, is subject to an exclusion, whether ProBuilders adequately reserved its rights in a manner sufficient to avoid collateral estoppel on issues decided by the court in the underlying action, and if it did, whether the framers were employees of Haas and whether any of Haas' defective work caused damage to the work of others." (See ProBuilders concurrently filed Request for Judicial Notice, which references Docket No. 181, the Court's Order, dated April 9, 2013.)

Defendants also seek to preclude from evidence prior testimony of Haas from the *Levine* action. This evidence is contained in Trial Exhibit Nos. 45, 46, & 47. ProBuilders will seek to solicit the pertinent testimony from Mr. Haas. However if he is unavailable then ProBuilders will use Mr. Haas' prior testimony, pursuant to Federal Rules of Evidence 804(b)(1). This prior testimony concerns relevant issues such as the scope of work of R.J. Haas Corporation's subcontractors on the Levine residence, which directly relates to the application of the CSC Endorsement. His prior testimony also concerns Fonseca Construction and problems with this entity's work. Once again, this testimony directly relates to the application of the CSC Endorsement. Moreover, Haas' prior testimony concerns his application for the ProBuilders policy which relates to ProBuilders' affirmative defense for rescission and to its assertion that Condition No. 11, contained in the ProBuilders policy, voids the policy. (See ProBuilders concurrently filed Request for Judicial Notice which in paragraph 1 references the policy.)

## III. CONCLUSION

For the reasons, stated above, ProBuilders requests the Court deny the Motion in Limine, and permit the admission of relevant pleadings into evidence.

YARON & ASSOCIATES

Dated: October 11, 2013

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 11, 2013**, I served the within:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE CONTRADICTING THE JUDGMENT ENTERED BY THE SANTA CLARA COUNTY SUPERIOR COURT**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 11, 2013**, at San Francisco, California.

Michelle Sangalang

**Michelle Sangalang**
msangalang@yaronlaw.com