GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,

Plaintiff,

v.

VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,

Defendants.

CASE NO.:5:10-CV-05533-EJD

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 7 REGARDING EVIDENCE SUPPORTING PLAINTIFF'S CLAIM FOR REIMBURSEMENT OF DEFENSE COSTS UNDER *BUSS***

**Date:** October 18, 2013
**Time:** 11:00 a.m.
**Judge:** Hon. Edward J. Davila
**Courtroom:** 4

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby submits this Opposition to Defendant R.J. Haas' ("Haas"), and Defendants Ty and Karen Levines' Motion in Limine No. 7 ("Motion") wherein, in a single paragraph, Defendants request an Order that the Court "bar any evidence supporting ProBuilders' claims to recover some or all of the amounts it purportedly paid for the defense of Haas or Haas Corp." (Defendants' Motion at page 7, lines 18 to 20.)

Defendants' Motion appears to seek relief based upon the alleged inadequacy of ProBuilders' "reservation of rights" letters. However, as detailed below, ProBuilders adequately reserved its rights to seek reimbursement of defense fees/costs, pursuant to *Buss v. Superior Court*, 16 Cal.4th 35 (1997). Defendants' Motion makes no mention of ProBuilders' claim that it is entitled to reimbursement of defense fees/costs if the Court rescinds the ProBuilders policy. ProBuilders reminds the Court that, if the Court decides to adjudicate ProBuilders' rescission claim as part of the jury trial, then ProBuilders is seeking reimbursement of defense fees/costs that exceed the premium paid by R.J. Haas Corp. In that event, ProBuilders would be entitled to introduce evidence regarding the defense fees/costs ProBuilders incurred in connection with the defense of R.J. Haas Corporation and R.J. Haas.

## II. PROBUILDERS ADEQUATELY RESERVED ITS RIGHTS UNDER BUSS

The *Buss* Court held that an insurer can obtain reimbursement from an insured for defense fees and costs the insurer incurs defending an insured against claims that were not potentially covered by the insurer's policy. (*Id.* at 50 - 52.) The insurer has the burden of proof with respect to its claim for reimbursement. (*Id.* at 53, 54.) The *Buss* Court stated "[w]e note that the Court of Appeal assumed, that in order to obtain reimbursement for defense costs, the insurer must reserve its right thereto. To the extent that this right is implied in law as quasi-contractual, it *must* indeed be reserved". (*Id.* at 61, footnote 27.)

ProBuilders provided R.J. Haas Corporation with a "reservation of rights" letter, dated March 7, 2008, concerning the case captioned *Ty Levine, et al. v. R.J. Haas, et al.*, Santa Clara County Superior Court, Case No. 07-CV081016 ("*Levine* action"). (The subject letter is attached as Exhibit

C to Robert Seeds' Declaration filed in Support of the instant Motion.) In this letter, ProBuilders advised, in part, at page 22, that:

> Based on the above, PBSIC [ProBuilders] will continue to conduct an investigation of this matter subject to a reservation of rights under policy #COM 5010992. <u>In doing so, PBSIC is not waiving, but is preserving, all of its rights to contend it is not obligated to defend RJ Haas</u>, to contend that it is not obligated to indemnify R.J. Haas, to recover monies spent in settlement or satisfaction of judgments, and to file a declaratory relief action to secure a resolution concerning any coverage issues. [Emphasis added.]

ProBuilders sent R.J. Haas Corporation a "reservation of rights" letter, dated October 5, 2009. (The subject letter is attached as Exhibit C to Robert Seeds' Declaration filed in Support of the instant Motion.) In this letter, ProBuilders advised, at page 4, that:

> Therefore, based on the terms of the CSC Endorsement, it appears clear that R.J. Haas did not satisfy the "condition precedent" to the ProBuilders policy being applicable to this claim, and so the ProBuilders policy is inapplicable to the instant action against R.J. Haas.

Moreover, this letter advised, at page 2, that:

> <u>ProBuilders expressly reserves the right to seek reimbursement of all defense fees and costs, should it determine that there was no defense obligation owed here</u>. [Emphasis added.]

ProBuilders sent R.J. Haas Corporation a "reservation of rights" letter, dated February 19, 2010. (The subject letter is attached as Exhibit C to Robert Seeds' Declaration filed in Support of the instant Motion.) In this letter, ProBuilders advised, at page 2, that:

> <u>However, as previously agreed, ProBuilders will agree to continue to provide R.J. Haas with a courtesy defense, under a full and express "reservation of rights," including, expressly, the right to pursue reimbursement of all or some of the defense fees and costs ProBuilders has incurred to date, and will incur in the future</u>. [Emphasis added.]

ProBuilders sent R.J. Haas Corporation a "reservation of rights" letter, dated November 2, 2010. (The subject letter is attached as Exhibit C to Robert Seeds' Declaration filed in Support of the instant Motion.) In this letter, ProBuilders advised, at page 3, that:

> As to your request that ProBuilders provide you and R.J. Haas with a full defense, ProBuilders will continue to provide you and R.J. Haas with a "courtesy defense". However, ProBuilders will not provide you and R.J. Haas with indemnity coverage. As explained in prior correspondence, given the conclusive application of the Endorsement Number 5, entitled "Contractors Special Conditions" Endorsement (hereinafter, "CSC Endorsement"), in the ProBuilders policy, ProBuilders has no indemnity obligation.

Moreover, this letter advised, at page 4, that:

> ProBuilders reiterates that it fully and expressly reserve all of its rights in this matter, and does not intend to waive any of its rights under its policies or any terms, conditions, exclusions, or endorsements contained herein, even if not expressly discussed in this supplemental "reservation of rights" letter, or in its prior March 7, 2008 "reservation of rights" letter.

