GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants. | CASE NO.:5:10-CV-05533-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 8 REGARDING THE ADMISSION OF PLEADINGS INTO EVIDENCE**<br><br>**Date:** October 18, 2013<br>**Time:** 11:00 a.m.<br>**Judge:** Hon. Edward J. Davila<br>**Courtroom:** 4 |

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby submits this Opposition to Defendant R.J. Haas' ("Haas"), and Defendants Ty and Karen Levines' Motion in Limine No. 8 ("Motion") wherein, without citing any authority, Defendants request an Order that none of the pleadings in this case may be admitted into evidence.

Given that Defendants' Answers to Plaintiff's operative pleading contain admissions, Plaintiff should be entitled to introduce into evidence relevant admissions. Moreover, as to Plaintiff's affirmative defense for rescission, the pleadings are admissible to demonstrate when Plaintiff's first provided notice of ProBuilders' intent to rescind the policy. Defendants contend that relevant admissions can be included in jury instructions, but provides no explanation as to why the pleadings themselves which contain the admissions should be inadmissible. ProBuilders believes that the pleadings are admissible for the reasons detailed below. However, if the Court would like ProBuilders to introduce the pertinent information into evidence through jury instructions or stipulations, then ProBuilders will accommodate the Court's wishes.

## II. PLEADINGS ARE ADMISSIBLE

Despite the fact that Defendants fail to cite to any authority in their 3 ½ line Motion, they request that the Court preclude ProBuilders from introducing into evidence any pleadings. Defendants' position overlooks the fact that certain pleadings are admissible. Federal Rules of Civil Procedure 8(b)(1) (B) requires a party responding to a pleading to "admit or deny the allegations asserted against it by an opposing party." Admissions in an opposing party's pleadings are admissible evidence. (See Fed. R. Evid. 801(d)(2); *Lockwood v. Wolf Corp.*, 629 F.2d 603, 611, (9th Cir. 1980).) Moreover, in *Moore v. IMCO Recycling of California, Inc.*, 2005 U.S. Dist. Lexis 45779 (C.D. Cal. 2005), the Court stated "[w]hile neither party to a summary judgment motion may rely on the allegations in its own pleadings (Citation omitted) admissions in the opposing party's pleadings are admissible". (*Id.* at *48 -*49, footnote 23.)

One example of a pertinent admission that ProBuilders may introduce into evidence at trial is described below. For example, Trial Exhibit No. 9, which is ProBuilders' Second Amended

Complaint in the instant action [Docket No. 48], and Trial Exhibit No. 11, R.J. Haas' Answer to ProBuilders' Second Amended Complaint [Docket No. 53.] establish that R.J. Haas signed the application for the ProBuilders policy. R.J. Haas admits this fact in response to paragraph 11 of ProBuilders' First Amended Complaint. (See ProBuilders' concurrently filed Request for Judicial Notice which concerns Docket Nos. 48 and 53.)

ProBuilders is entitled to admit into evidence pleadings which demonstrate the Defendants have admitted pertinent facts concerning ProBuilders' claim or defense. California Civil Code Section 1691 states:

> Subject to Section 1693, to effect a rescission a party to the contract must, promptly upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence or disability and is aware of his right to rescind:
>
> (a) Give notice of rescission to the party as to whom he rescinds; and
>
> (b) Restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so.
>
> When notice of rescission has not otherwise been given or an offer to restore the benefits received under the contract has not otherwise been made, the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice or offer or both. [Emphasis added.]

ProBuilders has raised rescission as an affirmative defense to Defendants' Counterclaims. (See Docket Nos. 42 and 58, which are referred to in ProBuilders' concurrently filed Request for Judicial Notice.) ProBuilders first notified the parties to this lawsuit of its claim for rescission with service of the Summons and First Amended Complaint in the instant action, except as to Defendants Tatsuko Adachi and Sachi Adachi, who were first named as Defendants, in ProBuilders' Second Amended Complaint. Thus, pleadings, such as Proofs of Service for the First Amended Complaint, and the First Amended Complaint, are admissible to show the notice that ProBuilders provided regarding its rescission claim and Defendants receipt of that notice. Moreover, ProBuilders has identified as Trial Exhibits the entry of defaults of Defendants R.J. Haas Construction Corp. and Valley Corp. B formerly

known as R.J. Haas Corporation. These pleadings are relevant to establish that these entities have been defaulted.

## IV. CONCLUSION

For the reasons, stated above, ProBuilders requests the Court deny the Motion in Limine, and permit the admission of relevant pleadings into evidence.

YARON & ASSOCIATES

Dated: October 11, 2013

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 11, 2013**, I served the within:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 8 REGARDING THE ADMISSION OF PLEADINGS INTO EVIDENCE**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 11, 2013**, at San Francisco, California.

[signature]

**Michelle Sangalang**
msangalang@yaronlaw.com