GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,

Plaintiff,

v.

VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,

Defendants.

CASE NO.:5:10-CV-05533-EJD

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO BAR PROBUILDERS FROM PARTICIPATING IN TRIAL**

**Date:** October 18, 2013
**Time:** 11:00 a.m.
**Judge:** Hon. Edward J. Davila
**Courtroom:** 4

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby submits this Opposition to Defendants/Counter-Claimants R.J. Haas and Ty and Karen Levine's ("Defendants") Motion in Limine No.1 asking the Court to bar ProBuilders from participating in trial without either obtaining a certificate of authority to transact insurance in California, or posting a bond for $2,564,195.[1] Defendants' request for relief is overbroad. Section 1616 of the Insurance Code only applies to actions "instituted against" nonadmitted insurers. Accordingly, even if this section were to apply to ProBuilders, which ProBuilders expressly denies, it would only apply to ProBuilders' defense against Defendants' Counterclaims, and would not apply to ProBuilders' litigation of its Complaint against Defendants.

Whether to bar ProBuilders from participating in trial is not the proper subject of a Motion in Limine. Therefore, the Court must deny Defendants' request. Additionally, California Insurance Code Section 1616 is preempted by 15 U.S.C. § 3902(a)(1) and, therefore, cannot be used to bar ProBuilders from participating in trial. Moreover, the California Legislature never intended for Insurance Code Section 1616 to apply to ProBuilders because Risk Retention Groups are specifically excluded from the definition of a "nonadmitted insurer." Accordingly, the Court should deny Defendants' Motion in Limine No. 1.

## II. LEGAL ARGUMENT

### A. Whether or Not to Bar ProBuilders from Participating in Trial Is Not The Proper Subject of a Motion in Limine

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." (*Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).) "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion in limine is designed to narrow the

[1] In the event the Court determines a bond is required, ProBuilders contends that Defendants have not provided the Court with sufficient evidence to determine the amount of such a bond.

evidentiary issues for trial and to eliminate unnecessary trial interruptions." *(Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).)

Allowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the Court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attached to a summary judgment motion. (See *Williams v. Johnson,* 747 F. Supp. 2d 10, 14 (D.D.C. 2010).)

In light of their limited purpose, motions in limine "should not be used to resolve factual disputes," which remains the "function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." (*C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).)

In *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1378 (Fed. Cir. 2012), the Federal Circuit reversed the District Court after it had "essentially converted [a] motion *in limine* into a motion for summary judgment." The Federal Circuit explained that "[i]n doing so, the court did not allow for full development of the evidence and deprived [the defendant] of an opportunity to present all pertinent material to defend against the dismissal of its inequitable conduct defense." (*Id.*)

District Courts have consistently disallowed litigants to raise non-evidentiary matters in limine. (See, e.g., *Hinkle v. Ford Motor Co.*, No. 3:11–24–DCR, 2012 WL 5868899, at *8 (E.D. Ky. Nov. 20, 2012). ("[T]he Court will not rule on this substantive issue in a motion in limine."); *Bell v. Prefix, Inc.*, No. 05–74311, 2009 WL 3614353, at *1 (E.D. Mich. Nov. 2, 2009). ("Normally, motions in limine are not proper procedural devices for the wholesale disposition of theories or defenses," internal quotation marks omitted); *Ohio Oil Gathering Corp. III v. Welding, Inc.*, No. 2:09–cv–782, 2010 WL 5135999, at *3 (S.D. Ohio Dec. 9, 2010). ("Defendant's motion is more a motion for judgment on the pleadings or for summary judgment . . . than it is a motion in limine. The time for filing such dispositive motions has long closed, however, and Defendant cannot evade this Court's summary judgment deadline simply by captioning its dispositive motion in a creative manner."); *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 873 (W.D. Mich. 2008). ("Defendants' motion does not raise questions of the admissibility of certain evidence or suggest that the jury would somehow be

prejudiced by the evidence. Accordingly, there is no basis, as a motion in limine, for excluding this evidence.")

Here, Defendants' Motion requests the Court to bar ProBuilders from participating in trial without either obtaining a certificate of authority to transact insurance in California, or posting a bond for $2,564,195.00. Contrary to the *Luce* Court's definition of a Motion in Limine, Defendant's request is completely void of any mention of evidence or a potential prejudicial effect. Instead, Defendants are attempting to solicit a ruling from the Court regarding ProBuilders' ability to participate in trial under the guise of a Motion in Limine, without the procedural safeguards and deadlines that accompany a Motion for Summary Judgment, a Motion for Judgment on the Pleadings, or a Motion to Dismiss.

