GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants. | CASE NO.:5:10-CV-05533-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE RELEVANT TO MISREPRESENTATIONS OR CONCEALMENTS IN R.J. HAAS CORP.'S POLICY APPLICATION**<br><br>**Date:** October 18, 2013<br>**Time:** 11:00 a.m.<br>**Judge:** Hon. Edward J. Davila<br>**Courtroom:** 4 |

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby submits this Opposition to Defendants/Counter-Claimants R.J. Haas ("Haas") and Ty and Karen Levine's ("Defendants") Motion in Limine No. 4 asking the Court to exclude evidence "relevant to prove material misrepresentations or concealments in Haas Corp's policy application." Trial exhibits Defendants want to exclude include Exhibit 3 (James McGovern, Inc.'s file concerning R.J. Haas Corp. applying for the ProBuilders policy), Exhibit 4 (R.J. Haas Corp.'s Insurance Application), Exhibit 5 (the ProBuilders' Underwriting file), Exhibit 20 (Request for Exemption from Workers Compensation), and Exhibit 57 (Commodore Insurance Services, Inc.'s file).

Defendants contend that ProBuilders is not entitled to a jury trial on its rescission claim and therefore evidence of Haas' misrepresentations should be excluded from the jury trial. As set forth below, a rescission claim can and has been tried in front of a Federal jury in California. In addition, it is reasonable to try the rescission cause of action in front of the jury because there are overlapping fact issues with regard to the rescission, breach of contract, and bad faith claims. Moreover, it makes far more sense for the jury to decide the rescission action at the same time as the other claims because if the Court were to rule that ProBuilders is entitled to rescind the policy at the bench trial, which is set for December 17, 2013, then the entire jury trial set for November 12, 2013 would be for naught. Finally, preventing the jury from hearing ProBuilders' rescission arguments would be prejudicial to ProBuilders because the jury would not hear ProBuilders' affirmative defenses of rescission and failure of conditions precedent.

## II. A RESCISSION CLAIM CAN BE TRIED IN FRONT OF A JURY

Contrary to Defendants' contention, a rescission claim can be tried in front of a jury. In *Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*, 416 F. Supp. 2d 802 (N.D. Cal. 2006), the Court stated:

> There is no dispute that St. Paul is permitted to raise rescission as an affirmative defense, and Atmel agrees that if St. Paul prevails on its affirmative defense, the policies are rendered void *ab initio*. Because a valid rescission voids a policy *ab initio*, and because both plaintiff's attempted enforcement of and defendant's attempted rescission of the policy are being decided in this one action, any preliminary declaration that the policies "are currently in effect" or that St. Paul is currently "in breach of its duties" would be inappropriate. "[R]escission is from the time the time the representation becomes false," (Ins. Code, § 359), and, of necessity, will avoid liability even on pending claims. . . .

> Thus, a rescission effectively renders the policy totally unenforceable from the outset so that there never was any coverage and no benefits are payable. [Citations omitted.] (*Id.* at 807.)

Further, it is appropriate for ProBuilders to argue its rescission defense in front of a jury.

> St. Paul is free to argue to the jury that, because Atmel concealed and misrepresented material information when it applied for insurance, St. Paul is entitled to rescission, the policies are void *ab initio*, and that thus St. Paul had no duty to defend and did not act in bad faith. Appropriately crafted jury instructions will allow the jury to decide the necessary facts. (*Id.*)

Moreover, the Judicial Council of California Civil Jury Instructions, No. 2308, contains jury instructions for a rescission causes of action. As an example, in *United States Fid. & Guar. Co. v. Lee Invs. LLC*, 2008 U.S. Dist. LEXIS 100429 (E.D. Cal. 2008), the Court listed the Plaintiff's undisputed facts in support of its Motion for Summary Judgment on the remaining claims.

> PUF 7: Trial commenced on January 29, 2007 and concluded with jury verdicts on February 27, 2007. The jury returned special verdicts in favor of USF&G and against Lee on USF&G's amended and supplemental complaint. The jury found that Lee had made an intentional misrepresentation of material fact and concealed the material fact when it applied for the USF&G policy (Special Verdict re Rescission, Question 1); that USF&G reasonably relied on the misrepresentation and concealment (Special Verdict re Rescission, Question 2); that USF&G proved that it was entitled to restitution from Lee of $ 623,320.09 for amounts paid to Diana Conley on her behalf through 2002 and an additional amount of $ 251,714.90, for amounts paid thereafter, in the total amount of $ 875,084.99 (Special Verdict re Rescission, Question 9). The jury found against Lee on all of Lee's affirmative defenses against USF&G with respect to USF&G's claim for rescission (Special Verdict re Rescission, Questions 4-8).
>
> Lee's Response: Disputed on the ground that the special verdict speaks for itself.
>
> Ruling: Lee makes no assertion that the description of the special verdicts in PUF 7 is inaccurate; PUF 7 is UNDISPUTED. (*Id.* at 8-9.)

