GEORGE D. YARON, ESQ. (State Bar #96246)
JAMES I SILVERSTEIN, ESQ. (State Bar #143543)
gyaron@yaronlaw.com; jsilverstein@yaronlaw.com
YARON & ASSOCIATES
601 California St, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Plaintiff
PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia, Risk Retention Group,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CORP. B., a California Corporation formerly known as R.J. HAAS CORP.; RONALD J. HAAS, an individual; TY LEVINE, an individual; and KAREN LEVINE, an individual,<br><br>Defendants. | CASE NO.:5:10-CV-05533-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF THE DEPARTMENT OF INSURANCE INVESTIGATION OF RONALD HAAS; CRIMINAL COMPLAINT AGAINST RONALD HAAS; AND RONALD HAAS' NOLO CONTENDERE PLEA**<br><br>**Date:** October 18, 2013<br>**Time:** 11:00 a.m.<br>**Judge:** Hon. Edward J. Davila<br>**Courtroom:** 4 |

## I. INTRODUCTION

Plaintiff/Counter-Defendant ProBuilders Specialty Insurance Company, RRG ("ProBuilders"), hereby submits this Opposition to Defendants/Counter-Claimants R.J. Haas ("Haas") and Ty and Karen Levine's ("Defendants") Motion in Limine No. 3 asking the Court to exclude evidence of a Department of Insurance ("DOI") fraud investigation of Haas, the resulting criminal Complaint charging him with making false statements regarding workers' compensation insurance in the case captioned *People v. Ronald Jay Haas, et al.*, Santa Clara County Superior Court, Case No. 090409982 ("*Haas* felony action"), and Haas' nolo contendere plea in the *Haas* felony action, all of which was presented and admitted in the underlying trial resulting in the Judgment, which the Levines seek to enforce against ProBuilders here.

ProBuilders seeks to introduce the following as evidence:

(1) Exhibit 52 and 32CC (Exhibit 32CC was Exhibit 33 in the *Levine* trial) - Minute Order in the *Haas* felony action, which shows Haas' nolo contendere plea.

(2) Exhibit 53 and 32BB (Exhibit 32BB was Exhibit 32 in the *Levine* trial) - The felony Complaint in the *Haas* felony action.

(3) Exhibit 54 - Minute Order in the *Haas* felony action showing the revocation of his contractor license; and

(4) Exhibit 55 - Order in the *Haas* felony action, which revokes Haas' Contractor's License.

(For clarity, the above Exhibits will be referred to as Exhibits 52 - 55.)

ProBuilders seeks to use Exhibits 52 - 55 to attack Haas' character for truthfulness, which is automatically admissible pursuant to Fed. R. Evid. 609(a)(2) as impeachment evidence. ProBuilders also intends to use Exhibits 52 - 55 to prove Haas' knowledge pursuant to Fed. R. Evid. 404(b), when he misrepresented in the application for insurance that R.J. Haas Corp. carried workers compensation insurance for all of its employees.

ProBuilders also seeks to introduce the following as evidence:

(1) Exhibit 32FF (Exhibit 36 in the *Levine* action) - DOI, Fraud Division, Investigation Summary of Haas;

(2) Exhibit 32GG - (Exhibit 37 in *Levine* action) - DOI, Fraud Division, Report of Investigation of Haas; and

(3) Exhibit 32HH (Exhibit 38 in the *Levine* action) - Declaration of Felicia Dolores in Support of Motion to Quash Subpoena in the *Levine* action.[1]

(For clarity, the above Exhibits will be referred to as Exhibits 32FF - 32HH.)

Exhibits 32FF - 32HH are not being used for the truth of the matter asserted, but to show the trier of fact a complete picture of what evidence was before the Court in the *Levine* action.

ProBuilders also seeks to introduce Exhibit 67, License Application for the Contractors State License Board. On April 29, 2006, Haas signed a form titled "Exemption from Workers' Compensation". In Section 2 of this form, Haas checked a box that stated, "I do not employee anyone in the manner subject to the workers' compensation laws of California." This form is not hearsay because it is admissible as an opposing party's statement pursuant to Fed. R. Evid. 801(d)(2)[2]. Exhibit 67 is relevant to show that Fonseca Construction was not an employee of Haas and R.J. Haas Corp., which is evidence that proves Haas failed to comply with the CSC Endorsement of the ProBuilders policy.

## II. EXHIBITS 52 - 55

### A. Fed. R. Evid. 609

Defendants assert that Exhibits 52 - 55 should not be admitted pursuant to Fed. R. Evid. 410(a). Fed. R. Evid. 410(a) "by its terms prohibits only evidence of pleas (including no contest pleas), insofar as pleas constitute statements or admissions. Rule 609, by contrast, permits admission for impeachment purposes of evidence of convictions." (See *Brewer v. City of Napa*, 210 F.3d 1093, 1096 (2000) [Emphasis added].)

