UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VALLEY CORP. B., ET AL.,<br><br>　　　　Defendants. | Case No.: 5:10-CV-05533-EJD<br><br>**ORDER RE PRECLUSIVE EFFECT OF THE <u>LEVINE</u> ACTION JUDGEMENT** |

During the course of this insurance coverage trial, the parties have presented to the court the following question:

> Is an insurer that provides its insured a defense pursuant to a reservation of rights precluded, during a later coverage trial, from relitigating material facts determined in the underlying action?

In particular, the parties dispute whether Plaintiff may introduce evidence to show that Fonseca Construction ("the framers") was not an employee of Haas Corp. given that the state court in the underlying <u>Levine</u> action explicitly found to the contrary. Plaintiff points to the California Supreme Court's statement in <u>J.C. Penney Casualty Insurance Co. v. M.K.</u> that "an insurer that timely and adequately reserves its right to deny coverage and that does not subsequently intentionally waive its reservation of rights is not collaterally estopped by a judgment in favor of a third party against its insured" to argue that an insurer is free to relitigate any factual issues that overlap liability and coverage. 52 Cal. 3d 1009, 1018 (1991). Defendants in turn point to the well-established rule that "an insurer who has had an opportunity to defend is bound by the judgment

1

against its insured as to all issues which were litigated in the action against the insured" to argue that the parties must be held to all factual determinations made in the liability trial. Clemmer v. Hartford Ins. Co., 22 Cal. 3d 865, 884 (1978) (citation omitted). Despite numerous briefing and argument opportunities, the parties have not earnestly attempted to reconcile these seemingly conflicting statements of law. Having reviewed the briefing and the relevant legal authority, the court finds that Plaintiff is precluded from relitigating the status of the framers in this coverage trial.

### I. An Insurer is Typically Bound by Material Facts Determined in an Underlying Action

California courts consider it black letter law that:

> [o]ne who has undertaken to indemnify another against loss arising out of a certain claim and has notice and opportunity to defend an action brought upon such a claim is bound by the judgment entered in such action, and is not entitled, in an action against him for breach of his agreement to indemnify, to secure a retrial of the material facts which have been established by the judgment against the person indemnified.

Exec. Risk Indem., Inc. v. Jones, 1717 Cal. App. 4th 319, 329 (2009) (citing 17 Steven Plitt, et al., Couch on Insurance § 239.73 (3d ed. 2005)). "California cases illustrating this proposition are legion." Id. at 329. For instance, in Clemmer, the California Supreme Court rejected an insurer's attempt to challenge the amount of damages awarded in an underlying default judgment, holding that because the insurer had notice of the claim and had the opportunity to control the suit, it could not "cho[o]se to remain silent, resting on its claim of noncoverage" and then relitigate damages in a later coverage action against it. 22 Cal. 3d at 885-86. Likewise, the California Court of Appeal made clear in Schaefer/Karpf Productions v. CNA Insurance Co. that in a coverage trial an insurer is bound "as to all material findings of fact essential to the judgment of liability [and damages] of the insured," but not to issues "not necessarily adjudicated in the prior action." 64 Cal. App. 4th 1306, 1313 (Cal. Ct. App. 1998) (internal quotation marks omitted) (quoting Geddes & Smith, Inc. v. St. Paul Mercury Indem. Co., 51 Cal. 2d 558, 561-62 (1959)). Upon review of these and

additional cases, the California Court of Appeal recently summarized the state of California's law on the subject as follows:

> when an insurer (1) is duly notified of the underlying claim against its insured; and (2) is given a full opportunity to protect its interests, the resulting judgment—if obtained without fraud or collusion—is binding against the insurer in any later coverage litigation on the claim involving its insured. This rule applies regardless of whether the insurer has a contractual duty to defend, or whether or not its refusal to participate in the underlying proceedings is legally justified.

