UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PROBUILDERS SPECIALTY
INSURANCE COMPANY, RRG, a District
of Columbia, Risk Retention Group,

        Plaintiff,

    v.

VALLEY CORP. B., a California
Corporation formerly known as R.J. HAAS
CORP.; RONALD J. HAAS, an individual;
TY LEVINE, an individual; and KAREN
LEVINE, an individual,

        Defendants.

Case No.  5:10-CV-05533-EJD

**ORDER DENYING DEFENDANTS'
MOTION FOR NEW TRIAL,
GRANTING PLAINTIFF'S MOTION
FOR AMENDED PARTIAL JUDGMENT**

**[Re: Dkt. Nos. 366, 369]**

      Presently before the court are two motions.  First, Defendants Valley Corp. B. ("R.J. Haas Corp."), Ronald J. Haas ("Mr. Haas"), Ty Levine ("Mr. Levine"), and Karen Levine ("Ms. Levine") (collectively, "Defendants") bring forth a Motion for New Trial.  Second, Plaintiff ProBuilders Specialty Insurance Company, RRG ("Plaintiff" or "ProBuilders") bring forth a Motion for an Amended Partial Judgment, or in the alternative, a Motion to Vacate Judgment. Having reviewed the parties' documents and heard oral argument, the court DENIES Defendants' Motion for New Trial and GRANTS ProBuilders' Motion for Amended Partial Judgment.

## I.      BACKGROUND

      The factual background of this case has been extensively described in previous orders of the court.  Briefly, this action arises out of a construction defect case litigated in Santa Clara

United States District Court
Northern District of California

United States District Court
Northern District of California

1    County Superior Court: <u>Ty Levine, et al. v. R.J. Haas, et al.</u>, No. 07-CV-081016 (the "<u>Levine</u>

2    action"). The Levines sued their general contractor Mr. Haas and his company for substandard

3    and incomplete work in the construction of their home. Mr. Haas and his company held a

4    commercial general liability policy issued by ProBuilders ("ProBuilders policy"). The Levines

5    prevailed and the court awarded them a judgment against Mr. Haas and his company for nearly $2

6    million.

7        After the <u>Levine</u> action concluded, ProBuilders commenced the instant declaratory relief

8    and restitution action in December 2010 against Mr. Haas and his company, and the Levines.

9    ProBuilders alleged that Mr. Haas and his company made material misrepresentations on the

10    insurance application and failed to abide by the policy's terms in a way sufficient to effect

11    rescission of the contract or preclude coverage of the <u>Levine</u> action judgment. ProBuilders sought

12    rescission of contract, recovery of the defense costs in the <u>Levine</u> action, and a declaration that the

13    insurance policy did not cover the judgment in the <u>Levine</u> action. Mr. Haas counterclaimed for

14    breach of contract, and failure to act in good faith. The Levines separately counterclaimed for

15    relief under a theory of bad faith.

16        After a fifteen-day jury trial on the instant action, on January 17, 2014, the jury returned a

17    special verdict finding that no portion of the <u>Levine</u> action judgment was covered under the

18    ProBuilders insurance policy. <u>See</u> Dkt. No. 338, Jury Verdict. On May 27, 2014, Judgment was

19    entered in favor of ProBuilders. <u>See</u> Dkt. No. 358, Judgment.

20        In June 2014, Defendants filed the instant Motion for New Trial, and ProBuilders filed the

21    instant Motion for Amended Partial Judgment, or in the alternative, Motion to Vacate Judgment.

22    <u>See</u> Dkt. Nos. 366, 369. The motions have been fully briefed, and oral argument was held on

23    November 14, 2014.

24    **II.      LEGAL STANDARD**

25    **A.      Motion for New Trial**

26        Within 28 days after entry of judgment, a party may move for a new trial. Fed. R. Civ. P.

27

28    Case No. 5:10-CV-05533-EJD
ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
MOTION FOR AMENDED PARTIAL JUDGMENT

59(b).  Under Rule 59(a), the court may grant a new trial on all or some issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," thus courts are "bound by those grounds that have been historically recognized."  Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (internal quotations and citations omitted).  A motion for a new trial may be granted "only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice."  Id. (internal quotations and citations omitted).  "The district court has the duty to weigh the evidence as the court saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in the court's conscientious opinion, the verdict is contrary to the clear weight of the evidence."  Id.  "A jury verdict should be set aside only when the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict."  DSPT Int'l, Inc. v. Nahum, 624 F.3d 1213, 1218 (9th Cir. 2010) (internal quotations and citations omitted).  The court, however, "may not grant a new trial simply because it would have arrived at a different verdict."  Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 819 (9th Cir. 2001).

**B.      Motion to Amend the Judgment**

Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  While the district court has considerable discretion in deciding the motion, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly."  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotations and citations omitted).  There are generally four grounds upon which a Rule 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  Id.

Case No. 5:10-CV-05533-EJD
ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
MOTION FOR AMENDED PARTIAL JUDGMENT

**C.     Motion to Vacate Judgment**

Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." "Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness." Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal quotations and citations omitted). The catch-all provision of "any other reason that justifies relief" should be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations and citations omitted). To assert this provision, the party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Id. (internal quotations and citations omitted).

**III.     DEFENDANTS' MOTION FOR NEW TRIAL**

Defendants move for a new trial on three separate grounds: (1) the jury verdict was against the weight of the evidence; (2) the jury verdict was the result of confusing and prejudicial evidence that should not have been admitted; and (3) jury instructions were improper. Each will be addressed in turn.