Defendants attempt to play "word games", and contend that these letters do not adequately reserve the right to reimbursement of defense fees and costs. Defendants cite to no authority, other than the *Buss* decision, which does not support any argument that the above-detailed letters are inadequate. The above-detailed sample of letters that ProBuilders sent to R.J. Haas Corporation, over a period of approximately 2 ½ years which was during the course of ProBuilders' defense of R.J. Haas Corporation and Haas against the *Levine* action, reveal that ProBuilders repeatedly advised R.J. Haas Corporation and Haas that ProBuilders was providing a defense under a "reservation of rights", and ProBuilders was reserving its right to seek reimbursement of defense fees/costs. In fact, the initial letter, dated March 7, 2008, specifically advised that ProBuilders was reserving its rights under the policy and that ProBuilders was ". . . not waiving, but is preserving, all of its rights to contend it is not obligated to defend RJ Haas. . . .." Moreover, the letter, dated October 5, 2009, stated "ProBuilders expressly reserves the right to seek reimbursement of all defense fees and costs, should it determine that there was no defense obligation owed here". In Defendants' Opposition at footnote 9, they contend that the letter, dated October 5, 2009, was inadequate because it should have allegedly referred to ProBuilders' "right to recover fees associated solely attributable to non-covered claims". Given the breadth of the letters discussed above, Defendants' argument is tantamount to "splitting hairs". Clearly, R.J. Haas Corporation and Mr. Haas knew that ProBuilders was reserving its right to seek reimbursement of defense fees/costs and knew this fact long before that matter was tried in November of 2010.

It is important to understand that the *Buss* right to reimbursement does not only apply to "mixed" actions, where there are covered and non-covered claims. It also applies to situations where an insurer defended an action and it turns out that no claim was ever potentially covered. The scope of the *Buss* right to reimbursement was discussed in *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal.4th 643, (2005), wherein the Court stated:

> The Court of Appeal, echoed here by MV and its amicus curiae, reasoned that *Buss's* reimbursement analysis applies only to "mixed" actions, where the insurer must defend even clearly uncovered claims and has no option to deny a defense at the outset, or to minimize its liability by seeking a prompt judicial declaration that it has no duty to defend. We are not persuaded. Though *Buss* itself involved a "mixed" action, *Buss's* analysis of the reimbursement issue applies equally where the insurer, acting under a reservation of rights, defended an action in which, as it turns out, no claim was ever potentially covered. (*Id.* At 659,659.)

It is difficult to fully comprehend Defendants argument since that they do not contend that Probuilders (1) has waived its right to seek recovery of *Buss* fees and costs, and (2) is estopped from asserting a claim for recovery of *Buss* fees and costs. As fully discussed above, Defendants cannot prevail on the argument that ProBuilders failed to adequately reserve its right to pursue a *Buss* reimbursement claim. With respect to waiver, Defendants have the burden to prove this defense by clear and convincing evidence.

> Waiver is "the intentional relinquishment of a known right after full knowledge of the facts." [quoting *Waller v. Truck Ins. Exchange*, 11 Cal.4th 1, 31 (1995).] The "pivotal issue in a claim of waiver is the intention of the party who allegedly relinquished the known legal right." [quoting *Old Republic Ins. Co. v. FSR Brokerage, Inc.*, 80 Cal.App.4th 666 (2000).] The party claiming a waiver bears the burden of proof by clear and convincing evidence "that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver." [*Id.*] (*Travelers Indem. Co. v. Arena Group 2000, L.P.*, 2007 U.S. Dist. LEXIS 17931 * 16-17 (S.D. Cal. 2007).)

Defendants' single paragraph Motion does not prove waiver by clear and convincing evidence. In fact, as discussed above, the Motion does not mention waiver.

As to estoppel, California law provides an insurer may be estopped to assert a policy right or defense, where by words or conduct, the insurer has caused the insured reasonably to change its position to its detriment. (See California Evidence Code Section 623, and *Chase v. Blue Cross of Calif.,* 42 Cal.App.4th 1142, 1151 (1996).) Generally four elements must be presented to establish an equitable estoppel: (1) the insurer must be aware of the facts; (2) the insurer must intend that its conduct be acted upon (or must so act that the insured had a right to believe the insurer so intended); (3) the insured must be ignorant of the true state of facts; and (4) the insured must rely upon the insurer's conduct to his or her injury (See *Colony Ins. Co. v. Crusader Ins. Co.*, 188 Cal.App.4th 743, 751 (2010).) Here, Defendants presented no evidence to support a finding that

ProBuilders is estopped from asserting its claim for *Buss* reimbursement.

## III. CONCLUSION

Defendants claim that the "reservation of rights" letter, dated March 7, 2008, was deficient such that Clarendon is not entitled to seek to recover *Buss* fees/costs. As discussed above, during the course of more than 2 ½ years ProBuilders sent R.J. Haas Corporation several letters explaining that ProBuilders was reserving its right to seek reimbursement of defense fees and costs. Even assuming the letter, dated March 7, 2008, was deficient, in light of the follow-up letters R.J. Haas Corporation and Haas knew that ProBuilders was reserving its rights to seek reimbursement of defense fees and costs. Thus, for the reasons stated above, ProBuilders requests the Court deny Defendants' Motion in Limine No. 7.

YARON & ASSOCIATES

Dated: October 11, 2013

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 11, 2013**, I served the within:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 7 REGARDING EVIDENCE SUPPORTING PLAINTIFF'S CLAIM FOR REIMBURSEMENT OF DEFENSE COSTS UNDER *BUSS***

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 11, 2013**, at San Francisco, California.

**Michelle Sangalang**
msangalang@yaronlaw.com