Moreover, Defendants have been aware of this issue for some time and are just now filing a motion concerning it, on the eve of trial. Defendants filed their answers to ProBuilders' Amended Complaint on February 7, 2011, and March 8, 2011, respectively. (See the concurrently filed Request for Judicial Notice ("RJN") ¶¶ 1, 2 (Docket Nos. 30 and 39).) On July 25, 2013, following the July 12, 2013 Preliminary Pretrial Conference, counsel for ProBuilders addressed this issue via a "meet and confer" letter to Defendants' counsel, but received no reply. (See the concurrently filed Declaration of James Silverstein ["Silverstein Dec."], ¶ 2, Exh. A.) <u>Additionally, Defendants did not identify this as an issue necessary for the Court to address in the Joint Pretrial Report filed on October 4, 2013.</u> It is disingenuous for Defendants to ask the Court to adjudicate this issue on the eve of trial when it had many previous opportunities to address this issue via a proper motion. More importantly, there is no legal basis for Defendants to ask the Court to address this issue via a Motion in Limine.

**B. <u>California Insurance Code Section 1616 Was Never Intended to Apply to Risk Retention Groups.</u>**

ProBuilders is organized and exists under the laws of the District of Columbia. (See concurrently filed Declaration of Sherrianne Hanavan, ¶'s 1-5.) Section 128 of the California Insurance Code authorizes Retention Groups ("RRGs") to operate in California, stating:

The purposes of this chapter are as follows:

> (a) To regulate the formation and operation of risk retention groups and purchasing groups in this state formed pursuant to the federal Liability Risk Retention Act of 1986, to the extent permitted by that law.

> (b) To promote the formation and operation of risk retention groups and purchasing groups in this state. Californians who are experiencing difficulty in obtaining liability coverage are encouraged to form and operate risk retention and purchasing groups in this state.
>
> (c) To authorize the formation of a risk retention group for directors and officers of corporations, whether for profit or nonprofit, who are engaged in the same line of business with respect to the liability risks faced by those officers and directors within the meaning of the federal Liability Risk Retention Act of 1986. (Cal. Ins. Code § 128.)

Defendants cite to California Insurance Code § 1616 in their Motion, which states that:

> Before any <u>nonadmitted foreign or alien insurer</u> shall file or cause to be filed any pleading in any action, suit or proceeding instituted against it, the insurer shall either (1) procure a certificate of authority to transact insurance in this state; or (2) give a bond in the action, suit or proceeding in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered in the action, suit, or proceeding. (Emphasis added.)

However, ProBuilders is neither a nonadmitted foreign nor alien insurer. California Insurance Code Section 1760.1(h) specifically excludes from its definition of "insurer" Risk Retention Groups that are defined by the Federal Liability Risk Retention Act of 1986, stating:

> "Insurer" means, unless the context indicates otherwise, "nonadmitted" insurers that are either "foreign" or "alien" insurers, as those terms are defined in Sections 25, 27, and 1580, and syndicates whose members consist of individual incorporated insurers who are not engaged in any business other than underwriting as a member of the group and individual unincorporated insurers, provided all the members are subject to the same level of solvency regulation and control by the group's domiciliary regulator. The term "insurer" includes all nonadmitted insurers selling insurance to or through purchasing groups as defined in the federal Liability Risk Retention Act of 1986 (15 U.S.C. Sec. 3901 et seq.) and the California Risk Retention Act of 1991 (Chapter 1.5 (commencing with Section 125) of Part 1), <u>except insurers that are risk retention groups as defined by those acts.</u> (Emphasis added.)

Additionally, California Insurance Code § 1760.1 (n) states that:

> "Nonadmitted insurer" means an insurer not licensed or admitted to engage in the business of insurance in this state in conformity with Section 700; <u>but does not include a risk retention group, as that term is defined in Sections 130(k) and 2(a)(4) of the federal Liability Risk Retention Act of 1986</u> (15 U.S.C. Sec. 3901(a)(4), emphasis added.)

Defendants argue, in their Motion, that Section 1760.1 of the Insurance Code shows that the California Legislature intended Risk Retention Groups to be "nonadmitted" because the Legislature specifically exclude them from being defined as "nonadmitted insurers." (See Defendants' Motions in Limine at 4:20-5:9) Defendants' argument makes no sense. The better argument is that Section

1760.1 specifically excludes RRGs from the definition of being "nonadmitted" because the California Legislature intended for them not to be considered "nonadmitted," and desired to avoid litigation concerning this very matter Defendants are currently attempting to bring before the Court. Therefore, the Court should deny Defendants' Motion in Limine No.1 to bar ProBuilders from participating in trial.