Therefore, this Court can and should tailor appropriate jury instructions regarding the rescission claim.

Moreover, if ProBuilders cannot introduce the misrepresentation evidence to the jury, then the jury cannot hear a major element of ProBuilders' affirmative defense of rescission. In other words, if ProBuilders prevails on its rescission claim, then ProBuilders did not act in bad faith and did not breach the insurance contract.

## III. MANY FACTUAL ISSUES IN THE RESCISSION CLAIM ARE COMMON TO THE FACTUAL ISSUES PERTINENT TO THE BREACH OF CONTRACT AND BAD FAITH CAUSES OF ACTION

ProBuilders has briefed this Court several times regarding the many overlapping factual issues in this case and the need to protect ProBuilders' 7th Amendment right to jury trial.[1]

To support its rescission cause of action and affirmative defense, ProBuilders will show that R.J. Haas Corp. made false representations in the application for insurance as to the following questions:

17. Are subcontractors allowed to work without providing application with a certificate of insurance? – No

* * *

20. Does applicant allow any subcontractor to maintain coverage with more restrictive coverage than the applicant's? – No

21. Does or will applicant have a written contract with its subcontractors that include a hold harmless agreement relative to work performed by the subcontractors? – Yes

* * *

23. Is applicant named as an additional insured on its subcontractors insurance policies? – Yes

24. Does applicant carry workers' compensation for all employees? – Yes (ProBuilders concurrently filed Request for Judicial Notice ("RJN"), at ¶ 4 references Docket No. 129, which contains as Exhibit B, a copy of the application.)

Whether these representations were false also overlaps with ProBuilders' other defenses to the breach of contract claim, which is that Mr. Haas did not satisfy the conditions precedent contained in the policy. Specifically, ProBuilders contends that Mr. Haas' failure to accurately answer the

---

1/ See ProBuilders' Motion in Limine No. 1 to consolidate the rescission cause of action with the jury trial in order to protect ProBuilders 7th Amendment right to jury trial (Docket No. 196); ProBuilders' Opposition to Defendants Motion in Limine regarding evidence relevant to whether ProBuilders is obligated to pay some or all of the Levines' judgment (Docket No. 199); and ProBuilders' Motion in Limine No. 9 to consolidate the rescission cause of action with the jury trial in order to protect ProBuilders' 7th Amendment right to jury trial (Docket No. 226). (See RJN, at ¶1-3.)

application's questions constitutes a failure to satisfy Condition Precedent No. 11 of the ProBuilders policy, which states the following: "False, misleading, inaccurate, or incomplete statements may, at our discretion, void coverage or result in additional premium due." (RJN, ¶ 5, references Docket No. 129, which contains as Exhibit A a copy of the policy.). Also, the failure to satisfy Condition Precedent No. 11 of the policy is a material breach of contract by R.J. Haas Corp., which discharges any obligations to perform by ProBuilders under the ProBuilders policy.

Moreover, if the Court grants ProBuilders leave to file Amended Answers by adding, verbatim, Condition Precedent No. 11 in its Thirteenth and Fourteenth Affirmative Defenses, which is set for hearing on November 1, 2013, then Defendants' Motion in Limine No. 4 is baseless.

Further, Defendants neglect to mention that Haas' misrepresentations also constitute proof of Haas' failure to satisfy the condition precedent in the ProBuilders' Contractors Special Conditions Endorsement ("CSC"), which, in part, provides:

> (1) failure to obtain written indemnity agreements and obtain certificates of insurance from independent contractors that worked on the Levines residence; and
>
> (2) failure to maintain records evidencing compliance with the above. (RJN, ¶ 5, references Docket No. 129, which contains as Exhibit A a copy of the policy.)

For example, the jury must decide factual issues concerning the duty to indemnify, such as whether all the workers on the Levine residence were independent contractors or employees of Haas Corp., whether all of Haas Corp.'s subcontractors that worked on the Levine residence obtained certificates of insurance, and what was the nature of the work performed by the subcontractors.

Thus, consolidating the actions will enable the jury to determine the factual issues as to whether Haas made material misrepresentations on the application for insurance that impacts (1) whether Haas breached Condition No. 11 in the ProBuilders' policy; (2) whether Haas complied with the conditions precedent in the CSC Endorsement; and (3) ProBuilders' rescission affirmative defense to the legal Counterclaims.