Fed. R. Evid. 609 states:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

---

[1] Felicia Dolores is a Supervising Criminal Investigator (Detective Sergeant) for the DOI, Fraud Division. Her declaration explained the facts of the DOI investigation of Haas.

[2] Fed. R. Evid. 801(d)(2) was amended effective January 1, 2011 is no longer captioned "Admission by Party-Opponent." It is now captioned "An Opposing Party's Statement."

* * *

> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement. [Emphasis added.]

Fed. R. Evid. 609's Advisory Committee's Note to the 2006 Amendments state that "[t]he amendment is meant to give effect to the legislative intent to limit the convictions that are to be automatically admitted under subdivision (a)(2). The Conference Committee provided that by 'dishonesty and false statement' it meant 'crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense ... which involves some element of deceit, untruthfulness, or falsification bearing on the [witness's] propensity to testify truthfully.'" (Fed. R. Evid. 609 Advisory Committee's Note to 2006 Advisory Committee Amendments.) [Emphasis added.]

Thus, "Rule 609(a)(2) applies to any offense wherein the elements establish a dishonest act or false statement." (*Beckway v. Deshong*, 2012 U.S. Dist. LEXIS 3972 * 4 (N.D. Cal. 2012) [Denied admission under Fed. R. Evid. 609 because conviction was not a crime involving dishonesty.])

Here, Haas' felony convictions consisted of false and fraudulent statements regarding workers' compensation insurance under California Insurance Code sections 11880(a), 11760(a), and 1871.4(a)(4), as well as perjury under Penal Code section 118. Haas pled nolo contendere to the allegations contained in the felony Complaint. Therefore, Haas' nolo contendere plea is admissible as impeachment evidence under Fed. R. Evid. 609(a)(2).

Moreover, the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 2.8 (2007) states: "The evidence that a witness [e.g. has been convicted of a crime .... etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose."

**B. Fed. R. Evid. 404(a)(3) and (b)**

Fed. R. Evid. 404 states:

> (a) Character Evidence.
>
> (1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
>
> * * *
>
> (3) Exceptions for a Witness. Evidence of a witness's character may be admitted under Rules 607, 608, and 609. [Emphasis added.]
>
> (b) Crimes, Wrongs, or Other Acts.
>
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident....

As explained above, ProBuilders will be using the evidence of Haas' felony conviction under Fed. R. Evid. 609, as impeachment evidence, which is permitted under Fed. R. Evid. 404(a)(3).

With regard to Fed. R. Evid. 404(b), it permits "other acts evidence" when it is "relevant to an issue other than the defendant's criminal propensity." (*United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).) Evidence of prior acts is admissible under Fed. R. Evid. 404(b) if: (1) the evidence tends to prove a material element of the offense charged; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) in cases where knowledge and intent are at issue, the act is similar to the offense charged. (*U.S. v. Bradley*, 5 F.3d 1317, 1319-20 (9th Cir. 1993).)

ProBuilders' Exhibits 52 - 55 satisfies the first prong of the test. For example, in *Turley v. State Farm Mutual Automobile Ins. Co.*, 944 F.2d 669, 676 (10th Cir. 1991), the Court stated that evidence of an insured's prior insurance scam should have been admitted by the trial court under Rule 404(b). The Court determined that such evidence bore on the insured's knowledge, intent, and absence of accident or mistake regarding the insured's dealings with his insurance company. (*Id.*) It is noted that, in *Turley*, the prior fraudulent act was not the theft of an automobile, which was the claim in *Turley*, but an entirely different type of insurance fraud. (*Id.* at fn. 8.)

Similar to *Turley*, the evidence of the *Haas'* felony action and nolo contendere plea establishes Haas' knowledge of his misrepresentation on the insurance application at issue. ProBuilders contends that Haas misrepresented on the insurance application by stating that R.J. Haas Corp. carried workers compensation for all employees, when in fact this was not the case. Haas' criminal conviction also involved knowingly making false or fraudulent statements regarding workers' compensation insurance. Therefore, evidence of Haas' felony conviction goes to Haas' knowledge, intent, and the absence of accident or mistake when he filled out and signed the application for insurance, which is relevant to ProBuilders' rescission claim and defense.

The second prong is also satisfied in that the felony Complaint and plea in the *Haas* felony action were not remote in time. On April 15, 2009, the State of California filed a felony Complaint against Haas , which alleged that he made false statements regarding workers compensation insurance on or about or between October 1, 2003 and April 17, 2007. (See concurrently filed Request for Judicial Notice, Exh. 1 (ProBuilders' Trial Exhibit 53).) In addition, Haas' felony Complaint also alleged that on or about January 16, 2006, Haas knowingly failed to disclose the occurrence of an event that affected a person's right to workers compensation insurance. (*Id.*) In addition, on or about and between March 15, 2004 and April 13, 2009, it was alleged that Haas made false or fraudulent statements to discourage some of his workers from claiming workers compensation benefits. (*Id.*) These dates are not remote to the relevant dates in the instant action. For example, on October 28, 2005, R.J. Haas Corp. was hired as a general contractor for the demolition and construction of the Levines' residence. (See Joint Final Pretrial Statement, Undisputed Facts, p. 1:15 -17.) In addition, on August 20, 2006, Haas signed the application for insurance, in which he falsely answered that he had workers compensation for all of his employees. (*Id.* at p. 6:23 - 24.)