1717 Cal. App. 4th at 333. This rule appears to apply regardless of whether an insurer provides a defense pursuant to a reservation of rights or unjustifiably refuses to defend. See 17 Couch § 239:74 (suggesting that the insurer will be bound to all material matters determined in an underlying action regardless of whether the insurer assumes the defense or refuses to do so without justification); see, e.g., Zurich Am. Ins. Co. v. AIU Ins. Co., No. A133700, 2013 Cal. App. Unpub LEXIS 6048, *20-23 (Cal. Ct. App. Aug. 23, 2013) (affirming a trial court's finding that the underlying arbitration award was binding against all parties, including an insurer who had provided a defense pursuant to a reservation of rights); Delman v. Cal. Farm Ins. Co., No. C030695, 2001 Cal. App. Unpub. LEXIS 873, *12-*15 (Cal. Ct. App. Dec. 11, 2001) (finding that an insurer that provided a defense to the insured in the underlying action would be bound by all matters addressed in the underlying judgment, and given that position, could appeal the liability judgment).

    Notwithstanding the binding effect of the liability judgment, an insurer is free, during a subsequent coverage trial, to litigate legal and factual issues not previously raised or determined in the underlying action. The rulings in Gray v. Zurich Insurance Co. and Val's Painting and Drywall, Inc. v. Allstate Insurance Co., on which Plaintiff bases much of its argument, flow from this understanding of the general rule. See 65 Cal. 2d 263, 275 (1966); 53 Cal. App. 3d 576, 584-86 (1975). Both cases address the "insurer's dilemma" of "how to defend the action without being held to have waived its claim of noncoverage of the policy." Val's Painting and Drywall, 53 Cal. App. 3d at 585. Both cases resolve the dilemma by assuring the insurer of its ability to provide a defense but contest coverage later, so long as the insurer secures a non-waiver agreement or

3

Case No.: 5:10-CV-05533-EJD
ORDER RE PRECLUSIVE EFFECT OF THE LEVINE ACTION JUDGEMENT

adequately reserves its rights.  Id.  In this sense, the insured is not "bound by the judgment" because it is not bound to pay the liability judgment incurred by its insured—it is instead able to dispute coverage of the judgment.  However, these cases do not go so far as to suggest that an insurer, in the process of litigating its coverage case, may reopen factual or legal issues that were determined in the underlying action.

The cornerstone case of Plaintiff's argument, J.C. Penney, only reinforces this reading of California's rule.  See 52 Cal. 3d 1009 (1991).  In that case, the insured had admitted to molesting a young girl, M.K.  M.K. and her mother sued the insured, alleging both negligence and intentional torts.  J.C. Penney defended under a reservation of rights.  Before trial, plaintiffs dismissed the intentional tort claims and the insured stipulated that he had been negligent as to the child.  Therefore, the only claim before the jury was that of negligence towards the mother.  At the conclusion of trial, both plaintiffs obtained judgment in their favor.  J.C. Penny filed an action for declaratory relief, contending the judgment was not covered because Insurance Code § 533 precluded coverage for intentional torts.  The trial court found that J.C. Penney was bound by the jury's determination that the insured had been negligent as to the mother, but that J.C. Penney was entitled to litigate the issue of negligence as to the child, since that fact had not been fully litigated in the underlying action.

On appeal, the question presented to the California Supreme Court was whether, as a matter of law, coverage could ever be found for a child molester's liability given the restriction of Insurance Code Section 533.  Before reaching that narrow question, the court considered M.K.'s argument that J.C. Penney should be collaterally estopped from arguing that the insured's conduct was intentional rather than negligent because the underlying action had awarded judgment on the basis of negligence. Considering that the intentional tort claim, and thus the insured's state of mind, had not been considered in the underlying action, the Court determined that J.C. Penney was not collaterally estopped from litigating that issue in the coverage trial.