**A.     Jury Verdict Against the Weight of the Evidence**

The jury's special verdict was entered on January 17, 2014. See Dkt. No. 338, Jury Verdict. In the Special Verdict Form, Question No. 1 asked: "Is any portion of the Levine action judgment covered under the ProBuilders policy?" Id. at 2. The jury found "No." Id. The remainder of the form pertaining to breach of contract, breach of the implied covenant of good faith and fair dealing, and punitive damages was left blank. Id.

United States District Court
Northern District of California

4

Case No. 5:10-CV-05533-EJD
ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
MOTION FOR AMENDED PARTIAL JUDGMENT

United States District Court
Northern District of California

1    Defendants argue that the overwhelming weight of the evidence satisfied their burden of

2    proof as to Question No. 1.  Dkt. No. 366, Defendants' Motion ("Def. Mot.") at 8.  Defendants

3    base their argument on four points.  First, cracked stucco is property damage that is covered by the

4    ProBuilders policy.  Id. at 9.  Second, the stucco began cracking during the policy period, as

5    evidenced by testimony at trial.  Id.  Third, the policy covers only property damage caused by an

6    occurrence, and that occurrence was the OSB installation defect that damaged the stucco.  Id. at

7    10-11.  Fourth, although the framing was completed prior to the policy period, under the jury

8    instructions, this did not preclude coverage.  Id. at 11.  Defendants' arguments are based on the

9    premise that each defect was a separate occurrence, and the defect that caused the stucco cracking

10   occurred during the policy period.

11   ProBuilders argues that the major problem with the construction of the Levine home was

12   R.J. Haas Corp.'s bad framing job, which was completed before the inception of the policy.  Dkt.

13   No. 372, Plaintiff's Opposition ("Pl. Opp.") at 5.  The faulty framing caused property damage to

14   the roof and subfloors, which began before the inception of the policy.  Id. at 6.  Testimony at trial

15   proved that the framing also caused the stucco cracking.  Id. at 8.  Thus, ProBuilders contends that

16   it was reasonable for the jury to conclude that the negligent framing was one occurrence that

17   caused damage to the roof, subfloor, and stucco, and that the first damage began prior to the

18   inception of the policy.  Id. at 9.  ProBuilders further argues that Defendants did not meet their

19   burden of proving that the OSB installation was a separate occurrence, that it caused the stucco to

20   crack, and that the property damage occurred during the policy period.  Id. at 10.

21   To succeed at trial, Defendants had to prove by a preponderance of the evidence that under

22   the terms and conditions of the ProBuilders policy, ProBuilders had the obligation to pay some of

23   the Levine action judgment.  See Dkt. No. 335, Jury Instructions ("Jury Inst.") Nos. 25, 27.  To

24   meet this burden, Defendants had to prove: (1) there was property damage; (2) the property

25   damage resulted from an occurrence; and (3) the property damage must have first happened during

26   the policy period.  See Jury Inst. Nos. 28-30.  That stucco cracking constituted property damage is

27

28   Case No. 5:10-CV-05533-EJD
     ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
     MOTION FOR AMENDED PARTIAL JUDGMENT

1    not in dispute.

2        To prove that the stucco cracking resulted from an occurrence, Defendants rely on the

3    expert testimony of Mr. Patrick Kelley, a general contractor.  See Def. Mot. at 8-9.  Mr. Kelley

4    explained that the OSB, or oriented strand board, was not spaced correctly.  See Dkt. No. 281,

5    Trial Transcript ("Tr.") at 603.  This was a defect in the framing that caused the stucco to crack.

6    See id. at 603-04.  Defendants argue that there were multiple mistakes in the construction of the

7    home, and the mistake in the OSB installation is the independent occurrence that led to the stucco

8    cracking.  Def. Mot. at 8-9, 11.  Mr. Kelley's testimony, however, appeared to contribute the

9    stucco cracking primarily to the framing: "[The stucco] wouldn't have cracked as bad [if it had the

10   proper mixture of water and cement], but it would have cracked because of the framing that was

11   associated with this structure."  See Tr. at 604.  In his short response, Mr. Kelley mentioned

12   "framing" at least five times.  See id. at 604-05.  While Mr. Kelley mentioned the defect of the

13   OSB installation, it was, nonetheless, reasonable for the jury to conclude that the "occurrence" that

14   caused the stucco cracking was the bad framing.

15       To prove that stucco cracking first happened during the policy period, Defendants rely on

16   Mr. Levine's and Mr. Haas's testimony at trial.  See Def. Mot. at 9.  Mr. Levine testified that the

17   stucco was first installed in September or October 2006, and he first noticed the cracking a week

18   or two later.  See Dkt. No. 328, Tr. at 1587.  Mr. Haas testified that the stucco was installed in

19   September 2006, and he first noticed the cracking in late September or October 2006.  See Dkt.

20   No. 315, Tr. at 1405.  Defendants contend that the first documented complaint about stucco

21   cracking is the list of defects contained in a letter dated November 13, 2006, after the ProBuilders

22   policy period began.[1]  Def. Mot. at 9.  The letter, however, only states that the Levines had seen a

23   number of construction defects and lists the defect items that needed to be addressed; it does not

24   state when the stucco cracking was first seen.  Trial Exhibit ("Trial Exh.") 108.  As ProBuilders

25

26   _____

27   [1] Defendants do not provide a citation for the letter, thus the court assumes Defendants are
     referring to Trial Exhibit 108.