### C. California Insurance Code Section 1616 is Preempted by 15 U.S.C. § 3902(a)(1)

Congress enacted the Products Liability Risk Retention Act ("PLRRA") in 1981 to encourage the formation and growth of Risk Retention Groups ("RRGs") by reducing state regulation of RRGs, thereby reducing the expenses of RRGs and the cost of insurance to RRG members. (*National Warranty Ins. Co. RRG v. Greenfield*, 214 F.3d 1073, 1075 (9th Cir. 2000),(internal quotes omitted).) Congress amended the PLRRA by the Liability Risk Retention Act of 1986 ("LRRA."). The LRRA, amended the PLRRA to expand the scope of coverage which could be provided by RRGs to include all types of liability coverage. (*National Risk Retention Ass'n v. Brown*, 927 F. Supp. 195, 197 (M.D. La. 1996).)

The LRRA broadly preempts, with a few inapplicable exceptions, "any State law, rule, regulation, or order to the extent that such law, rule, regulation, or order would…make unlawful, or regulate, directly or indirectly, the operation of a risk retention group." (15 U.S.C. § 3902(a)(1).)

In *National Risk Retention Ass'n v. Brown*, 927 F. Supp. 195 (M.D. La. 1996).) Plaintiffs, risk retention groups, filed a complaint seeking a declaratory judgment and injunctive relief against defendant, the Louisiana Commissioner of Insurance, on the basis that the Commissioner was enforcing certain provisions of Louisiana's Insurance Code that were preempted by the Liability Risk Retention Act of 1986 (LRRA). Specifically, Plaintiffs challenged Section 2074.1 of the Louisiana Insurance Code which, among other things, required that non-domiciliary risk retention groups have $5,000,000 in capital and surplus and post funds or a bond of $100,000 with the Commissioner of Insurance. (*Id.* at 199 - 200.) Plaintiffs argued that RRG's chartered in other states were exempt from this Louisiana statute under 15 U.S.C. § 3902(a)(1). (*Id.* at 200.) On the other hand, Defendant argued that Louisiana's statute was saved by 15 U.S.C. § 3905(d) of the LLRA which limited the preemptive effect of § 3902 to the extent that it should not interefere with the ability of the states to specify

acceptable means of demonstrating financial responsibility where such a demonstration is required by the state. (*Id.*)

The Court in *National Risk* held that Louisiana's statute was preempted by the LRRA because "Section 3902(a)(1) exempts risk retention groups from traditional insurance rules regulating capitalization requirements and bond posting requirements, like those embodied in La. R.S. 22:2074.1, thus those powers were not reserved to the states by the Congress." (*Id.*)

In this current action, ProBuilders is organized and existing under the laws of the District of Columbia. California Insurance Code Section 1616's requirement that a nonadmitted foreign or alien insurer post a bond or obtain a certificate to transact insurance prior to participating in a lawsuit, if applied to ProBuilders, would be nearly identical to the situation the Court addressed in *National Risk.* Therefore, if California's Legislature intended Section 1616 to apply to non-domiciled RRGs, it would not apply to ProBuilders, because Section 1616 would be preempted by the LRRA.

Moreover, California Insurance Code Section 1616's requirement that a nonadmitted foreign or alien insurer post a bond or obtain a certificate to transact insurance prior to participating in a lawsuit filed against it, if applied to RRGs, would be discriminatory. Admitted insurers do not have to post bonds prior to participating in lawsuits filed against them. Requiring RRGs to post bonds would be a very costly burden, would be discriminatory, and would defeat the purpose of the preemptive protection granted to RRGs via the Liability Risk Retention Act of 1986. Accordingly, the Court should deny Defendants' Motion in Limine No. 1.

## III. CONCLUSION

For these reasons, the Court should deny Defendants' Motion in Limine No. 1 and permit ProBuilders to litigate this matter.

Dated: October 11, 2013

YARON & ASSOCIATES

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 11, 2013**, I served the within:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO BAR PROBUILDERS FROM PARTICIPATING IN TRIAL**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 11, 2013**, at San Francisco, California.

**Michelle Sangalang**
msangalang@yaronlaw.com