Defendants cite to this Court's decision in *Freescale Semiconductor, Inc. v. ChipMOS Techs*, 2013 U.S. Dist. LEXIS 10517 * 13-14 (N.D. Cal. Jan. 24, 2013), which denied a jury trial when Defendants sole remaining affirmative defense was the equitable defense of patent misuse claims, which are not triable by jury. Therefore, this case is distinguishable because, as explained

above, a rescission action can be tried in front of a jury and there are common overlapping factual issues in the instant case. Moreover, the *Freescale* action is also distinguishable because Defendants here never filed Motion to Strike ProBuilders' jury demand, which was what the Court ruled on in *Freescale*.

## IV. IT IS UNREASONABLE AND A WASTE OF TIME TO HAVE THE RESCISSION ACTION TRIED LATER AS A BENCH TRIAL

Defendants are correct when they state that the Court has discretion to bifurcate or consolidate the case. (Fed. R. Civ. P. 42(b); *Cal-Agrex, Inc. v. Van Tassell*, 258 F.R.D. 340 (N.D. 2009) [The trial court has discretion whether to submit an equitable defense to the jury.]) In the instant case, it is a waste of judicial time and resources and clearly unreasonable to have a second separate later bench trial on rescission.

Please consider this hypothetical: This Court grants Defendants' Motion in Limine No. 4, and on November 12, 2013, a jury is selected and a two-week trial would take place only on the breach of contract and bad faith claims, which results in a jury verdict in favor of Defendants. On December 17, 2013, a bench trial begins and the Court decides that ProBuilders is entitled to rescind the ProBuilders policy and the policy is void *ab initio*. As a result, ProBuilders can no longer be liable for breach of contract or bad faith. Therefore, the prior two-week jury trial was a complete waste of time and resources, not only to the Court, the jury, but also to the attorneys and their clients that are involved in this action. It just does not make any sense to order the trial in this way.

It makes far more sense to consolidate this action, as explained in ProBuilders' Motion in Limine No. 9 (Docket No. 226), and let the jury decide the rescission action at the same time that it decides the breach of contract and bad faith claims.

## V. MISREPRESENTATION EVIDENCE IS NOT PREJUDICIAL TO HAAS OR THE LEVINES

It is unclear how the evidence of Haas' misrepresentations are prejudicial to Haas or the Levines. ProBuilders "need not prove an actual intent to deceive: an unintentional, but material misrepresentation or concealment is sufficient." (*Admiral Ins. Co. v. Debber*, 442 F.Supp.2d 958 at 966 (E.D. Cal. 2006).) As explained, more fully in ProBuilders' Opposition to Defendants'

Motion in Limine No. 3, ProBuilders seeks to use Haas' felony plea of making false statements regarding workers' compensation insurance as impeachment evidence pursuant to Fed. R. Evid. 609(a)(2) and to prove Haas' knowledge or intent, pursuant to Fed. R. Evid. 404(b).

In fact, as explained above, to not allow the jury to hear the misrepresentation evidence would severely prejudice ProBuilders' ability to show the legitimate reasons why ProBuilders is not liable for breach of contract or bad faith.

## VI. DEFENDANTS STIPULATED IN THE JOINT PRETRIAL STATEMENT SEVERAL FACTS THAT IT NOW SEEKS TO EXCLUDE

It is difficult to understand what remedy Defendants are seeking in their Motion because in the Joint Pretrial Conference Statement (Docket No. 230), Defendants stipulated to several facts that are contained in the exhibits that Defendants now seek to exclude. For example, Defendants seek to exclude Exhibit No. 4 (R.J. Haas insurance application), yet stipulated to the facts contained in the application in the parties' Joint Pretrial Conference Statement (Docket No. 230). (RJN ¶ 6, p. 6:23 - 7:14.). In addition, Defendants seek to exclude Exhibit 20 (Request For an Exemption from Workers Compensation), yet stipulated that as of August 20, 2006, Haas Corp. had no workers compensation insurance. (*Id.*, at p. 8:4-5, fn.3.). In addition, Defendants also stipulated that "as of August 20, 2006, Haas Corp's subcontracts with these entities for the Levine project did not include a written hold harmless agreement for work performed by each subcontractor on the Levine residence." (*Id.* at p. 8:2 - 5.).

These stipulated facts are relevant to whether R.J. Haas made misrepresentations on the application for insurance. Therefore, it is difficult to understand what Defendants are seeking to exclude in their Motion.

///

///

///

///

## VII. CONCLUSION

ProBuilders requests the Court deny Defendants' Motion in Limine No. 4, and instead grant ProBuilders' Motion in Limine No. 9 and consolidate the rescission cause of action with the jury trial in order to ensure ProBuilders' 7th Amendment jury rights are not prejudiced.

Dated: October 11, 2013

YARON & ASSOCIATES

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 11, 2013**, I served the within:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE RELEVANT TO MISREPRESENTATIONS OR CONCEALMENTS IN R.J. HAAS CORP.'S POLICY APPLICATION**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 11, 2013**, at San Francisco, California.

**Michelle Sangalang**
msangalang@yaronlaw.com