The third prong is satisfied because Exhibits 52 - 55, which consist of Court documents regarding the *Haas* felony action, are sufficient to support a finding that Haas committed the wrongful act. Moreover, the Court can take judicial notice of these exhibits under Fed. R. Evid. 201.

Finally, the fourth prong is satisfied because the instant case deals with Haas' knowledge of misrepresentations regarding whether R.J. Haas Corp. had workers compensation insurance, which

is similar to the felony conviction regarding false and fraudulent statements regarding workers' compensation insurance.

**C. Exhibits 52 - 55 Regarding Haas Felony Action and Plea Is Relevant**

Other act evidence is generally admissible – it is only when offered to prove propensity that it is excluded. (See *United States v. Young*, 573 F.2d 1137, 1139-40 (9th Cir. 1978) ("The rule is an inclusionary one: unless introduced to prove criminal disposition, evidence of other crimes and acts is admissible when relevant to issues at trial.")

Exhibits 52 - 55 regarding the *Haas* felony action and Haas' nolo contendere plea are relevant because Haas' dishonest character revolves around whether Haas' made false representations on his application for insurance. Moreover, the felony conviction is also relevant to Haas' knowledge, intent and absence of accident or mistake when he filled out and signed the application for insurance.

However, if the Court decides that the documents regarding the *Haas* felony action are prejudicial, ProBuilders asks the Court to issue a limiting instruction to the jury that Exhibits 52 - 55 will only be used as character evidence pursuant to Fed. R. Evid. 609(a)(2).

**III. EXHIBITS 32FF - 32HH**

Exhibits 32FF-32HH are not being used for the truth of the matter asserted, but to show what was before the *Levine* action Court when it made its ruling and Statement of Decision. ProBuilders seeks to introduce Exhibit 32, which includes all the exhibits that were used in the *Levine* action, including Exhibits 32FF - 32HH, in order to show the trier of fact a complete picture of what evidence was before the *Levine* action, which led the Court to make its award, including $295,15.45 for "Damage to other Work caused by the Defective Work" . (The Statement of Decision is attached as Exhibit B to Robert Seeds' Declaration filed in Support of Defendants' Motions in Limine.)

**IV. EXHIBIT 67**

Fed. R. Evidence 801(d)(2) states the following:

> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:

(2) An Opposing Party's Statement. The statement is offered against an opposing party and:
(A) was made by the party in an individual or representative capacity.

ProBuilders' Exhibit 67 consists of a form titled "Exemption from Workers' Compensation". In Section 2 of this form, Haas checked a box that stated, "I do not employee [sic] anyone in the manner subject to the workers' compensation laws of California."[3] On April 29, 2006, Haas signed this form - after R.J. Haas Corp. began construction on the Levines residence. This form is not hearsay because it is admissible as an opposing party's statement pursuant to Fed. R. Evid. 801(d)(2). Exhibit 67 is relevant to show that Fonseca Construction were not employees of Haas and R.J. Haas Corp., which is evidence that shows Haas failed to comply with the CSC Endorsement of the policy.[4]

## V. CONCLUSION

The foregoing reasons ProBuilders asks the Court to deny Defendants Motion in Limine No. 3 and allow ProBuilders to admit into evidence Exhibits 52 - 55, 32FF - 32HH, and 67[5].

Dated: October 11, 2013

YARON & ASSOCIATES

[signature]

GEORGE D. YARON
JAMES SILVERSTEIN
Attorneys for Plaintiff/Counter-Defendant
ProBuilders Specialty Insurance Company, RRG

---

3/ The Exemption from Workers' Compensation form is also Plaintiffs' Trial Exhibit 20.

4/ See ProBuilders' Opposition to Defendants Motion in Limine No. 6 to Exclude Evidence Contradicting the Judgment Entered by the Santa Clara County Superior Court for further analysis of why this evidence is relevant to the CSC Endorsement.

5/ Exhibit 20 and Exhibit 67 both contain a form titled "Exemption from Workers' Compensation".

**CERTIFICATE OF SERVICE**

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **October 11, 2013**, I served the within:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF THE DEPARTMENT OF INSURANCE INVESTIGATION OF RONALD HAAS; CRIMINAL COMPLAINT AGAINST RONALD HAAS; AND RONALD HAAS' NOLO CONTENDERE PLEA**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

☒ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 11, 2013**, at San Francisco, California.

**Michelle Sangalang**
msangalang@yaronlaw.com