The J.C. Penney Court's determination thus appears to be premised on, and not depart from, the understanding that an insurer is free to litigate issues not previously determined in an underlying action.  The opinion does not in any way expand an insurer's ability to relitigate factual

4

Case No.: 5:10-CV-05533-EJD
ORDER RE PRECLUSIVE EFFECT OF THE LEVINE ACTION JUDGEMENT

issues previously determined. Moreover, even if J.C. Penney could be read as an expansion of an insurer's ability to relitigate overlapping issues, the additional latitude would presumably have been based on the fact that the underlying judgment appeared to have been arrived at in part through collusion, a situation specifically carved out from the general rule. See Exec. Risk, 1717 Cal. App. 4th at 333. In a later case presenting nearly identical factual circumstances as J.C. Penney, the California Court of Appeal elegantly delineated the scope of an insurer's litigation options during a coverage trial:

> The trial court here, discerning the distinction between liability and theory of liability— i.e., the coverage issue—properly found, "[W]e are bound by the decision in the [third party action] that Lee is liable and that Barbara B. was damaged in the sum of $ 507,840. However, on the issue of coverage under the policy of insurance issued by Horace Mann to Gary Lee, we are not bound by the finding of negligence."

Horace Mann Ins. Co. v. Barbara B., 61 Cal. App. 4th 158, 166 (Cal. Ct. App. 1998). Accordingly, this court follows the California courts in finding that an insurer, whether it defends pursuant to a reservation of rights or refuses unjustifiably to defend, is bound by all material facts determined in an underlying action, including facts material to the coverage issue, so long as it had notice of the claim against its insured and the judgment is obtained without fraud or collusion.

## II. Plaintiff is Bound by the Statement of Decision

Understanding that an insurer is under most circumstances bound to all material facts determined in an underlying action, the court must now address whether the state court in the Levine action determined whether the framers were Haas employees. The answer is undoubtedly yes. The Statement of Decision from the Levine action clearly states:

> R.J. Haas Corp had a legal obligation to obtain and maintain workers compensation insurance for its workers. There was evidence showing that the framers of the subject project were not statutory employees. There was evidence showing that the framers on the subject project were not independent contractors. There was sufficient evidence to show that the framers were the employees of R.J. Haas Corp. R.J. Haas Corp failed to obtain and maintain workers compensation insurance for its employees.

Trial Exhibit 26 at 3.  On the basis of this evidence, the state court determined that Mr. Haas's contractor's license should be retroactively revoked and thus that as a matter of law, the Levines were entitled to disgorgement of all funds paid to Mr. Haas.  Id.

Notwithstanding this clear finding, Plaintiff contends that it is not bound by the framers finding because that fact was not fully litigated in the Levine action.  Plaintiff bases this argument on a collateral estoppel theory.  However, the rule precluding an insurer from relitigating factual issues determined at an underlying liability trial is not premised on a collateral estoppel.  Rather, as the Executive Risk court explained,

> courts have generally examined the right of insurers to reopen and relitigate the liability of their insureds for covered losses and resulting damages, which have already been established by third party judgments, without resorting to principles of privity or collateral estoppel.  Instead, the cases employ a distinct preclusion doctrine, which is more akin to the well-settled principles of contractual indemnity.

171 Cal. App 4th at 329 (citing 17 Couch § 239:73).  Thus, in this case, the fact that the judgment specifically addresses the framers question and relies on it in making a liability determination is a sufficient basis on which to preclude Plaintiff from relitigating the framer's issue.[1]  Accordingly the court finds that Plaintiff may not introduce evidence contradicting the Levine court's finding that the framers were Haas Corp. employees.

**IT IS SO ORDERED.**

Dated: December 19, 2013

                                                                                             EDWARD J. DAVILA
                                                                                             United States District Judge

---

[1] To the extent that Plaintiff maintains that even this preclusion doctrine should not apply because it did not have notice of the framers issue or the ability to litigate it, the court must disagree.  The trial record from the Levine action reveals that Plaintiff did not seek relief from the judgment by post-trial motion or appeal.  By not availing itself of these options, Plaintiff abandoned its opportunity to challenge the state court finding on the framers' status.