28
     Case No. 5:10-CV-05533-EJD
     ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
     MOTION FOR AMENDED PARTIAL JUDGMENT

United States District Court
Northern District of California

points out, Mr. Haas (the general contractor) and Mr. Levine (the owner of the home) were in the best position to provide documentation as to when the stucco was first installed and when they first noticed cracking, yet no documentation was provided to corroborate their testimony. See Pl. Opp. at 13. Thus, the jury, receiving the testimony and following the court's instructions, considered the nature, quality and character of the witnesses' testimony, such as: (1) the opportunity and ability of the witness to see or hear or know the things testified to; (2) the witness's memory; (3) the witness's manner while testifying; (4) the witness's interest in the outcome of the case and any bias or prejudice; (5) whether other evidence contradicted the witness's testimony; (6) the reasonableness of the witness's testimony in light of all the evidence; and (7) any other factors that bear on believability. See Jury Inst. No. 11; Ninth Circuit Manual of Model Civil Jury Instructions, Jury Inst. No. 1.11 "Credibility of Witnesses" (2007). Given the absence of documentation and potential self-interest in the testimonies, it was reasonable for the jury to conclude that by a preponderance of the evidence, the stucco cracking did not first occur during the policy period.

Accordingly, this court finds that the jury verdict is not against the weight of the evidence. Therefore, a new trial is not warranted on this basis.

**B.     Confusing and Prejudicial Evidence Offered at Trial**

As grounds for a new trial, Defendants argue that they were prejudiced by evidence the jury should never have heard, including the Superior Court's findings that the framers were Mr. Haas's employees and ProBuilders' "genuine dispute" rescission evidence. Def. Mot. at 4.

1.     Superior Court's Findings

In the Levine action, the Superior Court judge found that the framers were Mr. Haas's employees and not independent contractors. At trial in this court, Mr. Haas testified that the framers were subcontractors, but after this court found the Superior Court decision to be binding, Mr. Haas had to testify that he in fact had employees. Id. at 5-6. Consequently, Defendants contend that ProBuilders portrayed Mr. Haas as a liar due to his contradictory testimony. Id. at 4-

Case No. 5:10-CV-05533-EJD
ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S MOTION FOR AMENDED PARTIAL JUDGMENT

5.  Defendants argue that if this court had held the Superior Court findings to be binding earlier in the trial, the jury would not have heard Mr. Haas's statements about subcontractors and Mr. Haas would not have been impeached on this point.  Id. at 6.  Defendants would then have been able to cross-examine ProBuilders' witnesses who testified that there was no coverage because the work was done by subcontractors.  Id.  Defendants contend that this issue must have been confusing to the jury whose questions during deliberation focused on rescission.  Id.

ProBuilders argues that there was no prejudice because the court expressly instructed the jury to find that the framers were Haas Corp. employees, and it must be presumed that the jury followed jury instructions.  Pl. Opp. at 18.  ProBuilders further argues that the framers' status is irrelevant to the jury's verdict because the jury concluded that there was no coverage and Mr. Haas would have been impeached in any event given that he was convicted of eleven felony charges, including insurance fraud and perjury.  Id. at 18-19.

This court finds Defendants' arguments unpersuasive.  In the sixth day of trial, Defendants requested this court to take judicial notice of the Superior Court's finding that the framers were employees.  See Dkt. No. 291, Tr. at 951 (Defense Counsel Sallander stated: "I came into the case believing I had a finding from a Superior Court judge that there were employees . . . . So would the court then give and take judicial notice that [the Superior Court judge] found that the framers were employees?").  The court granted Defendants' request and included a jury instruction providing: "The Court has found that the framers of the Levines' house were Haas Corp. employees."  Jury Inst. No. 16.  While it now appears that Defendants object to the timing upon which this court took judicial notice, Defendants did not object at the time of trial.  Furthermore, the issue of Mr. Haas's credibility is unpersuasive because he would have been impeached with his convictions for eleven felony charges.  Accordingly, a new trial is not warranted on this basis.

2.    "Genuine Dispute" Defense and Rescission

Defendants contend that, at the eleventh hour, ProBuilders improperly argued a "genuine dispute" defense that it had not asserted before.  Def. Mot. at 1.  At trial, ProBuilders' coverage

8

United States District Court
Northern District of California

claims handler, Sherrianne Hanavan, testified that rescission was one reason why ProBuilders did not pay to settle.  Id. at 3.  Ms. Hanavan testified that all internal communications and deliberations about coverage would be in the coverage claim file that was not in evidence.  Id. at 7.  Since ProBuilders argued that a "genuine dispute" about coverage was a defense to bad faith, Defendants contend that ProBuilders put its internal discussions about coverage at issue.  Dkt. No. 375, Defendants' Reply ("Def. Reply") at 2.  In doing so, ProBuilders should have disclosed this coverage claim file during Rule 26 initial disclosures.  Def. Mot. at 7.  Defendants argue that this is important because the "genuine dispute" defense was the only justification for the jury hearing any evidence about Mr. Haas's alleged misrepresentations to ProBuilders.  Id.  Consequently, this reinforced ProBuilders' portrayal of Mr. Haas as a liar, which prejudiced and confused the jury.  Id.  Furthermore, Defendants contend that ProBuilders' closing argument about rescission confused the jury and made them focus on rescission, thus leading them to rescind the policy in its verdict.  Id. at 1, 3.

In opposition, Plaintiffs present four arguments.  First, ProBuilders' "genuine dispute" defense was not asserted at the eleventh hour.  Pl. Opp. at 14.  This defense was asserted in its answer to the Levines' counterclaim, in its answer to Mr. Haas' counterclaim, and in the Joint Final Pretrial Conference Statement filed on October 4, 2013.  Id.  Moreover, at the Final Pretrial Conference held on October 18, 2013, the court heard arguments regarding the "genuine dispute" doctrine as it related to ProBuilders' rescission evidence.  Id. at 15.  Second, the "genuine dispute" doctrine is irrelevant in determining the instant motion because the jury ultimately determined that the Levine action judgment was not covered under the policy, thus the jury never had to determine whether ProBuilders acted in bad faith.  Id. at 16.  Third, ProBuilders was under no obligation under Rule 26 to produce the coverage claim file because it did not use any evidence from the file at trial.  Id.  When Defendants became aware of this file at trial, they could have subpoenaed it.  Id.  Fourth, in its closing argument, ProBuilders' counsel did not ask the jury to rescind the policy.  Id. at 17.  Counsel mentioned rescission twice to explain why ProBuilders chose to file a

9

United States District Court
Northern District of California

1   rescission lawsuit against Mr. Haas and why ProBuilders waited to file the Complaint until after

2   the Levine action trial.  Id.

3        This court finds Defendants' arguments unpersuasive.  There is no indication that, at trial,

4   Defendants objected to any argument ProBuilders made regarding the "genuine dispute" defense.

5   Defendants did not request the coverage claim file from Plaintiffs or ask leave for a trial subpoena

6   to obtain it.  As to closing arguments, Defendants did not object to any portion of ProBuilders'

7   closing argument and Defendants, in fact, mentioned the term "rescission" much more frequently

8   than ProBuilders' counsel.  See Dkt. No. 334, Tr. at 1919 (in closing argument, ProBuilders'

9   counsel mentions rescission once); id. at 1967-70 (in closing argument, Defendants' counsel

10  discusses rescission); id. at 1982 (in rebuttal, ProBuilders' counsel mentions rescission once); id.

11  at 1994, 1997 (in rebuttal, Defendants' counsel discusses rescission).  Moreover, the jury was

12  explicitly instructed not to consider counsel's arguments as evidence, thus it is unlikely that the

13  jury was confused by closing argument.  See Jury Inst. No. 7 ("Arguments and statements by

14  lawyers are not evidence . . . . What they have said in their opening statements, have said in their

15  closing arguments, and at other times is intended to help you interpret the evidence, but it is not

16  evidence.").  See also Ho v. Carey, 332 F.3d 587, 594 (9th Cir. 2003) (the court "presume[s] that a

17  jury follows the trial court's instructions").  Accordingly, a new trial is not warranted on this basis.

18  **C.    Improper Jury Instructions**

19        The ProBuilders policy contained "exclusion" provisions that eliminated coverage.  As

20  grounds for a new trial, Defendants argue that jury instructions on four exclusions were improper

21  because they are either not consistent with California authority or the exclusion could not apply.

22  Def. Mot. at 12.  The four exclusions at issue are J(5), J(6), L, and M.

23        1.    Exclusions J(5) and J(6)

24  Under Exclusions J(5) and J(6), the policy would not apply to:

25        Property damage to:
        . . .
26        (5)    Any real property on which you or any contractors or
             subcontractors, working directly or indirectly on your behalf are
27
                                    10

28  Case No. 5:10-CV-05533-EJD
    ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
    MOTION FOR AMENDED PARTIAL JUDGMENT

1
2
3
4
5
6
7
8
9

> performing operations, if the property damage arises out of those operations except that, if you are not a general contractor or developer of real property, then this exclusion applies only to the particular part of the real property on which you or others working directly or indirectly on your behalf are performing the operations; or
>
> (6) Any property that must be restored, repaired or replaced because your work was incorrectly performed on it.
>
> . . .
>
> Paragraph (6) of this exclusion does not apply to property damage included in the products-completed operations hazard.
>
> For purposes of paragraph (5), you or any contractors or subcontractors working directly or indirectly on your behalf shall be deemed to be "performing operations" from  the time when you or the contractors or subcontractors begin work until such operations are complete as set forth in paragraph 14.b. of SECTION V – DEFINITIONS – (Products-Completed Operations Hazard).

10  Commercial General Liability Coverage Form ("ProBuilders Policy") at 5.

11      Jury instructions stated that ProBuilders had the burden of proving by a preponderance of

12  the evidence that policy exclusions eliminating coverage for the Levines' judgment applied. <u>See</u>

13  Jury Inst. No. 36. As to Exclusion J(5), jury instructions provided:

14
15
16
17
18

> Exclusion "J(5)" only precludes coverage for property damage arising out of the ongoing operations performed by Haas Corp. or Haas Corp.'s subcontractors on the Levine residence.  The policy holds that operations are completed at the earliest of the following times: (1) after the work that caused the damage has been put to its intended use by any person, including a worker on the construction project, or (2) when Haas Corp. refused to continue performance of its work on the Levine residence or when the Levines terminated Haas Corp.

19  Jury Inst. No. 37. "Real property" was defined to include "fixtures, such as buildings." Jury Inst.

20  No. 38. As to Exclusion J(6), jury instructions provided:

21
22
23
24
25
26
27

> Exclusion "J(6)" precludes coverage for property damage to property that must be restored, repaired or replaced because Haas Corp.'s or its subcontractor's work was incorrectly performed on the property.  Exclusion "J(6)" only precludes coverage for property damage arising out of the ongoing operations performed by Haas Corp. or Haas Corp.'s subcontractors on the Levine residence.  The policy holds that operations are completed at the earliest of the following times: (1) after the work that caused the damage has been put to its intended use by any person, including a worker on the construction project, or (2) when Haas Corp. refused to continue performance of its work on the Levine residence or when the Levines terminated Haas Corp.

28

Case No. 5:10-CV-05533-EJD
ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
MOTION FOR AMENDED PARTIAL JUDGMENT

1   Jury Inst. No. 39.

2          Defendants argue that these exclusions could not apply to the stucco damage because the

3   OSB and wall framing had been put to its intended use by the stucco subcontractor before the

4   stucco was damaged.  Def. Mot. at 12.  They rely on Mr. Kelley's testimony to establish that the

5   defective framing and OSB was put to its intended use before the stucco cracked.  Id. at 13.

6   Defendants further argue that these jury instructions were not consistent with California authority

7   holding that these exclusions do not apply when the insured's work injures other property.  Id. at

8   13.  They contend that these exclusions applied only to the defective work itself, and not to other

9   parts of the property; thus, these exclusions did not apply to the damaged stucco.  Id. at 14.

10          ProBuilders argues that the Levine action judgment included many items, other than the

11  stucco damage, for which these exclusions potentially precluded coverage.  Pl. Opp. at 21.  A

12  spreadsheet created by Mr. Kelley showed items that were defective or unfinished, thus the jury

13  could have properly applied these exclusions to one or more defects.  Id. at 21-22.

14          This court finds that jury instructions pertaining to exclusions J(5) and J(6) were proper

15  and appropriate.  The instructions accurately reflected the language stated in the exclusion

16  provisions.  Given the totality of the evidence presented at trial, the jury could reasonably

17  conclude that these exclusions applied to any defect that resulted from the bad framing.

18  Moreover, the case law cited by Defendants is unpersuasive because they are either not binding or

19  inapposite to the matter at hand.  Accordingly, a new trial is not warranted on this basis.

20          2.      Exclusion L

21          Under Exclusion L, the policy would not apply to:

22                 Property damage to your work or any part of it and included in the
                   products-completed operations hazard.
23                 This Exclusion does not apply if the damaged work or the work out
                   of which the damage arises was performed on your behalf by a
24                 subcontractor.

25  ProBuilders Policy at 5.

26

27                                              12

28  Case No. 5:10-CV-05533-EJD
    ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
    MOTION FOR AMENDED PARTIAL JUDGMENT

1    Jury instructions provided:

2    For such property damage, it applies only to work that was actually
     performed by Haas Corp, including its employees, and then applies
3    only if that property damage was caused by work performed by
     Haas Corp.  It does not apply to property damage to work performed
4    by subcontractors, even if Haas Corp caused the damage.  It also
     does not apply to property damage caused by work performed by
5    subcontractors, even if the damaged property is Haas Corp's work.

6    Jury Inst. No. 40.

7    Defendants argue that this exclusion did not apply to the stucco damage because a

8    subcontractor, not an employee, did the stucco work.  Def. Mot. at 14.  Moreover, the jury could

9    have relied on this exclusion because ProBuilders invoked it in its closing argument.  Id.

10   ProBuilders argues that the Levine action judgment included many items of damages in

11   addition to stucco, such as problems with the framing for which this exclusion potentially applied.

12   Pl. Opp. at 20.  This exclusion was relevant with respect to the problems with the framing because

13   the court instructed the jury, at Defendants' insistence, that the framers were R.J. Haas Corp.

14   employees.  Id.

15   This court finds that the jury instruction pertaining to exclusion (L) was proper.  The

16   instruction accurately reflected the language stated in the exclusion provision.  Moreover, as

17   discussed above, this court took judicial notice that the subcontractors were Mr. Haas's

18   employees.  Given the evidence presented at trial, the jury could reasonably conclude that this

19   exclusion applied.  Accordingly, a new trial is not warranted on this basis.

20   3.    Exclusion M

21   Under Exclusion M, the policy would not apply to:

22   Property damage to impaired property or property that has not been
     physically injured arising out of:
23   (1)  A defect, deficiency, inadequacy or dangerous condition in your
     product or your work; or
24   (2)  A delay or failure by you or anyone acting on your behalf to
     perform a contract or agreement in accordance with its terms.

25

26   This exclusion applies to property which is otherwise not physically
     injured or damaged but which must be demolished, removed,
27   repaired, replaced, altered or damaged in order to remove, repair or

13

28   Case No. 5:10-CV-05533-EJD
     ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
     MOTION FOR AMENDED PARTIAL JUDGMENT

United States District Court
Northern District of California

replace your work or your product.

ProBuilders Policy at 5.

Jury instructions provided:

> If ProBuilders proves by a preponderance of the evidence that a portion of the Levine action judgment was for property damage to impaired property or property which has not been physically injured arising out of: (1) a defect, deficiency, inadequacy or dangerous condition in R.J. Haas Corp.'s product or work; or (2) a delay or failure by R.J. Haas Corp. or anyone acting on behalf of R.J. Haas Corp. to perform a contract or agreement in accordance with its terms, then ProBuilders does not have a duty to indemnify that portion of the judgment.

Jury Inst. No. 41.

Defendants argue that this jury instruction was improper because the exclusion did not apply. Def. Mot. at 15. This exclusion applied only to "impaired property" or "property which has not been physically injured;" here, however, the stucco was physically injured. Id. Moreover, Defendants contend that if the jury were instructed on this exclusion, then it should have been worded differently. Id. They believe the jury instruction should have read: "This exclusion does not apply if defective work caused physical injury to the Levine house." Id. This new language would not have applied the exclusion to the stucco. Id. Defendants argue that its proposed instruction was consistent with California authority. Id. The evidence showed that the exclusion did not support the jury verdict because the defective OSB installation caused physical injury to the stucco, and this exclusion did not apply to that stucco damage. Id. at 16.

ProBuilders argues that the Levine action judgment included many items for which this exclusion potentially precluded coverage. Pl. Opp. at 20. At trial, evidence was introduced concerning many aspects of R.J. Haas Corp.'s defective work for which this exclusion may have applied. Id. at 20-21.

This court finds that jury instructions pertaining to exclusion M were proper. The instruction accurately reflected the language stated in the exclusion provision. Given the evidence presented at trial, the jury could reasonably conclude that this exclusion applied to defects

Case No. 5:10-CV-05533-EJD
ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
MOTION FOR AMENDED PARTIAL JUDGMENT

1    discussed at trial.  Moreover, the case law cited by Defendants is unpersuasive because they are

2    either not binding or inapposite.  Accordingly, a new trial is not warranted on this basis.

3           4.    Defendants' Proposed Jury Instruction No. 49

4           Defendants argue that evidence at trial and California law would justify finding

5    ProBuilders liable for bad faith even if the jury determined there was no coverage.  Def. Mot. at

6    17.  Thus, the court erred for refusing to provide Defendants' proposed jury instruction no. 49

7    based on this theory.  Id.

8           Defendants' proposed jury instruction no. 49 provided:

9

10          Even if ProBuilders did not owe Haas or Haas Corp any duty to
            defend, pay the judgment, or settle the Levine lawsuit, ProBuilders
            can still be found liable for breach of the implied covenant of good
11          faith and fair dealing if Haas proves the following:
            1.  ProBuilders exercised control over the defense of Haas or Haas
12          Corp., or exercised control over whether Haas or Haas Corp could
            enter into any agreements with the Levines to resolve any of the
13          disputes between them;
            2.  ProBuilders did not exercise this control with due care or in good
14          faith;
            3.  Haas sustained injury as a result of ProBuilders' failure to
15          exercise this control with good faith or in fair dealing.

16   Dkt. No. 317, Defendants' Proposed Jury Instructions.

17          Defendants contend that, in the state court case, Mr. Haas had the opportunity to enter into

18   a stipulation about damages that had no figure for disgorgement.  Id.  If Mr. Haas had entered into

19   the stipulation, disgorgement would not have been tried.  Id.  Defense counsel Minoletti

20   recommended signing the stipulation, and ProBuilders conceded that Mr. Haas wanted to enter

21   into the stipulation.  Id.  ProBuilders insisted on the right to withhold consent, and when Minoletti

22   sent the stipulation to ProBuilders, it told Minoletti that he was not permitted to sign it.  Id.

23   Defendants argue that under California law, these facts supported bad faith liability even if there

24   was no coverage.  Id. at 18.  Moreover, Defendants argue that under the policy, ProBuilders

25   exercised control over whether Mr. Haas could sign the stipulation, giving ProBuilders discretion

26   about whether or not to settle.  Id.  The implied covenant of good faith and fair dealing governed

27

28   Case No. 5:10-CV-05533-EJD
     ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
     MOTION FOR AMENDED PARTIAL JUDGMENT

15

United States District Court
Northern District of California

1   ProBuilders' exercise of its discretion to withhold consent to the stipulation.  Id. at 18-19.

2   Defendants argue that they established that ProBuilders exercised its control over defense and

3   settlement in a way that injured Mr. Haas, thus ProBuilders should have been held liable for the

4   injury Mr. Haas and Haas Corp. sustained as a result, even if indemnity coverage was lacking.  Id.

5   at 19.

6          Consequently, Defendants argue that proposed jury instruction No. 49 was consistent with

7   this theory.  Id.  The court appeared to believe that this proposed instruction was unnecessary

8   because ProBuilders had a right to defend.  Id. at 19-20.  Defendants included this claim in the

9   joint pretrial conference statement, and requested a jury instruction on this theory before a pretrial

10  conference.  Id. at 20.  This issue was properly reserved for trial, and the record contains evidence

11  that would allow the jury to award damages under this theory.  Id.  Defendants contend that this

12  court should grant a new trial so that a jury can decide whether Mr. Haas is entitled to recover

13  under this theory.  Id.

14         In opposition, ProBuilders argues that the evidence presented at trial did not support a

15  finding that its conduct rose to the level of bad faith.  Pl. Opp. at 23.  ProBuilders requested more

16  information from Mr. Haas' defense counsel regarding the proposed stipulated judgment, and

17  ProBuilders did not receive this information.  Id.  ProBuilders argues that Defendants failed to

18  provide any evidence that the Levines agreed to the stipulation, thus Defendants failed to show

19  harm caused by ProBuilders' request for more information.  Id.  The court agrees that requesting

20  additional information did not amount to bad faith, and Defendants did not show harm caused by

21  ProBuilder's request.

22         ProBuilders further argues that the jury found there was no coverage under the policy, thus

23  under California law, ProBuilders could not be held liable for bad faith failure to settle.  Id.

24  ProBuilders cites to Jury Instructions Nos. 52 and 53 to argue that these jury instructions informed

25  the jury of the law.  Id. at 23-24.

26

27

28  Case No. 5:10-CV-05533-EJD
    ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
    MOTION FOR AMENDED PARTIAL JUDGMENT

United States District Court
Northern District of California

1    Jury Instruction No. 52 provided:

2           Ronald Haas claims that he was harmed by ProBuilders' breach of
     the obligation of good faith and fair dealing because ProBuilders
3    failed to accept a reasonable settlement demand in a lawsuit against
     him.  To establish this claim, Haas must prove all of the following
4    by a preponderance of the evidence:
     1.   That the Levines brought a lawsuit against Haas for a claim that
5    was covered by ProBuilders' insurance policy;
     2. That ProBuilders failed to accept a reasonable settlement demand
6    for an amount within policy limits; and
     3.  That a monetary judgment was entered against Haas for a sum
7    greater than the policy limits.
     . . .
8    A settlement demand is reasonable if ProBuilders knew or should
     have known at the time the settlement demand was rejected that the
9    potential judgment was likely to exceed the amount of the settlement
     demand based on Levine's injuries or loss and Haas's probable
10   liability.

11   Jury Instruction No. 53 provided:

12          The insurer's duty to indemnify applies to only claims that are
     covered by the policy.  Thus, an insurer has a duty to accept a
13   reasonable settlement offer only with respect to a covered claim (i.e.
     a claim for which the insurer owes the insured a duty of indemnity).
14   Where there is no coverage under the policy, an insurer has no
     potential liability for failing to accept a settlement offer even where
15   that insurer breaches its duty to defend.  Thus, if you determine that
     ProBuilders had no duty to indemnify the Levine action judgment,
16   pursuant to the terms of the ProBuilders policy, then ProBuilders is
     not liable for any portion of the Levine action judgment, and did not
17   act in bad faith for failing to settle the Levine action.

18   This court finds that it did not err in declining to use Defendants' proposed jury instruction

19   No. 49.  Under California law, an insurer cannot be found in bad faith unless policy benefits are

20   due.  See Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1034 (9th Cir. 2008)

21   ("California law is clear, that without a breach of the insurance contract, there can be no breach of

22   the implied covenant of good faith and fair dealing.").  As the jury found no coverage, no benefits

23   were due.  Accordingly, this is not a basis for a new trial.

24   **D.    Conclusion**

25          At oral argument, Defendants argued that all of these components cumulatively created

26   confusion to the jury, prejudice, and unfairness.  The court finds, however, that these components

27                                        17

28   Case No. 5:10-CV-05533-EJD
     ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
     MOTION FOR AMENDED PARTIAL JUDGMENT

United States District Court
Northern District of California

separately or cumulatively do not rise to afford the extraordinary relief sought by Defendants. At trial, it was proven that Mr. Haas lied to ProBuilders and, thus, it is reasonable to assume that the jury found little veracity in his testimony. If the jury did this, there was no reason to go further. Therefore, the jury's finding of no coverage was reasonable.

None of Defendants' arguments are sufficiently persuasive to warrant a new trial. The jury verdict did not weigh against the evidence, there was no confusing or unfair prejudicial evidence presented at trial, the jury instructions were proper, and these components considered collectively or separately do not afford the relief sought. Therefore, Defendants' Motion for a New Trial is DENIED.

## IV.    PLAINTIFFS' MOTION FOR AMENDED PARTIAL JUDGMENT

ProBuilders filed a Motion for an Amended Partial Judgment, or in the alternative, a Motion to Vacate Judgment. See Dkt. No. 369, Plaintiffs' Motion ("Pl. Mot."). ProBuilders contends that the court made an error when it entered Judgment and closed the file because the Judgment does not take into account ProBuilders' two rescission-related claims, which have not been tried. Id. at 1.

### A.    Procedural Background

In its Second Amended Complaint, ProBuilders asserted four claims against Defendants: (1) Declaratory Relief – Duty to Defend/Indemnify; (2) Restitution/Reimbursement of Defense Fees/Costs; (3) Declaratory Relief – Rescission; and (4) Restitution/Reimbursement of Defense Fees/Costs. See Dkt. No. 48, Second Amended Complaint. In January 2014, the jury entered its special verdict. See Dkt. No. 338. ProBuilders contends the jury's verdict is dispositive as to Defendants' duty to indemnify and bad faith claims, but it is not dispositive as to ProBuilders' two-rescission related claims (Third and Fourth Claims). Pl. Mot. at 3.

In February 2014, ProBuilders filed a motion for entry of judgment on a separate document. See Dkt. No. 344. ProBuilders requested this court to enter judgment as to some, but not all, of the claims set forth in the Second Amended Complaint. See id. at 1. The remaining

Case No. 5:10-CV-05533-EJD
ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
MOTION FOR AMENDED PARTIAL JUDGMENT

United States District Court
Northern District of California

United States District Court
Northern District of California

1  claims that the court did not adjudicate concerned the two rescission-related claims.  See id.  The

2  motion was fully briefed.  See Dkt. Nos. 345, 346.

3          On February 28, 2014, the court held a status conference where the court considered

4  ProBuilders' motion for entry of judgment.  See Dkt. No. 347.  At that status conference, the

5  undersigned judge stated the following:

6

7              In considering your pleadings and looking at the totality of the
              circumstances here vis-à-vis the jury's verdict in this case and what
              remains, that is, the rescission trial, I do find that to go forward with
8              the rescission trial is not timely, nor is it appropriate given the jury's
              findings and the jury's verdict.

9

10             It does not appear to the court that it would be efficient to try the
              issue of rescission, which was ProBuilder's issue, and go forward on
              the basis.   And as I recall, this rescission trial was ProBuilders's
11             issue and request for a bench trial that ProBuilders requested.

12             The jury's findings in this case indicate that there was no coverage
              in the case as we all know.  That further diminishes any need for a
13             trial in regards to the rescission issue on the insurance policy at this
              time.

14
              And there is, the court finds, there is no just reason to delay the
15             entry of judgment.
              . . .
16             There is, as I have indicated, no need for the rescission trial, the
              court finds, based on the facts and circumstances and posture of the
17             case currently.

18  Dkt. No. 350 at 3-4.  In a subsequent pretrial conference order, the court terminated ProBuilders'

19  motion for entry of judgment, vacated the bench trial scheduled for March 2014, and set a deadline

20  for the parties to notify the court whether they were interested in pursuing mediation.  See Dkt.

21  No. 348.

22          In April 2014, a settlement conference was held between the parties with Magistrate Judge

23  Jacqueline Scott Corley; the parties did not settle.  Pl. Mot. at 4.  In May 2014, the parties filed a

24  Joint Case Management Statement stating that the parties did not believe they could negotiate a

25  resolution.  See Dkt. No. 347.

26

27                                                          19

28  Case No. 5:10-CV-05533-EJD
    ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
    MOTION FOR AMENDED PARTIAL JUDGMENT

On May 27, 2014, the court entered a Judgment in this action:

> This action having been tried to a jury and a verdict having been rendered,
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment shall be entered in accordance with that verdict, in favor of Plaintiff ProBuilders Specialty Insurance Company, RRG.
> The clerk shall CLOSE this file.

Dkt. No. 358, Judgment.  On the same day, the court vacated the case management conference scheduled for May 30, 2014.  See Dkt. No. 359.  On May 29, 2014, the parties sent a letter to the court jointly requesting a case management conference in order to discuss with the court issues concerning the judgment and a briefing schedule for future motions.  See Dkt. No. 360.  The court denied the parties' request.  See Dkt. No. 362.  ProBuilders, thus, filed the instant motion.

**B.      Discussion**

In the instant motion, ProBuilders contends that the Judgment was entered in error because it did not take into account ProBuilders' rescission-related claims.  Pl. Mot. at 1.  Thus, ProBuilders request the following in order of preference:

1.      That the court enter a partial judgment pursuant to Rule 54(b) and stay ProBuilders' two rescission-related claims; or, in the alternative,

2.      That the court vacate the judgment pursuant to Rule 60 and: (1) set a briefing schedule to brief the two rescission-related claims and possibly permit limited supplemental live testimony, or (2) schedule a bench trial for ProBuilders' two rescission-related claims.

Id. at 9-10.

ProBuilders states that it filed the instant motion because it is concerned that upon appeal, the Ninth Circuit may hold that it has no jurisdiction because the two rescission-related claims were not adjudicated.  Dkt. No. 376, Plaintiff's Reply ("Pl. Reply") at 1.  It argues that a final judgment gives the impression that ProBuilders has abandoned its two rescission-related claims, which it has not.  Id. at 2.  Thus, ProBuilders presents the court with two options.[2]

---

[2] A third option was briefly mentioned: The court can amend the Judgment to state that

20

Case No. 5:10-CV-05533-EJD
ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S MOTION FOR AMENDED PARTIAL JUDGMENT

United States District Court
Northern District of California

1    First, the court can enter partial judgment and stay the two-rescission related claims.

2    ProBuilders argues that if the court were to conduct a rescission bench trial, it would presumably

3    base its ruling on the testimony and evidence admitted in the jury trial.  Pl. Mot. at 7.  Regardless

4    of which party wins the rescission bench trial, if Defendants succeed in their appeal of the jury

5    special verdict, then new factual evidence will be admitted into the record.  Id.  This court would

6    then need to conduct a separate jury trial and subsequent bench trial based on the new evidence,

7    resulting in a waste of judicial resources for the rescission bench trial.  Id.  Also, ProBuilders

8    argues that to protect its Seventh Amendment right to a jury trial, a final resolution of the jury's

9    verdict is required before the rescission bench trial.  Id.  Therefore, ProBuilders contends that a

10   rescission bench trial should be stayed to see whether Defendants are successful in overturning the

11   jury's special verdict.  Id. at 8.

12   An alternative option is for the court to vacate the entry of judgment because it is

13   premature to enter a final judgment when ProBuilders' two rescission-related claims have not been

14   resolved.  Id. at 9.  While this is an option, ProBuilders argues that it is not the preferred option

15   because it is better for judicial economy to proceed with an appeal rather than engaging in further

16   litigation.  Id.

17   In a one-page opposition brief, Defendants oppose the motion.  Dkt. No. 374, Defendants'

18   Opposition ("Def. Opp.") at 1.  Defendants argue that there is no need for a rescission trial, which

19   is the reason the court entered judgment without trying rescission.  Id.  Moreover, the parties agree

20   that should the existing judgment be reversed on appeal, it would then be appropriate to litigate

21   rescission.  Id.

22   In recognizing the importance of proceeding with the appellate process, this court agrees

23   that the final Judgment entered in this case gives the impression that all of ProBuilders' claims

24   have been adjudicated when they, in fact, have not been.  ProBuilders' two rescission-related

25   claims have not been tried or adjudicated in any form.  Accordingly, ProBuilders' Motion to

26

27   Defendants take nothing.  Pl. Mot. at 9.

28   Case No. 5:10-CV-05533-EJD
     ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
     MOTION FOR AMENDED PARTIAL JUDGMENT

1   Amend the Judgment is GRANTED.  An amended partial judgment will be issued.  Moreover,

2   ProBuilders' outstanding rescission-related claims will be STAYED pending a decision from the

3   Ninth Circuit regarding the jury's special verdict.  As such, ProBuilders' Motion to Vacate

4   Judgment is MOOT.

5   **V.      CONCLUSION**

6          For the foregoing reasons, Defendants' Motion for a New Trial is DENIED.  ProBuilders'

7   Motion to Amend the Judgment is GRANTED, and the Third and Fourth Claims will be STAYED

8   pending a resolution by the Ninth Circuit regarding the jury's special verdict.  The parties shall

9   update the court by joint submission within ten days of resolution of the appeal, or every 120 days,

10  whichever is sooner.  ProBuilders' Motion to Vacate is MOOT.

11

12         **IT IS SO ORDERED**.

13         Dated: November 26, 2014

14



15         EDWARD J. DAVILA
           United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27                                                    22

28  Case No. 5:10-CV-05533-EJD
    ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL, GRANTING PLAINTIFF'S
    MOTION FOR AMENDED PARTIAL JUDGMENT

United States District Court
Northern District of California